# EXHIBIT A

From: unknown    Page: 2/6    Date: 11/3/2006 2:50:34 PM

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JOHNSON & JOHNSON, a New Jersey corporation; MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of MCNEIL-PPC, INC., a New Jersey corporation; MCKESSON CORPORATION, a Delaware corporation; WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THOMAS B. GAINES, a deceased minor child by and through his personal representative(s) and/or successor(s) in interest;
*[See Attachment for Additional Parties]*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

CASE NUMBER: *(Número de Caso):* **CGC-06-457600**

The name and address of the court is:
*(El nombre y dirección de la corte es):*

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

MICHAEL J. AVENATTI, ESQ          310 576 1200          310 576 1220
GREENE BROILLET & WHEELER LLP
100 Wilshire Blvd., 21st Floor
Santa Monica, CA 90401

DATE:                    **Gordon Park-Li**, Clerk, by          **Deborah Steppe**          , Deputy
*(Fecha)* **NOV - 3 2006**                    *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

F     Inknown     Page: 5/6     Date: 11/3/2006 2:50:

ENDORSED
FILED
SAN FR……O COUNTY
SUPE…… COURT

2006 NOV ~3  AM 10:
(SPACE BELOW FOR FILING STAMP ONLY)

GORDON PARK - LI, CLERK

BY: Deborah Steppe

DEPUTY CLERK

CASE MANAGEMENT CONFERENCE SET

APR 0 6 2007   -9 00 AM

DEPARTMENT 212

1  GREENE BROILLET & WHEELER, LLP
   LAWYERS
2  100 WILSHIRE BOULEVARD, SUITE 2100
   P.O. BOX 2131
   SANTA MONICA, CALIFORNIA 90407-2131
3  TEL. (310) 576-1200
   FAX. (310) 576-1220
4  BROWNE GREENE, State Bar No. 38441
   MICHAEL J. AVENATTI, State Bar No. 206929

5  Attorneys for  Plaintiffs

6

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN FRANCISCO

10

11  THOMAS B. GAINES, a deceased minor          )    CASE NO. C G C - 0 6 - 4 5 7 6 0 0
    child by and through his personal           )
12  representative(s) and/or successor(s) in    )
    interest; DIANA L. GAINES, individually, as )    COMPLAINT FOR DAMAGES
13  Executor of the Estate of Thomas B. Gaines, )
    and as Thomas B. Gaines' personal           )    1.  Strict Product Liability/Personal
14  representative and successor in interest;    )        Injury
    GARY D. GAINES, individually and as         )    2.  Negligence/Personal Injury
15  Thomas B. Gaines' personal representative    )    3.  Breach of Express and Implied
    and successor in interest; and THE ESTATE   )        Warranties/Personal Injury
16  OF THOMAS B. GAINES,                        )    4.  Wrongful Death
                                                )
17                                  Plaintiffs,  )
                                                )    DEMAND FOR JURY TRIAL
18              vs.                              )
                                                )    (Joint Declaration of Diana L. Gaines and
19  JOHNSON & JOHNSON, a New Jersey             )    Gary D. Gaines filed concurrently
    corporation; MCNEIL CONSUMER &              )    herewith)
20  SPECIALTY PHARMACEUTICALS, a                )
    Division of MCNEIL-PPC, INC., a New         )
21  Jersey corporation; MCKESSON                )
    CORPORATION, a Delaware corporation;        )
22  WAL-MART STORES, INC., a Delaware           )
    corporation; and DOES 1 through 100,        )
23  inclusive,                                  )
                                                )
24                                 Defendants.   )

25

26

27

28

COMPLAINT and DEMAND FOR JURY TRIAL

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1   COME NOW Plaintiffs THOMAS B. GAINES, a deceased minor child by and through his

2   personal representative(s) and/or successor(s) in interest; DIANA L. GAINES, individually, as

3   Executor of the Estate of Thomas B. Gaines, and as Thomas B. Gaines' personal representative and

4   successor in interest; GARY D. GAINES, individually and as Thomas B. Gaines' personal

5   representative and successor in interest; and THE ESTATE OF THOMAS B. GAINES, and for causes

6   of action against Defendants JOHNSON & JOHNSON; MCNEIL CONSUMER & SPECIALTY

7   PHARMACEUTICALS, a Division of MCNEIL-PPC, INC.; MCKESSON CORPORATION; WAL-

8   MART STORES, INC.; and DOES 1 through 100, inclusive, and each of them, complain and allege

9   as follows:

10

11                        **GENERAL ALLEGATIONS**

12

13      1.      At all times mentioned herein, Plaintiffs THOMAS B. GAINES, DIANA L. GAINES,

14   and GARY D. GAINES were residents of Lincoln County, North Carolina.

