# EXHIBIT B

COPY: TWP
PDF: TEAM
CATH

1  CHARLES F. PREUSS (State Bar No. 45783)
2  THOMAS W. PULLIAM, JR. (State Bar No. 46322)
   BENJAMIN J. HOLL (State Bar No. 200630)
3  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
   San Francisco, California 94105-2235
4  Telephone: (415) 591-7500
   Facsimile: (415) 591-7510
5
6  Attorneys for Defendants
   JOHNSON & JOHNSON, MCNEIL CONSUMER
7  HEALTHCARE, a Division of MCNEIL-PPC, INC.
   (erroneously sued as MCNEIL CONSUMER &
   SPECIALTY PHARMACEUTICALS,
8  a Division of MCNEIL-PPC, INC.), MCKESSON
   CORPORATION, and WAL-MART STORES, INC.
9

ENDORSED
F I L E D
San Francisco County Superior Court

MAR 2 9 2007

GORDON PARK-LI, Clerk
BY BERNADETTE THOMPSON
Deputy Clerk

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    FOR THE COUNTY OF SAN FRANCISCO

12

13  THOMAS B. GAINES, a deceased minor         Case No. CGC-06-457600
    child by and through his personal
14  representative(s) and/or successor(s) in
    interest; DIANA L. GAINES, individually,   **DEFENDANT JOHNSON &**
15  as Executor of the Estate of Thomas B.     **JOHNSON'S NOTICE OF MOTION**
    Gaines, and as Thomas B. Gaines' personal  **AND MOTION TO COMPEL**
16  representative and successor in interest;   **FURTHER RESPONSES TO FIRST**
    GARY D. GAINES, individually and as        **SET OF SPECIAL**
17  Thomas B. Gaines' personal representative   **INTERROGATORIES, FIRST**
    and successor in interest; and THE         **REQUEST FOR PRODUCTION, FIRST**
18  ESTATE OF THOMAS B. GAINES,                 **SET OF FORM INTERROGATORIES,**
                                                **AND FIRST SET OF REQUESTS FOR**
19                 Plaintiffs,                  **ADMISSIONS**

20         v.

21  JOHNSON & JOHNSON, a New Jersey            Date:   May 7, 2007
    corporation; MCNEIL CONSUMER &             Time:   10:30 a.m.
22  SPECIALTY PHARMACEUTICALS, a               Place:  Department 610
    Division of MCNEIL-PPC, INC., a New        Judge:  Commissioner Bruce E. Chan
23  Jersey corporation; MCKESSON
    CORPORATION, a Delaware corporation;
24  WAL-MART STORES, INC., a Delaware          Complaint Filed: November 3, 2006
    corporation; and DOES 1 through 100,
25  inclusive,

26                 Defendants.

27  ///

28
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\381821\1

1    TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that on May 7, 2007 at 10:30 a.m. or as soon thereafter

3    as the matter may be heard, in Department 610 of the above-entitled court, located at 400

4    McAllister Street, San Francisco, California, Defendant Johnson & Johnson

5    ("Defendant") will, and hereby does, move this Court for an order compelling Plaintiffs

6    to produce documents and to serve signed and verified good faith responses to

7    Defendant's First Request for Production, First Set of Special Interrogatories, First Set of

8    Form Interrogatories, and First Set of Requests for Admissions.

9    This motion is made pursuant to Code of Civil Procedure sections 2030.290,

10    2031.300 and 2033.280 on the ground that Plaintiffs' have waived their objections to

11    Defendant's First Sets of Form and Special Interrogatories, Document Request and

12    Requests for Admission, including assertions of attorney work-product, because their

13    responses were not timely. This Motion is further made pursuant to Code of Civil

14    Procedure sections 2030.300 and 2031.310 on the ground that Plaintiffs' responses to

15    Defendant's Form and Special Interrogatories, and Document Request are evasive and

16    incomplete, and Plaintiffs have not produced documents responsive to the Document

17    Request. This Motion is further made pursuant to Code of Civil Procedure sections

18    2030.250, 2031.250, and 2033.240 on the grounds that Plaintiffs did not serve signed or

19    verified responses to Defendant's Form and Special Interrogatories, Request for

20    Production, and Requests for Admission.

21    This Motion is based upon this Notice of Motion and Motion, Defendant's

22    Memorandum of Points and Authorities, the Rule 3.1020 Separate Statement in Support

23    of the Motion, the Declaration of Benjamin J. Holl, including exhibits thereto, all filed

24    ///

25    ///

26    ///

27    ///

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\38182\1\1

1  concurrently herewith, the complete files and records in this action, and such oral

2  argument as the Court shall permit at the hearing on this Motion.

3

4  Dated: March 29, 2007                    DRINKER BIDDLE & REATH LLP

5

6                                            BENJAMIN J. HOLL

7                                            Attorneys for Defendants
                                             JOHNSON & JOHNSON, MCNEIL
8                                            CONSUMER HEALTHCARE, a Division
                                             of MCNEIL-PPC, INC. (erroneously sued
9                                            as MCNEIL CONSUMER & SPECIALTY
                                             PHARMACEUTICALS, a Division of
10                                           MCNEIL-PPC, INC.), MCKESSON
                                             CORPORATION, and WAL-MART
11                                           STORES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\381821\1

NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANT'S FIRST SETS OF WRITTEN
DISCOVERY

COPY : TWP
PDF: TEAM
CAH

1  CHARLES F. PREUSS (State Bar No. 45783)
   THOMAS W. PULLIAM, JR. (State Bar No. 46322)
2  BENJAMIN J. HOLL (State Bar No. 200630)
   DRINKER BIDDLE & REATH LLP
3  50 Fremont Street, 20th Floor
   San Francisco, California 94105-2235
4  Telephone: (415) 591-7500
   Facsimile: (415) 591-7510
5
   Attorneys for Defendants
6  JOHNSON & JOHNSON, MCNEIL CONSUMER
   HEALTHCARE, a Division of MCNEIL-PPC, INC.
7  (erroneously sued as MCNEIL CONSUMER &
   SPECIALTY PHARMACEUTICALS,
8  a Division of MCNEIL-PPC, INC.), MCKESSON
   CORPORATION, and WAL-MART STORES, INC.
9

ENDORSED
F I L E D
San Francisco County Superior Court

MAR 2 9 2007

GORDON PARK-LI, Clerk
BY: BERNADETTE THOMPSON
Deputy Clerk

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11               FOR THE COUNTY OF SAN FRANCISCO

12

13  THOMAS B. GAINES, a deceased minor      Case No. CGC-06-457600
    child by and through his personal
14  representative(s) and/or successor(s) in
    interest; DIANA L. GAINES, individually,   **DEFENDANT JOHNSON &**
15  as Executor of the Estate of Thomas B.     **JOHNSON'S MEMORANDUM OF**
    Gaines, and as Thomas B. Gaines' personal  **POINTS AND AUTHORITIES IN**
16  representative and successor in interest;   **SUPPORT OF MOTION TO COMPEL**
    GARY D. GAINES, individually and as        **FURTHER RESPONSES TO FIRST**
17  Thomas B. Gaines' personal representative   **SET OF SPECIAL**
    and successor in interest; and THE         **INTERROGATORIES, FIRST**
18  ESTATE OF THOMAS B. GAINES,                 **REQUEST FOR PRODUCTION, FIRST**
                                                **SET OF FORM INTERROGATORIES,**
19                 Plaintiffs,                  **AND FIRST SET OF REQUESTS FOR**
                                                **ADMISSIONS**
20          v.

21  JOHNSON & JOHNSON, a New Jersey      Date:    May 7, 2007
    corporation; MCNEIL CONSUMER &       Time:    10:30 a.m.
22  SPECIALTY PHARMACEUTICALS, a         Place:   Department 610
    Division of MCNEIL-PPC, INC., a New  Judge:   Commissioner Bruce E. Chan
23  Jersey corporation; MCKESSON
    CORPORATION, a Delaware corporation;
24  WAL-MART STORES, INC., a Delaware    Complaint Filed: November 3, 2006
    corporation; and DOES 1 through 100,
25  inclusive,

26                 Defendants.

27  ///

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\381838\2

Defendant Johnson & Johnson ("Defendant") respectfully submits the following points and authorities in support of its Motion to Compel Further Responses to Defendant's First Set of Special Interrogatories, First Request for Production, First Set of Form Interrogatories, and First Set of Requests for Admissions.

## I.
## INTRODUCTION

Plaintiffs named McKesson Corporation ("McKesson") as a defendant, and allege in their Complaint that Children's Motrin was distributed "throughout the United States through various distributors, including but not limited to McKesson . . . ." (Declaration of Benjamin J. Holl ("*Holl Dec.*") at Exhibit A (Plaintiff's Complaint) at ¶ 9.) Naming McKesson as a defendant defeats diversity among the parties, and is the sole basis for this case to be before this Court.

Defendant's first sets of written discovery focused, in large part, upon Plaintiffs' contention that the McKesson distributed the Children's Motrin at issue in this case, and is thus a proper party to this lawsuit. This issue directly affects whether this case is removable to federal court. Defendant sought information concerning McKesson's alleged distribution of Children's Motrin in Special Interrogatory numbers 12 -13 and 18-19, Request for Production numbers 3, 9, and 12, and Form Interrogatory number 17.1. Plaintiffs responded to this discovery with the bare assertion that "McKesson was and is the distributor of Children's Motrin to Wal-Mart," but did not provide any supporting facts or identify any evidence in support of this conclusion, and claimed that any further information or documents concerning McKesson's alleged distribution are protected from disclosure under the attorney work-product doctrine.

Plaintiffs have waived their objections, including their claims of work-product protection, by serving untimely responses to Defendant's discovery, and must provide this information. Defendants granted Plaintiffs an extension of time to serve responses until February 9, 2007, however, Plaintiffs emailed unsigned, unverified and un-served responses only on February 12. Defendant is prejudiced by Plaintiffs' refusal to provide

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

2

SFI\381836\2

1   *any* details concerning their assertion that McKesson distributed Children's Motrin.

2   Defendant is entitled to, and needs, the requested information concerning McKesson's

3   alleged distribution of Children's Motrin to assess the claim that McKesson is a proper

4   party to this lawsuit, and whether this case is removable.

5

6   ## II.
    ## FACTUAL AND PROCEDURAL BACKGROUND

7

8   **A.**   **Plaintiffs' Claims And The Discovery Sought By Defendant**

9        On November 3, 2006, Plaintiffs filed their Complaint against defendants: Johnson

10   & Johnson, McNeil Consumer Healthcare, a Division of McNeil-PPC, Inc. (erroneously

11   sued as McNeil Consumer & Specialty Pharmaceuticals, a Division of McNeil-PPC,

12   Inc.), McKesson, and Wal-Mart Stores, Inc. (*Holl Dec.,* Ex. A at ¶ 2). Plaintiffs claim

13   that Thomas Gaines developed Stevens Johnson Syndrome ("SJS"), a rare, idiosyncratic

14   disease and died as a result of his ingesting Children's Motrin. (*Id.* at ¶15). Plaintiffs

15   allege, *inter alia,* that McKesson distributed the Children's Motrin. (*Id* at ¶¶9 and 15).

16   The Complaint asserts four cases of action: strict liability, negligence, breach of

17   warranty, and wrongful death. (*Id.* at ¶¶16-47).

18        On January 3, 2007, Defendant served Plaintiffs with its First Sets of Special and

19   Form Interrogatories, First Request for Production, and First Set of Requests for

20   Admission. (*Holl Dec.,* at ¶3 and Exs. B-E). This discovery was focused, in part, on

21   Plaintiffs' contention that McKesson distributed the Children's Motrin at issue in this

22   case, and thus, whether it is a proper party to the lawsuit. This issue bears directly on

23   whether this case is removable to federal court - McKesson's status as a defendant is the

24   only basis for this case to be before this Court.

25   **B.**   **Plaintiffs' Untimely, Unsigned and Unverified Discovery Responses**

26        Plaintiffs' responses to Defendant's discovery were due on February 7, 2007.

27   (*Holl Dec.,* at ¶3). On February 6, Plaintiffs' counsel requested until February 9 to serve

28   responses to this discovery, and Defendant granted that request. (*Id.* at ¶4 and Ex. F). On

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

3

SF1\381838\2

1    February 12, Plaintiffs emailed Defendant their untimely responses. (*Id.* at ¶5 and Exs. G

2    - K). These responses were unsigned and unverified, and without a proof of service, and

3    despite being requested to, Plaintiffs have never provided Defendant with signed

4    responses or verifications, or a proof of service. (*Id.* at ¶¶5-6 and Ex. L).

