**EXHIBIT B Continued - PART 2**

1  promotional literature, prints, drawings, plans, photographs, printed forms, manuals,

2  brochures, lists, publications, videotapes, or other tape recordings, films, microfilm, and

3  all other writings, including drafts, typings, printings, minutes or copies or reproductions

4  thereof in the possession, custody, or control of **YOU**.  For the purposes of this set of

5  requests, "**YOU**" and "**YOUR**" means the Plaintiffs and their attorneys, agents,

6  representatives and any other person acting on Plaintiffs' behalf.)

7  **Request No. 2:**

8      All **DOCUMENTS** that evidence the sale of the **CHILDREN'S MOTRIN** to

9  **YOU**.

10     (For the purposes of this set of requests, "**CHILDREN'S MOTRIN**" means the

11  Children's Motrin referred to in Paragraphs 11 and 15 of the **COMPLAINT**.  For the

12  purposes of this set of requests, "**COMPLAINT**" means the Complaint for Damages

13  filed by **YOU** on November 3, 2006 in San Francisco County Superior Court and

14  assigned Case No. CGC-06-457600.)

15  **Request No. 3:**

16     All **DOCUMENTS** that evidence the distribution of the **CHILDREN'S**

17  **MOTRIN** by a **DISTRIBUTOR**.

18     (The term "**DISTRIBUTOR**" is used in these requests as it is used in Paragraph 9

19  of the **COMPLAINT**.)

20  **Request No. 4:**

21     All packaging (including bottles, cartons, vials, boxes or other containers) which

22  contained the **CHILDREN'S MOTRIN**.

23  **Request No. 5:**

24     The remainder of any **CHILDREN'S MOTRIN** contained in the packaging

25  referred to in Request No. 4 above.

26  **Request No. 6:**

27     All labeling (including package inserts, brochures, pamphlets and other

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

SFI\378059\1

3
DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS
CASE NO. CGC-06-457600

1  documents) that accompanied the **CHILDREN'S MOTRIN**.

2  <u>Request No. 7</u>:

3       All **DOCUMENTS** that reflect the lot number of the **CHILDREN'S MOTRIN**.

4  <u>Request No. 8</u>:

5       All **DOCUMENTS** that reflect the batch number of the **CHILDREN'S**

6  **MOTRIN**.

7  <u>Request No. 9</u>:

8       All **DOCUMENTS** supporting **YOUR** contention that **MCKESSON** is a proper

9  party to this lawsuit.

10      (For purposes of this set of requests, "**MCKESSON**" means McKesson

11 Corporation and any subsidiary or division thereof.)

12 <u>Request No. 10</u>:

13      All **DOCUMENTS** supporting **YOUR** contention that **WAL-MART** is a proper

14 party to this lawsuit.

15      (For purposes of this set of requests, "**WAL-MART**" means Wal-Mart Stores,

16 Inc., and any subsidiary or division thereof.)

17 <u>Request No. 11</u>:

18      All **DOCUMENTS** supporting **YOUR** contention that the **CHILDREN'S**

19 **MOTRIN** was sold by **WAL-MART**.

20 <u>Request No. 12</u>:

21      All **DOCUMENTS** supporting **YOUR** contention that the **CHILDREN'S**

22 **MOTRIN** was sold by **MCKESSON**.

23 ///

24 ///

25 ///

26 ///

27 ///

28

Drinker Biddle & Reath LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\378091\1

4

DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS
CASE NO. CGC-06-457600

1    ///

2    <u>Request No. 13</u>:

3         All **DOCUMENTS** reflecting the efforts **YOU** have made to identify the

4    **DISTRIBUTOR** of the **CHILDREN'S MOTRIN**.

5

6    Dated: January 3, 2007                    DRINKER BIDDLE & REATH LLP

7                                              *Thomas W. Pulliam*

8                                              THOMAS W. PULLIAM, JR.

9                                              Attorneys for Defendants
                                              JOHNSON & JOHNSON, MCNEIL
10                                             CONSUMER HEALTHCARE, a Division
                                              of MCNEIL-PPC, INC. (erroneously sued
11                                             as MCNEIL CONSUMER & SPECIALTY
                                              PHARMACEUTICALS,
12                                             a Division of MCNEIL-PPC, INC.),
                                              MCKESSON CORPORATION, and
13                                             WAL-MART STORES, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\378091

5
DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS
CASE NO. CGC-06-457600

**CERTIFICATE OF SERVICE**
*Thomas B. Gaines, et al. v. Johnson & Johnson, et al.*
*San Francisco Superior Court, Case No.: CGC-06-457600*

I, Michelle Sankey, declare that:

I am at least 18 years of age, and not a party to the above-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105, Telephone: (415) 591-7500.

On January 3, 2007, I caused to be served the following document(s):

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS**

by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as follows:

☑ BY MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposed with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by a messenger service by hand to the address(es) listed below:

☐ BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a Federal Express envelope, addressed as follows:

☐ BY FACSIMILE: I caused such documents to be transmitted by facsimile transmission and mail as indicated above.

Michael J. Avenatti
GREENE, BROILLET & WHEELER, LLP
100 Wilshire Boulevard, Suite 2100
Santa Monica, CA 90407
Telephone: 310.576.1200
Facsimile: 310.576.1220
e-mail: MAvenatti@greene-broillet.com
*Attorneys For Plaintiffs*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 3, 2007 at Los Angeles, California.

_____
MICHELLE SANKEY

# EXHIBIT D

1    CHARLES F. PREUSS (State Bar No. 45783)
    THOMAS W. PULLIAM, JR. (State Bar No. 46322)
2    CHERYL A. SABNIS (State Bar No. 224323)
    DRINKER BIDDLE & REATH LLP
3    50 Fremont Street, 20th Floor
    San Francisco, California 94105-2235
4    Telephone: (415) 591-7500
    Facsimile: (415) 591-7510
5

6    Attorneys for Defendants
    JOHNSON & JOHNSON, MCNEIL CONSUMER
7    HEALTHCARE, a Division of MCNEIL-PPC, INC.
    (erroneously sued as MCNEIL CONSUMER &
8    SPECIALTY PHARMACEUTICALS,
    a Division of MCNEIL-PPC, INC.), MCKESSON
9    CORPORATION, and WAL-MART STORES, INC.

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11               FOR THE COUNTY OF SAN FRANCISCO

12

13    THOMAS B. GAINES, a deceased minor    Case No. CGC-06-457600
    child by and through his personal
14    representative(s) and/or successor(s) in
    interest; DIANA L. GAINES, individually,    **DEFENDANTS' FIRST SET OF**
15    as Executor of the Estate of Thomas B.    **REQUESTS FOR ADMISSION TO**
    Gaines, and as Thomas B. Gaines' personal    **PLAINTIFFS**
16    representative and successor in interest;
    GARY D. GAINES, individually and as
17    Thomas B. Gaines' personal representative
    and successor in interest; and THE
18    ESTATE OF THOMAS B. GAINES,

19            Plaintiffs,

20      v.

21    JOHNSON & JOHNSON, a New Jersey
    corporation; MCNEIL CONSUMER &
22    SPECIALTY PHARMACEUTICALS, a
    Division of MCNEIL-PPC, INC., a New
23    Jersey corporation; MCKESSON
    CORPORATION, a Delaware corporation;
24    WAL-MART STORES, INC., a Delaware
    corporation; and DOES 1 through 100,
25    inclusive,

26            Defendants.

27    ///

28    ///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\378095\1

DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS
CASE NO. CGC-06-457600

| | |
|---|---|
| 1<br>2<br>3<br>4 | PROPOUNDING PARTIES:    Defendants JOHNSON & JOHNSON, MCNEIL CONSUMER HEALTHCARE, a Division of MCNEIL-PPC, INC. (erroneously sued as MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of MCNEIL-PPC, INC.), MCKESSON CORPORATION, and WAL-MART STORES, INC. |
| 5<br>6 | RESPONDING PARTIES:    Plaintiffs DIANA L. GAINES; GARY D. GAINES; and THE ESTATE OF THOMAS B. GAINES |
| 7 | SET NUMBER:    One (1-4) |

Pursuant to California Code of Civil Procedure section 2033.010, *et seq.*, defendants JOHNSON & JOHNSON, MCNEIL CONSUMER HEALTHCARE, a Division of MCNEIL-PPC, INC. (erroneously sued as MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of MCNEIL-PPC, INC.), MCKESSON CORPORATION, and WAL-MART STORES, INC. (collectively "Defendants") request that plaintiffs DIANA L. GAINES; GARY D. GAINES; and THE ESTATE OF THOMAS B. GAINES (collectively "Plaintiffs") admit the following within 30 days after service of these requests or at such earlier time as may be ordered by the Court.

**Request No. 1:**

Admit that the **CHILDREN'S MOTRIN** was not sold by **WAL-MART**.

(For purposes of this set of requests, "**CHILDREN'S MOTRIN**" means the Children's Motrin referred to in Paragraphs 11 and 15 of the **COMPLAINT**. For the purposes of this set of requests, "**COMPLAINT**" means the Complaint for Damages filed by YOU on November 3, 2006 in San Francisco County Superior Court and assigned Case No. CGC-06-457600. For purposes of this set of requests, "**WAL-MART**" means Wal-Mart Stores, Inc. and any subsidiary or division thereof.)

**Request No. 2:**

Admit that you have no evidence that **CHILDREN'S MOTRIN** was sold by

1  WAL-MART.

2  <u>Request No. 3:</u>

3      Admit that the **CHILDREN'S MOTRIN** was not sold by **MCKESSON**.

4      (For purposes of this set of requests, "MCKESSON" means McKesson

5  Corporation and any subsidiary or division thereof.)

6  <u>Request No. 4:</u>

7      Admit that you have no evidence that the **CHILDREN'S MOTRIN** was sold by

8  **MCKESSON**.

9

10

11  Dated: January 3, 2007                   DRINKER BIDDLE & REATH LLP

12                                           *Thomas W. Pulliam*

13                                           _____
                                             THOMAS W. PULLIAM, JR.