15

16      2.      At all times mentioned herein, Plaintiffs DIANA L. GAINES and GARY D. GAINES

17   were the parents of THOMAS B. GAINES and, by operation of law, are presently the heirs of Plaintiff

18   THOMAS B. GAINES.  Additionally, Plaintiff DIANA L. GAINES is the Executor of the ESTATE

19   OF THOMAS B. GAINES and Thomas B. Gaines' personal representative and successor in interest.

20   Further, Plaintiff GARY D. GAINES is Thomas B. Gaines' personal representative and successor in

21   interest.

22

23      3.      The true names and/or capacities, whether individual, corporate, associate or

24   otherwise of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs at this time, who

25   therefore sue said Defendants by such fictitious names.  Plaintiffs are informed and believe and

26   thereupon allege that each of the Defendants fictitiously named herein as a DOE is legally responsible,

27   negligently or in some other actionable manner, for the events and happenings hereinafter referred to,

28   and thereby proximately caused the injuries and damages to Plaintiffs as hereinafter alleged.  The

-1-
COMPLAINT and DEMAND FOR JURY TRIAL

1  Plaintiffs will ask leave of court to amend this Complaint to insert the true names and/or capacities

2  of such fictitiously named Defendants when the same have been ascertained.

3

4      4.    Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned

5  herein, Defendants, including DOES 1 through 100, inclusive and each of them, were the agents,

6  servants, employees and/or joint venturers of their co-defendants, and each was, as such, acting within

7  the course, scope and authority of said agency, employment and/or venture, and with the authorization

8  and/or ratification of said co-defendants, and that each and every Defendant, as aforesaid, when acting

9  as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent,

10  employee and/or joint venturer.

11

12      5.    Plaintiffs are informed and believe, and thereupon allege, that Defendant JOHNSON

13  & JOHNSON (NYSE: JNJ) is, and at all times herein relevant was, a New Jersey corporation with its

14  principal place of business in New Brunswick, New Jersey.  Plaintiffs are further informed and

15  believe, and thereupon allege, that Defendant JOHNSON & JOHNSON ("J&J") is authorized to do,

16  has regularly done, and is doing, business within the County of San Francisco, California and Lincoln

17  County, North Carolina.

18

19      6.    Plaintiffs are informed and believe, and thereupon allege, that Defendant MCNEIL

20  CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of MCNEIL-PPC, INC., is, and

21  at all times herein relevant was, a New Jersey corporation with its principal place of business in Fort

22  Washington, Pennsylvania, and a wholly owned subsidiary of J&J.  Plaintiffs are further informed

23  and believe, and thereupon allege, that Defendant MCNEIL CONSUMER & SPECIALTY

24  PHARMACEUTICALS, a Division of MCNEIL-PPC, INC., ("MCNEIL") is authorized to do, has

25  regularly done, and is doing, business within the County of San Francisco, California and Lincoln

26  County, North Carolina.

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

COMPLAINT and DEMAND FOR JURY TRIAL

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

7.    Plaintiffs are informed and believe, and thereupon allege, that Defendant MCKESSON CORPORATION (NYSE: MCK) is, and at all times herein relevant was, a Delaware corporation with its principal place of business in San Francisco, California.  Plaintiffs are further informed and believe, and thereupon allege, that Defendant MCKESSON CORPORATION ("MCKESSON") is authorized to do, has regularly done, and is doing, business within the County of San Francisco, California and Lincoln County, North Carolina.

8.    Plaintiffs are informed and believe, and thereupon allege, that Defendant WAL-MART STORES, INC. is, and at all times herein relevant was, a Delaware corporation with its principal place of business in Bentonville, Arkansas. Plaintiffs are further informed and believe, and thereupon allege, that Defendant WAL-MART STORES, INC. ("WAL-MART") is authorized to do, has regularly done, and is doing, business within the County of San Francisco, California and Lincoln County, North Carolina.

9.    At all times herein relevant, Defendants MCNEIL and J&J were in the business of designing, manufacturing, marketing, distributing and selling an over-the-counter ("OTC") nonsteroidal anti-inflammatory analgesic drug called Children's Motrin, generic name ibuprofen, ("Children's Motrin") to consumers and users in California, North Carolina and throughout the United States through various distributors, including but not limited to MCKESSON, and various retailers, including but not limited to WAL-MART.

10.    At all times herein relevant, Defendant MCNEIL was primarily responsible for manufacturing and distributing Children's Motrin under the direction and control of J&J.

11.    On or about September 28, 2004, Plaintiff THOMAS B. GAINES, then a three-year-old male child with no known drug allergies, was stung by a bee.  He was subsequently given Children's Motrin drops (labeled "Ibuprofen Oral Suspension - Fever Reducer/Pain Reliever") in accordance with the materials and instructions included with the drug.

-3-
COMPLAINT and DEMAND FOR JURY TRIAL

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

12.     On or about September 29, 2004, Plaintiff THOMAS B. GAINES developed a high fever, a pink color in his eyes, a skin rash, and a swollen mouth.  After being examined by his pediatrician on September 29, 2004 and September 30, 2004, he was hospitalized at Gaston Memorial Hospital. He was subsequently transferred to the University of North Carolina Chapel Hill on or about November 1, 2004.