5    **C.**    **Defendant's Attempt To Meet and Confer In Good Faith With Plaintiffs**

6         On March 8, 2007, Defendant's counsel wrote to Plaintiffs' counsel detailing the

7    numerous deficiencies in Plaintiffs' discovery responses and explaining that Plaintiffs'

8    boilerplate objections were improper. (*Holl Dec.*, at ¶6 and Ex. L). Defendant requested

9    that Plaintiffs remedy the enumerated deficiencies in Plaintiffs' responses, including their

10   failure to sign or verify the responses, or furnish a proof of service. (*Id.* and Ex. L).

11   Plaintiffs did not respond to Defendant's attempt to meet and confer. (*Id.*).

12   Consequently, Defendant had no choice but to file its motion to compel.

## III.
## ARGUMENT

13

14         Defendant may conduct discovery to ascertain whether certain Defendants are

15   proper parties to this lawsuit. The rules of discovery have traditionally been broadly

16   construed to permit discovery. *See, e.g., Greyhound Corp. v. Superior Court* (1961) 56

17   Cal. 2d 355, 377. All doubts concerning discovery should be resolved in favor of

18   permitting the requested discovery. *Colonial Life & Accident Ins. Co. v. Superior Court*

19   (1982) 31 Cal. 3d 785, 790. Such is the case because the scope of discovery permitted

20   under the Code is broad and the Discovery Act is construed liberally in favor of

21   disclosure. C.C.P. § 2017.010; *Emerson Elec. Co. v. Superior Court* (1997) 56 Cal. App.

22   4th 1101, 1107-1108 (citing *Greyhound Corp, supra*, 56 Cal. 2d at 377-378); *see also*

23   *Irvington-Moore, Inc. v. Superior Court* (1993) 14 Cal. App. 4th 733, 739. When a party

24   responds to discovery requests with objections or incomplete answers, the propounding

25   party's only remedy is to seek a court order compelling further responses or answers.

26   C.C.P. §§ 2030.300 and 2031.300.

27

28

**A.    Plaintiffs' Responses To Defendant's Discovery Were Untimely, And Plaintiffs Have Therefore Waived Their Objections**

Plaintiffs' responses to Defendants' first sets of written discovery were originally due on February 7, 2007. (*Holl Dec.*, at ¶3). At Plaintiffs' request, Defendant agreed to extend the response date to February 9. (*Id.* at ¶4 and Ex. F). Not until February 12, however, did Plaintiffs email their discovery responses. (*Id.* at ¶5 and Ex. K). The responses were neither signed nor verified, and did not include a proof of service. (*Id.* at ¶5 and Exs. G-J).

As a result of Plaintiffs' untimely Responses, Plaintiffs have waived their objections to Defendant's written discovery, including their claims of attorney work-product protection. C.C.P. §§ 2030.290(a) (interrogatories), 2031.300(a) (requests for production), and 2033.280 (requests for admission); *Leach v. Superior Court* (1980) 111 Cal.App.3d 902, 905-906. Defendant therefore requests that the Court deem all of Plaintiffs objections as waived, and order Plaintiffs to respond fully to Defendant's written discovery.

**B.    Plaintiffs Should Be Ordered To Provide Signed And Verified Responses**

Plaintiffs have failed to provide signed or verified responses to Defendant's Special and Form Interrogatories, Request for Production, and Requests for Admission. (*Holl Dec.*, at ¶5 and Exs. B-E). Where a verification is required, an unverified response is the equivalent of no response at all. *Appleton v. Superior Court (Cook)* (1988) Cal. App. 3d 632, 636.

The Court should issue an order compelling Plaintiffs to provide signed and verified responses to Defendant's Special Interrogatories, Form Interrogatories, Request for Production, and Requests for Admission. *See* C.C.P. §§ 2030.250(a), (c) (interrogatories), 2031.250(a), (c) (request for production), and 2033.240(a), (c) (requests for admission).

**C.**   **Defendant's Motion To Compel Further Responses To Special Interrogatories And Form Interrogatories Should Be Granted As Plaintiffs Have Not Provided Meaningful Responses In Violation Of Code Of Civil Procedure §§ 2030.90 and 2030.300**

Failure to respond to interrogatories, evasive responses, and objections lacking substantial justification are "misuses of the discovery process." C.C.P. 2023.10. A "party may not provide deftly worded conclusionary answers designed to evade a series of explicit questions." *Deyo v. Kilbourne* (1978) 84 Cal. App. 3d 771, 783. Moreover, putting aside that Plaintiffs have waived their objections to Defendant's discovery, generalized and boilerplate objections are insufficient and improper, and are grounds for a motion to compel. *Smith v. Superior Court* (1961) 189 Cal. App. 2d 6, 13; *Hernandez v. Superior Court* (2003) 112 Cal. App. 4th 285, 291-292; C.C.P. 2030.300(a)(3).

Plaintiffs alleged in their Complaint that McKesson is a proper party to this lawsuit, based on its alleged distribution and sale of Children's Motrin. (*Holl Dec.*, Ex. A at ¶9). As a result, Defendant has a right to discover the facts supporting Plaintiffs' contention. *See, e.g., Sheets v. Superior Court of Los Angeles County* (1967) 257 Cal. App. 2d 1, 8-9 ("there is no doubt that a defendant is entitled to discover by appropriate interrogatories the facts, if any, presently known to the plaintiff upon which he bases the allegations of his complaint and upon which he presently relies to prove his case"); *Citizens for Parental Rights v. San Mateo County Bd. of Educ.* (1975) 51 Cal. App. 3d 1, 37, citing to *Singer v. Superior Court* (1960) 54 Cal. 2d 318, ("it is perfectly proper for a party to submit an interrogatory requiring his adversary to specify, under oath, the facts on which he relies in support of a particular contention or allegation made in a pleading").

Plaintiffs provided boilerplate objections and bare, conclusionary assertions in response to Defendant's Special Interrogatories numbers 12-13 and 18-19 and Form Interrogatory number 17.1, all of which sought details concerning McKesson's alleged distribution of Children's Motrin. Specifically, Plaintiffs inserted a "cookie-cutter" work-product objection to each of these interrogatories, and then responded to each with

1   the same conclusionary assertion: "McKesson was and is the distributor of Children's

2   Motrin to Wal-Mart." These responses are incomplete, evasive and impermissibly

3   conclusory, and in violation of C.C.P. § 2030.300.

4        Plaintiffs assert in the Complaint that Children's Motrin is distributed "throughout

5   the United States through various distributors, including but not limited to McKesson . .

6   ." (see Holl Dec. Ex. A. at ¶9), but refuse to disclose *any* facts or evidence in support of

7   their contention that McKesson distributed the Children's Motrin at issue in this case, and

8   thus why McKesson is a proper party to this lawsuit and this case should remain in this

9   Court. The requested information is required to asses the claim that McKesson is a proper

10  party to this lawsuit, and whether this case is removable to federal court. Defendant is

11  entitled to the requested information, and is prejudiced without it.

12       The Court should issue an order compelling Plaintiffs to provide full, complete

13  and substantive responses to Defendants' Form and Special Interrogatories seeking facts

14  and evidence upon which Plaintiffs rely for their contention that McKesson distributed

15  the Children's Motrin at issue in this case.

16  **D.    Defendant's Motion To Compel Further Responses To Request For
         Production Should Be Granted As Plaintiffs Have Not Provided Full And

17       Complete Responses Or Produced Responsive Documents In Violation Of
         Code Of Civil Procedure §§ 2031.240 and 2031.310**

18

19       Document requests seeking facts or documents relied upon by parties in support of

20  their contentions are commonplace and appropriate. *See, e.g., Burke v. Superior Court*

21  (1969) 71 Cal. 2d 276, 280-281; *Rifkind v. Superior Court* (1994) 22 Cal. App. 4th 1255,

22  1260-1261; and cases cited therein. Indeed, a party is entitled to discovery of the

23  opponent's contentions and their factual and evidentiary bases, notwithstanding the

24  underlying involvement of expert opinion or attorney analysis. *Ibid.*

25       Defendant's Request for Production numbers 3, 9, and 12 sought documents

26  related to Plaintiffs' contention that McKesson distributed Children's Motrin to Wal-

27  Mart. (*Holl Dec.*, ¶3 and Ex. C). Plaintiffs asserted their same "cookie-cutter" work-

28  product objections that they asserted for the interrogatories discussed above. Moreover,

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\381838\2

7

DEFENDANT'S MEMO OF P'S & A'S IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO FIRST SETS OF
WRITTEN DISCOVERY

1    Plaintiffs responded that "all responsive documents should be in the possession, custody

2    or control of Defendants."

3            Plaintiffs' responses are insufficient and frustrate the purpose of discovery.

4    Defendant is entitled to the production of responsive documents that Plaintiffs possess,

5    control or have in their custody.  It is immaterial that the requested documents may, or

6    may not, be available from other sources, including Defendant itself.  Plaintiffs must

7    specify with particularity what responsive documents Plaintiffs refer to that, in Plaintiffs'

8    opinion, "should" be in the "possession, custody or control of Defendants."

9            The Court should issue an order compelling Plaintiffs to provide full, complete

10   and substantive responses to Defendants' Request for Production, and produce

11   documents responsive to requests related to Plaintiffs contention that McKesson

12   distributed Children's Motrin.

13                          **IV.**
                          **CONCLUSION**

14

15           For the foregoing reasons, Defendant requests that its Motion to Compel be

16   granted.

17   Dated: March 29 2007

18                                    DRINKER BIDDLE & REATH LLP

19                                    B__ Hall

20                                    BENJAMIN J. HOLL

21                                    Attorneys for Defendants
                                     JOHNSON & JOHNSON, MCNEIL
22                                   CONSUMER HEALTHCARE, a Division
                                     of MCNEIL-PPC, INC. (erroneously sued
23                                   as MCNEIL CONSUMER & SPECIALTY
                                     PHARMACEUTICALS, a Division of
24                                   MCNEIL-PPC, INC.), MCKESSON
                                     CORPORATION, and WAL-MART
25                                   STORES, INC.

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\3818382

8

DEFENDANT'S MEMO OF P'S & A'S IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO FIRST SETS OF
WRITTEN DISCOVERY

COPY : TWP
PDF : TEAM
CAH

1  CHARLES F. PREUSS (State Bar No. 45783)
   THOMAS W. PULLIAM, JR. (State Bar No. 46322)
2  BENJAMIN J. HOLL (State Bar No. 200630)
   DRINKER BIDDLE & REATH LLP
3  50 Fremont Street, 20th Floor
   San Francisco, California 94105-2235
4  Telephone: (415) 591-7500
   Facsimile: (415) 591-7510
5
6  Attorneys for Defendants
   JOHNSON & JOHNSON, MCNEIL CONSUMER
7  HEALTHCARE, a Division of MCNEIL-PPC, INC.
   (erroneously sued as MCNEIL CONSUMER &
8  SPECIALTY PHARMACEUTICALS, a Division of
   MCNEIL-PPC, INC.), MCKESSON CORPORATION,
9  and WAL-MART STORES, INC.

ENDORSED
F I L E D
San Francisco County Superior Court

MAR 2 9 2007

GORDON PARK-LI, Clerk
BY: BERNADETTE THOMPSON
Deputy Clerk

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                   FOR THE COUNTY OF SAN FRANCISCO

12

13  THOMAS B. GAINES, a deceased minor
    child by and through his personal
14  representative(s) and/or successor(s) in
    interest; DIANA L. GAINES, individually,
15  as Executor of the Estate of Thomas B.
    Gaines, and as Thomas B. Gaines' personal
16  representative and successor in interest;
    GARY D. GAINES, individually and as
17  Thomas B. Gaines' personal representative
    and successor in interest; and THE
18  ESTATE OF THOMAS B. GAINES,

19                      Plaintiffs,

20        v.

21  JOHNSON & JOHNSON, a New Jersey
    corporation; MCNEIL CONSUMER &
22  SPECIALTY PHARMACEUTICALS, a
    Division of MCNEIL-PPC, INC., a New
23  Jersey corporation; MCKESSON
    CORPORATION, a Delaware corporation;
24  WAL-MART STORES, INC., a Delaware
    corporation; and DOES 1 through 100,
25  inclusive,

26                      Defendants.

Case No. CGC-06-457600

**DEFENDANT JOHNSON &
JOHNSON'S SEPARATE STATEMENT
OF ITEMS IN DISPUTE IN SUPPORT
OF MOTION TO COMPEL FURTHER
RESPONSES TO FIRST SET OF
SPECIAL INTERROGATORIES,
FIRST REQUEST FOR PRODUCTION,
FIRST SET OF FORM
INTERROGATORIES, AND FIRST
SET OF REQUESTS FOR
ADMISSIONS**

Date:     May 7, 2007
Time:     10:30 a.m.
Place:    Department 610
Judge:    Commissioner Bruce E. Chan

Complaint Filed: November 3, 2006

27  ///

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\381833\2

DEFENDANT'S SEPARATE STATEMENT OF ITEMS IN DISPUTE IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES
TO FIRST SETS OF WRITTEN DISCOVERY

COMES NOW Defendant Johnson & Johnson ("Defendant") and submits this California Rules of Court, Rule 3.1020, Separate Statement of Items in Dispute in support of its motion to compel further answers from Plaintiffs to the following discovery requests:

I.