14                                           Attorneys for Defendants
                                             JOHNSON & JOHNSON, MCNEIL
15                                           CONSUMER HEALTHCARE, a Division
                                             of MCNEIL-PPC, INC. (erroneously sued
16                                           as MCNEIL CONSUMER & SPECIALTY
                                             PHARMACEUTICALS,
17                                           a Division of MCNEIL-PPC, INC.),
                                             MCKESSON CORPORATION, and
18                                           WAL-MART STORES, INC.

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\378095\1

3

DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS
CASE NO. CGC-06-457600

**CERTIFICATE OF SERVICE**
*Thomas B. Gaines, et al. v. Johnson & Johnson, et al.*
*San Francisco Superior Court, Case No.: CGC-06-457600*

I, Michelle Sankey, declare that:

I am at least 18 years of age, and not a party to the above-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105, Telephone: (415) 591-7500.

On January 3, 2007, I caused to be served the following document(s):

**DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFFS**

by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as follows:

☑     BY MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposed with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

☐     BY PERSONAL SERVICE: I caused such envelopes to be delivered by a messenger service by hand to the address(es) listed below:

☐     BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a Federal Express envelope, addressed as follows:

☐     BY FACSIMILE: I caused such documents to be transmitted by facsimile transmission and mail as indicated above.

Michael J. Avenatti
GREENE, BROILLET & WHEELER, LLP
100 Wilshire Boulevard, Suite 2100
Santa Monica, CA 90407
Telephone: 310.576.1200
Facsimile: 310.576.1220
e-mail: MAvenatti@greene-broillet.com
*Attorneys For Plaintiffs*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 3, 2007 at Los Angeles, California.

MICHELLE SANKEY

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\37821811

# EXHIBIT E

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Thomas W. Pulliam, Jr. (SBN 46322)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

TELEPHONE NO.: (415) 591-7500
FAX NO. (Optional): (415) 591-7510
E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): Defendants

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco

BRANCH, IF ANY:

SHORT TITLE OF CASE:  Gaines v. Johnson & Johnson, et al.

| | |
|---|---|
| **FORM INTERROGATORIES** | CASE NUMBER: |
| Asking Party: Defendants (See Exhibit A attached) | CGC-06-457600 |
| Answering Party: Plaintiffs (See Exhibit A attached) | |
| Set No.:  One | |

**Sec. 1.    Instructions to All Parties**

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure section 2030 and the cases construing it.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

**Sec. 2.    Instructions to the Asking Party**

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, *Form Interrogatories —Economic Litigation* (form FI-129), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of INCIDENT in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions — Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

**Sec. 3.    Instructions to the Answering Party**

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure section 2030 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person is requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____        _____
(DATE)                                          (SIGNATURE)

**Sec. 4.    Definitions**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

☐  (1)  INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Form Approved for Optional Use
Judicial Council of California
FI-120 [Rev. July 1, 2002]
**FORM INTERROGATORIES**
Legal
Solutions
Plus 
Page 1 of 8
Code of Civil Procedure, §§ 2030, 2033.5

(2) INCIDENT means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

(b) YOU OR ANYONE ACTING ON YOUR BEHALF includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) PERSON includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

(d) DOCUMENT means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(e) HEALTH CARE PROVIDER includes any PERSON referred to in Code of Civil Procedure section 667.7(e)(3).

(f) ADDRESS means the street address, including the city, state, and zip code.

## Sec. 5. Interrogatories

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.5:

## CONTENTS

1.0    Identity of Persons Answering These Interrogatories
2.0    General Background Information — Individual
3.0    General Background Information — Business Entity
4.0    Insurance
5.0    *[Reserved]*
6.0    Physical, Mental, or Emotional Injuries
7.0    Property Damage
8.0    Loss of Income or Earning Capacity
9.0    Other Damages
10.0   Medical History
11.0   Other Claims and Previous Claims
12.0   Investigation — General
13.0   Investigation — Surveillance
14.0   Statutory or Regulatory Violations
15.0   Denials and Special or Affirmative Defenses
16.0   Defendant's Contentions — Personal Injury
17.0   Responses to Request for Admissions
18.0   *[Reserved]*
19.0   *[Reserved]*
20.0   How the Incident Occurred — Motor Vehicle
25.0   *[Reserved]*
30.0   *[Reserved]*
40.0   *[Reserved]*
50.0   Contract
60.0   *[Reserved]*
70.0   Unlawful Detainer *[See separate form FI-128]*
101.0  Economic Litigation *[See separate form FI-129]*
200.0  Employment Law *[See separate form FI-130]*
       Family Law *[See separate form 1292.10]*

## 1.0  Identity of Persons Answering These Interrogatories

1.1 State the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

## 2.0  General Background Information — Individual

2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

2.2 State the date and place of your birth.

2.3 At the time of the INCIDENT, did you have a driver's license? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

2.4 At the time of the INCIDENT, did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

2.5 State:
(a) your present residence ADDRESS;
(b) your residence ADDRESSES for the past five years; and
(c) the dates you lived at each ADDRESS.

2.6 State:
(a) the name, ADDRESS, and telephone number of your present employer or place of self-employment; and
(b) the name, ADDRESS, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the INCIDENT until today.

2.7 State:
(a) the name and ADDRESS of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

2.11 At the time of the INCIDENT were you acting as an agent or employee for any PERSON? If so, state:
(a)   the name, ADDRESS, and telephone number of that PERSON; and
(b)   a description of your duties.

2.12 At the time of the INCIDENT did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the INCIDENT? If so, for each person state:
(a)   the name, ADDRESS, and telephone number;
(b)   the nature of the disability or condition; and
(c)   the manner in which the disability or condition contributed to the occurrence of the INCIDENT.

2.13 Within 24 hours before the INCIDENT did you or any person involved in the INCIDENT use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a)   the name, ADDRESS, and telephone number;
(b)   the nature or description of each substance;
(c)   the quantity of each substance used or taken;
(d)   the date and time of day when each substance was used or taken;
(e)   the ADDRESS where each substance was used or taken;
(f)    the name, ADDRESS, and telephone number of each person who was present when each substance was used or taken; and
(g)   the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

### 3.0 General Background Information — Business Entity

3.1   Are you a corporation? If so, state:
(a)   the name stated in the current articles of incorporation;
(b)   all other names used by the corporation during the past 10 years and the dates each was used;
(c)   the date and place of incorporation;
(d)   the ADDRESS of the principal place of business; and
(e)   whether you are qualified to do business in California.

3.2   Are you a partnership? If so, state:
(a)   the current partnership name;
(b)   all other names used by the partnership during the past 10 years and the dates each was used;
(c)   whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d)   the name and ADDRESS of each general partner; and
(e)   the ADDRESS of the principal place of business.

3.3   Are you a limited liability company? If so, state:
(a)   the name stated in the current articles of organization;
(b)   all other names used by the company during the past 10 years and the date each was used;
(c)   the date and place of filing of the articles of organization;
(d)   the ADDRESS of the principal place of business; and
(e)   whether you are qualified to do business in California.

3.4   Are you a joint venture? If so, state:
(a)   the current joint venture name;
(b)   all other names used by the joint venture during the past 10 years and the dates each was used;
(c)   the name and ADDRESS of each joint venturer; and
(d)   the ADDRESS of the principal place of business.

3.5   Are you an unincorporated association? If so, state:
(a)   the current unincorporated association name;
(b)   all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c)   the ADDRESS of the principal place of business.

3.6   Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a)   the name;
(b)   the dates each was used;
(c)   the state and county of each fictitious name filing; and
(d)   the ADDRESS of the principal place of business.

3.7   Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a)   identify the license or registration;
(b)   state the name of the public entity; and
(c)   state the dates of issuance and expiration.

### 4.0   Insurance

4.1   At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT? If so, for each policy state:
(a)   the kind of coverage;
(b)   the name and ADDRESS of the insurance company;
(c)   the name, ADDRESS, and telephone number of each named insured;
(d)   the policy number;
(e)   the limits of coverage for each type of coverage contained in the policy;
(f)    whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g)   the name, ADDRESS, and telephone number of the custodian of the policy.

4.2   Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the INCIDENT? If so, specify the statute.

### 5.0   [Reserved]

### 6.0   Physical, Mental, or Emotional Injuries

6.1   Do you attribute any physical, mental, or emotional injuries to the INCIDENT? (If your answer is "no," do not answer interrogatories 6.2 through 6.7).

6.2   Identify each injury you attribute to the INCIDENT and the area of your body affected.

6.3 Do you still have any complaints that you attribute to the INCIDENT? If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

6.4 Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure section 2034) or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the INCIDENT? If so, for each HEALTH CARE PROVIDER state:
(a) the name, ADDRESS, and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

6.5 Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the INCIDENT? If so, for each medication state:
(a) the name;
(b) the PERSON who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

6.6 Are there any other medical services necessitated by the injuries that you attribute to the INCIDENT that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, ADDRESS, and telephone number of each provider.

6.7 Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the INCIDENT? If so, for each injury state:
(a) the name and ADDRESS of each HEALTH CARE PROVIDER;
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

7.0   Property Damage

7.1 Do you attribute any loss of or damage to a vehicle or other property to the INCIDENT? If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, ADDRESS, and telephone number of the seller, the date of sale, and the sale price.

7.2 Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, ADDRESS, and telephone number of the PERSON who prepared it and the date prepared;
(b) the name, ADDRESS, and telephone number of each PERSON who has a copy of it; and
(c) the amount of damage stated.

7.3 Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, ADDRESS, and telephone number of the PERSON who repaired it;
(e) the name, ADDRESS, and telephone number of the PERSON who paid for the repair.

8.0   Loss of Income or Earning Capacity

8.1 Do you attribute any loss of income or earning capacity to the INCIDENT? (If your answer is "no," do not answer interrogatories 8.2 through 8.8).

8.2 State:
(a) the nature of your work;
(b) your job title at the time of the INCIDENT; and
(c) the date your employment began.