13.     Plaintiff THOMAS B. GAINES was later diagnosed with Stevens-Johnson Syndrome.

14.     After enduring days of pain and suffering, on November 12, 2004, THOMAS B. GAINES suffered an excruciating death from Stevens-Johnson Syndrome while hospitalized at the University of North Carolina Chapel Hill.

15.     Following Thomas' death, Plaintiffs DIANA L. GAINES and GARY D. GAINES learned that (a) Thomas developed Stevens-Johnson Syndrome as a result of ingesting the Children's Motrin (the "CHILDREN'S MOTRIN"), which was designed, manufactured, marketed, distributed and sold OTC by Defendants J&J, MCNEIL, MCKESSON, WAL-MART and DOES 1 through 100, inclusive and (b) that Defendants J&J, MCNEIL, MCKESSON, WAL-MART and DOES 1 through 100, inclusive, had engaged in the conduct set forth below. Prior to this time, Plaintiffs had no reason to know, suspect or believe that (1) Defendants J&J, MCNEIL, MCKESSON, WAL-MART and DOES 1 through 100, inclusive, were negligent or responsible for the damages or death described herein; (2) any negligent or wrongful cause for the damages or death described herein existed; or (3) the injuries and death suffered by Thomas were connected to Children's Motrin or the conduct of the Defendants described herein.

## FIRST CAUSE OF ACTION

### (Strict Products Liability/Personal Injury)

COME NOW Plaintiffs THOMAS B. GAINES, a deceased minor child by and through his personal representative(s) and/or successor(s) in interest; DIANA L. GAINES, individually, as

-4-

COMPLAINT and DEMAND FOR JURY TRIAL

1  Executor of the Estate of Thomas B. Gaines, and as Thomas B. Gaines' personal representative and

2  successor in interest; GARY D. GAINES, individually and as Thomas B. Gaines' personal

3  representative and successor in interest; and THE ESTATE OF THOMAS B. GAINES, and for a First

4  Cause of Action against Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1

5  through 100, inclusive, and each of them, complain and allege as follows:

6

7      16.    Plaintiffs re-allege as though fully set forth at length, and incorporate herein by

8  reference, all of the allegations and statements contained in paragraphs 1 through 15, inclusive, of the

9  General Allegations above.

10

11     17.    At all times mentioned herein, Defendants J&J; MCNEIL; MCKESSON; WAL-

12  MART; and DOES 1 through 100, inclusive, and each of them, by and through their officers, directors,

13  employees and/or managing agents, were the manufacturers, fabricators, designers, assemblers, testers,

14  distributors, sellers, inspectors, marketers, warranters, and/or advertisers of the CHILDREN'S

15  MOTRIN, which contained design and/or manufacturing defects, and which was capable of causing,

16  and in fact, did cause personal injuries to the users and consumers thereof, while being used in a

17  manner reasonably foreseeable, thereby rendering same unsafe and dangerous for use by the consumer

18  and user.  Defendants  J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100,

19  inclusive, by and through their officers, directors, employees and/or managing agents, also failed to

20  provide adequate warnings or instructions to the medical community, consumers and users of the

21  CHILDREN'S MOTRIN concerning the risk of Stevens-Johnson Syndrome, Toxic Epidermal

22  Necrolysis and other serious adverse reactions associated with the use of the CHILDREN'S MOTRIN

23  even though Defendants: 1) knew and had known about the connection between the drug and these

24  severe, potentially fatal reactions since the late 1980's; 2) knew and had known the medical literature

25  for years had shown a connection between Stevens-Johnson Syndrome/Toxic Epidermal Necrolysis

26  and the drug; 3) knew from their own clinical trials of Children's Motrin that the drug caused cases

27  of Stevens-Johnson Syndrome/Toxic Epidermal Necrolysis; and 4) had warned about Stevens-Johnson

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1  Syndrome/Toxic Epidermal Necrolysis in their drug package insert for the prescription form of the

2  drug before Children's Motrin began being distributed OTC.

3

4    18.    Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100,

5  inclusive, by and through their officers, directors, employees and/or managing agents, designed,

6  manufactured, marketed, distributed and sold Children's Motrin, including the CHILDREN'S

7  MOTRIN, to their retailers and customers, even as Defendants' officers, directors, employees and/or

8  managing agents, and each of them, knew or had reason to know that the CHILDREN'S MOTRIN had

9  inherent design flaws.  Specifically, Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and

10  DOES 1 through 100, inclusive, by and through their officers, directors, employees and/or managing

11  agents, knew the ordinary and expected uses of the CHILDREN'S MOTRIN could and would cause

12  Stevens-Johnson Syndrome and Toxic Epidermal Necrolysis.

13

14    19.    Prior to September 2004, the officers, directors, employees and/or managing agents