**PLAINTIFFS' RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

Plaintiffs did not serve signed and verified response to Defendant's First Set of Special Interrogatories as required by C.C.P. § 2030.250(a), (c). The Court should issue an order compelling Plaintiffs to do so.

**Special Interrogatory No. 12:**

Set forth all facts upon which YOU rely for YOUR contention that MCKESSON is a proper party to this lawsuit.

(For purposes of this set of interrogatories, "MCKESSON" means McKesson Corporation and any subsidiary or division thereof.)

**Plaintiffs' Response to Special Interrogatory No. 12:**

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiffs state that MCKESSON was and is the distributor of CHILDREN'S MOTRIN to WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**Defendant's Reasons to Compel Further Response to Special Interrogatory No. 12:**

Plaintiffs' objections to Special Interrogatory number 12 are waived because Plaintiffs did not serve timely discovery responses. (Declaration of Benjamin J. Holl ("*Holl Dec.*"), at ¶¶ 4-5 and Ex. K; C.C.P. § 2030.290(a)). Plaintiffs must disclose the purported work-product that relates to why they believe McKesson is a proper party to this lawsuit. *Id.*; *Leach v. Superior Court* (1980) 111 Cal. App. 3d 902, 905-906.

Substantively, Plaintiffs' response to this Interrogatory is conclusory, evasive, and

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\3818331\2

2

1   incomplete.  Plaintiffs contend in their Complaint that McKesson is a proper party to this

2   lawsuit based on its alleged distribution and sale of Children's Motrin. (*See Holl Dec.*,

3   Ex. A at ¶¶2, 9).  Defendant is entitled to learn facts upon which Plaintiffs base the

4   contentions in their Complaint. *See, e.g., Sheets v. Superior Court of Los Angeles County*

5   (1967) 257 Cal. App. 2d 1, 8-9 ("there is no doubt that a defendant is entitled to discover

6   by appropriate interrogatories the facts, if any, presently known to the plaintiff upon

7   which he bases the allegations of his complaint and upon which he presently relies to

8   prove his case"); *Citizens for Parental Rights v. San Mateo County Bd. of Educ.* (1975)

9   51 Cal. App. 3d 1, 37, citing *Singer v. Superior Court* (1960) 54 Cal. 2d 318 ("it is

10  perfectly proper for a party to submit an interrogatory requiring his adversary to specify,

11  under oath, the facts on which he relies in support of a particular contention or allegation

12  made in a pleading").

13          Defendant needs the requested information to assess the claim that McKesson is a

14  proper party to this lawsuit, and whether this case is removable to federal court. The only

15  basis for this case being before this Court is McKesson's status as a defendant. Plaintiffs

16  assert in the Complaint that Children's Motrin is distributed "throughout the United

17  States through various distributors, including but not limited to McKesson . . . " (*see*

18  *Holl Dec.* Ex. A. at ¶9), but refuse to disclose *any* facts or evidence in support of their

19  contention that McKesson distributed the Children's Motrin at issue in this case, and thus

20  why McKesson is a proper party to this lawsuit and this case should remain in this Court.

21  Plaintiffs instead simply reiterate their bare conclusion that "McKesson was and is the

22  distributor of Children's Motrin to Wal-Mart." (*See, e.g., Holl Dec.* Ex. G at response

23  number 12.)

24          Plaintiffs must provide all facts upon which they "rely for [their] contention" that

25  McKesson is a proper party to this lawsuit. The bare assertion that McKesson "was and

26  is" the distributor of Children's Motrin is wholly insufficient. A "party may not provide

27  deftly worded conclusionary answers designed to evade a series of explicit questions."

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\381833\2

3

DEFENDANT'S SEPARATE STATEMENT OF ITEMS IN DISPUTE IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES
TO FIRST SETS OF WRITTEN DISCOVERY

1    *Deyo v. Kilbourne* (1978) 84 Cal. App. 3d 771, 783.

2       The Court should issue an order compelling Plaintiffs to furnish Defendant with a

3 full, complete and substantive response to this Interrogatory.

4 **Special Interrogatory No. 13:**

5       Describe all EVIDENCE supporting YOUR contention that MCKESSON is a

6 proper party to this lawsuit.

7       (For the purposes of this set of interrogatories, "EVIDENCE" means all

8 DOCUMENTS, testimony, or statements made from personal knowledge of any potential

9 witness. For the purposes of this set of interrogatories, "DOCUMENTS" means written,

10 printed, typed, or visually or orally reproduced material of any kind, whether or not

11 privileged, including but not limited to any and all letters, correspondence, contracts,

12 agreements, bills, orders, receipts, invoices, statements, records [including but not limited

13 to medical records], books, articles, computer tapes and reports, press releases,

14 advertising and promotional literature, prints, drawings, plans, photographs, printed

15 forms, manuals, brochures, lists, publications, videotapes, or other tape recordings, films,

16 microfilm, and all other writings, including drafts, typings, printings, minutes or copies or

17 reproductions thereof in the possession, custody, or control of YOU.)

18 **Plaintiffs' Response to Special Interrogatory No. 13:**

19       Objection: This interrogatory seeks plaintiff's counsel's work product, legal

20 reasoning, theory, and/or statutory basis supporting a factual contention.

21       Without waiving this objection, plaintiff states that MCKESSON was and is the

22 distributor of CHILDREN'S MOTRIN to WAL-MART.

23       Discovery is ongoing and plaintiffs reserve the right to supplement this response.

24 **Defendant's Reasons to Compel Further Response to Special Interrogatory No. 13:**

25       Please see the reasons set forth above with respect to Interrogatory No. 12.

26 **Special Interrogatory No. 18:**

27       Set forth the facts upon which YOU rely for YOUR contention that the

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\381833\2

4

DEFENDANT'S SEPARATE STATEMENT OF ITEMS IN DISPUTE IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES
TO FIRST SETS OF WRITTEN DISCOVERY

1  CHILDREN'S MOTRIN was sold by MCKESSON.

2  **Plaintiffs' Response to Special Interrogatory No. 18:**

3      Objection: This interrogatory seeks plaintiffs' counsel's work product, legal

4  reasoning, theory, and/or statutory basis supporting a factual contention.

5      Without waiving this objection, plaintiffs state that MCKESSON was and is the

6  distributor of CHILDREN'S MOTRIN to WAL-MART.

7      Discovery is ongoing and plaintiffs reserve the right to supplement this response.

8  **Defendant's Reasons to Compel Further Response to Special Interrogatory No. 18:**

9      Please see the reasons set forth above with respect to Interrogatory No. 12.

10 **Special Interrogatory No. 19:**

11     Describe all EVIDENCE supporting YOUR contention that the CHILDREN'S

12 MOTRIN was sold by MCKESSON.

13 **Plaintiffs' Response to Special Interrogatory No. 19:**

14     Objection: This interrogatory seeks plaintiffs' counsel's work product, legal

15 reasoning, theory, and/or statutory basis supporting a factual contention.

16     Without waiving this objection, plaintiffs state that MCKESSON was and is the

17 distributor of CHILDREN'S MOTRIN to WAL-MART.

18     Discovery is ongoing and plaintiffs reserve the right to supplement this response.

19 **Defendant's Reasons to Compel Further Response to Special Interrogatory No. 19:**

20     Please see the reasons set forth above with respect to Interrogatory No. 12.

21                                    II.

22 **PLAINTIFFS' RESPONSES TO FIRST REQUEST FOR PRODUCTION**

23     Plaintiffs did not serve signed and verified response to Defendant's First Request

   for Production as required by C.C.P. § 2031.250(a), (c). The Court should issue an order

24 compelling Plaintiffs to do so.

25

26 **Request for Production No. 3:**

27     All DOCUMENTS that evidence the distribution of the CHILDREN'S MOTRIN

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\381833\2

5

DEFENDANT'S SEPARATE STATEMENT OF ITEMS IN DISPUTE IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES
TO FIRST SETS OF WRITTEN DISCOVERY

1   by a DISTRIBUTOR.

2       (The term "DISTRIBUTOR" is used in these requests as it is used in Paragraph 9

3   of the COMPLAINT.)

4   **Plaintiffs' Response to Request for Production No. 3:**

5       Objection: This request seeks plaintiffs' counsel's work product, legal reasoning,

6   theory, and/or statutory basis supporting a factual contention. Further, all responsive

7   DOCUMENTS should be in the possession, custody or control of Defendants.

8   **Defendant's Reasons to Compel Further Response to Request for Prod. No. 3:**

9       Defendant preliminarily notes that, in a good faith effort to avoid this motion to

10  compel, Defendant re-worded Request No. 3 in its meet and confer letter to Plaintiffs as

11  follows:

12      ***Request No. 3***: Please produce all DOCUMENTS *in your possession* that evidence

13  the distribution of the CHILDREN'S MOTRIN by a DISTRIBUTOR.

14      Plaintiffs, however, have not responded to Defendant's meet and confer letter or

15  its modified Request for Production number 3. (*Holl Dec.,* at ¶6). In any event, the

16  requested documents are discoverable, and Defendant is entitled to them.

17      As discussed, Plaintiffs' objections to Defendant's First Request for Production

18  are waived because Plaintiffs did not serve timely responses. (*Holl Dec.,* at ¶¶ 4-5 and

19  Ex. K; C.C.P. § 2031.300(a)).

20      Moreover, document requests seeking facts or documents relied upon by parties in

21  support of their contentions are commonplace and appropriate. *See, e.g., Burke v.*

22  *Superior Court* (1969) 71 Cal. 2d 276, 280-281; *Rifkind v. Superior Court* (1994) 22 Cal.

23  App. 4th 1255, 1260-1261; and cases cited therein. A party is entitled to discovery of the

24  opponent's contentions and their factual and evidentiary bases, notwithstanding the

25  underlying involvement of expert opinion or attorney analysis. *Ibid.*

26      Plaintiffs' response to Request number 3 is insufficient and frustrates the purpose

27  of discovery. They contend in their Complaint that Children's Motrin was distributed

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\381833\2

1   "throughout the United States through various distributors, including but not limited to

2   McKesson . . .." (*Holl Dec.*, Ex. A at ¶9). Yet, Plaintiffs refuse to produce any

3   documents that evidence the distribution of Children's Motrin by any distributor, let

4   alone McKesson. Defendant is entitled to learn what documents Plaintiffs possess,

5   control or have in their custody that relates to this issue. It is immaterial that the

6   requested documents may, or may not, be available from other sources, including

7   Defendant itself. Plaintiffs must also specify with particularity what responsive

8   documents Plaintiffs refer to that in Plaintiffs opinion "should" be in the "possession,

9   custody or control of Defendants."

10  **Request for Production No. 9:**

11          All DOCUMENTS supporting YOUR contention that MCKESSON is a proper

12  party to this lawsuit.

13          (For the purposes of this set of requests, "MCKESSON" means McKesson

14  Corporation and any subsidiary or division thereof.)

15  **Plaintiffs' Response to Request for Production No. 9:**

16          Objection: This request seeks plaintiffs' counsel's work product, legal reasoning,

17  theory, and/or statutory basis supporting a factual contention. Further, all responsive

18  DOCUMENTS should be in the possession, custody or control of Defendants.

19  **Defendant's Reasons to Compel Further Response to Request for Prod. No. 9:**

20          Defendant preliminarily notes that, in a good faith effort to avoid this motion to

21  compel, Defendant re-worded Request No. 9 in the meet and confer letter Defendant sent

22  to Plaintiffs as follows:

23          ***Request No. 9***: Please produce all DOCUMENTS *relied on for* YOUR contention

24  that MCKESSON is a proper party to this lawsuit.

25          Plaintiffs, however, have not responded to Defendant's meet and confer letter or

26  its modified Request for Production number 9. (*Holl Dec.*, at ¶6). The requested

27  documents are discoverable, and Defendant is entitled to them.