8.3 State the last date before the INCIDENT that you worked for compensation.

8.4 State your monthly income at the time of the INCIDENT and how the amount was calculated.

8.5 State the date you returned to work at each place of employment following the INCIDENT.

8.6 State the dates you did not work and for which you lost income as a result of the INCIDENT.

8.7 State the total income you have lost to date as a result of the INCIDENT and how the amount was calculated.

8.8 Will you lose income in the future as a result of the INCIDENT? If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

## 9.0 Other Damages

☐ 9.1    Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

☐ 9.2    Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

## 10.0 Medical History

☐ 10.1    At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT? If so, for each state:
(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER whom you consulted or who examined or treated you.

☐ 10.2    List all physical, mental, and emotional disabilities you had immediately before the INCIDENT. (You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)

☐ 10.3    At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:
(a) the date and the place it occurred;
(b) the name, ADDRESS, and telephone number of any other PERSON involved;
(c) the nature of any injuries you sustained;
(d) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

## 11.0 Other Claims and Previous Claims

☐ 11.1    Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:
(a) the date, time, and place and location (closest street ADDRESS or intersection) of the INCIDENT giving rise to the action, claim, or demand;
(b) the name, ADDRESS, and telephone number of each PERSON against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, ADDRESS, and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

☐ 11.2    In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the INCIDENT giving rise to the claim;
(b) the name, ADDRESS, and telephone number of your employer at the time of the injury;
(c) the name, ADDRESS, and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

## 12.0 Investigation — General

☐ 12.1    State the name, ADDRESS, and telephone number of each individual:
(a) who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT;
(b) who made any statement at the scene of the INCIDENT;
(c) who heard any statements made about the INCIDENT by any individual at the scene; and
(d) who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034).

☐ 12.2    Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT? If so, for each individual state:
(a) the name, ADDRESS, and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

☐ 12.3    Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:
(a) the name, ADDRESS, and telephone number of the individual from whom the statement was obtained;
(b) the name, ADDRESS, and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

**12.4** Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any photographs, films, or videotapes depicting any place, object, or individual concerning the INCIDENT or plaintiff's injuries? If so, state:
(a) the number of photographs or feet of film or videotape;
(b) the places, objects, or persons photographed, filmed, or videotaped;
(c) the date the photographs, films, or videotapes were taken;
(d) the name, ADDRESS, and telephone number of the individual taking the photographs, films, or videotapes; and
(e) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the photographs, films, or videotapes.

**12.5** Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure section 2034) concerning the INCIDENT? If so, for each item state:
(a) the type (i.e., diagram, reproduction, or model);
(b) the subject matter; and
(c) the name, ADDRESS, and telephone number of each PERSON who has it.

**12.6** Was a report made by any PERSON concerning the INCIDENT? If so, state:
(a) the name, title, identification number, and employer of the PERSON who made the report;
(b) the date and type of report made;
(c) the name, ADDRESS, and telephone number of the PERSON for whom the report was made; and
(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the report.

**12.7** Have YOU OR ANYONE ACTING ON YOUR BEHALF inspected the scene of the INCIDENT? If so, for each inspection state:
(a) the name, ADDRESS, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure section 2034); and
(b) the date of the inspection.

**13.0   Investigation — Surveillance**

**13.1** Have YOU OR ANYONE ACTING ON YOUR BEHALF conducted surveillance of any individual involved in the INCIDENT or any party to this action? If so, for each surveillance state:
(a) the name, ADDRESS, and telephone number of the individual or party;
(b) the time, date, and place of the surveillance;
(c) the name, ADDRESS, and telephone number of the individual who conducted the surveillance; and
(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of any surveillance photograph, film, or videotape.

**13.2** Has a written report been prepared on the surveillance? If so, for each written report state:
(a) the title;
(b) the date;
(c) the name, ADDRESS, and telephone number of the individual who prepared the report; and
(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy.

**14.0   Statutory or Regulatory Violations**

**14.1** Do YOU OR ANYONE ACTING ON YOUR BEHALF contend that any PERSON involved in the INCIDENT violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the INCIDENT? If so, identify the name, ADDRESS, and telephone number of each PERSON and the statute, ordinance, or regulation that was violated.

**14.2** Was any PERSON cited or charged with a violation of any statute, ordinance, or regulation as a result of this INCIDENT? If so, for each PERSON state:
(a) the name, ADDRESS, and telephone number of the PERSON;
(b) the statute, ordinance, or regulation allegedly violated;
(c) whether the PERSON entered a plea in response to the citation or charge and, if so, the plea entered; and
(d) the name and ADDRESS of the court or administrative agency, names of the parties, and case number.

**15.0   Denials and Special or Affirmative Defenses**

**15.1** Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:
(a) state all facts upon which you base the denial or special or affirmative defense;
(b) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and
(c) identify all DOCUMENTS and other tangible things that support your denial or special or affirmative defense, and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**16.0   Defendant's Contentions — Personal Injury**

**16.1** Do you contend that any PERSON, other than you or plaintiff, contributed to the occurrence of the INCIDENT or the injuries or damages claimed by plaintiff? If so, for each PERSON:
(a) state the name, ADDRESS, and telephone number of the PERSON;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

**16.2** Do you contend that plaintiff was not injured in the INCIDENT? If so:
(a) state all facts upon which you base your contention;
(b) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(c) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.3  Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the INCIDENT?  If so, for each injury:
(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.4  Do you contend that any of the services furnished by any HEALTH CARE PROVIDER claimed by plaintiff in discovery proceedings thus far in this case were not due to the INCIDENT?  If so:
(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.5  Do you contend that any of the costs of services furnished by any HEALTH CARE PROVIDER claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable?  If so:
(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.6  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the INCIDENT?  If so:
(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.7  Do you contend that any of the property damage claimed by plaintiff in discovery proceedings thus far in this case was not caused by the INCIDENT?  If so:
(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.8  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable?  If so:
(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.9  Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the INCIDENT by a plaintiff in this case?  If so, for each plaintiff state:
(a) the source of each DOCUMENT;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

☐ 16.10  Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a HEALTH CARE PROVIDER not previously identified (except for expert witnesses covered by Code of Civil Procedure section 2034)?  If so, for each plaintiff state:
(a) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER;
(b) a description of each DOCUMENT; and
(c) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

17.0  Responses to Request for Admissions

☒ 17.1  Is your response to each request for admission served with these interrogatories an unqualified admission?  If not, for each response that is not an unqualified admission:
(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and
(d) identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

18.0  *[Reserved]*

19.0  *[Reserved]*

20.0  How the Incident Occurred — Motor Vehicle

☐ 20.1  State the date, time, and place of the INCIDENT (closest street ADDRESS or intersection).

☐ 20.2  For each vehicle involved in the INCIDENT, state:
(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

(c) the name, ADDRESS, and telephone number of each occupant other than the driver;

(d) the name, ADDRESS, and telephone number of each registered owner;

(e) the name, ADDRESS, and telephone number of each lessee;

(f) the name, ADDRESS, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the ADDRESS and location where your trip began and the ADDRESS and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the INCIDENT, and state the location of each stop, other than routine traffic stops, during the trip leading up to the INCIDENT.

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the INCIDENT for the 500 feet of travel before the INCIDENT.

☐ 20.6 Did the INCIDENT occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the INCIDENT? If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the INCIDENT.

☐ 20.8 State how the INCIDENT occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the INCIDENT;
(b) at the time of the INCIDENT; and
(c) just after the INCIDENT.

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the INCIDENT? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, ADDRESS, and telephone number of each PERSON who is a witness to or has information about each malfunction or defect; and
(d) state the name, ADDRESS, and telephone number of each PERSON who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the INCIDENT? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, ADDRESS, and telephone number of each PERSON who is a witness to or has information about each malfunction or defect; and

(d) state the name, ADDRESS, and telephone number of each PERSON who has custody of each defective part.

☐ 20.11 State the name, ADDRESS, and telephone number of each owner and each PERSON who has had possession since the INCIDENT of each vehicle involved in the INCIDENT.

25.0 [Reserved]

30.0 [Reserved]

40.0 [Reserved]

50.0 Contract

☐ 50.1 For each agreement alleged in the pleadings:
(a) identify each DOCUMENT that is part of the agreement and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;
(b) state each part of the agreement not in writing, the name, ADDRESS, and telephone number of each PERSON agreeing to that provision, and the date that part of the agreement was made;
(c) identify all DOCUMENTS that evidence any part of the agreement not in writing and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;
(d) identify all DOCUMENTS that are part of any modification to the agreement, and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;
(e) state each modification not in writing, the date, and the name, ADDRESS, and telephone number of each PERSON agreeing to the modification, and the date the modification was made;
(f) identify all DOCUMENTS that evidence any modification of the agreement not in writing and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT.

☐ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☐ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☐ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☐ 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

☐ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

60.0 [Reserved]

DRINKER BIDDLE & REATH LLP

FORM INTERROGATORIES

*Thomas W. Pulliam,* 1·3·07

Thomas W. Pulliam, Jr.                Date

**CERTIFICATE OF SERVICE**
*Thomas B. Gaines, et al. v. Johnson & Johnson, et al.*
*San Francisco Superior Court, Case No.: CGC-06-457600*

I, Michelle Sankey, declare that:

I am at least 18 years of age, and not a party to the above-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105, Telephone: (415) 591-7500.

On January 3, 2007, I caused to be served the following document(s):

**DEFENDANTS' FIRST SET OF FORM INTERROGATORIES TO PLAINTIFFS**

by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as follows:

☑ BY MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposed with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by a messenger service by hand to the address(es) listed below:

☐ BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a Federal Express envelope, addressed as follows:

☐ BY FACSIMILE: I caused such documents to be transmitted by facsimile transmission and mail as indicated above.

Michael J. Avenatti
GREENE, BROILLET & WHEELER, LLP
100 Wilshire Boulevard, Suite 2100
Santa Monica, CA 90407
Telephone: 310.576.1200
Facsimile: 310.576.1220
e-mail: MAvenatti@greene-broillet.com
*Attorneys For Plaintiffs*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 3, 2007 at Los Angeles, California.