15  of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive,

16  were aware of the high frequency of Stevens-Johnson Syndrome and Toxic Epidermal Necrolysis and

17  the risk of injury or death to consumers and users of Children's Motrin.  The officers, directors,

18  employees and/or managing agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and

19  DOES 1 through 100, inclusive were put on notice of the high risk to consumers and users of

20  Children's Motrin after the completion of a major clinical trial known as the Boston Fever Study,

21  which was the basis of the FDA approval of the OTC sale of the drug.  Specifically, Defendants J&J;

22  MCNEIL and DOES 1 through 100, inclusive, by and through their officers, directors, employees

23  and/or managing agents, knew that there were cases of Stevens-Johnson Syndrome and Toxic

24  Epidermal Necrolysis in the clinical trials but did not report them and misrepresented the true

25  incidence of serious mucocutaneous reactions associated with the drug during the Boston Fever Study.

26

27    20.    Prior to September 2004, the officers, directors, employees and/or managing agents

28  of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive,

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1  were aware of the high frequency of Stevens-Johnson Syndrome and Toxic Epidermal Necrolysis and

2  the risk of injury or death to consumers and users of Children's Motrin. The officers, directors,

3  employees and/or managing agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and

4  DOES 1 through 100, inclusive were put on notice of the high risk to consumers and users of the

5  Children's Motrin by the numerous claims and lawsuits filed by consumers and users of Children's

6  Motrin who were severely injured or killed as a result of ingesting the drug. Defendants J&J and

7  MCNEIL and their officers, directors, employees and/or managing agents knew the reasons why the

8  Children's Motrin continued to cause Stevens-Johnson Syndrome and Toxic Epidermal Necrolysis

9  and yet chose to take no corrective action because Defendants J&J and MCNEIL determined that such

10  action would decrease the companies' profitability and be too costly when compared to litigating the

11  resulting claims and lawsuits by consumers and users of Children's Motrin, including the

12  CHILDREN'S MOTRIN.

13

14      21.   Prior to September 2004, the officers, directors, employees and/or managing agents

15  of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive,

16  knew or should have known that Children's Motrin, including the CHILDREN'S MOTRIN, was

17  substandard and would cause consumers and users who used the Children's Motrin in a foreseeable

18  manner death and serious injury. Moreover, the officers, directors, employees and/or managing agents

19  of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive,

20  knew or should have known that the CHILDREN'S MOTRIN was defective and extremely dangerous

21  with the likely result of serious bodily injury and/or death to the drug's users and consumers. The

22  officers, directors, employees and/or managing agents of Defendants J&J; MCNEIL; MCKESSON;

23  WAL-MART; and DOES 1 through 100, inclusive, knew prior to this incident, and even prior to the

24  manufacture of the CHILDREN'S MOTRIN, of the availability of safer, affordable alternative designs

25  for the CHILDREN'S MOTRIN, which would have reduced or eliminated the risk of severe injuries

26  and/or death to its consumers and users.

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

22.     Despite this knowledge, Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, by and through their officers, directors, employees and/or managing agents, failed to recall the CHILDREN'S MOTRIN, issue safety bulletins to the public, or even advise or warn purchasers by providing warnings of the severe risk of injury or death from use of the drug present at the time of its original manufacture and sale.  Although the officers, directors, employees and/or managing agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, were aware of the need to recall the CHILDREN'S MOTRIN, issue public safety bulletins, and/or provide adequate warnings, Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, through the decisions of their officers, directors, employees and/or managing agents, acted in conscious disregard of the rights and safety of consumers and users by failing to utilize available safer alternative designs, warn of the hazards, and/or recall the Children's Motrin, including the CHILDREN'S MOTRIN, prior to the subject incident.   In fact, Plaintiffs believe and thereupon allege that the officers, directors, employees and/or managing agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, in an effort to mislead the public and thereby increase corporate profits at the expense of human safety, summarily disregarded any information regarding the high risk of injury and death inherent in Children's Motrin, including the CHILDREN'S MOTRIN, which was unfavorable to their companies and might lead consumers and users to refrain from purchasing or using Children's Motrin.

23.     At all times mentioned herein, the officers, directors, and/or managing agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, authorized and/or ratified the conduct of their employees who knew of the growing number of serious injuries and deaths to consumers and users resulting from Children's Motrin and the need for additional warnings.  Further, at all times mentioned herein, the officers, directors, and/or managing agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, authorized and/or ratified the conduct of their employees who knowingly failed to provide warnings and/or recall Defendants J&J and MCNEIL'S defective drug, in spite of their knowledge of

1   the grave danger and the availability of technically and economically feasible alternatives to prevent

2   death or serious bodily injury to consumers and users.