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\381833\2

7

DEFENDANT'S SEPARATE STATEMENT OF ITEMS IN DISPUTE IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES
TO FIRST SETS OF WRITTEN DISCOVERY

1    Please see the reasons set forth above with respect to Request No. 3, and with

2  respect to Interrogatory No. 12.

3  **Request for Production No. 12:**

4    All DOCUMENTS supporting YOUR contention that the CHILDREN'S

5  MOTRIN was sold by MCKESSON.

6  **Plaintiffs' Response to Request for Production No. 12:**

7    Objection: This interrogatory seeks plaintiffs' counsel's work product, legal

8  reasoning, theory, and/or statutory basis supporting a factual contention. Further, all

9  responsive DOCUMENTS should be in the possession, custody or control of Defendants.

10  **Defendant's Reasons to Compel Further Response to Request for Prod. No. 12:**

11    Defendant preliminarily notes that, in a good faith effort to avoid this motion to

12  compel, Defendant re-worded Request No. 12 in the meet and confer letter Defendant

13  sent to Plaintiffs as follows:

14    ***Request No. 12***: Please produce all DOCUMENTS *relied on for* YOUR

15  contention that the Children's Motrin was sold by MCKESSON.

16    Plaintiffs, however, have not responded to Defendant's meet and confer letter or

17  its modified Request for Production number 12. (*Holl Dec.*, at ¶6). The requested

18  documents are discoverable, and Defendant is entitled to them.

19    Please see the reasons set forth above with respect to Request No. 3, and with

20  respect to Interrogatory No. 12.

21
                                      **III.**
22  **PLAINTIFFS' RESPONSES TO FORM INTERROGATORIES, SET ONE**

23    Plaintiffs did not serve signed and verified response to Defendant's First Set of

24  Form Interrogatories as required by C.C.P. § 2030.260(a), (c). The Court should issue an

     order compelling Plaintiffs to do so.
25
   **Form Interrogatory No. 17.1:**
26
       Is your response to each request for admission served with these interrogatories an
27
   unqualified admission? If not, for each response that is not an unqualified admission:
28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\38183312

8

DEFENDANT'S SEPARATE STATEMENT OF ITEMS IN DISPUTE IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES
TO FIRST SETS OF WRITTEN DISCOVERY

1    (a)    state the number of the request;

2    (b)    state all facts upon which you base your response;

3    (c)    state the names, ADDRESSES, and telephone numbers of all PERSONS

4    who have knowledge of those facts; and

5    (d)    identify all DOCUMENTS and other tangible things that support your

6    response and state the name, ADDRESS, and telephone number of the PERSON who has

7    each DOCUMENT or thing.

8    **Plaintiffs' Response to Form Interrogatory No. 17.1:**

9    No.

10    (a)    Requests No. One and No. Two;

11    (b)    Plaintiffs purchased the CHILDREN'S MOTRIN from WAL-MART;

12    (c)    Plaintiffs;

13    (d)    Despite a diligent search and reasonable inquiry, plaintiffs are unable to

14    identify any DOCUMENTS in their possession which would be responsive to this

15    request.

16    (a)    Requests No. Three and No. Four;

17    (b)(c)(d) Objection: This interrogatory seeks plaintiffs' counsel's work product,

18    legal reasoning, theory, and/or statutory basis supporting a factual contention.

19    **Defendant's Reasons to Compel Further Response to Form Interrogatory No. 17.1:**

20    In response to Requests for Admission numbers 3 and 4, Plaintiffs deny,

21    respectively, that the Children's Motrin at issue in this case was not sold by McKesson

22    and that the Plaintiffs have no evidence of any such sale. (*See Holl Dec.* Ex. I at response

23    numbers 3 and 4). Plaintiffs object to providing details concerning these denials in Form

24    Interrogatory No. 17.1 on the basis that the interrogatory seeks protected information.

25    Please see the reasons set forth above with respect to Interrogatory No. 12.

26    Defendant is entitled to learn the facts upon which Plaintiffs' denials were made, the

27    identity of the people with knowledge of the facts, and documents supporting the denial.

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

9

SF1\381833\2

1   identity of the people with knowledge of the facts, and documents supporting the denial.

2                                          IV.
3   __PLAINTIFFS' RESPONSES TO REQUESTS FOR ADMISSION, SET ONE__

4        Plaintiffs did not serve signed and verified response to Defendant's First Set of

5   Requests for Admission as required by C.C.P. § 2033.240(a), (c).  The Court should issue

6   an order compelling Plaintiffs to do so.

7   Dated: March 29, 2007                        DRINKER BIDDLE & REATH LLP

8

9                                               _____
                                                BENJAMIN J. HOLL
10
                                                Attorneys for Defendants
11                                              JOHNSON & JOHNSON, MCNEIL
                                                CONSUMER HEALTHCARE, a Division
12                                              of MCNEIL-PPC, INC. (erroneously sued
                                                as MCNEIL CONSUMER & SPECIALTY
13                                              PHARMACEUTICALS, a Division of
                                                MCNEIL-PPC, INC.), MCKESSON
14                                              CORPORATION, and WAL-MART
                                                STORES, INC.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

SFI\381833\2

DEFENDANT'S SEPARATE STATEMENT OF ITEMS IN DISPUTE IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES
TO FIRST SETS OF WRITTEN DISCOVERY

PLEA
COPY TWO

05/04/2007 10:39 FAX

☑ 002/004

PDF TEAM

1   CHARLES F. PREUSS (State Bar No. 45783)
2   THOMAS W. PULLIAM, JR. (State Bar No. 46322)
    BENJAMIN J. HOLL (State Bar No. 200630)
3   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
4   San Francisco, California 94105-2235
    Telephone: (415) 591-7500
5   Facsimile: (415) 591-7510

6   Attorneys for Defendants
    JOHNSON & JOHNSON, MCNEIL CONSUMER
7   HEALTHCARE, a Division of MCNEIL-PPC, INC.
    (erroneously sued as MCNEIL CONSUMER &
8   SPECIALTY PHARMACEUTICALS,
    a Division of MCNEIL-PPC, INC.), MCKESSON
9   CORPORATION, and WAL-MART STORES, INC.

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                   FOR THE COUNTY OF SAN FRANCISCO

12

13   THOMAS B. GAINES, a deceased minor        Case No. CGC-06-457600
     child by and through his personal
14   representative(s) and/or successor(s) in
     interest; DIANA L. GAINES, individually,   DEFENDANT JOHNSON &
15   as Executor of the Estate of Thomas B.     JOHNSON'S NOTICE OF TAKING
     Gaines, and as Thomas B. Gaines' personal  MOTION TO COMPEL DISCOVERY
16   representative and successor in interest;   OFF CALENDAR
     GARY D. GAINES, individually and as
17   Thomas B. Gaines' personal representative   Date:    May 7, 2007
     and successor in interest; and THE         Time:    10:30 a.m.
18   ESTATE OF THOMAS B. GAINES,                 Place:   Department 610
                                                 Judge:   Commissioner Bruce E. Chan
19                      Plaintiffs,

20         v.                                    Complaint Filed: November 3, 2006

21   JOHNSON & JOHNSON, a New Jersey
     corporation; MCNEIL CONSUMER &
22   SPECIALTY PHARMACEUTICALS, a
     Division of MCNEIL-PPC, INC., a New
23   Jersey corporation; MCKESSON
     CORPORATION, a Delaware corporation;
24   WAL-MART STORES, INC., a Delaware
     corporation; and DOES 1 through 100,
25   inclusive,

26                      Defendants.

27   ///

28   ///

ENDORSED
FILED
San Francisco County Superior Court

MAY 0 4 2007

GORDON PARK-LI, Clerk
BY: ROSSALY DE LA VEGA
         Deputy Clerk

BY FAX

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\383640\1

10948765.tif - 5/4/2007 10:41:36 AM

CHARLES F. PREUSS (State Bar No. 45783)
THOMAS W. PULLIAM, JR. (State Bar No. 46322)
BENJAMIN J. HOLL (State Bar No. 200630)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California  94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendants
JOHNSON & JOHNSON, MCNEIL CONSUMER
HEALTHCARE, a Division of MCNEIL-PPC, INC.
(erroneously sued as MCNEIL CONSUMER &
SPECIALTY PHARMACEUTICALS,
a Division of MCNEIL-PPC, INC.), MCKESSON
CORPORATION, and WAL-MART STORES, INC.

ENDORSED
F I L E D
San Francisco County Superior Court

MAR 2 9 2007

GORDON PARK-LI, Clerk
BY  BERNADETTE THOMPSON
Deputy Clerk

COPY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| THOMAS B. GAINES, a deceased minor child by and through his personal representative(s) and/or successor(s) in interest; DIANA L. GAINES, individually, as Executor of the Estate of Thomas B. Gaines, and as Thomas B. Gaines' personal representative and successor in interest; GARY D. GAINES, individually and as Thomas B. Gaines' personal representative and successor in interest; and THE ESTATE OF THOMAS B. GAINES,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON, a New Jersey corporation; MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of MCNEIL-PPC, INC., a New Jersey corporation; MCKESSON CORPORATION, a Delaware corporation; WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CGC-06-457600<br><br>**DECLARATION OF BENJAMIN J. HOLL IN SUPPORT OF DEFENDANT JOHNSON & JOHNSON'S MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES, FIRST REQUEST FOR PRODUCTION, FIRST SET OF FORM INTERROGATORIES, AND FIRST SET OF REQUESTS FOR ADMISSIONS**<br><br>Date:     May 7, 2007<br>Time:     10:30 a.m.<br>Place:    Department 610<br>Judge:   Commissioner Bruce E. Chan<br><br>Complaint Filed:  November 3, 2006 |

///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

SF1\381822\1

DECLARATION OF BENJAMIN J. HOLL IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO FIRST SETS OF WRITTEN DISCOVERY

1    I, BENJAMIN J. HOLL, declare that:

2    1.    I am an attorney licensed to practice in the State of California and an

3    associate with the law firm of Drinker Biddle & Reath LLP, counsel of record for

4    defendant Johnson & Johnson ("Defendant"). This declaration is based upon review of

5    files and my personal knowledge of the facts set forth below.

6    2.    Attached hereto as Exhibit A is a true and correct copy of Plaintiffs'

7    Complaint.

8    3.    On January 3, 2007, Defendant served on Plaintiffs its First Set of Special

9    Interrogatories (a true and correct copy of which is attached hereto as Exhibit B), First

10    Request for Production (a true and correct copy of which is attached hereto as Exhibit C),

11    First Set of Requests for Admission (a true and correct copy of which is attached hereto

12    as Exhibit D), and First Set of Form Interrogatories (a true and correct copy of which is

13    attached hereto as Exhibit E). Plaintiffs' responses to this discovery were due on

14    February 7, 2007.

15    4.    On February 6, Plaintiffs' requested an extension until February 9, 2007 to

16    serve responses to Defendant's discovery requests. A true and correct copy of Plaintiffs'

17    letter requesting a continuance is attached hereto as Exhibit F. Defendant granted a

18    continuance until February 9.

19    5.    On February 12, 2007, Plaintiffs emailed their untimely Response to

20    Special Interrogatories, Set One (a true and correct copy of which is attached hereto as

21    Exhibit G), Response to Requests for Production, Set One (a true and correct copy of

22    which is attached hereto as Exhibit H), Response to Requests for Admission, Set One (a

23    true and correct copy of which is attached hereto as Exhibit I), and Response to Form

24    Interrogatories, Set One (a true and correct copy of which is attached hereto as Exhibit J).

25    A true and correct copy of the email attaching Plaintiffs' Responses is attached hereto as

26    Exhibit K. The Responses were neither signed nor verified, and despite Defendant's

27    request (see Exhibit L, infra), Plaintiffs have never provided Defendant with signed

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\381822\1

2

DECLARATION OF BENJAMIN J. HOLL IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO FIRST
SETS OF WRITTEN DISCOVERY

1  responses or verifications.

2      6.    On March 8, 2007, I sent a letter to Plaintiffs' counsel detailing the

3  numerous deficiencies in Plaintiffs' responses and explaining that Plaintiffs' boilerplate

4  objections were improper.  The letter requested that Plaintiff remedy the enumerated

5  deficiencies in Plaintiffs' responses and provide signed and verified responses by March

6  19.  A true and correct copy of my March 8, 2007 letter is attached hereto as Exhibit L.

7  As of the date of this declaration, Plaintiffs have not responded to my letter.  Plaintiffs

8  have also not provided further discovery responses, signed or verified responses, or a

9  proof of service.

10

11      I declare under penalty of perjury under the laws of the State of California that the

12  foregoing is true and correct.