MICHELLE SANKEY

Drinker Biddle & Reath LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\378218\1

# EXHIBIT A

*Gaines, et al. v. Johnson & Johnson, et al.*
San Francisco County Superior Court Case No. CGC-06-457600

<u>Exhibit A to Form Interrogatories</u>

1)    The following entities are collectively referred to as "Plaintiffs":

- DIANA L. GAINES;
- GARY D. GAINES; and
- THE ESTATE OF THOMAS B. GAINES.

2)    The following entities are collectively referred to as "Defendants":

- JOHNSON & JOHNSON;
- MCNEIL CONSUMER HEALTHCARE, a Division of MCNEIL-PPC, INC.;
- MCKESSON CORPORATION; and
- WAL-MART STORES, INC.

# EXHIBIT F

FEB. 6. 2007  4:03PM    GREENE BROILLET & WHEELER, LLP             NO. 5969   P. 2/2



February 6, 2007

*VIA E-MAIL - THOMAS.PULIIAM@DBR.COM - AND FACSIMILE TRANSMISSION - (415) 591-7510*

Thomas Pulliam, Esq.
Drinker Biddle & Reath LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235

        Re:    Thomas Gaines v Johnson & Johnson

Dear Mr. Pulliam:

        Our responses to the following discovery in the *Gaines v. Johnson* matter are due tomorrow,
February 7, 2007:

                Response to Special Interrogatories, Set One;
                Response to Request for Production, Set One;
                Response to Request for Admission, Set One; and
                Response to Form Interrogatories, Set One.

        We would like to request an extension until Friday, February 9, 2007 by which to respond.
Please let me know as soon as possible if this is acceptable to you.

                Very truly yours,

                GREENE BROILLET & WHEELER, LLP

                *Linda Shaffer*

                Linda Shaffer
                Paralegal

:lcs

T: 310 576 1200 / 866 576 1200   F: 310 576 1220

100 WILSHIRE BOULEVARD, TWENTY FIRST FLOOR

P.O. BOX 2131   SANTA MONICA, CALIFORNIA 90407-2131

[WWW.GREENE-BROILLET.COM]           [GREENE BROILLET & WHEELER, LLP]

# EXHIBIT G

GREENE BROILLET & WHEELER, LLP
LAWYERS
100 WILSHIRE BOULEVARD, SUITE 2100
P.O. BOX 2131
SANTA MONICA, CALIFORNIA 90407-2131
TEL. (310) 576-1200
FAX. (310) 576-1220

BROWNE GREENE, State Bar No. 38441
MICHAEL J. AVENATTI, State Bar No. 206929

Attorneys for _____ Plaintiff _____

(SPACE BELOW FOR FILING STAMP ONLY)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| THOMAS B. GAINES, etc., et al, | CASE NO. CGC -06-457600 |
| Plaintiffs, | PLAINTIFFS' RESPONSE TO SPECIAL INTERROGATORIES, SET ONE |
| vs. | |
| JOHNSON & JOHNSON, et al., | |
| Defendants. | |

RESPONDING PARTY:    Plaintiffs THOMAS B. GAINES, et al.

PROPOUNDING PARTY:    Defendants JOHNSON & JOHNSON, et al.

SET NO:    ONE (I)

TO DEFENDANTS JOHNSON & JOHNSON, et al., AND TO THEIR ATTORNEYS OF RECORD HEREIN:

COME NOW plaintiffs, pursuant to California Code of Civil Procedure, section 2030, and hereby provide the following responses, without prejudice to further discovery.

-1-
Plaintiffs Response to Special Interrogatories, Set One

## GENERAL OBJECTIONS

A.    Plaintiffs object to all of the individual Interrogatories to the extent they call for information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.  To the extent that the Interrogatories call for information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection, Plaintiffs hereby claim such privilege and invokes such protection.  The fact that Plaintiffs do not specifically object to an individual Interrogatory on the ground that it seeks such privileged or protected information shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection.

B.    Plaintiffs object to all of the individual Interrogatories to the extent they purport to impose upon Plaintiffs the burden of furnishing information that is not available to it or that is equally or more readily available to the defendants.

C.    Plaintiffs object to all of the individual Interrogatories to the extent they seek information that is not relevant to the subject matter involved in the pending action or reasonably calculated to lead to the discovery of admissible evidence.

D.    Plaintiffs object to the Interrogatories, and to each Interrogatory set forth therein, to the extent that they seek the discovery of sensitive and confidential personal and financial information.

E.    Plaintiffs object to each and every Interrogatory herein to the extent that it is overly broad, unduly burdensome, and oppressive.

F.    Plaintiffs object to each and every Interrogatory herein to the extent that it is vague, ambiguous, or unintelligible.

G.    Plaintiffs object to these Interrogatories on the grounds and to the extent that they contain multiple subparts in violation of the Code and California law.

H.    The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference to the extent applicable to the specific responses set forth below as though fully set forth therein.  The failure to mention any of the foregoing objections and

179E.33

1    qualifications in the specific responses set forth below shall not be deemed a waiver of such objection

2    or qualification.

3

4    ## SPECIAL INTERROGATORIES AND RESPONSES

5

6    **SPECIAL INTERROGATORY NO. 1:**

7        IDENTIFY the PERSON(s) from whom the CHILDREN'S MOTRIN was purchased.

8        (For the purposes of this set of interrogatories, PERSON means a natural person or any

9    business or governmental entity. For the purposes of this set of interrogatories," IDENTIFY" with

10   respect to a PERSON means state the name, present or last known address and present or last

11   telephone number of the PERSON. For the purposes of this set of interrogatories, "CHILDRENS'

12   MOTRIN" means the Children's Motrin referred to in Paragraphs 11 and 15 of the COMPLAINT. For

13   the purposes of this set of interrogatories, "COMPLAINT" means the Complaint for Damages filed

14   by YOU on November 3, 2006 in San Francisco County Superior Court and assigned Case No. CGC-

15   06-457600. For the purposes of this set of interrogatories, "YOU" and "YOUR" means the Plaintiffs

16   and their attorneys, agents, representatives and any other person acting on Plaintiffs' behalf.)

17   **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

18       It is plaintiffs' best knowledge that the CHILDREN'S MOTRIN was purchased from

19   WAL-MART, 401 North General Blvd., Lincolnton, NC 28092-3559; (704) 732-3090.

20       Discovery is ongoing and plaintiffs reserve the right to supplement this response.

21

22   **SPECIAL INTERROGATORY NO. 2:**

23       IDENTIFY the PERSON(s) who purchased the CHILDREN'S MOTRIN from the

24   PERSON(s) identified in YOUR response to Special Interrogatory No. 1.

25   **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

26       It is plaintiffs' best knowledge that Diana Gaines is the PERSON who purchased the

27   CHILDREN'S MOTRIN from Walmart.

28       Discovery is ongoing and plaintiffs reserve the right to supplement this response.

179E.33

**SPECIAL INTERROGATORY NO. 3:**

State the lot number of the CHILDREN'S MOTRIN.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Plaintiffs threw the CHILDREN'S MOTRIN bottle away and thus do not know the lot number. Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 4:**

State the batch number of the CHILDREN'S MOTRIN.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Plaintiffs threw the CHILDREN'S MOTRIN bottle away and thus do not know the batch number. Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 5:**

State the date the CHILDREN'S MOTRIN was sold to YOU.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Plaintiffs do not know the date the CHILDREN'S MOTRIN was sold to them, but their best estimate is that it was approximately 6 months before September 29, 2004.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY all DOCUMENTS that evidence the sale of CHILDREN'S MOTRIN to YOU.

(For the purposes of this set of interrogatories, IDENTIFY with respect to a DOCUMENT means state, to the extent known, the (a) type of DOCUMENT; (b) the subject matter to which it relates; (c) the date the DOCUMENT was created; (d) the author(s) of the DOCUMENT; and (e) the recipient(s) of the DOCUMENT.)

///

///

179E.33

1  **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

2      Despite a diligent search and reasonable inquiry plaintiffs are unable to locate any

3  DOCUMENTS responsive to this interrogatory. Discovery is ongoing, however, and plaintiffs reserve

4  the right to supplement this response.

5

6  **SPECIAL INTERROGATORY NO. 7:**

7      IDENTIFY the PERSON(s) who has possession of the packaging (including bottles,

8  cartons, vials, boxes or other containers) which contained the CHILDREN'S MOTRIN.

9  **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

10     Plaintiffs threw away the packaging which contained the CHILDREN'S MOTRIN. It

11  is therefore their opinion that no PERSON has possession of it. Discovery is ongoing, however, and

12  plaintiffs reserve the right to supplement this response.

13

14  **SPECIAL INTERROGATORY NO. 8:**

15     IDENTIFY the PERSON(s) who has possession of the remainder of any CHILDREN'S

16  MOTRIN contained in the packaging referred to in Special Interrogatory No. 7 above.

17  **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

18     Plaintiffs threw away the bottle and contents of the CHILDREN'S MOTRIN. It is

19  therefore their opinion that no PERSON has possession of any remaining pills. Discovery is ongoing,

20  however, and plaintiffs reserve the right to supplement this response.

21

22  **SPECIAL INTERROGATORY NO. 9:**

23     IDENTIFY the PERSON(s) who has possession of the labeling (including package

24  inserts, brochures, pamphlets and other documents) that accompanied the CHILDREN'S MOTRIN.

25  **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

26     Plaintiffs threw away the labeling that accompanied the CHILDREN'S MOTRIN. It

27  is therefore their opinion that no PERSON has possession of it. Discovery is ongoing, however, and

28  plaintiffs reserve the right to supplement this response.