3

4       24.    As a result of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES

5   1 through 100's conscious disregard of consumer safety, by and through the actions and inactions of

6   their officers, directors, employees and/or managing agents, Plaintiffs were unaware of the hazardous

7   and defective condition of the CHILDREN"S MOTRIN.  Had Plaintiffs been advised of problems

8   with Children's Motrin, Plaintiff THOMAS B. GAINES would have never ingested the drug and thus

9   avoided the severe injuries and death which resulted.

10

11      25.    Plaintiffs are informed and believe, and thereupon allege, that at all times herein

12  relevant, the CHILDREN'S MOTRIN which Plaintiff THOMAS B. GAINES ingested was defective

13  when placed on the market by Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES

14  1 through 100, inclusive, and each of them, and was of such a nature that the defects would not be

15  discovered in the normal course of inspection and use by consumers and users thereof.

16

17      26.    Plaintiffs are informed and believe, and thereupon allege, that at all times herein

18  relevant, the CHILDREN'S MOTRIN which Plaintiff THOMAS B. GAINES ingested was defective

19  in design, testing, development, manufacture, fabrication, assembly, distribution, warnings,

20  instructions, inspection, and/or marketing and the damages, injuries and death sustained by Plaintiff

21  THOMAS B. GAINES were caused by the defects in the CHILDREN"S MOTRIN.

22

23      27.    In late September 2004, Plaintiff THOMAS B. GAINES ingested the CHILDREN'S

24  MOTRIN in a reasonably foreseeable manner.  As a direct and proximate result of the defective

25  condition of the CHILDREN'S MOTRIN, as well as the conduct of Defendants J&J; MCNEIL;

26  MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and the officers, directors,

27  employees and/or managing agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and

28  DOES 1 through 100, inclusive, and each of them, Plaintiff THOMAS B. GAINES was injured and

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1  hurt in his health, strength, and activity, sustaining injuries to his body, and shock and injuries to his

2  nervous system and person, all of which said injuries caused Plaintiff THOMAS B. GAINES great

3  physical, mental, and nervous pain and suffering, all to his general damage, in an amount in excess

4  of the jurisdictional limits of this Court.

5

6       28.    As a direct and proximate result of the defective condition of the CHILDREN'S

7  MOTRIN, the conduct of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1

8  through 100, inclusive, and the conduct of the officers, directors, employees and/or managing agents

9  of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and

10  each of them, Plaintiff THOMAS B. GAINES was compelled to and did employ the services of

11  hospitals, physicians, surgeons, nurses and the like, to care for and treat him, and did incur hospital,

12  medical, professional and incidental expenses, the exact amount of said expenses will be stated

13  according to proof.

14

15       29.    The above-described conduct of Defendants J&J; MCNEIL; and DOES 1 through

16  100, inclusive, by and through their officers, directors, employees and/or managing agents, was carried

17  out with a conscious disregard of Plaintiffs' rights and of the safety of consumers and, therefore,

18  Plaintiffs are entitled to an award of punitive damages in an amount sufficient to punish Defendants

19  J&J; MCNEIL; and DOES 1 through 100, inclusive, in light of their financial condition, and to make

20  an example of them.

21

22  ## SECOND CAUSE OF ACTION

23  ### (Negligence/Personal Injury)

24  COME NOW Plaintiffs THOMAS B. GAINES, a deceased minor child by and through his

25  personal representative(s) and/or successor(s) in interest; DIANA L. GAINES, individually, as

26  Executor of the Estate of Thomas B. Gaines, and as Thomas B. Gaines' personal representative and

27  successor in interest; GARY D. GAINES, individually and as Thomas B. Gaines' personal

28  representative and successor in interest; and THE ESTATE OF THOMAS B. GAINES, and for a

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1  Second Cause of Action against Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES

2  1 through 100, inclusive, and each of them, complain and allege as follows:

3

4        30.    Plaintiffs re-allege as though fully set forth at length, and incorporate herein by

5  reference, all of the allegations and statements contained in paragraphs 1 through 15, inclusive, of the

6  General Allegations and paragraphs 16 through 29, inclusive, of the First Cause of Action above.

7

8        31.    At all times mentioned herein, Defendants J&J; MCNEIL; MCKESSON; WAL-

9  MART; and DOES 1 through 100, inclusive, and each of them, were engaged in the business of and

10  had a duty to manufacture, fabricate, design, assemble, sell, distribute, test, inspect, market, warrant,

11  warn, instruct, and/or advertise the CHILDREN'S MOTRIN, in a reasonable manner, and which

12  Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and

13  each of them, knew, or in the exercise of reasonable care should have known, would be used without

14  inspection for defects in its manufacture or design.