13      Executed on March 29, 2007, in San Francisco, California.

14

15                          _____

16                          BENJAMIN J. HOLL

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

SF1\381822\1

3

DECLARATION OF BENJAMIN J. HOLL IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO FIRST SETS OF WRITTEN DISCOVERY

# EXHIBIT A

From: unknown    Page: 5/6    Date: 11/3/2006 2:50:35 PM

ENDORSED
FILED
SAN FR___ __O COUNTY
SUPE___ ___URT

2006 NOV -3 AM IO___
(SPACE BELOW FOR FILING STAMP ONLY)

GORDON PARK - LI. CLERK

BY: **Deborah Steppe**
DEPUTY CLERK

CASE MANAGEMENT CONFERENCE SET

APR 0 6 2007 - 9ᴬᴹ AM

DEPARTMENT 212

1  GREENE BROILLET & WHEELER. LLP
   LAWYERS
2  100 WILSHIRE BOULEVARD, SUITE 2100
   P.O. BOX 2131
3  SANTA MONICA, CALIFORNIA 90407-2131
   TEL. (310) 576-1200
   FAX. (310) 576-1220
4  BROWNE GREENE, State Bar No. 38441
   MICHAEL J. AVENATTI, State Bar No. 206929

5  Attorneys for   Plaintiffs

6

7

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **FOR THE COUNTY OF SAN FRANCISCO**

10

11  THOMAS B. GAINES, a deceased minor
    child by and through his personal
12  representative(s) and/or successor(s) in
    interest; DIANA L. GAINES, individually, as
13  Executor of the Estate of Thomas B. Gaines,
    and as Thomas B. Gaines' personal
14  representative and successor in interest;
    GARY D. GAINES, individually and as
15  Thomas B. Gaines' personal representative
    and successor in interest; and THE ESTATE
16  OF THOMAS B. GAINES,

17                                    Plaintiffs,

18                    vs.

19  JOHNSON & JOHNSON, a New Jersey
    corporation; MCNEIL CONSUMER &
20  SPECIALTY PHARMACEUTICALS, a
    Division of MCNEIL-PPC, INC., a New
21  Jersey corporation; MCKESSON
    CORPORATION, a Delaware corporation;
22  WAL-MART STORES, INC., a Delaware
    corporation; and DOES 1 through 100,
23  inclusive,

24                                   Defendants.

25

26

27

28

CASE NO. **CGC-06-457600**

**COMPLAINT FOR DAMAGES**

1.  **Strict Product Liability/Personal Injury**
2.  **Negligence/Personal Injury**
3.  **Breach of Express and Implied Warranties/Personal Injury**
4.  **Wrongful Death**

**DEMAND FOR JURY TRIAL**

(Joint Declaration of Diana L. Gaines and Gary D. Gaines filed concurrently herewith)

COMPLAINT and DEMAND FOR JURY TRIAL

1     COME NOW Plaintiffs THOMAS B. GAINES, a deceased minor child by and through his

2   personal representative(s) and/or successor(s) in interest; DIANA L. GAINES, individually, as

3   Executor of the Estate of Thomas B. Gaines, and as Thomas B. Gaines' personal representative and

4   successor in interest; GARY D. GAINES, individually and as Thomas B. Gaines' personal

5   representative and successor in interest; and THE ESTATE OF THOMAS B. GAINES, and for causes

6   of action against Defendants JOHNSON & JOHNSON; MCNEIL CONSUMER & SPECIALTY

7   PHARMACEUTICALS, a Division of MCNEIL-PPC, INC.; MCKESSON CORPORATION; WAL-

8   MART STORES, INC.; and DOES 1 through 100, inclusive, and each of them, complain and allege

9   as follows:

10

11                              **GENERAL ALLEGATIONS**

12

13         1.       At all times mentioned herein, Plaintiffs THOMAS B. GAINES, DIANA L. GAINES,

14   and GARY D. GAINES were residents of Lincoln County, North Carolina.

15

16         2.       At all times mentioned herein, Plaintiffs DIANA L. GAINES and GARY D. GAINES

17   were the parents of THOMAS B. GAINES and, by operation of law, are presently the heirs of Plaintiff

18   THOMAS B. GAINES. Additionally, Plaintiff DIANA L. GAINES is the Executor of the ESTATE

19   OF THOMAS B. GAINES and Thomas B. Gaines' personal representative and successor in interest.

20   Further, Plaintiff GARY D. GAINES is Thomas B. Gaines' personal representative and successor in

21   interest.

22

23         3.       The true names and/or capacities, whether individual, corporate, associate or

24   otherwise of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs at this time, who

25   therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and

26   thereupon allege that each of the Defendants fictitiously named herein as a DOE is legally responsible,

27   negligently or in some other actionable manner, for the events and happenings hereinafter referred to,

28   and thereby proximately caused the injuries and damages to Plaintiffs as hereinafter alleged. The

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1   Plaintiffs will ask leave of court to amend this Complaint to insert the true names and/or capacities

2   of such fictitiously named Defendants when the same have been ascertained.

3

4       4.      Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned

5   herein, Defendants, including DOES 1 through 100, inclusive and each of them, were the agents,

6   servants, employees and/or joint venturers of their co-defendants, and each was, as such, acting within

7   the course, scope and authority of said agency, employment and/or venture, and with the authorization

8   and/or ratification of said co-defendants, and that each and every Defendant, as aforesaid, when acting

9   as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent,

10  employee and/or joint venturer.

11

12      5.      Plaintiffs are informed and believe, and thereupon allege, that Defendant JOHNSON

13  & JOHNSON (NYSE: JNJ) is, and at all times herein relevant was, a New Jersey corporation with its

14  principal place of business in New Brunswick, New Jersey.  Plaintiffs are further informed and

15  believe, and thereupon allege, that Defendant JOHNSON & JOHNSON ("J&J") is authorized to do,

16  has regularly done, and is doing, business within the County of San Francisco, California and Lincoln

17  County, North Carolina.

18

19      6.      Plaintiffs are informed and believe, and thereupon allege, that Defendant MCNEIL

20  CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of MCNEIL-PPC, INC., is, and

21  at all times herein relevant was, a New Jersey corporation with its principal place of business in Fort

22  Washington, Pennsylvania,  and a wholly owned subsidiary of J&J.  Plaintiffs are further informed

23  and believe, and thereupon allege, that Defendant MCNEIL CONSUMER & SPECIALTY

24  PHARMACEUTICALS, a Division of MCNEIL-PPC, INC., ("MCNEIL") is authorized to do, has

25  regularly done, and is doing, business within the County of San Francisco, California and Lincoln

26  County, North Carolina.

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-2-

COMPLAINT and DEMAND FOR

7.     Plaintiffs are informed and believe, and thereupon allege, that Defendant MCKESSON CORPORATION (NYSE: MCK) is, and at all times herein relevant was, a Delaware corporation with its principal place of business in San Francisco, California. Plaintiffs are further informed and believe, and thereupon allege, that Defendant MCKESSON CORPORATION ("MCKESSON") is authorized to do, has regularly done, and is doing, business within the County of San Francisco, California and Lincoln County, North Carolina.

8.     Plaintiffs are informed and believe, and thereupon allege, that Defendant WAL-MART STORES, INC. is, and at all times herein relevant was, a Delaware corporation with its principal place of business in Bentonville, Arkansas. Plaintiffs are further informed and believe, and thereupon allege, that Defendant WAL-MART STORES, INC. ("WAL-MART") is authorized to do, has regularly done, and is doing, business within the County of San Francisco, California and Lincoln County, North Carolina.

9.     At all times herein relevant, Defendants MCNEIL and J&J were in the business of designing, manufacturing, marketing, distributing and selling an over-the-counter ("OTC") nonsteroidal anti-inflammatory analgesic drug called Children's Motrin, generic name ibuprofen, ("Children's Motrin") to consumers and users in California, North Carolina and throughout the United States through various distributors, including but not limited to MCKESSON, and various retailers, including but not limited to WAL-MART.

10.     At all times herein relevant, Defendant MCNEIL was primarily responsible for manufacturing and distributing Children's Motrin under the direction and control of J&J.

11.     On or about September 28, 2004, Plaintiff THOMAS B. GAINES, then a three -year-old male child with no known drug allergies, was stung by a bee.  He was subsequently given Children's Motrin drops (labeled "Ibuprofen Oral Suspension - Fever Reducer/Pain Reliever") in accordance with the materials and instructions included with the drug.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-3-

COMPLAINT and DEMAND FOR JURY TRIAL

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

12.     On or about September 29, 2004, Plaintiff THOMAS B. GAINES developed a high fever, a pink color in his eyes, a skin rash, and a swollen mouth.  After being examined by his pediatrician on September 29, 2004 and September 30, 2004, he was hospitalized at Gaston Memorial Hospital. He was subsequently transferred to the University of North Carolina Chapel Hill on or about November 1, 2004.

13.     Plaintiff THOMAS B. GAINES was later diagnosed with Stevens-Johnson Syndrome.

14.     After enduring days of pain and suffering, on November 12, 2004, THOMAS B. GAINES suffered an excruciating death from Stevens-Johnson Syndrome while hospitalized at the University of North Carolina Chapel Hill.

15.     Following Thomas' death, Plaintiffs DIANA L. GAINES and GARY D. GAINES learned that (a) Thomas developed Stevens-Johnson Syndrome as a result of ingesting the Children's Motrin (the "CHILDREN'S MOTRIN"), which was designed, manufactured, marketed, distributed and sold OTC by Defendants J&J, MCNEIL, MCKESSON, WAL-MART and DOES 1 through 100, inclusive and (b) that Defendants J&J, MCNEIL, MCKESSON, WAL-MART and DOES 1 through 100, inclusive, had engaged in the conduct set forth below. Prior to this time, Plaintiffs had no reason to know, suspect or believe that (1) Defendants J&J, MCNEIL, MCKESSON, WAL-MART and DOES 1 through 100, inclusive, were negligent or responsible for the damages or death described herein; (2) any negligent or wrongful cause for the damages or death described herein existed; or (3) the injuries and death suffered by Thomas were connected to Children's Motrin or the conduct of the Defendants described herein.

## FIRST CAUSE OF ACTION

### (Strict Products Liability/Personal Injury)

COME NOW Plaintiffs THOMAS B. GAINES, a deceased minor child by and through his personal representative(s) and/or successor(s) in interest; DIANA L. GAINES, individually, as

-4-

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1    Executor of the Estate of Thomas B. Gaines, and as Thomas B. Gaines' personal representative and

2    successor in interest; GARY D. GAINES, individually and as Thomas B. Gaines' personal

3    representative and successor in interest; and THE ESTATE OF THOMAS B. GAINES, and for a First

4    Cause of Action against Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1

5    through 100, inclusive, and each of them, complain and allege as follows:

6

7          16.    Plaintiffs re-allege as though fully set forth at length, and incorporate herein by

8    reference, all of the allegations and statements contained in paragraphs 1 through 15, inclusive, of the

9    General Allegations above.

10

11          17.    At all times mentioned herein, Defendants J&J; MCNEIL; MCKESSON; WAL-

12    MART; and DOES 1 through 100, inclusive, and each of them, by and through their officers, directors,

13    employees and/or managing agents, were the manufacturers, fabricators, designers, assemblers, testers,

14    distributors, sellers, inspectors, marketers, warranters, and/or advertisers of the CHILDREN'S

15    MOTRIN, which contained design and/or manufacturing defects, and which was capable of causing,

16    and in fact, did cause personal injuries to the users and consumers thereof, while being used in a

17    manner reasonably foreseeable, thereby rendering same unsafe and dangerous for use by the consumer

18    and user. Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100,

19    inclusive, by and through their officers, directors, employees and/or managing agents, also failed to

20    provide adequate warnings or instructions to the medical community, consumers and users of the

21    CHILDREN'S MOTRIN concerning the risk of Stevens-Johnson Syndrome, Toxic Epidermal

22    Necrolysis and other serious adverse reactions associated with the use of the CHILDREN'S MOTRIN

23    even though Defendants: 1) knew and had known about the connection between the drug and these

24    severe, potentially fatal reactions since the late 1980's; 2) knew and had known the medical literature

25    for years had shown a connection between Stevens-Johnson Syndrome/Toxic Epidermal Necrolysis

26    and the drug; 3) knew from their own clinical trials of Children's Motrin that the drug caused cases

27    of Stevens-Johnson Syndrome/Toxic Epidermal Necrolysis; and 4) had warned about Stevens-Johnson

28

1  Syndrome/Toxic Epidermal Necrolysis in their drug package insert for the prescription form of the

2  drug before Children's Motrin began being distributed OTC.