179E.33

**SPECIAL INTERROGATORY NO. 10:**

        If YOU no longer have possession, custody or control of the CHILDREN'S MOTRIN (including its bottle, packaging, labeling, and any package insert), IDENTIFY the PERSON(s) who does have possession, custody or control of it.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

        Plaintiffs threw away the CHILDREN'S MOTRIN (including its bottle, packaging, labeling and any package insert). It is therefore their opinion that no PERSON has possession of it. Discovery is ongoing, however, and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 11:**

        IDENTIFY the PERSON who was the <u>DISTRIBUTOR</u> of the CHILDREN'S MOTRIN.

        (The term "DISTRIBUTOR" is used in these interrogatories as it is used in paragraph 9 of the COMPLAINT.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

        To plaintiffs' best knowledge, MCKESSON CORPORATION.

        Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 12:**

        Set forth all facts upon which YOU rely for YOUR contention that MCKESSON is a proper party to this lawsuit.

        (For purposes of this set of interrogatories, "MCKESSON" means McKesson Corporation and any subsidiary or division thereof.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

        Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

        Without waiving this objection, plaintiffs state that MCKESSON was and is the distributer of CHILDREN'S MOTRIN to WAL-MART.

1   Discovery is ongoing and plaintiffs reserve the right to supplement this response.

2

3   **SPECIAL INTERROGATORY NO. 13:**

4   Describe all EVIDENCE supporting YOUR contention that MCKESSON is a proper

5   party to this lawsuit.

6   (For the purposes of this set of interrogatories, "EVIDENCE" means all

7   DOCUMENTS, testimony, or statements made from personal knowledge of any potential witness. For

8   the purposes of this set of interrogatories, "DOCUMENTS" means written, printed, typed, or visually

9   or orally reproduced material of any kind, whether or not privileged, including but not limited to any

10  and all letters, correspondence, contracts, agreements, bills, orders, receipts, invoices, statements,

11  records [including but not limited to medical records], books, articles, computer tapes and reports,

12  press releases, advertising and promotional literature, prints, drawings, plans, photographs, printed

13  forms, manuals, brochures, lists, publications, videotapes, or other tape recordings, films, microfilm,

14  and all other writings, including drafts, typings, printings, minutes or copies or reproductions thereof

15  in the possession, custody, or control of YOU.)

16  **RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

17  Objection: This interrogatory seeks plaintiff's counsel's work product, legal reasoning,

18  theory, and/or statutory basis supporting a factual contention.

19  Without waiving this objection, plaintiff states that MCKESSON was and is the

20  distributer of CHILDREN'S MOTRIN to WAL-MART.

21  Discovery is ongoing and plaintiffs reserve the right to supplement this response.

22

23  **SPECIAL INTERROGATORY NO. 14:**

24  Set forth all facts upon which YOU rely for YOUR contention that WAL-MART is a

25  proper party to this lawsuit.

26  (For purposes of this set of interrogatories, "WAL-MART" means Wal-Mart Stores,

27  Inc., and any subsidiary or division thereof.)

28  ///

-7-

179E.33

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Objection: This interrogatory seeks plaintiff's counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection plaintiffs state that they purchased the CHILDREN'S MOTRIN from WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 15:**

Describe all EVIDENCE supporting YOUR contention that WAL-MART is a proper party to this lawsuit.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiffs state that they purchased the CHILDREN'S MOTRIN from WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response..

**SPECIAL INTERROGATORY NO. 16:**

Set forth all facts upon which YOU rely for YOUR contention that the CHILDREN'S MOTRIN was sold by WAL-MART.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Plaintiffs cite their personal knowledge that they purchased the CHILDREN'S MOTRIN from WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response..

**SPECIAL INTERROGATORY NO. 17:**

Describe all EVIDENCE supporting YOUR contention that the CHILDREN'S MOTRIN was sold by WAL-MART.

179E.33

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

Plaintiffs cite as EVIDENCE their personal knowledge that they purchased the CHILDREN'S MOTRIN from WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response..

**SPECIAL INTERROGATORY NO. 18:**

Set forth the facts upon which YOU rely for YOUR contention that the CHILDREN'S MOTRIN was sold by MCKESSON.

**RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiffs state that MCKESSON was and is the distributer of CHILDREN'S MOTRIN to WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 19:**

Describe all EVIDENCE supporting YOUR contention that the CHILDREN'S MOTRIN was sold by MCKESSON.

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiffs state that MCKESSON was and is the distributer of CHILDREN'S MOTRIN to WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 20:**

Describe the efforts YOU have made to identify the distributor of the CHILDREN'S MOTRIN.

-9-

179E.33

**RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiffs state that MCKESSON was and is the distributer of CHILDREN'S MOTRIN to WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 21:**

IDENTIFY all PERSONS with knowledge of the efforts YOU have made to identify the distributor of the CHILDREN'S MOTRIN.

**RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiffs state that MCKESSON was and is the distributer of CHILDREN'S MOTRIN to WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 22:**

Describe all EVIDENCE concerning the efforts YOU have made to identify the distributor of the CHILDREN'S MOTRIN.

///
///
///
///
///
///
///
///

LLP
SANTA MONICA, CA 90407-2131
P.O. BOX 2131

-10-

179E.33

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiffs state that MCKESSON was and is the distributer of CHILDREN'S MOTRIN to WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

DATED: February 12, 2007            GREENE BROILLET & WHEELER, LLP


_____
MICHAEL J. AVENATTI
Attorney for Plaintiff

LLP

SANTA MONICA, CA 90407-2131

P.O. BOX 2131

Plaintiffs Response to Special Interrogatories, Set One

179E.33

# EXHIBIT H

1

GREENE BROILLET & WHEELER, LLP
LAWYERS
100 WILSHIRE BOULEVARD, SUITE 2100
P.O. BOX 2131
SANTA MONICA, CALIFORNIA 90407-2131
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

2

3

BROWNE GREENE, State Bar No. 38441

4

MICHAEL J. AVENATTI, State Bar No. 206929

5

Attorneys for ___Plaintiff___

6

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF SAN FRANCISCO

10

11

THOMAS B. GAINES, etc., et al,                )        CASE NO.  CGC -06-457600
                                              )
12                               Plaintiffs,  )        **PLAINTIFFS' RESPONSE TO**
                                              )        **REQUESTS FOR PRODUCTION, SET**
13                 vs.                        )        **ONE**
                                              )
14   JOHNSON & JOHNSON, et al.,               )
                                              )
15                               Defendants.  )
                                              )
16   _____)

17   RESPONDING PARTY:        Plaintiffs THOMAS B. GAINES, et al.

18   PROPOUNDING PARTY:       Defendants JOHNSON & JOHNSON, et al.

19   SET NO:                  ONE (1)

20

21   TO DEFENDANTS JOHNSON & JOHNSON, et al., AND TO THEIR ATTORNEYS OF RECORD

22   HEREIN:

23

24          Plaintiffs THOMAS B. GAINES, et al. hereby respond to defendant's REQUESTS

25   FOR PRODUCTION, SET ONE as follows:

26

27

28

179E.36

1    **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

2          A.      Plaintiffs object to all of the individual Requests to the extent they call for

3    documents/information protected by the attorney-client privilege, the attorney work product

4    doctrine, or any other applicable privilege or protection.  To the extent that the Requests call for

5    document/information protected by the attorney-client privilege, the attorney work product

6    doctrine, or other applicable privilege or protection, Plaintiffs hereby claim such privilege and

7    invokes such protection.  The fact that Plaintiffs do not specifically object to an individual request

8    on the ground that it seeks such privileged or protected documents/information shall not be

9    deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work

10   product doctrine, or other applicable privilege or protection.

11          B.      Plaintiffs object to all of the individual Requests to the extent they purport

12   to impose upon Plaintiffs the burden of furnishing documents/information that is not available to it

13   or that is equally or more readily available to the Defendants.  Plaintiffs further object to all of the

14   Requests to the extent they purport to require Plaintiffs to re-produce documents/information that

15   Plaintiffs have already produced in this litigation.

16          C.      Plaintiffs object to all of the individual Requests to the extent they seek

17   documents/information that is not relevant to the subject matter involved in the pending action or

18   reasonably calculated to lead to the discovery of admissible evidence.

19          D.      Plaintiffs object to the Requests, and to each Request set forth therein, to the

20   extent that they seek the discovery of sensitive and confidential personal and financial

21   documents/information.

22          E.      Plaintiffs object to each and every Request herein to the extent that it is

23   overly broad, unduly burdensome, and oppressive.

24          F.      Plaintiffs object to each and every Request herein to the extent that it is

25   vague, ambiguous, or unintelligible.

26          G.      Plaintiffs object to these Requests and each Request on the grounds that

27   they are premature and are improper in that they seek to obtain "all documents" relating to

28

179E.36

1  Plaintiffs' contentions. Discovery and investigation into the subject matter of this action have just

2  begun.

3          H.      Plaintiffs object to these Requests on the grounds and to the extent that they

4  are duplicative of each other and/or are duplicative of prior requests for production served by

5  Defendants.

6          I.      Plaintiffs object to all of the individual Requests to the extent they seek to

7  ascertain documents/information and other data which a consultant expert witness has provided

8  Plaintiffs in the preparation of this case pursuant to CCP §2034, and, as such, is therefore in

9  violation of the attorney work product privilege.

10          J.      Plaintiffs object to all of the individual Requests to the extent they seek to

11  ascertain the anticipated testimony of consultant/expert witnesses pursuant to CCP §2034, and, as

12  such, is therefore in violation of the attorney work product privilege and seeks a premature expert

13  opinion.

14          K.      Except for explicit facts stated herein, no incidental and/or implied

15  admissions by Plaintiffs are intended by or in any of these responses. The fact that Plaintiffs have

16  responded to a Request should not be taken as an admission that Plaintiffs accept or admit the

17  existence of any facts set forth or assumed by such Request. The fact that Plaintiffs have

18  responded in part to a Request contained herein is not intended and shall not be construed to be a

19  waiver by Plaintiffs of all or any part of any objection to any Request.