15

16        32.    At all times mentioned herein, Defendants J&J; MCNEIL; MCKESSON; WAL-

17  MART; and DOES 1 through 100, inclusive, and each of them, by and through their officers, directors,

18  employees and/or managing agents, negligently, recklessly, and/or carelessly manufactured, fabricated,

19  designed, assembled, distributed, tested, sold, inspected, marketed, warranted, warned, instructed,

20  and/or advertised the CHILDREN'S MOTRIN, in that the same was capable of causing and in fact

21  did cause personal injuries to the consumer and/or user thereof while being used in a manner

22  reasonably foreseeable, thereby rendering the same unsafe and dangerous for use by the consumer

23  and/or user. Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100,

24  inclusive, and each of them, also failed to recall the CHILDREN'S MOTRIN, or warn consumers of

25  the risk of serious injury or death from continued use of the CHILDREN'S MOTRIN after having

26  notice of an alarming number of injuries and deaths from ingesting Children's Motrin.

27

28

33.     As a direct and proximate result of the above-described conduct of the Defendants, including J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and each of them, and the defects in the CHILDREN'S MOTRIN, Plaintiff THOMAS B. GAINES was injured and hurt in his health, strength, and activity, sustaining injuries to his body, and shock and injury to his nervous system and person, all of which said injuries caused Plaintiff THOMAS B. GAINES great physical, mental, and nervous pain and suffering, all to his general damage, in an amount in excess of the jurisdictional limits of this Court.

34.     As a direct and proximate result of the conduct of the Defendants, including J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, and each of them, as aforesaid, Plaintiff THOMAS B. GAINES was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat him, and did incur hospital, medical, professional and incidental expenses, the exact amount of which will be stated according to proof.

35.     The above-described conduct of Defendants J&J; MCNEIL; and DOES 1 through 100, inclusive, by and through their officers, directors, employees and/or managing agents, was carried out in conscious disregard of Plaintiffs' rights and of the safety of consumers and, therefore, Plaintiffs are entitled to an award of punitive damages in an amount sufficient to punish Defendants J&J; MCNEIL; and DOES 1 through 100, inclusive, in light of their financial condition, and to make an example of them.

### THIRD CAUSE OF ACTION
### (Breach of Warranty/Personal Injury)

COME NOW Plaintiffs THOMAS B. GAINES, a deceased minor child by and through his personal representative(s) and/or successor(s) in interest; DIANA L. GAINES, individually, as Executor of the Estate of Thomas B. Gaines, and as Thomas B. Gaines' personal representative and successor in interest; GARY D. GAINES, individually and as Thomas B. Gaines' personal representative and successor in interest; and THE ESTATE OF THOMAS B. GAINES, and for a

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-12-

1  Third Cause of Action against Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES

2  1 through 100, inclusive, and each of them, complain and allege as follows:

3

4      36.    Plaintiffs re-allege as though fully set forth at length, and incorporate herein by

5  reference, all of the allegations and statements contained in paragraphs 1 through 15, inclusive, of the

6  General Allegations, paragraphs 16 through 29, inclusive, of the First Cause of Action, and paragraphs

7  30 through 35, inclusive, of the Second Cause of Action above.

8

9      37.    Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100,

10  inclusive, and each of them, by and through their officers, directors and managing agents, impliedly

11  and expressly warranted to Plaintiffs and each consumer and/or user that the CHILDREN'S MOTRIN

12  was fit for the purpose for which it was to be used and was free from design and manufacturing defects

13  to consumers and users thereof.

14

15      38.    As stated in detail above and re-alleged herein, the CHILDREN'S MOTRIN was not

16  free from such defects, nor fit for the purpose for which it was to be used, and was in fact, defectively

17  manufactured and designed and imminently dangerous to consumers and users, including Plaintiff

18  THOMAS B. GAINES, and was capable of causing, and in fact did cause, injuries to the users and

19  consumers thereof, while being used in a manner reasonably foreseeable, thereby rendering same

20  unsafe and dangerous for use by consumers and/or users.

21

22      39.    As a direct and proximate result of the above-described breaches of warranties by

23  Defendants, including J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100,

24  inclusive, and each of them, and by and through the officers, directors, employees and/or managing

25  agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100,

26  inclusive, and each of them, and the defective condition of the CHILDREN'S MOTRIN, Plaintiff

27  THOMAS B. GAINES was injured and hurt in his health, strength, and activity, sustaining injuries

28  to his body, and shock and injury to his nervous system and person, all of which said injuries caused

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-13-
COMPLAINT and DEMAND FOR JURY TRIAL

1   Plaintiff THOMAS B. GAINES great physical, mental, and nervous pain and suffering, all to his

2   general damage, in an amount in excess of the jurisdictional limits of this Court.

3

4       40.    As a direct and proximate result of the above-described breaches of warranties by

5   Defendants, including J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100,

6   inclusive, and each of them, and by and through the officers, directors, employees and/or managing

7   agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100,

8   inclusive, and each of them, and the defective condition of the CHILDREN'S MOTRIN, Plaintiff

9   THOMAS B. GAINES was compelled to and did employ the services of hospitals, physicians,

10  surgeons, nurses and the like, to care for and treat him, and did incur hospital, medical, professional

11  and incidental expenses, the exact amount of said expenses will be stated according to proof.