3

4       18.    Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100,

5  inclusive, by and through their officers, directors, employees and/or managing agents, designed,

6  manufactured, marketed, distributed and sold Children's Motrin, including the CHILDREN'S

7  MOTRIN, to their retailers and customers, even as Defendants' officers, directors, employees and/or

8  managing agents, and each of them, knew or had reason to know that the CHILDREN'S MOTRIN had

9  inherent design flaws.  Specifically, Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and

10  DOES 1 through 100, inclusive, by and through their officers, directors, employees and/or managing

11  agents, knew the ordinary and expected uses of the CHILDREN'S MOTRIN could and would cause

12  Stevens-Johnson Syndrome and Toxic Epidermal Necrolysis.

13

14       19.    Prior to September 2004, the officers, directors, employees and/or managing agents

15  of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive,

16  were aware of the high frequency of Stevens-Johnson Syndrome and Toxic Epidermal Necrolysis and

17  the risk of injury or death to consumers and users of Children's Motrin.  The officers, directors,

18  employees and/or managing agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and

19  DOES 1 through 100, inclusive were put on notice of the high risk to consumers and users of

20  Children's Motrin after the completion of a major clinical trial known as the Boston Fever Study,

21  which was the basis of the FDA approval of the OTC sale of the drug.  Specifically, Defendants J&J;

22  MCNEIL and DOES 1 through 100, inclusive, by and through their officers, directors, employees

23  and/or managing agents, knew that there were cases of Stevens-Johnson Syndrome and Toxic

24  Epidermal Necrolysis in the clinical trials but did not report them and misrepresented the true

25  incidence of serious mucocutaneous reactions associated with the drug during the Boston Fever Study.

26

27       20.    Prior to September 2004, the officers, directors, employees and/or managing agents

28  of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive,

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1  were aware of the high frequency of Stevens-Johnson Syndrome and Toxic Epidermal Necrolysis and

2  the risk of injury or death to consumers and users of Children's Motrin.  The officers, directors,

3  employees and/or managing agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and

4  DOES 1 through 100, inclusive were put on notice of the high risk to consumers and users of the

5  Children's Motrin by the numerous claims and lawsuits filed by consumers and users of Children's

6  Motrin who were severely injured or killed as a result of ingesting the drug.  Defendants J&J and

7  MCNEIL and their officers, directors, employees and/or managing agents knew the reasons why the

8  Children's Motrin continued to cause Stevens-Johnson Syndrome and Toxic Epidermal Necrolysis

9  and yet chose to take no corrective action because Defendants J&J and MCNEIL determined that such

10  action would decrease the companies' profitability and be too costly when compared to litigating the

11  resulting claims and lawsuits by consumers and users of Children's Motrin, including the

12  CHILDREN'S MOTRIN.

13

14       21.      Prior to September 2004, the officers, directors, employees and/or managing agents

15  of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive,

16  knew or should have known that Children's Motrin, including the CHILDREN'S MOTRIN, was

17  substandard and would cause consumers and users who used the Children's Motrin in a foreseeable

18  manner death and serious injury. Moreover, the officers, directors, employees and/or managing agents

19  of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive,

20  knew or should have known that the CHILDREN'S MOTRIN was defective and extremely dangerous

21  with the likely result of serious bodily injury and/or death to the drug's users and consumers.  The

22  officers, directors, employees and/or managing agents of Defendants J&J; MCNEIL; MCKESSON;

23  WAL-MART; and DOES 1 through 100, inclusive, knew prior to this incident, and even prior to the

24  manufacture of the CHILDREN'S MOTRIN, of the availability of safer, affordable alternative designs

25  for the CHILDREN'S MOTRIN, which would have reduced or eliminated the risk of severe injuries

26  and/or death to its consumers and users.

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

22.     Despite this knowledge, Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, by and through their officers, directors, employees and/or managing agents, failed to recall the CHILDREN'S MOTRIN, issue safety bulletins to the public, or even advise or warn purchasers by providing warnings of the severe risk of injury or death from use of the drug present at the time of its original manufacture and sale.  Although the officers, directors, employees and/or managing agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, were aware of the need to recall the CHILDREN'S MOTRIN, issue public safety bulletins, and/or provide adequate warnings, Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, through the decisions of their officers, directors, employees and/or managing agents, acted in conscious disregard of the rights and safety of consumers and users by failing to utilize available safer alternative designs, warn of the hazards, and/or recall the Children's Motrin, including the CHILDREN'S MOTRIN, prior to the subject incident.    In fact, Plaintiffs believe and thereupon allege that the officers, directors, employees and/or managing agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, in an effort to mislead the public and thereby increase corporate profits at the expense of human safety, summarily disregarded any information regarding the high risk of injury and death inherent in Children's Motrin, including the CHILDREN'S MOTRIN, which was unfavorable to their companies and might lead consumers and users to refrain from purchasing or using Children's Motrin.

23.     At all times mentioned herein, the officers, directors, and/or managing agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, authorized and/or ratified the conduct of their employees who knew of the growing number of serious injuries and deaths to consumers and users resulting from Children's Motrin and the need for additional warnings. Further, at all times mentioned herein, the officers, directors, and/or managing agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, authorized and/or ratified the conduct of their employees who knowingly failed to provide warnings and/or recall Defendants J&J and MCNEIL'S defective drug, in spite of their knowledge of

GREENE BROILLET & WHEELER, LLP.
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1 the grave danger and the availability of technically and economically feasible alternatives to prevent

2 death or serious bodily injury to consumers and users.

3

4    24.    As a result of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES

5 1 through 100's conscious disregard of consumer safety, by and through the actions and inactions of

6 their officers, directors, employees and/or managing agents, Plaintiffs were unaware of the hazardous

7 and defective condition of the CHILDREN"S MOTRIN.  Had Plaintiffs been advised of problems

8 with Children's Motrin, Plaintiff THOMAS B. GAINES would have never ingested the drug and thus

9 avoided the severe injuries and death which resulted.

10

11    25.    Plaintiffs are informed and believe, and thereupon allege, that at all times herein

12 relevant, the CHILDREN'S MOTRIN which Plaintiff THOMAS B. GAINES ingested was defective

13 when placed on the market by Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES

14 1 through 100, inclusive, and each of them, and was of such a nature that the defects would not be

15 discovered in the normal course of inspection and use by consumers and users thereof.

16

17    26.    Plaintiffs are informed and believe, and thereupon allege, that at all times herein

18 relevant, the CHILDREN'S MOTRIN which Plaintiff THOMAS B. GAINES ingested was defective

19 in design, testing, development, manufacture, fabrication, assembly, distribution, warnings,

20 instructions, inspection, and/or marketing and the damages, injuries and death sustained by Plaintiff

21 THOMAS B. GAINES were caused by the defects in the CHILDREN"S MOTRIN.

22

23    27.    In late September 2004, Plaintiff THOMAS B. GAINES ingested the CHILDREN'S

24 MOTRIN in a reasonably foreseeable manner.  As a direct and proximate result of the defective

25 condition of the CHILDREN'S MOTRIN, as well as the conduct of Defendants J&J; MCNEIL;

26 MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and the officers, directors,

27 employees and/or managing agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and

28 DOES 1 through 100, inclusive, and each of them, Plaintiff THOMAS B. GAINES was injured and

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-9-

1  hurt in his health, strength, and activity, sustaining injuries to his body, and shock and injuries to his

2  nervous system and person, all of which said injuries caused Plaintiff THOMAS B. GAINES great

3  physical, mental, and nervous pain and suffering, all to his general damage, in an amount in excess

4  of the jurisdictional limits of this Court.

5

6      28.    As a direct and proximate result of the defective condition of the CHILDREN'S

7  MOTRIN, the conduct of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1

8  through 100, inclusive, and the conduct of the officers, directors, employees and/or managing agents

9  of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and

10 each of them, Plaintiff THOMAS B. GAINES was compelled to and did employ the services of

11 hospitals, physicians, surgeons, nurses and the like, to care for and treat him, and did incur hospital,

12 medical, professional and incidental expenses, the exact amount of said expenses will be stated

13 according to proof.

14

15     29.    The above-described conduct of Defendants J&J; MCNEIL; and DOES 1 through

16 100, inclusive, by and through their officers, directors, employees and/or managing agents, was carried

17 out with a conscious disregard of Plaintiffs' rights and of the safety of consumers and, therefore,

18 Plaintiffs are entitled to an award of punitive damages in an amount sufficient to punish Defendants

19 J&J; MCNEIL; and DOES 1 through 100, inclusive, in light of their financial condition, and to make

20 an example of them.

21

22              **SECOND CAUSE OF ACTION**

23              **(Negligence/Personal Injury)**

24     COME NOW Plaintiffs THOMAS B. GAINES, a deceased minor child by and through his

25 personal representative(s) and/or successor(s) in interest; DIANA L. GAINES, individually, as

26 Executor of the Estate of Thomas B. Gaines, and as Thomas B. Gaines' personal representative and

27 successor in interest; GARY D. GAINES, individually and as Thomas B. Gaines' personal

28 representative and successor in interest; and THE ESTATE OF THOMAS B. GAINES, and for a

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-10-
COMPLAINT and DEMAND FOR JURY TRIAL

1    Second Cause of Action against Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES

2    1 through 100, inclusive, and each of them, complain and allege as follows:

3

4        30.    Plaintiffs re-allege as though fully set forth at length, and incorporate herein by

5    reference, all of the allegations and statements contained in paragraphs 1 through 15, inclusive, of the

6    General Allegations and paragraphs 16 through 29, inclusive, of the First Cause of Action above.

7

8        31.    At all times mentioned herein, Defendants J&J; MCNEIL; MCKESSON; WAL-

9    MART; and DOES 1 through 100, inclusive, and each of them, were engaged in the business of and

10   had a duty to manufacture, fabricate, design, assemble, sell, distribute, test, inspect, market, warrant,

11   warn, instruct, and/or advertise the CHILDREN'S MOTRIN, in a reasonable manner, and which

12   Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and

13   each of them, knew, or in the exercise of reasonable care should have known, would be used without

14   inspection for defects in its manufacture or design.

15

16       32.    At all times mentioned herein, Defendants J&J; MCNEIL; MCKESSON; WAL-

17   MART; and DOES 1 through 100, inclusive, and each of them, by and through their officers, directors,

18   employees and/or managing agents, negligently, recklessly, and/or carelessly manufactured, fabricated,

19   designed, assembled, distributed, tested, sold, inspected, marketed, warranted, warned, instructed,

20   and/or advertised the CHILDREN'S MOTRIN, in that the same was capable of causing and in fact

21   did cause personal injuries to the consumer and/or user thereof while being used in a manner

22   reasonably foreseeable, thereby rendering the same unsafe and dangerous for use by the consumer

23   and/or user. Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100,

24   inclusive, and each of them, also failed to recall the CHILDREN'S MOTRIN, or warn consumers of

25   the risk of serious injury or death from continued use of the CHILDREN'S MOTRIN after having

26   notice of an alarming number of injuries and deaths from ingesting Children's Motrin.

27

28

GREENE BROILLET & WHEELER LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-11-

COMPLAINT and DEMAND FOR _____

33.    As a direct and proximate result of the above-described conduct of the Defendants, including J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and each of them, and the defects in the CHILDREN'S MOTRIN, Plaintiff THOMAS B. GAINES was injured and hurt in his health, strength, and activity, sustaining injuries to his body, and shock and injury to his nervous system and person, all of which said injuries caused Plaintiff THOMAS B. GAINES great physical, mental, and nervous pain and suffering, all to his general damage, in an amount in excess of the jurisdictional limits of this Court.

34.    As a direct and proximate result of the conduct of the Defendants, including J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, and each of them, as aforesaid, Plaintiff THOMAS B. GAINES was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat him, and did incur hospital, medical, professional and incidental expenses, the exact amount of which will be stated according to proof.

35.    The above-described conduct of Defendants J&J; MCNEIL; and DOES 1 through 100, inclusive, by and through their officers, directors, employees and/or managing agents, was carried out in conscious disregard of Plaintiffs' rights and of the safety of consumers and, therefore, Plaintiffs are entitled to an award of punitive damages in an amount sufficient to punish Defendants J&J; MCNEIL; and DOES 1 through 100, inclusive, in light of their financial condition, and to make an example of them.