20          L.      Plaintiffs are still in the process of locating, collecting, reviewing and

21  analyzing items and information as referred to in Defendants' Requests and Plaintiffs are

22  determining whether or not any of said items fall within the scope of said Requests. Accordingly,

23  if in a response to any Request Plaintiffs indicate that they will produce and permit the inspection

24  and/or copying of any items, said response should not be deemed to be and is not an admission that

25  there are any such items in existence, but rather only an indication that if any such items exist,

26  Plaintiffs will produce them and permit them to be inspected and copied.

27          M.      Plaintiffs have not yet completed discovery and investigation for analysis of

28  matters relating to this case and have not yet completed discovery in preparation for trial.

-3-

179E.36

1  Consequently, such documents as will be produced in response to Defendants' Requests shall be

2  produced without prejudice to Plaintiffs' rights to produce any subsequently discovered

3  documents.

4         N.     As to any response with respect to which Plaintiffs initially assert an

5  objection, and then, without waiving said objection, provide documents/information, the providing

6  of said documents/information is solely for the purposes of aiding discovery and demonstrating

7  plaintiffs' good-faith efforts to supply information.

8         O.     The foregoing objections and qualifications apply to the responses contained

9  herein and are incorporated by reference to the extent applicable to the specific responses set forth

10  below as though fully set forth therein.  The failure to mention any of the foregoing objections and

11  qualifications in the specific responses set forth below shall not be deemed a waiver of such

12  objection or qualification.

13

14               **REQUESTS FOR PRODUCTION AND RESPONSES**

15

16  **REQUEST FOR PRODUCTION NO. 1:**

17         All DOCUMENTS described or otherwise identified in YOUR responses to

18  Defendants' First Set of Special Interrogatories to Plaintiffs.

19         (For the purposes of this set of requests, "DOCUMENTS" means written, printed,

20  typed, or visually or orally reproduced material of any kind, whether or not privileged, including

21  but not limited to any and all letters, correspondence, contracts, agreements, bills, orders, receipts,

22  invoices, statements, records [including but not limited to medical records], books, articles,

23  computer tapes and reports, press releases, advertising and promotional literature, prints, drawings,

24  plans, photographs, printed forms, manuals, brochures, lists, publications, videotapes, or other tape

25  recordings, films, microfilm, and all other writings, including drafts, typings, printings, minutes or

26  copies or reproductions thereof in the possession, custody, or control of YOU. For the purposes of

27  this set of requests, "YOU" and "YOUR" means the Plaintiffs and their attorneys, agents,

28  representatives and any other person acting on Plaintiffs' behalf.

-4-

1    **RESPONSE TO REQUEST NO. 1:**

2              Plaintiffs did not identify any DOCUMENTS in their responses to Defendant's

3    First Set of Special Interrogatories and, therefore, have nothing responsive to produce at this time.

4              Discovery is ongoing and plaintiffs reserve the right to supplement this response.

5

6    **REQUEST FOR PRODUCTION NO. 2:**

7              All DOCUMENTS that evidence the sale of the CHILDREN'S MOTRIN to YOU.

8              (For the purposes of this set of requests, "CHILDREN'S MOTRIN" means the

9    Children's Motrin referred to in Paragraphs 11 and 15 of the COMPLAINT. For the purposes of

10   this set of requests, "COMPLAINT" means the Complaint for Damages filed by YOU on

11   November 3, 2006 in San Francisco County Superior Court and assigned Case No. CGC-06-

12   457600.)

13   **RESPONSE TO REQUEST NO. 2:**

14             Despite a diligent search and reasonable inquiry, plaintiffs are unable to locate any

15   DOCUMENTS responsive to this request.

16             Discovery is ongoing and plaintiffs reserve the right to supplement this response.

17

18   **REQUEST FOR PRODUCTION NO. 3:**

19             All DOCUMENTS that evidence the distribution of the CHILDREN'S MOTRIN

20   by a DISTRIBUTOR.

21             (The term "DISTRIBUTOR" is used in these requests as it is used in Paragraph 9 of

22   the COMPLAINT.)

23   **RESPONSE TO REQUEST NO. 3:**

24             Objection:  This request seeks plaintiffs' counsel's work product, legal reasoning,

25   theory, and/or statutory basis supporting a factual contention. Further, all responsive

26   DOCUMENTS should be in the possession, custody or control of Defendants.

27

28

179E.36

1    **REQUEST FOR PRODUCTION NO. 4:**

2            All packaging (including bottles, cartons, vials, boxes or other containers) which

3    contained the CHILDREN'S MOTRIN.

4    **RESPONSE TO REQUEST NO. 4:**

5            Despite a diligent search and reasonable inquiry, plaintiffs are unable to locate any

6    items responsive to this request.

7            Discovery is ongoing and plaintiffs reserve the right to supplement this response.

8

9    **REQUEST FOR PRODUCTION NO. 5:**

10           The remainder of any CHILDREN'S MOTRIN contained in the packaging referred

11   to in Request No. 4 above.

12   **RESPONSE TO REQUEST NO. 5:**

13           Despite a diligent search and reasonable inquiry, plaintiffs are unable to locate any

14   items responsive to this request.

15           Discovery is ongoing and plaintiffs reserve the right to supplement this response.

16

17   **REQUEST FOR PRODUCTION NO. 6:**

18           All labeling (including package inserts, brochures, pamphlets and other documents)

19   that accompanied the CHILDREN'S MOTRIN.

20   **RESPONSE TO REQUEST NO. 6:**

21           Despite a diligent search and reasonable inquiry, plaintiffs are unable to locate any

22   items responsive to this request.

23           Discovery is ongoing and plaintiffs reserve the right to supplement this response.

24

25   **REQUEST FOR PRODUCTION NO. 7:**

26           All DOCUMENTS that reflect the lot number of the CHILDREN'S MOTRIN.

27   ///

28   ///

179E.36

1  **RESPONSE TO REQUEST NO. 7:**

2         Despite a diligent search and reasonable inquiry, plaintiffs are unable to locate any

3  DOCUMENTS responsive to this request.

4         Discovery is ongoing and plaintiffs reserve the right to supplement this response.

5

6  **REQUEST FOR PRODUCTION NO. 8:**

7         All DOCUMENTS that reflect the batch number of the CHILDREN'S MOTRIN.

8  **RESPONSE TO REQUEST NO. 8:**

9         Despite a diligent search and reasonable inquiry, plaintiffs are unable to locate any

10  DOCUMENTS responsive to this request.

11

12  **REQUEST FOR PRODUCTION NO. 9:**

13         All DOCUMENTS supporting YOUR contention that MCKESSON is a proper

14  party to this lawsuit.

15         (For the purposes of this set of requests, "MCKESSON" means McKesson

16  Corporation and any subsidiary or division thereof.)

17  **RESPONSE TO REQUEST NO. 9:**

18         Objection:  This request seeks plaintiffs' counsel's work product, legal reasoning,

19  theory, and/or statutory basis supporting a factual contention. Further, all responsive

20  DOCUMENTS should be in the possession, custody or control of Defendants.

21

22  **REQUEST FOR PRODUCTION NO. 10:**

23         All DOCUMENTS supporting YOUR contention that WAL-MART is a proper

24  party to this lawsuit.

25         (For purposes of this set of requests, "WAL-MART" means Wal-Mart Stores, Inc.,

26  and any subsidiary or division thereof.)

27  ///

28  ///

179E.36

1  **RESPONSE TO REQUEST NO. 10:**

2         Objection: This interrogatory seeks plaintiffs' counsel's work product, legal

3  reasoning, theory, and/or statutory basis supporting a factual contention. Further, all responsive

4  DOCUMENTS should be in the possession, custody or control of Defendants.

5

6  **REQUEST FOR PRODUCTION NO. 11:**

7         All DOCUMENTS supporting YOUR contention that the CHILDREN'S MOTRIN

8  was sold by WAL-MART.

9  **RESPONSE TO REQUEST NO. 11:**

10        Despite a diligent search and reasonable inquiry, plaintiffs are unable to locate any

11  DOCUMENTS responsive to this request.

12        Discovery is ongoing and plaintiffs reserve the right to supplement this response.

13

14  **REQUEST FOR PRODUCTION NO. 12:**

15        All DOCUMENTS supporting YOUR contention that the CHILDREN'S MOTRIN

16  was sold by MCKESSON.

17  **RESPONSE TO REQUEST NO. 12:**

18        Objection: This interrogatory seeks plaintiffs' counsel's work product, legal

19  reasoning, theory, and/or statutory basis supporting a factual contention. Further, all responsive

20  DOCUMENTS should be in the possession, custody or control of Defendants.

21

22  **REQUEST FOR PRODUCTION NO. 13:**

23        All DOCUMENTS reflecting the efforts YOU have made to identify the

24  DISTRIBUTOR of the CHILDREN'S MOTRIN.

25  ///

26  ///

27  ///

28  ///

-8-

179E.36

1  **RESPONSE TO REQUEST NO. 13:**

2          Objection: This interrogatory seeks plaintiffs' counsel's work product, legal

3  reasoning, theory, and/or statutory basis supporting a factual contention.

4

5  DATED: February 12, 2007                    GREENE BROILLET & WHEELER, LLP

6

7

8                                              _____
                                               MICHAEL J. AVENATTI
                                               Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LLP    SANTA MONICA, CA 90407-2131    P.O. BOX 2131

Plaintiffs' Response to Request for Production, Set One

179E.36

# EXHIBIT I

1

GREENE BROILLET & WHEELER, LLP
LAWYERS
100 WILSHIRE BOULEVARD, SUITE 2100
P.O. BOX 2131
SANTA MONICA, CALIFORNIA 90407-2131
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

2

3

BROWNE GREENE, State Bar No. 38441
MICHAEL J. AVENATTI, State Bar No. 206929

4

5

Attorneys for _____ Plaintiff _____

6

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF SAN FRANCISCO

10

11

THOMAS B. GAINES, etc., et al,

CASE NO.  CGC -06-457600

12

Plaintiffs,

**PLAINTIFFS' RESPONSE TO
REQUESTS FOR ADMISSION, SET
ONE (1)**

13

vs.