12

13      41.    As aforementioned in this Complaint, and re-alleged herein, the above-described

14  breaches and conduct of Defendants J&J; MCNEIL; and DOES 1 through 100, inclusive, by and

15  through their officers, directors, employees and/or managing agents, were carried out in conscious

16  disregard of Plaintiffs' rights and of the safety of consumers and, therefore, Plaintiffs are entitled to

17  an award of punitive damages in an amount sufficient to punish Defendants J&J; MCNEIL; and DOES

18  1 through 100, inclusive, in light of their financial condition, and to make an example of them.

19

20  **FOURTH CAUSE OF ACTION**

21  **(Wrongful Death)**

22      COME NOW Plaintiffs DIANA L. GAINES, individually, as Executor of the Estate of

23  Thomas B. Gaines, and as Thomas B. Gaines' personal representative and successor in interest; and

24  GARY D. GAINES, individually and as Thomas B. Gaines' personal representative and successor in

25  interest, and for a Fourth Cause of Action against Defendants J&J; MCNEIL; MCKESSON; WAL-

26  MART; and DOES 1 through 100, inclusive, and each of them, complain and allege as follows:

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

42.     Plaintiffs re-allege as though fully set forth at length, and incorporate herein by reference, all of the allegations and statements contained in paragraphs 1 through 15, inclusive, of the General Allegations, paragraphs 16 through 29, inclusive, of the First Cause of Action, paragraphs 30 through 35, inclusive, of the Second Cause of Action, and paragraphs 36 through 41, inclusive, of the Third Cause of Action above.

43.     At all times mentioned herein, Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and each of them, were engaged in the business of and had a duty to manufacture, fabricate, design, assemble, sell, distribute, test, inspect, market, warrant, warn, instruct, and/or advertise the CHILDREN'S MOTRIN, in a reasonable manner, and which Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and each of them, knew, or in the exercise of reasonable care should have known, would be used without inspection for defects in its manufacture or design.

44.     At all times mentioned herein, Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and each of them, by and through their officers, directors, employees and/or managing agents, negligently, recklessly, and/or carelessly manufactured, fabricated, designed, assembled, distributed, tested, sold, inspected, marketed, warranted, warned, instructed, and/or advertised the CHILDREN'S MOTRIN, in that the same was capable of causing and in fact did cause personal injuries to the consumer and/or user thereof while being used in a manner reasonably foreseeable, thereby rendering the same unsafe and dangerous for use by the consumer and/or user. Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and each of them, also failed to recall the CHILDREN'S MOTRIN, or warn consumers of the risk of serious injury or death from continued use of the CHILDREN'S MOTRIN after having notice of an alarming number of injuries and deaths from ingesting Children's Motrin.

45.     As a direct and proximate result of the above-described conduct of the Defendants, including J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and each

-15-
COMPLAINT and DEMAND FOR JURY TRIAL.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1   of them, and the defects in the CHILDREN'S MOTRIN; Plaintiff THOMAS B. GAINES suffered

2   extreme pain and suffering and an excruciating death, in an amount in excess of the jurisdictional

3   limits of this Court.

4

5       46.     As a direct and proximate result of the above-described conduct of the Defendants,

6   including J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and each

7   of them; the defects in the CHILDREN'S MOTRIN; and the resulting death of their son THOMAS

8   B. GAINES, Plaintiffs DIANA L. GAINES and THOMAS B. GAINES suffered severe damages,

9   including but not limited to financial support and the loss of Thomas' love, companionship, comfort,

10  and affection, all in an amount in excess of the jurisdictional limits of this Court.

11

12      47.     The above-described conduct of Defendants J&J; MCNEIL; and DOES 1 through

13  100, inclusive, by and through their officers, directors, employees and/or managing agents, was carried

14  out in conscious disregard of Plaintiffs' rights and of the safety of consumers and, therefore, Plaintiffs

15  are entitled to an award of punitive damages in an amount sufficient to punish Defendants J&J;

16  MCNEIL; and DOES 1 through 100, inclusive, in light of their financial condition, and to make an

17  example of them.

18

19      WHEREFORE, on the First, Second, Third, and Fourth Causes of Action, Plaintiffs pray

20  judgment as follows:

21      1.      For general damages for personal injury in excess of Ten Million Dollars

22              ($10,000,000.00) according to proof;

23      2.      For economic damages for medical, hospital and related expenses which amount will

24              be stated according to proof;

25      3.      For economic and noneconomic damages resulting from the death of Thomas B.