## THIRD CAUSE OF ACTION

### (Breach of Warranty/Personal Injury)

COME NOW Plaintiffs THOMAS B. GAINES, a deceased minor child by and through his personal representative(s) and/or successor(s) in interest; DIANA L. GAINES, individually, as Executor of the Estate of Thomas B. Gaines, and as Thomas B. Gaines' personal representative and successor in interest; GARY D. GAINES, individually and as Thomas B. Gaines' personal representative and successor in interest; and THE ESTATE OF THOMAS B. GAINES, and for a

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1  Third Cause of Action against Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES

2  1 through 100, inclusive, and each of them, complain and allege as follows:

3

4       36.    Plaintiffs re-allege as though fully set forth at length, and incorporate herein by

5  reference, all of the allegations and statements contained in paragraphs 1 through 15, inclusive, of the

6  General Allegations, paragraphs 16 through 29, inclusive, of the First Cause of Action, and paragraphs

7  30 through 35, inclusive, of the Second Cause of Action above.

8

9       37.    Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100,

10  inclusive, and each of them, by and through their officers, directors and managing agents, impliedly

11  and expressly warranted to Plaintiffs and each consumer and/or user that the CHILDREN'S MOTRIN

12  was fit for the purpose for which it was to be used and was free from design and manufacturing defects

13  to consumers and users thereof.

14

15       38.    As stated in detail above and re-alleged herein, the CHILDREN'S MOTRIN was not

16  free from such defects, nor fit for the purpose for which it was to be used, and was in fact, defectively

17  manufactured and designed and imminently dangerous to consumers and users, including Plaintiff

18  THOMAS B. GAINES, and was capable of causing, and in fact did cause, injuries to the users and

19  consumers thereof, while being used in a manner reasonably foreseeable, thereby rendering same

20  unsafe and dangerous for use by consumers and/or users.

21

22       39.    As a direct and proximate result of the above-described breaches of warranties by

23  Defendants, including J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100,

24  inclusive, and each of them, and by and through the officers, directors, employees and/or managing

25  agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100,

26  inclusive, and each of them, and the defective condition of the CHILDREN'S MOTRIN, Plaintiff

27  THOMAS B. GAINES was injured and hurt in his health, strength, and activity, sustaining injuries

28  to his body, and shock and injury to his nervous system and person, all of which said injuries caused

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 80407-2131

1    Plaintiff THOMAS B. GAINES great physical, mental, and nervous pain and suffering, all to his

2    general damage, in an amount in excess of the jurisdictional limits of this Court.

3

4    40.    As a direct and proximate result of the above-described breaches of warranties by

5    Defendants, including J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100,

6    inclusive, and each of them, and by and through the officers, directors, employees and/or managing

7    agents of Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100,

8    inclusive, and each of them, and the defective condition of the CHILDREN'S MOTRIN, Plaintiff

9    THOMAS B. GAINES was compelled to and did employ the services of hospitals, physicians,

10    surgeons, nurses and the like, to care for and treat him, and did incur hospital, medical, professional

11    and incidental expenses, the exact amount of said expenses will be stated according to proof.

12

13    41.    As aforementioned in this Complaint, and re-alleged herein, the above-described

14    breaches and conduct of Defendants J&J; MCNEIL; and DOES 1 through 100, inclusive, by and

15    through their officers, directors, employees and/or managing agents, were carried out in conscious

16    disregard of Plaintiffs' rights and of the safety of consumers and, therefore, Plaintiffs are entitled to

17    an award of punitive damages in an amount sufficient to punish Defendants J&J; MCNEIL; and DOES

18    1 through 100, inclusive, in light of their financial condition, and to make an example of them.

19

20    **FOURTH CAUSE OF ACTION**

21    **(Wrongful Death)**

22    COME NOW Plaintiffs DIANA L. GAINES, individually, as Executor of the Estate of

23    Thomas B. Gaines, and as Thomas B. Gaines' personal representative and successor in interest; and

24    GARY D. GAINES, individually and as Thomas B. Gaines' personal representative and successor in

25    interest, and for a Fourth Cause of Action against Defendants J&J; MCNEIL; MCKESSON; WAL-

26    MART; and DOES 1 through 100, inclusive, and each of them, complain and allege as follows:

27

28

42.    Plaintiffs re-allege as though fully set forth at length, and incorporate herein by reference, all of the allegations and statements contained in paragraphs 1 through 15, inclusive, of the General Allegations; paragraphs 16 through 29, inclusive, of the First Cause of Action, paragraphs 30 through 35, inclusive, of the Second Cause of Action, and paragraphs 36 through 41, inclusive, of the Third Cause of Action above.

43.    At all times mentioned herein, Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and each of them, were engaged in the business of and had a duty to manufacture, fabricate, design, assemble, sell, distribute, test, inspect, market, warrant, warn, instruct, and/or advertise the CHILDREN'S MOTRIN, in a reasonable manner, and which Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and each of them, knew, or in the exercise of reasonable care should have known, would be used without inspection for defects in its manufacture or design.

44.    At all times mentioned herein, Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and each of them, by and through their officers, directors, employees and/or managing agents, negligently, recklessly, and/or carelessly manufactured, fabricated, designed, assembled, distributed, tested, sold, inspected, marketed, warranted, warned, instructed, and/or advertised the CHILDREN'S MOTRIN, in that the same was capable of causing and in fact did cause personal injuries to the consumer and/or user thereof while being used in a manner reasonably foreseeable, thereby rendering the same unsafe and dangerous for use by the consumer and/or user. Defendants J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and each of them, also failed to recall the CHILDREN'S MOTRIN, or warn consumers of the risk of serious injury or death from continued use of the CHILDREN'S MOTRIN after having notice of an alarming number of injuries and deaths from ingesting Children's Motrin.

45.    As a direct and proximate result of the above-described conduct of the Defendants, including J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and each

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-15-

1  of them, and the defects in the CHILDREN'S MOTRIN; Plaintiff THOMAS B. GAINES suffered

2  extreme pain and suffering and an excruciating death, in an amount in excess of the jurisdictional

3  limits of this Court.

4

5      46.    As a direct and proximate result of the above-described conduct of the Defendants,

6  including J&J; MCNEIL; MCKESSON; WAL-MART; and DOES 1 through 100, inclusive, and each

7  of them; the defects in the CHILDREN'S MOTRIN; and the resulting death of their son THOMAS

8  B. GAINES, Plaintiffs DIANA L. GAINES and THOMAS B. GAINES suffered severe damages,

9  including but not limited to financial support and the loss of Thomas' love, companionship, comfort,

10  and affection, all in an amount in excess of the jurisdictional limits of this Court.

11

12      47.    The above-described conduct of Defendants J&J; MCNEIL; and DOES 1 through

13  100, inclusive, by and through their officers, directors, employees and/or managing agents, was carried

14  out in conscious disregard of Plaintiffs' rights and of the safety of consumers and, therefore, Plaintiffs

15  are entitled to an award of punitive damages in an amount sufficient to punish Defendants J&J;

16  MCNEIL; and DOES 1 through 100, inclusive, in light of their financial condition, and to make an

17  example of them.

18

19      WHEREFORE, on the First, Second, Third, and Fourth Causes of Action, Plaintiffs pray

20  judgment as follows:

21      1.    For general damages for personal injury in excess of Ten Million Dollars

22          ($10,000,000.00) according to proof;

23      2.    For economic damages for medical, hospital and related expenses which amount will

24          be stated according to proof;

25      3.    For economic and noneconomic damages resulting from the death of Thomas B.

26          Gaines, including but not limited to damages for the pain and suffering Thomas B.

27          Gaines endured prior to his death, in excess of Ten Million Dollars ($10,000,000.00)

28          according to proof;

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-16-

4.  As to Defendants JOHNSON & JOHNSON and MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of MCNEIL-PPC, INC., for an award of exemplary damages, in an amount properly calculated to punish said Defendants for their despicable conduct and conscious disregard for the safety of others, and to deter any such despicable conduct and conscious disregard for the safety of others in the future;

5.  For costs of suit incurred herein;

6.  For prejudgment interest according to proof; and

7.  For such other and further relief as the Court may deem just and proper.

DATED: November 2, 2006            GREENE BROILLET & WHEELER, LLP

Browne Greene
Michael J. Avenatti
Attorneys for Plaintiffs

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-17-
COMPLAINT and DEMAND FOR JURY TRIAL

**DEMAND FOR TRIAL BY JURY**

Plaintiffs THOMAS B. GAINES, a deceased minor child by and through his personal representative(s) and/or successor(s) in interest; DIANA L. GAINES, individually, as Executor of the Estate of Thomas B. Gaines, and as Thomas B. Gaines' personal representative and successor in interest; GARY D. GAINES, individually and as Thomas B. Gaines' personal representative and successor in interest; and THE ESTATE OF THOMAS B. GAINES hereby demand trial of all causes by jury.

DATED: November 2, 2006

GREENE BROILLET & WHEELER, LLP

Browne Greene
Michael J. Avenatti
Attorneys for Plaintiffs

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

**EXHIBIT B**

1  CHARLES F. PREUSS (State Bar No. 45783)
2  THOMAS W. PULLIAM, JR. (State Bar No. 46322)
   CHERYL A. SABNIS (State Bar No. 224323)
3  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
   San Francisco, California 94105-2235
4  Telephone: (415) 591-7500
   Facsimile: (415) 591-7510
5
   Attorneys for Defendants
6  JOHNSON & JOHNSON, MCNEIL CONSUMER
   HEALTHCARE, a Division of MCNEIL-PPC, INC.
7  (erroneously sued as MCNEIL CONSUMER &
   SPECIALTY PHARMACEUTICALS,
8  a Division of MCNEIL-PPC, INC.), MCKESSON
   CORPORATION, and WAL-MART STORES, INC.
9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                   FOR THE COUNTY OF SAN FRANCISCO

12

13  THOMAS B. GAINES, a deceased minor     Case No. CGC-06-457600
    child by and through his personal
14  representative(s) and/or successor(s) in
    interest; DIANA L. GAINES, individually,   **DEFENDANTS' FIRST SET OF**
15  as Executor of the Estate of Thomas B.     **SPECIAL INTERROGATORIES TO**
    Gaines, and as Thomas B. Gaines' personal  **PLAINTIFFS**
16  representative and successor in interest;
    GARY D. GAINES, individually and as
17  Thomas B. Gaines' personal representative
    and successor in interest; and THE
18  ESTATE OF THOMAS B. GAINES,

19                          Plaintiffs,

20          v.

21  JOHNSON & JOHNSON, a New Jersey
    corporation; MCNEIL CONSUMER &
22  SPECIALTY PHARMACEUTICALS, a
    Division of MCNEIL-PPC, INC., a New
23  Jersey corporation; MCKESSON
    CORPORATION, a Delaware corporation;
24  WAL-MART STORES, INC., a Delaware
    corporation; and DOES 1 through 100,
25  inclusive,
                            Defendants.
26

27  ///
28  ///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\378088\1

| | |
|---|---|
| PROPOUNDING PARTIES: | Defendants JOHNSON & JOHNSON, MCNEIL CONSUMER HEALTHCARE, a Division of MCNEIL-PPC, INC. (erroneously sued as MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of MCNEIL-PPC, INC.), MCKESSON CORPORATION, and WAL-MART STORES, INC. |
| RESPONDING PARTIES: | Plaintiffs DIANA L. GAINES; GARY D. GAINES; and THE ESTATE OF THOMAS B. GAINES |
| SET NUMBER: | One (1-22) |

Pursuant to California Code of Civil Procedure section 2030.010, *et seq.*, defendants JOHNSON & JOHNSON, MCNEIL CONSUMER HEALTHCARE, a Division of MCNEIL-PPC, INC. (erroneously sued as MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of MCNEIL-PPC, INC.), MCKESSON CORPORATION, and WAL-MART STORES, INC. (collectively "Defendants") request that plaintiffs DIANA L. GAINES; GARY D. GAINES; and THE ESTATE OF THOMAS B. GAINES (collectively "Plaintiffs") respond to these interrogatories within 30 days after service of these interrogatories, or at such earlier time as may be ordered by the Court.

**Special Interrogatory No. 1:**

**IDENTIFY** the **PERSON**(s) from whom the **CHILDREN'S MOTRIN** was purchased.

(For the purposes of this set of interrogatories, **PERSON** means a natural person or any business or governmental entity. For the purposes of this set of interrogatories, "**IDENTIFY**" with respect to a **PERSON** means state the name, present or last known address and present or last known telephone number of the **PERSON**. For the purposes of this set of interrogatories, "**CHILDREN'S MOTRIN**" means the Children's Motrin referred to in Paragraphs 11 and 15 of the **COMPLAINT**. For the purposes of this set of interrogatories, "**COMPLAINT**" means the Complaint for Damages filed by **YOU** on

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\378088\1

2
DEFENDANTS' FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFFS
CASE NO. CGC-06-457600

1   November 3, 2006 in San Francisco County Superior Court and assigned Case No. CGC-

2   06-457600.  For the purposes of this set of interrogatories, "**YOU**" and "**YOUR**" means

3   the Plaintiffs and their attorneys, agents, representatives and any other person acting on

4   Plaintiffs' behalf.)

5   <u>**Special Interrogatory No. 2**</u>:

6       **IDENTIFY** the **PERSON**(s) who purchased the **CHILDREN'S MOTRIN** from

7   the **PERSON**(s) identified in **YOUR** response to Special Interrogatory No. 1.