14

JOHNSON & JOHNSON, et al.,

15

Defendants.

16

17

RESPONDING PARTY:        Plaintiffs THOMAS B. GAINES, et al.

18

PROPOUNDING PARTY:        Defendants JOHNSON & JOHNSON, et al.

19

SET NO:        ONE (1)

20

21

TO DEFENDANTS, JOHNSON & JOHNSON, et al. AND TO THEIR ATTORNEYS OF RECORD

22

HEREIN:

23

24

COME NOW plaintiffs, pursuant to California Code of Civil Procedure, section 2033,

25

and hereby provide the following responses, without prejudice to further discovery.

26

27

28

-1-

Plaintiffs' Response to Requests for Admission, Set One

179E.35

## GENERAL OBJECTIONS

A.    Plaintiffs object to all of the individual Requests to the extent they call for information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.  To the extent that the Requests call for information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection, Plaintiffs hereby claim such privilege and invokes such protection.  The fact that Plaintiffs do not specifically object to an individual Request on the ground that it seeks such privileged or protected information shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection.

B.    Plaintiffs object to all of the individual Requests to the extent they purport to impose upon Plaintiffs the burden of furnishing information that is not available to it or that is equally or more readily available to the defendants.

C.    Plaintiffs object to all of the individual Requests to the extent they seek information that is not relevant to the subject matter involved in the pending action or reasonably calculated to lead to the discovery of admissible evidence.

D.    Plaintiffs object to the Requests, and to each Request set forth therein, to the extent that they seek the discovery of sensitive and confidential personal and financial information.

E.    Plaintiffs object to each and every Request herein to the extent that it is overly broad, unduly burdensome, and oppressive.

F.    Plaintiffs object to each and every Request herein to the extent that it is vague, ambiguous, or unintelligible.

G.    Plaintiffs object to these Requests on the grounds and to the extent that they contain multiple subparts in violation of the Code and California law.

H.    The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference to the extent applicable to the specific responses set forth below as though fully set forth therein.  The failure to mention any of the foregoing objections and qualifications in the specific responses set forth below shall not be deemed a waiver of such objection or qualification.

179E.35

## REQUESTS FOR ADMISSION AND RESPONSES

**REQUEST NO. 1:**

Admit that the CHILDREN'S MOTRIN was not sold by WAL-MART.

(For purposes of this set of requests, "CHILDREN'S MOTRIN" means the Children's Motrin referred to in Paragraphs 11 and 15 of the COMPLAINT. For the purposes of this set of requests, "COMPLAINT" means the Complaint for Damages filed by YOU on November 3, 2006 in San Francisco County Superior Court and assigned Case No. CGC-06-457600. For purposes of this set of requests, "WAL-MART" means Wal-Mart Stores, Inc. and any subsidiary or division thereof.)

**RESPONSE TO REQUEST NO. 1:**

Denied.

**REQUEST NO. 2:**

Admit that you have no evidence that CHILDREN'S MOTRIN was sold by WAL-MART.

**RESPONSE TO REQUEST NO. 2:**

Denied.

**REQUEST NO. 3:**

Admit that the CHILDREN'S MOTRIN was not sold by MCKESSON.

(For purposes of this set of requests, "MCKESSON" means McKesson Corporation and any subsidiary or division thereof.)

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs object to the term "sold" as being vague and ambiguous. Without waiving this objection - denied.

**REQUEST NO. 4:**

Admit that you have no evidence that the CHILDREN'S MOTRIN was sold by MCKESSON.

-3-
**Plaintiffs' Response to Requests for Admission, Set One**

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs object to the term "sold" as being vague and ambiguous. Without waiving this objection - denied.

DATED: February 12, 2007

GREENE BROILLET & WHEELER, LLP

_____
MICHAEL J. AVENATTI
Attorney for Plaintiff

LLP

SANTA MONICA, CA 90407-2131

P.O. BOX 2131

179E.35

-4-

**EXHIBIT J**

GREENE BROILLET & WHEELER, LLP
LAWYERS
100 WILSHIRE BOULEVARD, SUITE 2100
P.O. BOX 2131
SANTA MONICA, CALIFORNIA 90407-2131
TEL. (310) 576-1200
FAX. (310) 576-1220

BROWNE GREENE, State Bar No. 38441
MICHAEL J. AVENATTI, State Bar No. 206929

Attorneys for    Plaintiff

(SPACE BELOW FOR FILING STAMP ONLY)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | | |
|---|---|---|
| THOMAS B. GAINES, et al., | ) | CASE NO.  CGC -06-457600 |
| | ) | |
| Plaintiffs, | ) | **PLAINTIFFS' RESPONSE TO FORM** |
| | ) | **INTERROGATORIES, SET ONE** |
| vs. | ) | |
| | ) | |
| JOHNSON & JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

RESPONDING PARTY:    Plaintiffs THOMAS B. GAINES, et al.

PROPOUNDING PARTY:    Defendants JOHNSON & JOHNSON, et al.

SET NO:    ONE (1)

TO DEFENDANTS JOHNSON & JOHNSON, et al., AND TO THEIR ATTORNEYS OF RECORD

HEREIN:

COME NOW plaintiffs, pursuant to California Code of Civil Procedure, section 2030, and hereby provide the following responses, without prejudice to further discovery.

-1-

179E.32

## GENERAL OBJECTIONS

A.    Plaintiffs object to all of the individual Interrogatories to the extent they call for information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.  To the extent that the Interrogatories call for information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection, Plaintiffs hereby claim such privilege and invokes such protection.  The fact that Plaintiffs do not specifically object to an individual Interrogatory on the ground that it seeks such privileged or protected information shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection.

B.    Plaintiffs object to all of the individual Interrogatories to the extent they purport to impose upon Plaintiffs the burden of furnishing information that is not available to it or that is equally or more readily available to the defendants.

C.    Plaintiffs object to all of the individual Interrogatories to the extent they seek information that is not relevant to the subject matter involved in the pending action or reasonably calculated to lead to the discovery of admissible evidence.

D.    Plaintiffs object to the Interrogatories, and to each Interrogatory set forth therein, to the extent that they seek the discovery of sensitive and confidential personal and financial information.

E.    Plaintiffs object to each and every Interrogatory herein to the extent that it is overly broad, unduly burdensome, and oppressive.

F.    Plaintiffs object to each and every Interrogatory herein to the extent that it is vague, ambiguous, or unintelligible.

G.    Plaintiffs object to these Interrogatories on the grounds and to the extent that they contain multiple subparts in violation of the Code and California law.

H.    The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference to the extent applicable to the specific responses set forth below as though fully set forth therein.  The failure to mention any of the foregoing objections and

179E.32

1  qualifications in the specific responses set forth below shall not be deemed a waiver of such objection

2  or qualification.

3  ### FORM INTERROGATORIES AND RESPONSES

4  **17.1**    Is your response to each request for admission served with these interrogatories an

5  unqualified admission? If not, for each response that is not an unqualified admission:

6  (a)    state the number of the request;

7  (b)    state all facts upon which you base your response;

8  (c)    state the names, ADDRESSES, and telephone numbers of all PERSONS who

9  have knowledge of those facts; and

10  (d)    identify all DOCUMENTS and other tangible things that support your response

11  and state the name, ADDRESS, and telephone number of the PERSON who

12  has each DOCUMENT or thing.

13  **Response to Form Interrogatory 17.1:** No.

14  (a)    Requests No. One and No. Two;

15  (b)    Plaintiffs purchased the CHILDREN'S MOTRIN from WAL-MART;

16  (c)    Plaintiffs;

17  (d)    Despite a diligent search and reasonable inquiry, plaintiffs are unable to identify

18  any DOCUMENTS in their possession which would be responsive to this request.

19

20  (a)    Requests No. Three and No. Four;

21  (b)(c)(d)Objection: This interrogatory seeks plaintiffs' counsel's work product, legal

22  reasoning, theory, and/or statutory basis supporting a factual contention.

23

24  DATED:  February 12, 2007        GREENE BROILLET & WHEELER, LLP

25

26

27  _____

MICHAEL J. AVENATTI
Attorney for Plaintiff

28

-3-

Plaintiffs' Response to Form Interrogatories, Set One

179E.32

# EXHIBIT K

-----Original Message-----
**From:** Linda Shaffer [mailto:LShaffer@greene-broillet.com]
**Sent:** Monday, February 12, 2007 2:07 PM
**To:** Pulliam, Jr., Thomas W.
**Subject:** RE: RFP 5 - Johnson

Here they are.

-----Original Message-----
**From:** Pulliam, Jr., Thomas W. [mailto:Thomas.Pulliam@dbr.com]
**Sent:** Monday, February 12, 2007 1:52 PM
**To:** Linda Shaffer
**Subject:** RE: RFP 5 - Johnson

did you fax the other docs ..... responses to *Gaines* discovery and depo corrections in *Johnson*?

Thomas W. Pulliam, Jr.
***Drinker Biddle & Reath LLP***
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
415 591 7570
415 591 7510 (fax)
email: thomas.pulliam@dbr.com

-----Original Message-----
**From:** Linda Shaffer [mailto:LShaffer@greene-broillet.com]

**Sent:** Monday, February 12, 2007 1:36 PM
**To:** Pulliam, Jr., Thomas W.
**Subject:** RFP 5 - Johnson

Here's the other one.