26              Gaines, including but not limited to damages for the pain and suffering Thomas B.

27              Gaines endured prior to his death, in excess of Ten Million Dollars ($10,000,000.00)

28              according to proof;

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

4.    As to Defendants JOHNSON & JOHNSON and MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of MCNEIL-PPC, INC., for an award of exemplary damages, in an amount properly calculated to punish said Defendants for their despicable conduct and conscious disregard for the safety of others, and to deter any such despicable conduct and conscious disregard for the safety of others in the future;

5.    For costs of suit incurred herein;

6.    For prejudgment interest according to proof; and

7.    For such other and further relief as the Court may deem just and proper.

DATED: November 2, 2006            GREENE BROILLET & WHEELER, LLP


                                   Browne Greene
                                   Michael J. Avenatti
                                   Attorneys for Plaintiffs

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-17-
COMPLAINT and DEMAND FOR JURY TRIAL

**DEMAND FOR TRIAL BY JURY**

Plaintiffs THOMAS B. GAINES, a deceased minor child by and through his personal representative(s) and/or successor(s) in interest; DIANA L. GAINES, individually, as Executor of the Estate of Thomas B. Gaines, and as Thomas B. Gaines' personal representative and successor in interest; GARY D. GAINES, individually and as Thomas B. Gaines' personal representative and successor in interest; and THE ESTATE OF THOMAS B. GAINES hereby demand trial of all causes by jury.

DATED: November 2, 2006          GREENE BROILLET & WHEELER, LLP

Browne Greene
Michael J. Avenatti
Attorneys for Plaintiffs

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-18-
COMPLAINT and DEMAND FOR JURY TRIAL

CASE NUMBER: CGC-06-457600  THOMAS B GAINES et al VS. JOHNSON  & JOHNSON, A N

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

|           |                                                                              |
|-----------|------------------------------------------------------------------------------|
| **DATE:** | APR-06-2007                                                                  |
| **TIME:** | 9:00AM                                                                       |
| **PLACE:**| Department 212<br>400 McAllister Street<br>San Francisco, CA 94102-3680      |

All parties must appear and comply with Local Rule 3.

> CRC 212 (g)(1) requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.5, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

From: unknown     Page: 6/6     Date: 11/3/2006 2:50:35 PM

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

(SPACE BELOW FOR FILING STAMP ONLY)
2006 NOV 3 AM 10: 17

GORDON PARK - LI. CLERK

BY: Deborah Steppe
DEPUTY CLERK

1

GREENE BROILLET & WHEELER, LLP
LAWYERS
100 WILSHIRE BOULEVARD, SUITE 2100
2     P.O. BOX 2131
SANTA MONICA, CALIFORNIA 90407-2131
TEL. (310) 576-1200
3     FAX. (310) 576-1220

BROWNE GREENE, State Bar No. 38441
4    MICHAEL J. AVENATTI, State Bar No. 206929

5    Attorneys for   Plaintiffs

6

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF SAN FRANCISCO

10

11   THOMAS B. GAINES, a deceased minor
     child by and through his personal
12   representative(s) and/or successor(s) in
     interest; DIANA L. GAINES, individually, as
13   Executor of the Estate of Thomas B. Gaines,
     and as Thomas B. Gaines' personal
14   representative and successor in interest;
     GARY D. GAINES, individually and as
15   Thomas B. Gaines' personal representative
     and successor in interest; and THE ESTATE
16   OF THOMAS B. GAINES,

17                                    Plaintiffs,

18                   vs.

19   JOHNSON & JOHNSON, a New Jersey
     corporation; MCNEIL CONSUMER &
20   SPECIALTY PHARMACEUTICALS, a
     Division of MCNEIL-PPC, INC., a New
21   Jersey corporation; MCKESSON
     CORPORATION, a Delaware corporation;
22   WAL-MART STORES, INC., a Delaware
     corporation; and DOES 1 through 100,
23   inclusive,

24                                    Defendants.

25

26

27

28

CASE NO.   CGC-06-457600

JOINT DECLARATION OF DIANA L.
GAINES AND GARY D. GAINES

(Complaint filed concurrently herewith)

JOINT DECLARATION

<u>**DECLARATION OF DIANA L. GAINES AND GARY D. GAINES**</u>

We, DIANA L. GAINES AND GARY D. GAINES, declare and state under penalty of perjury under the laws of the State of California that:

1.    We are the biological parents of the decedent, Thomas B. Gaines ("Thomas").

2.    Thomas was pronounced dead on November 12, 2004 at UNC Hospitals in Chapel Hill, Orange County, North Carolina.

3.    No proceeding is now pending in California for the administration of the decedent's estate.

4.    Thomas was not married when he died and did not have any children nor a will.  As such, we, as his biological parents, are the heirs and successors in interest to his estate.

5.    We are the decedent's successors in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeed to the decedent's interest in the action or proceeding.

6.    No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

7.    Attached as to this declaration is a true and correct copy of Thomas' Death Certificate.

///
///
///
///

-1-
JOINT DECLARATION

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1   We declare under penalty of perjury under the laws of the State of California that the

2   foregoing is true and correct.

3

4   Executed this 1st day of November, 2006, at _____Vale_____, North Carolina.

5

6

7   _Diana L. Gaines_
    Diana L. Gaines

8   Declarant

9

10  _Gary D. Gaines_
    Gary D. Gaines
    Declarant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-2-
JOINT DECLARATION