8   <u>**Special Interrogatory No. 3**</u>:

9       State the lot number of the **CHILDREN'S MOTRIN**.

10  <u>**Special Interrogatory No. 4**</u>:

11      State the batch number of the **CHILDREN'S MOTRIN**.

12  <u>**Special Interrogatory No. 5**</u>:

13      State the date the **CHILDREN'S MOTRIN** was sold to **YOU**.

14  <u>**Special Interrogatory No. 6**</u>:

15      **IDENTIFY** all **DOCUMENTS** that evidence the sale of **CHILDREN'S**

16  **MOTRIN** to **YOU**.

17      (For the purposes of this set of interrogatories, **IDENTIFY** with respect to a

18  **DOCUMENT** means state, to the extent known, the (a) type of **DOCUMENT**; (b) the

19  subject matter to which it relates; (c) the date the **DOCUMENT** was created; (d) the

20  author(s) of the **DOCUMENT**; and (e) the recipient(s) of the **DOCUMENT**.)

21  <u>**Special Interrogatory No. 7**</u>:

22      **IDENTIFY** the **PERSON**(s) who has possession of the packaging (including

23  bottles, cartons, vials, boxes or other containers) which contained the **CHILDREN'S**

24  **MOTRIN**.

25  <u>**Special Interrogatory No. 8**</u>:

26      **IDENTIFY** the **PERSON**(s) who has possession of the remainder of any

27  **CHILDREN'S MOTRIN** contained in the packaging referred to in Special Interrogatory

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\378088\1

3
DEFENDANTS' FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFFS
CASE NO. CGC-06-457600

1    No. 7 above.

2    **Special Interrogatory No. 9:**

3        **IDENTIFY** the **PERSON**(s) who has possession of the labeling (including

4    package inserts, brochures, pamphlets and other documents) that accompanied the

5    **CHILDREN'S MOTRIN.**

6    **Special Interrogatory No. 10:**

7        If **YOU** no longer have possession, custody or control of the **CHILDREN'S**

8    **MOTRIN** (including its bottle, packaging, labeling, and any package insert), **IDENTIFY**

9    the **PERSON**(s) who does have possession, custody or control of it.

10   **Special Interrogatory No. 11:**

11       **IDENTIFY** the **PERSON** who was the **DISTRIBUTOR** of the **CHILDREN'S**

12   **MOTRIN.**

13       (The term "**DISTRIBUTOR**" is used in these interrogatories as it is used in

14   Paragraph 9 of the **COMPLAINT**.)

15   **Special Interrogatory No. 12:**

16       Set forth all facts upon which **YOU** rely for **YOUR** contention that **MCKESSON**

17   is a proper party to this lawsuit.

18       (For purposes of this set of interrogatories, "**MCKESSON**" means McKesson

19   Corporation and any subsidiary or division thereof.)

20   **Special Interrogatory No. 13:**

21       Describe all **EVIDENCE** supporting **YOUR** contention that **MCKESSON** is a

22   proper party to this lawsuit.

23       (For purposes of this set of interrogatories, "**EVIDENCE**" means all

24   **DOCUMENTS**, testimony, or statements made from personal knowledge of any

25   potential witness. For the purposes of this set of interrogatories, "**DOCUMENTS**"

26   means written, printed, typed, or visually or orally reproduced material of any kind,

27   whether or not privileged, including but not limited to any and all letters, correspondence,

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\378083\1

1  contracts, agreements, bills, orders, receipts, invoices, statements, records [including but
2  not limited to medical records], books, articles, computer tapes and reports, press
3  releases, advertising and promotional literature, prints, drawings, plans, photographs,
4  printed forms, manuals, brochures, lists, publications, videotapes, or other tape
5  recordings, films, microfilm, and all other writings, including drafts, typings, printings,
6  minutes or copies or reproductions thereof in the possession, custody, or control of
7  YOU.)

8  **Special Interrogatory No. 14:**

9       Set forth all facts upon which YOU rely for YOUR contention that WAL-MART
10  is a proper party to this lawsuit.

11       (For purposes of this set of interrogatories, "WAL-MART" means Wal-Mart
12  Stores, Inc., and any subsidiary or division thereof.)

13  **Special Interrogatory No. 15:**

14       Describe all EVIDENCE supporting YOUR contention that WAL-MART is a
15  proper party to this lawsuit.

16  **Special Interrogatory No. 16:**

17       Set forth all facts upon which YOU rely for YOUR contention that the
18  CHILDREN'S MOTRIN was sold by WAL-MART.

19  **Special Interrogatory No. 17:**

20       Describe all EVIDENCE supporting YOUR contention that the CHILDREN'S
21  MOTRIN was sold by WAL-MART.

22  **Special Interrogatory No. 18:**

23       Set forth the facts upon which YOU rely for YOUR contention that the
24  CHILDREN'S MOTRIN was sold by MCKESSON.

25  **Special Interrogatory No. 19:**

26       Describe all EVIDENCE supporting YOUR contention that the CHILDREN'S
27  MOTRIN was sold by MCKESSON.

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\378085\1

5
DEFENDANTS' FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFFS
CASE NO. CGC-06-457600

1
**Special Interrogatory No. 20:**

2
    Describe the efforts **YOU** have made to identify the distributor of the

3
**CHILDREN'S MOTRIN.**

4
**Special Interrogatory No. 21:**

5
    **IDENTIFY** all **PERSONS** with knowledge of the efforts **YOU** have made to

6
identify the distributor of the **CHILDREN'S MOTRIN.**

7
**Special Interrogatory No. 22:**

8
    Describe all **EVIDENCE** concerning the efforts **YOU** have made to identify the

9
distributor of the **CHILDREN'S MOTRIN.**

10

11
Dated: January 3 , 2007           DRINKER BIDDLE & REATH LLP

12

13
THOMAS W. PULLIAM, JR.

14
Attorneys for Defendants
JOHNSON & JOHNSON, MCNEIL

15
CONSUMER HEALTHCARE, a Division
of MCNEIL-PPC, INC. (erroneously sued

16
as MCNEIL CONSUMER & SPECIALTY
PHARMACEUTICALS,

17
a Division of MCNEIL-PPC, INC.),
MCKESSON CORPORATION, and

18
WAL-MART STORES, INC.

19

20

21

22

23

24

25

26

27

28

Drinker Biddle & Reath LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\378085\1

6
DEFENDANTS' FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFFS
CASE No. CGC-06-457600

1

2

**CERTIFICATE OF SERVICE**
*Thomas B. Gaines, et al. v. Johnson & Johnson, et al.*
*San Francisco Superior Court, Case No.: CGC-06-457600*

3      I, Michelle Sankey, declare that:

4      I am at least 18 years of age, and not a party to the above-entitled action. My
business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105,

5      Telephone: (415) 591-7500.

6      On January 3, 2007, I caused to be served the following document(s):

7

**DEFENDANTS' FIRST SET OF SPECIAL INTERROGATORIES TO
PLAINTIFFS**

8

9      by enclosing a true copy of (each of) said document(s) in an envelope(s), addressed as
follows:

10

☑      BY MAIL: I am readily familiar with the business' practice for collection and

11      processing of correspondence for mailing with the United States Postal Service. I
know that the correspondence is deposed with the United States Postal Service on

12      the same day this declaration was executed in the ordinary course of business. I
know that the envelope was sealed, and with postage thereon fully prepaid, placed

13      for collection and mailing on this date, following ordinary business practices, in the
United States mail at San Francisco, California.

14

☐      BY PERSONAL SERVICE: I caused such envelopes to be delivered by a

15      messenger service by hand to the address(es) listed below:

16      ☐      BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a
Federal Express envelope, addressed as follows:

17

☐      BY FACSIMILE: I caused such documents to be transmitted by facsimile

18      transmission and mail as indicated above.

19

20      Michael J. Avenatti
GREENE, BROILLET & WHEELER, LLP

21      100 Wilshire Boulevard, Suite 2100
Santa Monica, CA 90407

22      Telephone: 310.576.1200
Facsimile: 310.576.1220

23      e-mail: MAvenatti@greene-broillet.com
*Attorneys For Plaintiffs*

24      I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.

25

26      Executed on January 3, 2007 at Los Angeles, California.

27

28      _____
MICHELLE SANKEY

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\378218\1

CERTIFICATE OF SERVICE

# EXHIBIT C

1  CHARLES F. PREUSS (State Bar No. 45783)
   THOMAS W. PULLIAM, JR. (State Bar No. 46322)
2  CHERYL A. SABNIS (State Bar No. 224323)
   DRINKER BIDDLE & REATH LLP
3  50 Fremont Street, 20th Floor
   San Francisco, California 94105-2235
4  Telephone: (415) 591-7500
   Facsimile: (415) 591-7510
5
   Attorneys for Defendants
6  JOHNSON & JOHNSON, MCNEIL CONSUMER
   HEALTHCARE, a Division of MCNEIL-PPC, INC.
7  (erroneously sued as MCNEIL CONSUMER &
   SPECIALTY PHARMACEUTICALS,
8  a Division of MCNEIL-PPC, INC.), MCKESSON
   CORPORATION, and WAL-MART STORES, INC.
9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    FOR THE COUNTY OF SAN FRANCISCO

12

13  THOMAS B. GAINES, a deceased minor         Case No. CGC-06-457600
    child by and through his personal
14  representative(s) and/or successor(s) in
    interest; DIANA L. GAINES, individually,
15  as Executor of the Estate of Thomas B.      **DEFENDANTS' FIRST SET OF**
    Gaines, and as Thomas B. Gaines' personal  **REQUESTS FOR PRODUCTION TO**
16  representative and successor in interest;   **PLAINTIFFS**
    GARY D. GAINES, individually and as
17  Thomas B. Gaines' personal representative
    and successor in interest; and THE
18  ESTATE OF THOMAS B. GAINES,

19                          Plaintiffs,

20          v.

21  JOHNSON & JOHNSON, a New Jersey
    corporation; MCNEIL CONSUMER &
22  SPECIALTY PHARMACEUTICALS, a
    Division of MCNEIL-PPC, INC., a New
23  Jersey corporation; MCKESSON
    CORPORATION, a Delaware corporation;
24  WAL-MART STORES, INC., a Delaware
    corporation; and DOES 1 through 100,
25  inclusive,
                            Defendants.
26
27  ///
28  ///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\378091\1

| | |
|---|---|
| PROPOUNDING PARTIES: | Defendants JOHNSON & JOHNSON, MCNEIL CONSUMER HEALTHCARE, a Division of MCNEIL-PPC, INC. (erroneously sued as MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of MCNEIL-PPC, INC.), MCKESSON CORPORATION, and WAL-MART STORES, INC. |
| RESPONDING PARTIES: | Plaintiffs DIANA L. GAINES; GARY D. GAINES; and THE ESTATE OF THOMAS B. GAINES |
| SET NUMBER: | One (1-13) |

Pursuant to California Code of Civil Procedure section 2031.010, *et seq.*, defendants JOHNSON & JOHNSON, MCNEIL CONSUMER HEALTHCARE, a Division of MCNEIL-PPC, INC. (erroneously sued as MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of MCNEIL-PPC, INC.), MCKESSON CORPORATION, and WAL-MART STORES, INC. (collectively "Defendants") request that plaintiffs DIANA L. GAINES; GARY D. GAINES; and THE ESTATE OF THOMAS B. GAINES (collectively "Plaintiffs") respond to these requests for production and produce copies of all responsive documents at the law offices of DRINKER BIDDLE & REATH LLP, 50 Fremont Street, 20th Floor, San Francisco, California within 30 days after service of these requests or at such earlier time as may be ordered by the Court.

**Request No. 1:**

All **DOCUMENTS** described or otherwise identified in **YOUR** responses to Defendants' First Set of Special Interrogatories to Plaintiffs.

(For the purposes of this set of requests, **"DOCUMENTS"** means written, printed, typed, or visually or orally reproduced material of any kind, whether or not privileged, including but not limited to any and all letters, correspondence, contracts, agreements, bills, orders, receipts, invoices, statements, records [including but not limited to medical records], books, articles, computer tapes and reports, press releases, advertising and

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\378091\1

2
DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS
CASE NO. CGC-06-457600