***Linda Shaffer***
***Greene Broillet & Wheeler LLP***
100 Wilshire Boulevard, 21ˢᵗ Floor
P.O. Box 2131
Santa Monica, CA  90407-2131

Tel:      (310) 576-1200
Fax:      (310) 576-1220

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

# EXHIBIT L

## DrinkerBiddle&Reath
#### L L P

Benjamin J. Holl
415-591-7500
benjamin.holl@dbr.com

*Law Offices*

50 Fremont Street
20th Floor
San Francisco, CA
94105-2235

415-591-7500
415-591-7510 fax
www.drinkerbiddle.com

PHILADELPHIA
NEW YORK
WASHINGTON
LOS ANGELES
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

March 8, 2007

*VIA FACSIMILE & U.S. MAIL*

Michael J. Avenatti
GREENE, BROILLET & WHEELER, LLP
100 Wilshire Boulevard, Suite 2100
Santa Monica, CA 90407

RE:    *Thomas B. Gaines, et al. v. Johnson & Johnson, et al.*
       **San Francisco Superior Court Case No. CGC-06-457600**

Dear Mr. Avenatti:

We have Plaintiffs' responses to Johnson & Johnson's ("Defendant") first sets of special interrogatories, requests for production, requests for admission, and form interrogatories. Plaintiffs have made several objections that lack merit, and their responses are deficient in many respects, particularly in the failure to provide any details concerning plaintiffs' contention that McKesson distributed Children's Motrin to Wal-mart. Defendant is entitled to this information, and needs it to assess the claim that McKesson is a proper party to this lawsuit.

Defendant sought information concerning McKesson's alleged distribution of Children's Motrin in Interrogatory numbers 12-13 and 18-22, Request for Production numbers 3, 9, and 12-13, Request for Admission numbers 3 and 4, and Form Interrogatory number 17.1.

Plaintiffs respond to the discovery with the bare conclusion that McKesson distributed the Children's Motrin to Wal-Mart, and claim that any further information or documents concerning this assertion are protected from disclosure under the attorney work-product doctrine. As set forth more specifically below, Defendant is prejudiced by Plaintiffs refusal to provide any details whatsoever concerning their assertion that McKesson distributed Children's Motrin. Please provide supplemental responses correcting the deficiencies outlined below.

*Established*
*1849*

SF1\380577\4

DrinkerBiddle&Reath
L L P

Michael J. Avenatti
March 8, 2007
Page 2

1.  **Interrogatories Numbers 12-13 and 18 - 22 – Details
    Concerning Plaintiffs' Contention That McKesson was the
    Distributor of Children's Motrin to Wal-Mart**

Interrogatories Numbers 12, 13, 18, 19, 20, 21, and 22 seek information regarding Plaintiffs' contention that McKesson is a proper party to this lawsuit. Instead of providing *any* details concerning this contention, Plaintiffs simply conclude that McKesson "was and is the distributor of Children's Motrin to Wal-Mart," and assert the attorney work-product doctrine as a basis to avoid providing a more substantive response.

Plaintiffs assertion of work-product doctrine protection to avoid disclosing facts supporting Plaintiffs' contention that McKesson was the distributor of the Children's Motrin is inappropriate. *See Sheets v. Superior Court of Los Angeles County* (1967) 257 Cal. App. 2d 1, 8-9 ("there is no doubt that a defendant is entitled to discover by appropriate interrogatories the facts, if any, presently known to the plaintiff upon which he bases the allegations of his complaint and upon which he presently relies to prove his case.") At a minimum, Plaintiffs must explain the basis for asserting work-product protections so that that Defendant may assess the validity of the assertion. Plaintiffs also must confirm whether they have any information concerning this contention.

2.  **Request for Production Numbers 3, 9, 12 and 13 – Documents
    Concerning the Distribution of the Children's Motrin to Wal-Mart,
    and Plaintiffs Efforts to Identify the Distributor of Children's Motrin**

Request numbers 3, 9, and 12 ask Plaintiffs to produce documents concerning McKesson's distribution of Children's Motrin to Wal-mart. Plaintiffs respond to these requests by stating that all responsive documents should be in the "possession, custody or control of Defendants." These responses are insufficient, and frustrate the purpose of discovery. Defendant is entitled to learn what documents Plaintiffs posses, control or have in their custody. It is immaterial that the requested documents may, or may not, be available from other sources including Defendant itself. At a minimum, plaintiffs must specify with particularity what responsive documents Plaintiffs refer to that in Plaintiffs' opinion "should" be in the "possession, custody or control of Defendants."

Additionally, Plaintiffs object to Requests Numbers 3, 9, and 12 as seeking documents protected by the work product doctrine. In a good faith effort to avoid a motion to compel, Defendant re-phrases Requests Numbers 3, 9 and 12 as follows:

**Request No. 3:**  Please produce all DOCUMENTS in your possession that evidence the distribution of the CHILDREN'S MOTRIN by a DISTRIBUTOR.

Drinker Biddle & Reath
LLP

Michael J. Avenatti
March 8, 2007
Page 3

**Request No. 9:**  Please produce all DOCUMENTS relied on for YOUR contention that MCKESSON is a proper party to this lawsuit.

**Request No. 12:**  Please produce all DOCUMENTS relied on for YOUR contention that the Children's Motrin was sold by MCKESSON.

Please provide further responses to the requests as amended above, and produce all requested documents.

Finally, Request number 13 seeks the production of documents that reflect the efforts Plaintiffs have made to identify the distributor of the Children's Motrin.  Plaintiffs object to Request number 13 based on the work-product doctrine and offer no response.  Please confirm that a diligent search and reasonable inquiry to locate responsive documents was made by Plaintiffs themselves, and the results of these efforts.

3.    **Requests for Admission Numbers 3 and 4, and Form Interrogatory Number 17.1 – Details Concerning Denials Regarding the Sale of Children's Motrin by McKesson**

Plaintiffs deny that the Children's Motrin at issue in this case was not sold by McKesson, and deny that they have no evidence of any such sale (*see* Response to Request for Admission numbers 3 and 4), but object to providing details concerning these denials on the basis that Form Interrogatory 17.1 seeks protected information.  Defendant is entitled to learn the facts upon which Plaintiffs' denials were made, the identity of the people with knowledge of the facts, and documents supporting the denial.  At a minimum, Plaintiffs must explain the basis for asserting work-product protections and log any responsive documents so that that Defendant may assess the validity of the assertion.  Please supplement your responses accordingly.

4.    **Other Deficiencies With Plaintiffs' Discovery Responses**

Additionally, Interrogatory number 5 asks Plaintiffs to state the date that the Children's Motrin was sold to them.  Plaintiffs state that they do not know the date, but that their "best estimate" is "approximately 6 months before September 29, 2004."  Defendant is entitled to learn the basis for Plaintiffs' "best estimate."  Please provide that information.

Finally, Plaintiffs' discovery responses are neither signed nor verified.  *See* CCP §§ 2030.250, 2031.250, 2033.240.  Additionally, no proof of service accompanied the responses.  Please provide us with signed discovery responses, the required verifications, and proof of service of same.

SF1\380577\4

DrinkerBiddle&Reath

Michael J. Avenatti
March 8, 2007
Page 4

### Request for Privilege Log

Defendant hereby makes a formal request for a privilege log that properly
identifies any documents withheld by plaintiffs on the grounds of any applicable privilege
and/or protection.

### Conclusion

Please remedy the foregoing deficiencies, provide full and complete responses to
Defendant's discovery, and produce all responsive documents and a privilege log by no
later than March 19, 2007.

Sincerely,

Benjamin J. Holl

BJH

DrinkerBiddle&Reath
L L P

Michael J. Avenatti
March 8, 2007
Page 5

bcc:   Tom Pulliam
       Vern Zvoleff
       Ken Conour
       Cheryl A. Sabnis
       Matt Smith
       Lynn Schneider

# DrinkerBiddle&Reath
### L L P

50 Fremont Street, 20th Floor
San Francisco, California 94105-2232
Telephone: (415) 591-7500
Fax: (415) 591-7510

## FAX COVER SHEET

**To:** Michael J. Avenatti, Esq.                    **Date:** March 8, 2007

**Firm:** GREENE BROILLET PANISH & WHEELER, LLP.

**Telephone:** (310) 576-1200

**Fax No.:** (310) 576-1220

**From:** Connie Gutierrez for Benjamin J. Holl    **File No.:** 234234

**Re:** *Thomas B. Gaines, et al. v. Johnson & Johnson, et al.*

**No. of Pages:** 5    **(including cover sheet)**

**The original document(s) transmitted will follow by:**

- ☑ **Regular Mail**
- ☐ **Certified Mail**
- ☐ **Federal Express**
- ☐ **Email**
- ☐ **Original(s) Will Not Follow**

**Message:**

**NOTE:** This facsimile contains confidential information which may also be privileged. Unless you are the addressee named above or authorized to receive for the addressee, you may not read, copy, use or distribute it. If you received it in error, please notify DRINKER BIDDLE & REATH LLP immediately by telephone or fax and return it promptly by U.S. Mail to the address above. Thank You.

SFI\3813151\1

```
┌─────────────────────────────────────────────────────────────────────┐
│                         TRANSACTION REPORT                    P. 01   │
│                                                                        │
│                                                MAR-08-2007 THU 12:00 PM│
│   FOR:  DRINKER BIDDLE & REATH      1 415 397 1735                     │
├─────────────────────────────────────────────────────────────────────┤
│ DATE  START    RECEIVER        TX TIME(L) PAGES TYPE     NOTE    M# DP │
│ MAR-08 11:59 AM 913105761220#    1′15″(1)   5  SEND      OK      717   │
│                                                                        │
│                             TOTAL :       1M 15S  PAGES:   5           │
└─────────────────────────────────────────────────────────────────────┘
```

# DrinkerBiddle&Reath
L L P

50 Fremont Street, 20th Floor
San Francisco, California 94105-2232
Telephone: (415) 591-7500
Fax: (415) 591-7510

## FAX COVER SHEET

**To:** Michael J. Avenatti, Esq.              **Date:** March 8, 2007

**Firm:** GREENE BROILLET PANISH & WHEELER, LLP.

**Telephone:** (310) 576-1200

**Fax No.:** (310) 576-1220

**From:** Connie Gutierrez for Benjamin J. Holl     **File No.:** 234234

**Re:** *Thomas B. Gaines, et al. v. Johnson & Johnson, et al.*

**No. of Pages:**     5     **(including cover sheet)**

**The original document(s) transmitted will follow by:**

☑     **Regular Mail**