**EXHIBIT B Continued - PART3**

COPY: TWO
PDF: TEAM
CAH

1  CHARLES F. PREUSS (State Bar No. 45783)
   THOMAS W. PULLIAM, JR. (State Bar No. 46322)
2  BENJAMIN J. HOLL (State Bar No. 200630)
   DRINKER BIDDLE & REATH LLP
3  50 Fremont Street, 20th Floor
   San Francisco, California 94105-2235
4  Telephone: (415) 591-7500
   Facsimile: (415) 591-7510
5
   Attorneys for Defendants
6  JOHNSON & JOHNSON, MCNEIL CONSUMER
   HEALTHCARE, a Division of MCNEIL-PPC, INC.
7  (erroneously sued as MCNEIL CONSUMER &
   SPECIALTY PHARMACEUTICALS,
8  a Division of MCNEIL-PPC, INC.), MCKESSON
   CORPORATION, and WAL-MART STORES, INC.
9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  FOR THE COUNTY OF SAN FRANCISCO

12

13  THOMAS B. GAINES, a deceased minor        Case No. CGC-06-457600
    child by and through his personal
14  representative(s) and/or successor(s) in
    interest; DIANA L. GAINES, individually,    **[PROPOSED] ORDER GRANTING**
15  as Executor of the Estate of Thomas B.      **DEFENDANT JOHNSON &**
    Gaines, and as Thomas B. Gaines' personal   **JOHNSON'S MOTION TO COMPEL**
16  representative and successor in interest;    **FURTHER RESPONSES TO FIRST**
    GARY D. GAINES, individually and as         **SET OF SPECIAL**
17  Thomas B. Gaines' personal representative   **INTERROGATORIES, FIRST**
    and successor in interest; and THE          **REQUEST FOR PRODUCTION, FIRST**
18  ESTATE OF THOMAS B. GAINES,                  **SET OF FORM INTERROGATORIES,**
                                                 **AND FIRST SET OF REQUESTS FOR**
19                    Plaintiffs,                 **ADMISSIONS**

20          v.

21  JOHNSON & JOHNSON, a New Jersey
    corporation; MCNEIL CONSUMER &
22  SPECIALTY PHARMACEUTICALS, a
    Division of MCNEIL-PPC, INC., a New
23  Jersey corporation; MCKESSON
    CORPORATION, a Delaware corporation;
24  WAL-MART STORES, INC., a Delaware
    corporation; and DOES 1 through 100,
25  inclusive,

26                    Defendants.

27  ///

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\382043\1

1    Defendant Johnson & Johnson's Motion to Compel further responses to its First

2    Set of Special Interrogatories, First Request for Production, First Set of Form

3    Interrogatories, and First Set of Requests for Admissions came on for hearing before this

4    Court on May 7, 2007. The Court, the Commissioner Bruce Chan presiding, having

5    heard argument and considered the pleadings filed by counsel, and for good cause shown,

6    hereby orders that the Motion is GRANTED.

7         1.    Plaintiffs' responses to Defendant's First Set of Special Interrogatories,

8    First Request for Production, First Set of Form Interrogatories, and First Set of Requests

9    for Admissions were untimely, and Plaintiffs' objections contained therein are deemed

10   waived.

11        2.    Within _____ days of Notice of Entry of this Order, Plaintiffs shall

12   provide full and complete responses to Special Interrogatories numbers 12-13 and 18-19,

13   Form Interrogatory number 17.1, and Request for Production numbers 3, 9, and 12, and

14   shall additionally produce all documents responsive to Request for Production numbers 3,

15   9, and 12.

16        3.    Within _____ days of Notice of Entry of this Order, Plaintiffs shall serve

17   signed and verified discovery responses to Defendant's First Set of Special

18   Interrogatories, First Request for Production, First Set of Form Interrogatories, and First

19   Set of Requests for Admissions.

20        **IT IS SO ORDERED.**

21

22

23   Dated:                          _____

24                                   Hon. Bruce E. Chan
                                     Commissioner of the Superior Court
25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\382043\1

2

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO FIRST SETS OF WRITTEN
DISCOVERY

COPY TWP
PDF TEAM
CAH

1  CHARLES F. PREUSS (State Bar No. 45783)
2  THOMAS W. PULLIAM, JR. (State Bar No. 46322)
   BENJAMIN J. HOLL (State Bar No. 200630)
3  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
4  San Francisco, California 94105-2235
   Telephone: (415) 591-7500
5  Facsimile: (415) 591-7510

6  Attorneys for Defendants
   JOHNSON & JOHNSON, MCNEIL CONSUMER
7  HEALTHCARE, a Division of MCNEIL-PPC, INC.
   (erroneously sued as MCNEIL CONSUMER &
8  SPECIALTY PHARMACEUTICALS,
   a Division of MCNEIL-PPC, INC.), MCKESSON
9  CORPORATION, and WAL-MART STORES, INC.

ENDORSED
F I L E D
San Francisco County Superior Court

MAR 2 9 2007

GORDON PARK-LI, Clerk
BY  BERNADETTE THOMPSON
           Deputy Clerk

10         SUPERIOR COURT OF THE STATE OF CALIFORNIA

11            FOR THE COUNTY OF SAN FRANCISCO

12

13  THOMAS B. GAINES, a deceased minor      Case No. CGC-06-457600
    child by and through his personal
14  representative(s) and/or successor(s) in
    interest; DIANA L. GAINES, individually,   **CERTIFICATE OF SERVICE**
15  as Executor of the Estate of Thomas B.
    Gaines, and as Thomas B. Gaines' personal
16  representative and successor in interest;
    GARY D. GAINES, individually and as      Date:    May 7, 2007
17  Thomas B. Gaines' personal representative   Time:    10:30 a.m.
    and successor in interest; and THE       Place:   Department 610
18  ESTATE OF THOMAS B. GAINES,              Judge:   Commissioner Bruce E. Chan

19                    Plaintiffs,

20         v.                                  Complaint Filed: November 3, 2006

21  JOHNSON & JOHNSON, a New Jersey
    corporation; MCNEIL CONSUMER &
22  SPECIALTY PHARMACEUTICALS, a
    Division of MCNEIL-PPC, INC., a New
23  Jersey corporation; MCKESSON
    CORPORATION, a Delaware corporation;
24  WAL-MART STORES, INC., a Delaware
    corporation; and DOES 1 through 100,
25  inclusive,

26                    Defendants.

27

28
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\381821\1

1

## CERTIFICATE OF SERVICE

2    I, GLORIA CADENA, declare that:

3    I am at least 18 years of age, and not a party to the above-entitled action. My

4    business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105,
     Telephone: (415) 591-7500.

5    On March 29, 2007, I caused to be served the following document(s):

6    **1.    DEFENDANT JOHNSON & JOHNSON'S**

7    **NOTICE OF MOTION AND MOTION TO COMPEL**
     **FURTHER RESPONSES TO FIRST SET OF SPECIAL**

8    **INTERROGATORIES, FIRST REQUEST FOR**
     **PRODUCTION, FIRST SET OF FORM**

9    **INTERROGATORIES, AND FIRST SET OF**
     **REQUESTS FOR ADMISSIONS;**

10   **2.    DEFENDANT JOHNSON & JOHNSON'S**

11   **MEMORANDUM OF POINTS AND AUTHORITIES IN**
     **SUPPORT OF MOTION TO COMPEL FURTHER**

12   **RESPONSES TO FIRST SET OF SPECIAL**
     **INTERROGATORIES, FIRST REQUEST FOR**

13   **PRODUCTION, FIRST SET OF FORM**
     **INTERROGATORIES, AND FIRST SET OF**

14   **REQUESTS FOR ADMISSIONS;**

15   **3.    DEFENDANT JOHNSON & JOHNSON'S**

16   **SEPARATE STATEMENT OF ITEMS IN DISPUTE IN**
     **SUPPORT OF MOTION TO COMPEL FURTHER**

17   **RESPONSES TO FIRST SET OF SPECIAL**
     **INTERROGATORIES, FIRST REQUEST FOR**

18   **PRODUCTION, FIRST SET OF FORM**
     **INTERROGATORIES, AND FIRST SET OF**
     **REQUESTS FOR ADMISSIONS;**

19

20   **4.    DECLARATION OF BENJAMIN J. HOLL IN**
     **SUPPORT OF DEFENDANT JOHNSON & JOHNSON'S**

21   **MOTION TO COMPEL FURTHER RESPONSES TO**
     **FIRST SET OF SPECIAL INTERROGATORIES,**

22   **FIRST REQUEST FOR PRODUCTION, FIRST SET OF**
     **FORM INTERROGATORIES, AND FIRST SET OF**
     **REQUESTS FOR ADMISSIONS;**

23

24   **5.    [PROPOSED] ORDER GRANTING**
     **DEFENDANT JOHNSON & JOHNSON'S MOTION TO**

25   **COMPEL FURTHER RESPONSES TO FIRST SET OF**
     **SPECIAL INTERROGATORIES, FIRST REQUEST**

26   **FOR PRODUCTION, FIRST SET OF FORM**
     **INTERROGATORIES, AND FIRST SET OF**
     **REQUESTS FOR ADMISSIONS.**

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

#382091v1

CERTIFICATE OF SERVICE

by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as follows:

☑ **BY MAIL:** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

☐ **BY PERSONAL SERVICE:** I caused such envelopes to be delivered by a messenger service by hand to the address(es) listed below:

☐ **BY OVERNIGHT DELIVERY:** I enclosed a true copy of said document(s) in a Federal Express envelope, addressed as follows:

☐ **BY FACSIMILE:** I caused such documents to be transmitted by facsimile transmission and mail as indicated above.

Michael J. Avenatti, Esq.
GREENE BROILLET & WHEELER, LLP
100 Wilshire Boulevard, Suite 2100
P.O. Box 2131
Santa Monica, CA 90407-2131
Telephone: (310) 576-1200
Facsimile: (310) 576-1220
**Attorneys for Plaintiffs**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 29, 2007 at San Francisco, California.

GLORIA CADENA

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

#382091v1

2

CERTIFICATE OF SERVICE

COPY

1
GREENE BROILLET & WHEELER, LLP
LAWYERS
2                    100 WILSHIRE BOULEVARD, SUITE 2100
P.O. BOX 2131
SANTA MONICA, CALIFORNIA 90407-2131
3                        TEL. (310) 576-1200
FAX. (310) 576-1220
BROWNE GREENE, State Bar No. 38441
4  MICHAEL J. AVENATTI, State Bar No. 206929
ALAN VAN GELDER, State Bar No. 221820
5
Attorneys for _____ Plaintiff _____
6

(SPACE BELOW FOR FILING STAMP ONLY)

RECEIVED

APR 25 2007

DRINKER BIDDLE
& REATH LLP

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF SAN FRANCISCO

11  THOMAS B. GAINES, etc., et al,          )    CASE NO.  CGC -06-457600
                                            )
12                          Plaintiffs,     )    PLAINTIFFS' OPPOSITION TO
                                            )    DEFENDANT'S MOTION TO
13              vs.                          )    COMPEL DISCOVERY AND CROSS
                                            )    MOTION FOR RELIEF FROM ANY
14  JOHNSON & JOHNSON, et al.,              )    ALLEGED WAIVER OF
                                            )    OBJECTIONS; MEMORANDUM OF
15                          Defendants.     )    POINTS AND AUTHORITIES;
                                            )    DECLARATION OF MICHAEL J.
16                                          )    AVENATTI; DECLARATION OF
                                                 LINDA SHAFFER; EXHIBITS
17
                                                 [Filed Concurrently with Plaintiffs'
18                                               Response to Defendant's Separate
                                                 Statement]
19
                                                 Date:      May 7, 2007
20                                               Time:      10:30 a.m.
                                                 Place:     Department 610
21                                               Judge:.    Commissioner Bruce E. Chan
22
                                                 Complaint Filed: November 3, 2006
23

24  TO THE COURT AND ALL PARTIES OF RECORD:

25          Plaintiffs hereby submit the following Opposition to Defendant's Motion to Compel

26  Discovery:

27          1.      Plaintiffs timely served verified and signed responses to Defendants requests for

28  discovery, thus defeating any argument of waiver of objections.

179E: 5F

**Plaintiff's Opposition to Defendant's Motion to Compel**

2.    Defense counsel cannot turn a unilateral request for e-mail copies of discovery made to a paralegal at Plaintiffs' firm into a service agreement between the parties.

3.    Plaintiff has complied with the Civil Discovery Act in responding to all discovery responses propounded by Defendants, even providing supplemental information.

PLEASE TAKE FURTHER NOTICE THAT:

In the event the Court the Court finds that Plaintiffs' discovery responses were untimely, Plaintiff hereby seeks relief under California Code of Civil Procedure Sections 2030.290, 2031.300, and 2033.280 on the grounds of inadvertence, mistake, and excusable neglect. Furthermore, Plaintiff has already provided responses and Defendants cannot show any prejudice.

Plaintiffs' Opposition and Cross-Motion are based on this notice, the attached memorandum of points and authorities, Plaintiffs' response to Defendants' Separate Statement of Discovery Items in Dispute, the Declarations of Michael Avenatti and Linda Shaffer, the attached Exhibits, all the pleadings and court file in this matter, and as any such oral argument and evidence that may be presented by Plaintiff at hearing on these matters.

DATED: April 24, 2007                    GREENE BROILLET & WHEELER, LLP

Michael J. Avenatti, Esq.
Alan Van Gelder, Esq.
Attorneys for Plaintiff

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179B.5P

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants (including McKesson Corporation), who are all represented by the same counsel, bring this motion to compel discovery responses on the grounds that they claim they need information as to whether or not McKesson supplied Children's Motrin to Wal-Mart. Defendants argue that they need this information as part of some effort to remove the case from this Court on the grounds that McKesson is somehow a sham Defendant. Of course the irony of this entire situation is that all the Defendants (including McKesson) are represented by the same counsel and are jointly defending the case. If Defendants had the facts necessary to remove the case, those facts are clearly within their own possession, custody, and control. The fact that Defendants have not been able to locate one fact between them to warrant removal of this case is telling. Nothing has stopped McKesson and Wal-Mart from providing this information to their counsel and yet Defendants appear to be unable to muster any facts whatsoever to warrant removal. As such, Defendants appear to have decided to create a controversy where none appears to exist, hoping perhaps to either harass the Plaintiffs, improperly ride on the coat tails of Plaintiffs' counsel own work product, or hope that they can manufacture a removal via some sort of discovery sanction. As discussed below, these efforts are not well taken and are waste of both Plaintiff and this Court's time.

McKesson Corporation is not in this litigation by mistake or in an effort to manufacture venue. The Children's Motrin that killed Plaintiff Thomas Gaines was purchased from Wal-Mart. A simple internet search reveals that McKesson Corporation (the nation's largest distributer of drugs) has had a long standing relationship with Wal-Mart as Wal-Mart's largest and primary supplier of pharmaceuticals. Attached as Exhibit 1 to this motion are true and correct copies of several articles outlining the comprehensive, long-standing relationship between McKesson and Wal-Mart. (Plaintiff has already provided Defendants a copy of these articles). These articles alone establish that Plaintiff has a reasonable basis to believe that McKesson provided Wal-Mart the Children's Motrin that killed Thomas Gaines.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1792.5F

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

II.     **PLAINTIFFS' RESPONSES TO DISCOVERY WERE VERIFIED, SIGNED AND TIMELY**

Plaintiffs' responses to Defendants' requests for discovery were due on February 9, 2007. Contrary to the assertions of Defendants, **on February 9, 2007, Plaintiffs' counsel mailed signed and verified responses to the Defendants.** True and correct copies of the responses, including the verifications and the proofs of service, are attached as Exhibits 2-5.[1]

Based on communications Defense counsel had with Plaintiffs' counsel's paralegal Linda Shaffer, Defense counsel apparently also expected to be served a copy of the discovery responses by either facsimile or e-mail. While the verified and signed copies of the discovery were mailed out on February 9, 2007, Ms. Shaffer forgot to e-mail defense counsel a copy of the responses on February 9, 2007. When she eventually e-mailed the responses on February 12, 2007, Ms. Shaffer accidently e-mailed the responses directly from the firm's computer system, rather than PDFing the responses and signed verifications. As such, the responses that Ms. Shaffer e-mailed to Defense counsel on February 12, 2007 did not contain signatures or verifications.

Regardless of what Ms. Shaffer e-mailed defense counsel and regardless of when Ms. Shaffer e-mailed it to them, the fact remains that Plaintiffs' counsel mailed verified, signed responses on February 9, 2007 as the parties had agreed. **Had Defendants bothered to check their mail and hard copy files before filing this motion, they would have already seen that they have signed and verified discovery responses.[2]**

Pursuant to the terms of California Code of Civil Procedure (CCP) 2016.05 and CCP 1013, Plaintiff properly served Defendants with verified and signed discovery responses. Under the code, mail and hand delivery are the preferred and only methods of service for discovery responses. Plaintiff could not even send the responses by facsimile without a prior agreement between the parties. (*See* CCP 1013(e)). There is certainly nothing within CCP 1013 that states

---

[1] According to Mr. Tom Pulliam, counsel for Defendants, Defendants are no longer claiming that the responses were untimely.

[2] Defense counsel was provided yet another copy after Plaintiffs received the motion.

179E.5F

1   that e-mail service of discovery documents is proper. More importantly, there is nothing in the

2   California Code of Civil Procedure that states that merely because Defense counsel requests that

3   copies of the discovery responses be sent by e-mail or facsimile that such a request negates the

4   ability of a Plaintiff to serve the responses via mail and that timely mail responses are negated by

5   untimely e-mail copies of such responses.

6       In short, there is no controversy here. As the proofs of service on Exhibits 2-5 make

7   clear, the responses were placed in the mail on February 9, 2007 and pursuant to the provisions of

8   CCP 1013(a), they were deemed served on the date they were placed in the mail.

9

10  **III.    ALTHOUGH THERE IS NO BASIS TO ARGUE THAT A LATE E-MAIL**

11  **RESULTS IN LATE SERVICE, IF THE COURT FINDS A LATE RESPONSE,**

12  **PLAINTIFFS SEEK RELIEF UNDER CCP SECTIONS 2030.290(a), 2031.300(a),**

13  **2033.280(a)**

14      Plaintiffs contend and have provided proof that timely, verified, and signed responses

15  were mailed to Defendants on February 9, 2007. Furthermore, there is no law that suggests that

16  failing to e-mail or fax copies of these responses on February 9, 2007 invalidated the timely

17  responses that went out in the mail. There is certainly no agreement between the parties to this

18  effect, no law for Defendants to rely on in support of such an argument, and Defendants cannot

19  demonstrate prejudice as the responses were timely served by mail to an address within the State

20  of California. Nonetheless, should this Court find Plaintiffs' responses to be untimely, Plaintiffs

21  seek relief under CCP Sections 2030.290, 2031.300, and 2033.280.

22      CCP 2030.290(a) states that the court may relieve Plaintiffs from a claim of untimely

23  responses and waiver on its determination that Plaintiffs subsequently served responses in

24  substantial compliance with the Civil Discovery Act and if Plaintiffs' "failure to serve a timely

25  response was the result of mistake, inadvertence, or excusable neglect."[3]

26

27

28  [3] The same language and requirements can be found in CCP 2031.300, and 2033.280 with
    respect to Requests for Production and Requests for Admission.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 80407-2131

179E.5F

1    As Exhibits 2-5 have demonstrated, Plaintiffs have served verified and signed responses

2    that are in substantial compliance with the Civil Discovery Act. (Defendants have only taken issue

3    with a few of the responses in connection with this motion, and while Defendants may not agree

4    with the content of the responses, there is no argument that the documents do not constitute

5    responses under the Civil Discovery Act.)

6    With respect to the "mistake, inadvertence, or excusable neglect" prong of the code, the

7    Declaration of Linda Shaffer more than satisfies this element. The Declaration makes clear that

8    Ms. Shaffer meant to e-mail PDF copies of the responses to Defendants on February 9, 2007, but

9    forgot, relying instead on her usual practice of making sure the responses go out in the mail.

10    Further, the Declarations of Ms. Shaffer and Mr. Avenatti make clear that the Plaintiffs never

11    entered into any agreement to substitute e-mail or facsimile service for mail service and that Ms.

12    Shaffer had no idea that Defendants would claim waiver or untimeliness if she mailed rather than

13    e-mailed or faxed the responses.

14    There is no prejudice here nor is there a violation of the Civil Discovery Act. Even if

15    there was such a violation, the facts are clear that such a violation resulted only in Defendants

16    receiving the discovery responses in the mail a few days after February 9, 2007, presumably on

17    February 12, 2007. There can be no waiver under such circumstances. If the Court finds

18    Plaintiffs' responses untimely, the Court should grant Plaintiffs the reliefs afforded under CCP

19    sections 2030.290, 2031.300 and 2033.280.

20

21    **IV.    THE PLAINTIFFS' DISCOVERY RESPONSES ARE PROPER**

22    Defendants' motion raises a variety of complaints concerning Plaintiffs' responses to

23    discovery. Plaintiffs address the complaints in their Response to Defendants' Separate Statement

24    of Discovery Items in Dispute which is being filed concurrently with this Opposition. As

25    Plaintiffs' Responses to the Separate Statement of Discovery Items in Dispute reveals, Plaintiff

26    responded to each of the requests as written. Furthermore, Plaintiff provided supplemental

27    responses in the form of news stories outlining the substantial distribution relationship between

28    Wal-Mart and McKesson (which were attached as Exhibit 1).

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-5-
**Plaintiff's Opposition to Defendant's Motion to Compel**

179E.5F

1        With respect to Plaintiffs' objections to the discovery, the objections are well taken.

2    Essentially all requests for discovery suffer from the same basic problem. They do not ask merely

3    for documents or evidence, they ask for Plaintiffs' counsel to disclose: (a) which documents and

4    evidence Plaintiffs' counsel believes support Plaintiffs' contentions or allegations, (b) Plaintiffs'

5    counsel's valuation of which evidence is important and which evidence is not important, and/or (c)

6    which pieces of evidence Plaintiffs plan to utilize at trial. Asking for the information to be

7    produced in such a manner is designed to elicit the mental impressions and work product of

8    Plaintiffs' counsel. Such interrogatories are not about obtaining information likely to lead to

9    admissible evidence, but rather represent an attempt by Defense counsel to get a look at Plaintiffs'

10    counsel's "play book." There is nothing relevant or likely to be relevant about what Plaintiffs'

11    counsel thinks of the information Defendants seek to obtain.

12        It is a violation of the public policy set forth in California *Code of Civil Procedure*

13    section 2018.020 for Plaintiff to identify information Plaintiffs counsel has gathered that relate to

14    the issues in the case. California *Code of Civil Procedure* section 2018.020 provides:

15        It is the policy of the state to do both of the following:

16    (a) Preserve the rights of attorneys to prepare cases for trial with that degree of
17    privacy necessary to encourage them to prepare their cases thoroughly and to
      investigate not only the favorable but the unfavorable aspects of those cases.
18    (b) Prevent attorneys from taking undue advantage of their adversary's industry
      and efforts.

19        Defendant's are seeking materials and information that plaintiffs' counsel have gathered

20    using their own industry and efforts to support their clients' claims. Some of the requested

21    information is equally available to defendants, especially those requests that ask plaintiffs' counsel

22    to identify and produce documents in defendant's own files. (for example, evidence of sales

23    between McKesson and Wal-Mart). As will be demonstrated below, these interrogatories seek to

24    obtain the thoughts and impressions of plaintiffs' counsel and the fruit of plaintiffs' counsel's

25    labor, all in violation of the public policy set forth in California *Code of Civil Procedure* section

26    2018.020. Therefore, plaintiffs cannot be forced to identify or provide the requested information

27    and materials that their attorneys have gathered.

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1    Code of Civil Procedure, Section 2018.030, provides: "Any writing that reflects an

2    attorney's impressions, conclusions, opinions, or legal research or theories, shall not be

3    discoverable under any circumstances." The issue before this Court is whether the requested

4    documents and information consist of attorney work product. "The statute, however, does not

5    define 'work product'. Thus, the determination of what work product is must be resolved by

6    individual court determinations on a case by case basis." (*City of Long Beach v. Superior Court*

7    (1976) 64 Cal.App.3d 65, 71.) What an attorney has learned or thinks is important in preparing

8    the case is totally outside of the scope and objectives of legitimate discovery. The Supreme Court

9    in *Hickman v. Taylor* (1947) 329 U.S. 495, 511 recognized that a lawyer in preparing the client's

10   case, assembles information, sifts through what the lawyer considers to be relevant facts, prepares

11   legal theories and plans strategy. This work is reflected in tangible and intangible ways and is

12   called work product. (*Id.; See In re Jeanette H.* (1990) 225 Cal.App.3d 25, 32.) The Court

13   explained the policy reasons for the attorney work product privilege:

14       Were such materials open to opposing counsel on mere demand, much of what is
         now put down in writing would remain unwritten. An attorney's thoughts,
15       heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp
         practices would inevitable develop in the giving of legal advice and in the
16       preparation of cases for trial. The effect on the legal profession would be
         demoralizing. And the interests of the clients and the cause of justice would be
17       poorly served. . . . [T]he general policy against invading the privacy of an
         attorney's course of preparation is so well recognized and so essential to an
18       orderly working of our system of legal procedure that **a burden rests on the one
         who would invade that privacy to establish adequate reasons to justify**
19       **production.** (*Id.* at 511-512 (emphasis added).)

20   Whether a request that a party identify and produce information and documents that

21   counsel believes are relevant to the issues in this case violates the work product rule was addressed

22   in *Nacht & Lewis Architects, Inc. v Superior Court* (1996) 47 Cal.App.4th 214 and *City of Long*

23   *Beach v. Superior Court* (1976) 64 Cal.App.3d 65.

24   In *Nacht & Lewis Architects, Inc., supra,* 47 Cal.App.4th at 217, the trial court granted an

25   order requiring the defendant to identify all persons who had been interviewed by the defendant or

26   anyone acting on its behalf. The defendant objected to Form Interrogatory No. 12.2, stating that

27   interviews had been conducted but identification of the witnesses was protected by the

28   attorney-client privilege and work product doctrine. (*Id.*) The Court of Appeal held that requiring

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179E.5F

1  the defendant to provide a list of witnesses interviewed would violate the _absolute_ work product

2  privilege of Section 2018(c), now Section 2018.030. (*Id.*) That court held as follows:

3      Compelled production of a list of potential witnesses interviewed by
       opposing counsel would necessarily reflect counsel's evaluation of the case

4      by revealing which witnesses or persons who claimed knowledge of the
       incident (already identified by defendants' response to interrogatory No.

5      12.1) counsel deemed important enough to interview. (*Id.*)

6      In *City of Long Beach v. Superior Court* (1976) 64 Cal.App.3d 65 the plaintiff served

7  interrogatories seeking the names and address of non-expert witnesses the defendant intended to

8  call at trial and sought the nature of the testimony of each witness. (*Id.* at 69.) The court

9  specifically held that requiring the defendant to disclose the identity of the witnesses it intended to

10  call was qualified work product. (*Id.* at 73.) The court further held that the anticipated testimony

11  was absolutely privileged as work product. (*Id.* at 80.)

12      Plaintiffs' counsel's selection and/or collection of information that counsel deems

13  important to the lawsuit or **"supports his clients' contentions"** is also protected work product. In

14  cases involving extensive document discovery, the **selection and compilation** of documents is

15  often more crucial than legal research. (*Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir.

16  1986)(citing *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D.Del.1982).)) "Even if the

17  individual documents sought are not attorney work product, **'the selection process itself**

18  **represents defense counsel's mental impressions and legal opinions as to how the evidence in**

19  **the documents relates to the issues and defenses in the litigation.'"** (*Smith v. Florida Power &*

20  *Light Co.*, 632 So. 2d 696, 698 (Fla. Dist. Ct. App. 1994)(citing *Sporck v. Peil*, 759 F.2d 312, 315

21  (3d Cir. 1985).)) **The selection and compilation of documents by counsel falls within the**

22  **highly-protected category of opinion work product.** (*Sporck v. Peil*, 759 F.2d 312, 315 (3d Cir.

23  1985).) **Thus, regardless of the jurisdiction, it is clear that in the practice of law, the**

24  **selection and compilation of documents is attorney work product that is not discoverable.**

25      In the instant case, the Defendants ask that Plaintiffs' counsel be required to review their

26  files and tell defendant (a) which documents plaintiffs' counsel think support Plaintiffs' claim, (b)

27  why Plaintiffs' counsel believes they are important, and (c) which documents Plaintiffs' counsel

28  might use at trial. These interrogatories violate the absolute work product privilege in that they

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-8-

**Plaintiff's Opposition to Defendant's Motion to Compel**

179E.5F

1  improperly seek "an attorney's impressions, conclusions, opinions, or legal research or theories."

2  (*C.C.P.* §2030.030.)  An answer to these interrogatories will not clarify Plaintiffs' contentions,

3  provide Defendants with facts, or narrow the issues.  (*See, e.g., Sheets v. Superior Court* (1967)

4  257 Cal.App.2d 1, 13).  Rather, these interrogatories are asking Plaintiff to perform qualitative

5  analysis and research for the Defendants.  (*See id.*)  However, Plaintiffs' counsel's selection,

6  review, understanding, and compilation of facts and documents is attorney work product.  Any

7  facts and documents that Plaintiffs' counsel have gathered have been a result of a number of hours

8  of work.  Defendants should not benefit from the research that plaintiffs' counsel has done.

9         In addition, a response to those interrogatories where the Defendants seek treatises,

10  periodicals, and publications that Plaintiffs' counsel may have gathered would also reveal

11  Plaintiffs' counsel's research.  Therefore, pursuant to the attorney work product privilege,

12  plaintiffs cannot and should not be compelled to respond to defendant's requests for such

13  information.

14

15  **V.      CONCLUSION**

16         For the above reasons, Defendants' motion must be denied in full.

17

18  DATED: April 24, 2007            GREENE BROILLET & WHEELER, LLP

19

20

21                                    Michael Avenatti
                                      Alan Van Gelder
22                                    Attorneys for Plaintiff

23

24

25

26

27

28

**Plaintiff's Opposition to Defendant's Motion to Compel**

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179E.5F

## DECLARATION OF MICHAEL J. AVENATTI

I, Michael J. Avenatti, declare and say that:

I am an attorney at law licensed to practice before all of the courts of the State of California, and am a member of the law firm of Greene Broillet & Wheeler, attorneys of record for plaintiffs Thomas Gaines et al. As such, I have personal knowledge of the facts surrounding the present action and all facts herein stated. If called as a witness, I could testify competently to the following:

1.     Attached as Exhibit 1 is a true and correct copy of an e-mail I sent to defense counsel which contains newspaper articles regarding the extensive distribution agreement between McKesson and Wal-Mart.

2.     Attached as Exhibits 2-5 are true and correct copies of signed and verified responses to all of the discovery responses that are at issue in Defendants' motion to compel. As the proofs of service for each response indicate, the responses were mailed on February 9, 2007, making them all timely.

3.     At no time did myself, any attorney at my office, or any employee of my office enter into an agreement with Defendants that stated that e-mail or facsimile service of the responses attached as Exhibits 2-5 would satisfy the provisions of CCP § 1013 or that e-mail/facsimile service would substitute or nullify mail service of the same responses.

4.     I do not believe that Plaintiffs' responses were untimely. However if such responses are deemed untimely, it is the result of mistake, inadvertence, and excusable neglect by my office as well as the failure of defense counsel to properly communicate with my office.

///

///

///

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179E.5F

-1-

**Plaintiff's Opposition to Defendant's Motion to Compel**

5.     Defendants have not articulated to me any prejudice that has resulted from receiving the responses by mail as provided by the CCP.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 24th day of April, 2007, at Santa Monica, California.

Michael J. Avenatti, Esq.
Declarant

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179E.5F

1

## DECLARATION OF LINDA SHAFFER

2

3      I, Linda Shaffer, declare and say that:

4

5      I am employed as a paralegal at the law firm of Greene Broillet & Wheeler, who are attorneys

6  of record for plaintiffs Thomas Gaines et al.  As such, I have personal knowledge of the facts

7  surrounding the present action and all facts herein stated.  If called as a witness, I could testify

8  competently to the following:

9      1.    Exhibits 2-5 of this motion were mailed by my office on February 9, 2007. They were

10  signed and verified when they were mailed out on that date.

11      2.    It is my normal procedure as well as the normal procedure of Greene Broillet &

12  Wheeler to mail responses to discovery.

13      3.    At the time  the discovery responses attached as Exhibits 2-5 were mailed, I had

14  forgotten that Defense counsel had also requested that a copy of the responses by sent out via e-mail

15  or facsimile

16      4.    At no time did I enter into an agreement with Defendants that stated that e-mail or fax

17  service of the responses attached as Exhibits 2-5 would satisfy the provisions of CCP § 1013 or that

18  e-mail or fax service would substitute or nullify mail service of the same responses.

19      5.    As of February 9, 2007, it was my understanding that Defendants merely wanted an

20  electronic version of the discovery responses in addition to hard copy versions of the responses, which

21  is why when I found out that Defense counsel still wanted e-mail versions of the responses, I e-mailed

22  electronic versions of the responses to Defense counsel on February 12, 2007. Because our office had

23  already mailed out signed and verified copies of the responses, I assumed that merely e-mailing the

24  electronic documents directly from the system (which were not signed) would be sufficient.

25      6.    I do not believe that Plaintiffs' responses were untimely.  However if such responses

26  are deemed untimely it is the result of mistake, inadvertence, and excusable neglect on my part as well

27  as the failure of defense counsel to properly communicate with me. Had I understood that Defendants

28  would attempt to argue that failure to e-mail or fax signed verified versions of the discovery responses

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179E.5F

1   on February 9, 2007 would make them untimely, I would not have followed our office's usual

2   procedure and would have e-mailed or faxed, as well as mailed,  the responses on February 9, 2007.

3   Furthermore, had Defense counsel been more clear about the consequences Defendants believed

4   would result from failing to e-mail the responses on February 9, 2007, I would have made an extra

5   note and taken extra attention to make sure the responses were e-mailed or faxed on February 9, 2007.

6

7        I declare under penalty of perjury under the laws of the State of California that the foregoing

8   is true and correct.

9

10        Executed this 24th day of April, 2007, at Santa Monica, California.

11

12

13

14   Linda Shaffer
     Declarant

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179E.5P

McKesson, Wal-Mart extend pact / San Francisco company will remain retailer's main supplier of bran...   Page 1 of 1

**SFGate.com**

## McKesson, Wal-Mart extend pact
### San Francisco company will remain retailer's main supplier of branded pharmaceuticals

Bernadette Tansey, Chronicle Staff Writer
Saturday, November 25, 2006

McKesson Corp., the largest distributor of pharmaceuticals in the United States, said Friday it has renewed a long-standing supply agreement with Wal-Mart Stores, Inc., the world's largest retailer.

The San Francisco company said the agreement maintains its standing as Wal-Mart's primary supplier of branded pharmaceutical products. Details of the agreement were not disclosed, including the terms under which McKesson might continue to supply generic drugs. Wal-Mart recently introduced a price-slashing campaign offering commonly prescribed generics at $4 for a month's supply.

Target Corp. announced a similar discount program for generic drugs on Monday. Target had renewed its supply contract with McKesson during the quarter ending Sept. 30. Representatives of McKesson, Wal-Mart and Target were not available to discuss the impact of the price-cutting campaigns on McKesson and other distributors of generic drugs.

Wal-Mart, based in Bentonville, Ark., estimates that the 331 drugs now covered by its discount program represent more than 25 percent of the prescriptions filled at its pharmacies nationwide. The company recently said the program is offered at 3,009 pharmacies in 38 states.

In its earnings reports this year, McKesson has pointed to its generics business as a source of increasing profit. McKesson, the largest distributor of generic drugs in North America, said it moves quickly to make generics available to customers once the patents on brand-name drugs expire.

Because patents are expiring on so many expensive drugs, the growth rate of revenue from pharmaceutical distribution is dropping, it said. But profit margins from the increased sales of generic drugs should be higher, McKesson predicted in a May 4 report.

The company reported revenue of $88.1 billion and net income of $751 million for its 2006 fiscal year, which ended March 31. On Oct. 31, McKesson raised its estimate of 2007 earnings per share to $2.65 to $2.75.

McKesson, whose relationship with Wal-Mart began in 1988, will continue to supply Wal-Mart's mail-order facility and warehouses. It will also continue to provide repackaging services through its RxPak unit.

McKesson shares gained 36 cents to close at $48.18 on Friday.

*E-mail Bernadette Tansey at btansey@sfchronicle.com.*

http://sfgate.com/cgi-bin/article.cgi?f=/c/a/2006/11/25/BUGKOMHBI81.DTL

This article appeared on page C - 1 of the San Francisco Chronicle

**EXHIBIT** 

McKesson Corporate: McKesson Renews Pharmaceutical Distribution Agreement With Wal-Mart     Page 1 of 1

Home > About Us > Newsroom > Press Releases > 2006

## McKesson Renews Pharmaceutical Distribution Agreement With Wal-Mart
November 24, 2006

SAN FRANCISCO--(BUSINESS WIRE)--McKesson Corporation (NYSE:MCK), the nation's largest pharmaceutical distributor, announced today that it has renewed its comprehensive supply agreement with Wal-Mart Stores, Inc., the largest retailer in the world.

The agreement extends the companies' relationship, which dates back to 1988, and maintains McKesson as the primary supplier of brand pharmaceutical products for Wal-Mart stores across the United States. In addition, McKesson will continue to be a supplier to Wal-Mart's mail order facility and warehouses. McKesson will also continue to provide repackaging services through its RxPak business.

"We are pleased to extend our longstanding and extensive relationship with Wal-Mart," said John Figueroa, President of McKesson Pharmaceuticals, the company's domestic pharmaceutical distribution business unit.

**Risk Factors**

Except for historical information contained in this press release, matters discussed may constitute "forward-looking statements", within the meaning of Section 27A of the Securities Act of 1933 and Section 21E of the Securities Exchange Act of 1934, that involve risks and uncertainties that could cause actual results to differ materially from those projected, anticipated or implied. These statements may be identified by their use of forward-looking terminology such as "believes", "expects", "anticipates", "may", "should", "seeks", "approximates", "intends", "plans", "estimates" or the negative of these words or other comparable terminology. The most significant of these risks and uncertainties are described in the company's Form 10-K, Form 10-Q and Form 8-K reports filed with the Securities and Exchange Commission and include, but are not limited to: adverse resolution of pending shareholder litigation regarding the 1999 restatement of our historical financial statements; the changing U.S. healthcare environment, including changes in government regulations and the impact of potential future mandated benefits; competition; changes in private and governmental reimbursement or in the delivery systems for healthcare products and services; governmental and manufacturers' efforts to regulate or control the pharmaceutical supply chain; changes in pharmaceutical and medical-surgical manufacturers' pricing, selling, inventory, distribution or supply policies or practices; changes in the availability or pricing of generic drugs; changes in customer mix; substantial defaults in payment or a material reduction in purchases by large customers; challenges in integrating and implementing the company's internally used or externally sold software and software systems, or the slowing or deferral of demand or extension of the sales cycle for external software products; continued access to third-party licenses for software and the patent positions of the company's proprietary software; the company's ability to meet performance requirements in its disease management programs; the adequacy of insurance to cover liability or loss claims; new or revised tax legislation; foreign currency fluctuations or disruptions to foreign operations; the company's ability to successfully identify, consummate and integrate strategic acquisitions; changes in generally accepted accounting principles (GAAP) and general economic conditions. The reader should not place undue reliance on forward-looking statements, which speak only as of the date they are made. The company assumes no obligation to update or revise any such statements, whether as a result of new information or otherwise.

**About McKesson**

McKesson Corporation (NYSE:MCK) is a Fortune 16 healthcare services and information technology company dedicated to helping its customers deliver high-quality healthcare by reducing costs, streamlining processes and improving the quality and safety of patient care. Over the course of its 173-year history, McKesson has grown by providing pharmaceutical and medical-surgical supply management across the spectrum of care; healthcare information technology for hospitals, physicians, homecare and payors; hospital and retail pharmacy automation; and services for manufacturers and payors designed to improve outcomes for patients. For more information, visit us at www.mckesson.com.

**About Wal-Mart Stores, Inc.**

Wal-Mart Stores, Inc. operates Wal-Mart discount stores, supercenters, Neighborhood Markets and Sam's Club locations in the United States. The Company operates in Argentina, Brazil, Canada, China, Costa Rica, El Salvador, Guatemala, Honduras, Japan, Mexico, Nicaragua, Puerto Rico and the United Kingdom. The Company's securities are listed on the New York Stock Exchange and NYSE Arca, formerly the Pacific Stock Exchange, under the symbol WMT.

More information about Wal-Mart can be found by visiting www.walmartfacts.com. Online merchandise sales are available at www.walmart.com.

McKesson Corporate: McKesson Named a Wal-Mart Supplier of the Year

Home > About Us > Newsroom > Press Releases > 2002

## McKesson Named a Wal-Mart Supplier of the Year
April 15, 2002

Business Editors/Health Writers

SAN FRANCISCO—(BUSINESS WIRE)—April 15, 2002--McKesson Corporation announced today that it has been honored as one of Wal-Mart's "Suppliers of the Year." McKesson was recently honored as Wal-Mart's "Supplier of the Quarter" for improvements in the areas of on-time shipping, performance, innovative programs and partnership.

In addition to the "Supplier of the Year" honor, McKesson was one of 10 suppliers out of more than 1,000 doing business with Wal-Mart that achieved and was recognized for surpassing $1 billion in 2001.

"The Supplier of the Year honor is reserved for selected suppliers. It singles out the best of the best," said Frank Segrave, vice president of pharmacy for Wal-Mart.

"We are honored to be recognized as one of Wal-Mart's key suppliers," remarked Paul Julian, president, McKesson Supply Solutions. "Our innovation, depth of resources, and commitment of our employees have all contributed to this achievement."

McKesson Corporation is a leading provider of innovative solutions in supply, information and care management through advanced technologies and services that deliver greater return on investment and better patient outcomes for providers, payors, employers and manufacturers. With revenues of $42 billion for the fiscal year ended March 31, 2001, McKesson ranks #31 in the 2001 Fortune 500. More information about McKesson is available on the company's Website at: www.mckesson.com.

## Alan Van Gelder

| | |
|---|---|
| **From:** | Michael Avenatti |
| **Sent:** | Tuesday, April 10, 2007 5:17 PM |
| **To:** | 'Pulliam, Jr., Thomas W.' |
| **Cc:** | 'Zvoleff, Vernon I.'; 'Conour, Kenneth P.'; 'Holl, Benjamin J.'; 'Sabnis, Cheryl A.'; 'Schneider, Lynn'; 'Smith, Matthew P.'; Alan Van Gelder; Linda Shaffer |
| **Subject:** | RE: Gaines v. J&J - Deposition of PMK of McKesson |

**Importance:** High

Tom:

As a follow-up to our discussion earlier today, please see the attached.

Thanks,

Michael

-----Original Message-----
**From:** Pulliam, Jr., Thomas W. [mailto:Thomas.Pulliam@dbr.com]
**Sent:** Tuesday, April 10, 2007 4:45 PM
**To:** Michael Avenatti
**Cc:** Zvoleff, Vernon I.; Conour, Kenneth P.; Holl, Benjamin J.; Sabnis, Cheryl A.; Pulliam, Jr., Thomas W.; Schneider, Lynn; Smith, Matthew P.
**Subject:** RE: Gaines v. J&J - Deposition of PMK of McKesson

as discussed today, I have call in to the lawyer who represents McKesson and will let you know when I have heard from him

Thomas W. Pulliam, Jr.
**Drinker Biddle & Reath LLP**
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
415 591 7570
415 591 7510 (fax)
email: thomas.pulliam@dbr.com

------------------------------------------------

Disclaimer Required by IRS Rules of Practice:

Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under Federal tax laws.

------------------------------------------------

4/24/2007

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail at e-mail@dbr.com and delete the message.

Thank you very much.

-----------------------------------------------------------------

-----Original Message-----
**From:** Michael Avenatti [mailto:MAvenatti@greene-broillet.com]
**Sent:** Tuesday, April 10, 2007 12:29 PM
**To:** Holl, Benjamin J.; Pulliam, Jr., Thomas W.
**Cc:** Alan Van Gelder; Linda Shaffer
**Subject:** Gaines v. J&J – Deposition of PMK of McKesson
**Importance:** High

Dear Counsel:

I write as a professional courtesy in advance of noticing the deposition of the Person(s) Most Knowledgeable at Defendant McKesson regarding the following general subjects:

1. Distribution of Children's Motrin during the time period January 1, 2001 - December 31, 2004.

2. The business relationship between Defendant McKesson and Wal-Mart Stores, Inc. during the time period January 1, 2001 - December 31, 2004.

3. The business relationship between Defendant McKesson and McNeil Consumer & Specialty Pharmaceuticals during the time period January 1, 2001 - December 31, 2004.

4. The business relationship between Defendant McKesson and McNeil-PPC, Inc. during the time period January 1, 2001 - December 31, 2004.

5. The business relationship between Defendant McKesson and Johnson & Johnson during the time period January 1, 2001 - December 31, 2004.

6. Any and all agreements relating to the distribution of drugs or medications to Wal-Mart Stores, Inc. entered into during, or covering any portion of the time period January 1, 2001 - December 31, 2004.

By the close of business Thursday, please provide dates between next April 23 and May 5 on which the PMK(s) is available to be deposed. In the event we do not hear from you, we will have no choice but to unilaterally set the deposition.

Best regards,

Michael

Michael J. Avenatti, Esq.
Greene Broillet & Wheeler, LLP
100 Wilshire Boulevard, 21st Floor
Santa Monica, CA 90401
(310) 576-1200 (tel)
(949) 887-4118 (cell)
(310) 576-1220 (fax)

mavenatti@greene-broillet.com
www.greene-broillet.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient
(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the
intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-
mail or telephone, and delete all copies of this message.

GREENE BROILLET & WHEELER, LLP
LAWYERS
100 WILSHIRE BOULEVARD, SUITE 2100
P.O. BOX 2131
SANTA MONICA, CALIFORNIA 90407-2131
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

BROWNE GREENE, State Bar No. 38441
MICHAEL J. AVENATTI, State Bar No. 206929

Attorneys for    **Plaintiff**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | | |
|---|---|---|
| THOMAS B. GAINES, etc., et al, | ) | CASE NO.   CGC -06-457600 |
| Plaintiffs, | ) | **PLAINTIFFS' RESPONSE TO** |
| vs. | ) | **SPECIAL INTERROGATORIES, SET** |
| | ) | **ONE** |
| JOHNSON & JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

RESPONDING PARTY:        Plaintiffs THOMAS B. GAINES, et al.

PROPOUNDING PARTY:      Defendants JOHNSON & JOHNSON, et al.

SET NO:                          ONE (1)

TO DEFENDANTS JOHNSON & JOHNSON, et al., AND TO THEIR ATTORNEYS OF RECORD

HEREIN:

          COME NOW plaintiffs, pursuant to <u>California Code of Civil Procedure</u>, section 2030, and hereby provide the following responses, without prejudice to further discovery.

## GENERAL OBJECTIONS

A.       Plaintiffs object to all of the individual Interrogatories to the extent they call for information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.  To the extent that the Interrogatories call for information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection, Plaintiffs hereby claim such privilege and invokes such protection.  The fact that Plaintiffs do not specifically object to an individual Interrogatory on the ground that it seeks such privileged or protected information shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection.

B.       Plaintiffs object to all of the individual Interrogatories to the extent they purport to impose upon Plaintiffs the burden of furnishing information that is not available to it or that is equally or more readily available to the defendants.

C.       Plaintiffs object to all of the individual Interrogatories to the extent they seek information that is not relevant to the subject matter involved in the pending action or reasonably calculated to lead to the discovery of admissible evidence.

D.       Plaintiffs object to the Interrogatories, and to each Interrogatory set forth therein, to the extent that they seek the discovery of sensitive and confidential personal and financial information.

E.       Plaintiffs object to each and every Interrogatory herein to the extent that it is overly broad, unduly burdensome, and oppressive.

F.       Plaintiffs object to each and every Interrogatory herein to the extent that it is vague, ambiguous, or unintelligible.

G.       Plaintiffs object to these Interrogatories on the grounds and to the extent that they contain multiple subparts in violation of the Code and California law.

H.       The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference to the extent applicable to the specific responses set forth below as though fully set forth therein.  The failure to mention any of the foregoing objections and

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179E.33

1    qualifications in the specific responses set forth below shall not be deemed a waiver of such objection

2    or qualification.

3

4                    **SPECIAL INTERROGATORIES AND RESPONSES**

5

6    **SPECIAL INTERROGATORY NO. 1:**

7                    IDENTIFY the PERSON(s) from whom the CHILDREN'S MOTRIN was purchased.

8                    (For the purposes of this set of interrogatories, PERSON means a natural person or any

9    business or governmental entity. For the purposes of this set of interrogatories," IDENTIFY" with

10   respect to a PERSON means state the name, present or last known address and present or last

11   telephone number of the PERSON. For the purposes of this set of interrogatories, "CHILDRENS'

12   MOTRIN" means the Children's Motrin referred to in Paragraphs 11 and 15 of the COMPLAINT. For

13   the purposes of this set of interrogatories, "COMPLAINT" means the Complaint for Damages filed

14   by YOU on November 3, 2006 in San Francisco County Superior Court and assigned Case No. CGC-

15   06-457600. For the purposes of this set of interrogatories, "YOU" and "YOUR" means the Plaintiffs

16   and their attorneys, agents, representatives and any other person acting on Plaintiffs' behalf.)

17   **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

18                   It is plaintiffs' best knowledge that the CHILDREN'S MOTRIN was purchased from

19   WAL-MART, 401 North General Blvd., Lincolnton, NC 28092-3559; (704) 732-3090.

20                   Discovery is ongoing and plaintiffs reserve the right to supplement this response.

21

22   **SPECIAL INTERROGATORY NO. 2:**

23                   IDENTIFY the PERSON(s) who purchased the CHILDREN'S MOTRIN from the

24   PERSON(s) identified in YOUR response to Special Interrogatory No. 1.

25   **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

26                   It is plaintiffs' best knowledge that Diana Gaines is the PERSON who purchased the

27   CHILDREN'S MOTRIN from Walmart.

28                   Discovery is ongoing and plaintiffs reserve the right to supplement this response.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179B.33

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1　**SPECIAL INTERROGATORY NO. 3:**

2　　　　State the lot number of the CHILDREN'S MOTRIN.

3　**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

4　　　　Plaintiffs threw the CHILDREN'S MOTRIN bottle away and thus do not know the lot

5　number. Discovery is ongoing and plaintiffs reserve the right to supplement this response.

6

7　**SPECIAL INTERROGATORY NO. 4:**

8　　　　State the batch number of the CHILDREN'S MOTRIN.

9　**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

10　　　　Plaintiffs threw the CHILDREN'S MOTRIN bottle away and thus do not know the

11　batch number. Discovery is ongoing and plaintiffs reserve the right to supplement this response.

12

13　**SPECIAL INTERROGATORY NO. 5:**

14　　　　State the date the CHILDREN'S MOTRIN was sold to YOU.

15　**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

16　　　　Plaintiffs do not know the date the CHILDREN'S MOTRIN was sold to them, but their

17　best estimate is that it was approximately 6 months before September 29, 2004.

18　　　　Discovery is ongoing and plaintiffs reserve the right to supplement this response.

19

20　**SPECIAL INTERROGATORY NO. 6:**

21　　　　IDENTIFY all DOCUMENTS that evidence the sale of CHILDREN'S MOTRIN to

22　YOU.

23　　　　(For the purposes of this set of interrogatories, IDENTIFY with respect to a

24　DOCUMENT means state, to the extent known, the (a) type of DOCUMENT; (b) the subject matter

25　to which it relates; (c) the date the DOCUMENT was created; (d) the author(s) of the DOCUMENT:

26　and (e) the recipient(s) of the DOCUMENT.)

27　///

28　///

179E.33

1    **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

2              Despite a diligent search and reasonable inquiry plaintiffs are unable to locate any

3    DOCUMENTS responsive to this interrogatory. Discovery is ongoing, however, and plaintiffs reserve

4    the right to supplement this response.

5

6    **SPECIAL INTERROGATORY NO. 7:**

7              IDENTIFY the PERSON(s) who has possession of the packaging (including bottles,

8    cartons, vials, boxes or other containers) which contained the CHILDREN'S MOTRIN.

9    **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

10             Plaintiffs threw away the packaging which contained the CHILDREN'S MOTRIN. It

11   is therefore their opinion that no PERSON has possession of it. Discovery is ongoing, however, and

12   plaintiffs reserve the right to supplement this response.

13

14   **SPECIAL INTERROGATORY NO. 8:**

15             IDENTIFY the PERSON(s) who has possession of the remainder of any CHILDREN'S

16   MOTRIN contained in the packaging referred to in Special Interrogatory No. 7 above.

17   **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

18             Plaintiffs threw away the bottle and contents of the CHILDREN'S MOTRIN. It is

19   therefore their opinion that no PERSON has possession of any remaining pills. Discovery is ongoing,

20   however, and plaintiffs reserve the right to supplement this response.

21

22   **SPECIAL INTERROGATORY NO. 9:**

23             IDENTIFY the PERSON(s) who has possession of the labeling (including package

24   inserts, brochures, pamphlets and other documents) that accompanied the CHILDREN'S MOTRIN.

25   **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

26             Plaintiffs threw away the labeling that accompanied the CHILDREN'S MOTRIN. It

27   is therefore their opinion that no PERSON has possession of it. Discovery is ongoing, however, and

28   plaintiffs reserve the right to supplement this response.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179B.33

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1  **SPECIAL INTERROGATORY NO. 10:**

2        If YOU no longer have possession, custody or control of the CHILDREN'S MOTRIN

3  (including its bottle, packaging, labeling, and any package insert), IDENTIFY the PERSON(s) who

4  does have possession, custody or control of it.

5  **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

6        Plaintiffs threw away the CHILDREN'S MOTRIN (including its bottle, packaging,

7  labeling and any package insert). It is therefore their opinion that no PERSON has possession of it.

8  Discovery is ongoing, however, and plaintiffs reserve the right to supplement this response.

9

10  **SPECIAL INTERROGATORY NO. 11:**

11        IDENTIFY the PERSON who was the <u>DISTRIBUTOR</u> of the CHILDREN'S

12  MOTRIN.

13        (The term "DISTRIBUTOR" is used in these interrogatories as it is used in paragraph

14  9 of the COMPLAINT.)

15  **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

16        To plaintiffs' best knowledge, MCKESSON CORPORATION.

17        Discovery is ongoing and plaintiffs reserve the right to supplement this response.

18

19  **SPECIAL INTERROGATORY NO. 12:**

20        Set forth all facts upon which YOU rely for YOUR contention that MCKESSON is a

21  proper party to this lawsuit.

22        (For purposes of this set of interrogatories, "MCKESSON" means McKesson

23  Corporation and any subsidiary or division thereof.)

24  **RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

25        Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning,

26  theory, and/or statutory basis supporting a factual contention.

27        Without waiving this objection, plaintiffs state that MCKESSON was and is the

28  distributer of CHILDREN'S MOTRIN to WAL-MART.

179E.33

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1    Discovery is ongoing and plaintiffs reserve the right to supplement this response.

2

3    **SPECIAL INTERROGATORY NO. 13:**

4    Describe all EVIDENCE supporting YOUR contention that MCKESSON is a proper

5    party to this lawsuit.

6    (For the purposes of this set of interrogatories, "EVIDENCE" means all

7    DOCUMENTS, testimony, or statements made from personal knowledge of any potential witness. For

8    the purposes of this set of interrogatories, "DOCUMENTS" means written, printed, typed, or visually

9    or orally reproduced material of any kind, whether or not privileged, including but not limited to any

10    and all letters, correspondence, contracts, agreements, bills, orders, receipts, invoices, statements,

11    records [including but not limited to medical records], books, articles, computer tapes and reports,

12    press releases, advertising and promotional literature, prints, drawings, plans, photographs, printed

13    forms, manuals, brochures, lists, publications, videotapes, or other tape recordings, films, microfilm,

14    and all other writings, including drafts, typings, printings, minutes or copies or reproductions thereof

15    in the possession, custody, or control of YOU.)

16    **RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

17    Objection: This interrogatory seeks plaintiff's counsel's work product, legal reasoning,

18    theory, and/or statutory basis supporting a factual contention.

19    Without waiving this objection, plaintiff states that MCKESSON was and is the

20    distributer of CHILDREN'S MOTRIN to WAL-MART.

21    Discovery is ongoing and plaintiffs reserve the right to supplement this response.

22

23    **SPECIAL INTERROGATORY NO. 14:**

24    Set forth all facts upon which YOU rely for YOUR contention that WAL-MART is a

25    proper party to this lawsuit.

26    (For purposes of this set of interrogatories, "WAL-MART" means Wal-Mart Stores,

27    Inc., and any subsidiary or division thereof.)

28    ///

1798.33

1   **RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

2           Objection: This interrogatory seeks plaintiff's counsel's work product, legal reasoning,

3   theory, and/or statutory basis supporting a factual contention.

4           Without waiving this objection plaintiffs state that they purchased the CHILDREN'S

5   MOTRIN from WAL-MART.

6           Discovery is ongoing and plaintiffs reserve the right to supplement this response.

7

8   **SPECIAL INTERROGATORY NO. 15:**

9           Describe all EVIDENCE supporting YOUR contention that WAL-MART is a proper

10  party to this lawsuit.

11  **RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

12          Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning,

13  theory, and/or statutory basis supporting a factual contention.

14          Without waiving this objection, plaintiffs state that they purchased the CHILDREN'S

15  MOTRIN from WAL-MART.

16          Discovery is ongoing and plaintiffs reserve the right to supplement this response..

17

18  **SPECIAL INTERROGATORY NO. 16:**

19          Set forth all facts upon which YOU rely for YOUR contention that the CHILDREN'S

20  MOTRIN was sold by WAL-MART.

21  **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

22          Plaintiffs cite their personal knowledge that they purchased the CHILDREN'S

23  MOTRIN from WAL-MART.

24          Discovery is ongoing and plaintiffs reserve the right to supplement this response..

25

26  **SPECIAL INTERROGATORY NO. 17:**

27          Describe all EVIDENCE supporting YOUR contention that the CHILDREN'S

28  MOTRIN was sold by WAL-MART.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-8-

179B.33

1  **RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

2      Plaintiffs cite as EVIDENCE their personal knowledge that they purchased the

3  CHILDREN'S MOTRIN from WAL-MART.

4      Discovery is ongoing and plaintiffs reserve the right to supplement this response..

5

6  **SPECIAL INTERROGATORY NO. 18:**

7      Set forth the facts upon which YOU rely for YOUR contention that the CHILDREN'S

8  MOTRIN was sold by MCKESSON.

9  **RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

10      Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning,

11  theory, and/or statutory basis supporting a factual contention.

12      Without waiving this objection, plaintiffs state that MCKESSON was and is the

13  distributer of CHILDREN'S MOTRIN to WAL-MART.

14      Discovery is ongoing and plaintiffs reserve the right to supplement this response.

15

16  **SPECIAL INTERROGATORY NO. 19:**

17      Describe all EVIDENCE supporting YOUR contention that the CHILDREN'S

18  MOTRIN was sold by MCKESSON.

19  **RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

20      Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning,

21  theory, and/or statutory basis supporting a factual contention.

22      Without waiving this objection, plaintiffs state that MCKESSON was and is the

23  distributer of CHILDREN'S MOTRIN to WAL-MART.

24      Discovery is ongoing and plaintiffs reserve the right to supplement this response.

25

26  **SPECIAL INTERROGATORY NO. 20:**

27      Describe the efforts YOU have made to identify the distributor of the CHILDREN'S

28  MOTRIN.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179B.33

1  **RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

2  Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning,

3  theory, and/or statutory basis supporting a factual contention.

4  Without waiving this objection, plaintiffs state that MCKESSON was and is the

5  distributer of CHILDREN'S MOTRIN to WAL-MART.

6  Discovery is ongoing and plaintiffs reserve the right to supplement this response.

7

8  **SPECIAL INTERROGATORY NO. 21:**

9  IDENTIFY all PERSONS with knowledge of the efforts YOU have made to identify

10 the distributer of the CHILDREN'S MOTRIN.

11 **RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

12 Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning,

13 theory, and/or statutory basis supporting a factual contention.

14 Without waiving this objection, plaintiffs state that MCKESSON was and is the

15 distributer of CHILDREN'S MOTRIN to WAL-MART.

16 Discovery is ongoing and plaintiffs reserve the right to supplement this response.

17

18 **SPECIAL INTERROGATORY NO. 22:**

19 Describe all EVIDENCE concerning the efforts YOU have made to identify the

20 distributer of the CHILDREN'S MOTRIN.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Plaintiffs Response to Special Interrogatories, Set One

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

L79E.33

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiffs state that MCKESSON was and is the distributer of CHILDREN'S MOTRIN to WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

DATED: February 9, 2007                    GREENE BROILLET & WHEELER, LLP

_Michael J. Avenatti / by JCD_

MICHAEL J. AVENATTI
Attorney for Plaintiff

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179E.33

**VERIFICATION**

)
)
STATE OF CALIFORNIA )
)
COUNTY OF SAN FRANCISCO )
)
)

I have read the foregoing RESPONSES TO SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED BY DEFENDANTS , JOHNSON & JOHNSON, et al., and know of its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on 2/9_____, 2007, at Vale, North Carolina

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Diana L. Gaines (Mother & GAL)_____        _Diana L. Gaines_____
Type or Print Name                              Signature

Gary D. Gaines (Father & GAL)_____          _Gary D. Gaines_____
Type or Print Name                              Signature

**PROOF OF SERVICE**
(C.C.P. 1013A, 2015.5)

**STATE OF CALIFORNIA**

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 100 Wilshire Boulevard, 21st Floor, Santa Monica, California 90401.

On **February 9, 2007** I served the foregoing document, described as **Plaintiffs' Response to Special Interrogatories, Set One** on the interested parties in this action

___ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

 **X** by placing **X** the original ___ a true copy enclosed in sealed envelopes addressed as follows:

Charles F. Preuss, Esq.
**DRINKER BIDDLE & REATH LLP**
**50 Fremont St., 20th Floor**
**San Francisco, CA 94105-2235**
**(415) 591-7500**

 **X  BY MAIL.**

___ I deposited such envelope in the mail at Santa Monica, California. The envelope was mailed with postage thereon fully prepaid.

 **X** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **February 9, 2007** at Santa Monica, California.

___ **BY PERSONAL SERVICE.** I delivered such envelope by hand to the offices of the addressee.

___ **BY FACSIMILE.** I faxed a copy of the above-described document to the interested parties as set forth [above/on the attached mailing list].

Executed on **February 9, 2007** at Santa Monica, California.

 **X** (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**Linda Shaffer**
**Name**

Signature

1

GREENE BROILLET & WHEELER, LLP
LAWYERS
100 WILSHIRE BOULEVARD, SUITE 2100
P.O. BOX 2131
SANTA MONICA, CALIFORNIA 90407-2131
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

2

3

BROWNE GREENE, State Bar No. 38441

4

MICHAEL J. AVENATTI, State Bar No. 206929

5

Attorneys for    Plaintiff

6

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF SAN FRANCISCO

10

11

THOMAS B. GAINES, et al.,

CASE NO.  CGC -06-457600

12

Plaintiffs,

**PLAINTIFFS' RESPONSE TO FORM
INTERROGATORIES, SET ONE**

13

vs.

14

JOHNSON & JOHNSON, et al.,

15

Defendants.

16

17

RESPONDING PARTY:    Plaintiffs THOMAS B. GAINES, et al.

18

PROPOUNDING PARTY:    Defendants JOHNSON & JOHNSON, et al.

19

SET NO:    ONE (1)

20

21

TO DEFENDANTS JOHNSON & JOHNSON, et al., AND TO THEIR ATTORNEYS OF RECORD

22

HEREIN:

23

24

COME NOW plaintiffs, pursuant to California Code of Civil Procedure, section 2030,

25

and hereby provide the following responses, without prejudice to further discovery.

26

27

28

**EXHIBIT 3**

179B.32

-1-

Plaintiffs' Response to Form Interrogatories, Set One

## GENERAL OBJECTIONS

A.    Plaintiffs object to all of the individual Interrogatories to the extent they call for information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. To the extent that the Interrogatories call for information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection, Plaintiffs hereby claim such privilege and invokes such protection. The fact that Plaintiffs do not specifically object to an individual Interrogatory on the ground that it seeks such privileged or protected information shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection.

B.    Plaintiffs object to all of the individual Interrogatories to the extent they purport to impose upon Plaintiffs the burden of furnishing information that is not available to it or that is equally or more readily available to the defendants.

C.    Plaintiffs object to all of the individual Interrogatories to the extent they seek information that is not relevant to the subject matter involved in the pending action or reasonably calculated to lead to the discovery of admissible evidence.

D.    Plaintiffs object to the Interrogatories, and to each Interrogatory set forth therein, to the extent that they seek the discovery of sensitive and confidential personal and financial information.

E.    Plaintiffs object to each and every Interrogatory herein to the extent that it is overly broad, unduly burdensome, and oppressive.

F.    Plaintiffs object to each and every Interrogatory herein to the extent that it is vague, ambiguous, or unintelligible.

G.    Plaintiffs object to these Interrogatories on the grounds and to the extent that they contain multiple subparts in violation of the Code and California law.

H.    The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference to the extent applicable to the specific responses set forth below as though fully set forth therein. The failure to mention any of the foregoing objections and

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179E.32

1  qualifications in the specific responses set forth below shall not be deemed a waiver of such objection

2  or qualification.

3  <u>FORM INTERROGATORIES AND RESPONSES</u>

4  **17.1**  Is your response to each request for admission served with these interrogatories an

5  unqualified admission? If not, for each response that is not an unqualified admission:

6  (a)  state the number of the request;

7  (b)  state all facts upon which you base your response;

8  (c)  state the names, ADDRESSES, and telephone numbers of all PERSONS who

9  have knowledge of those facts; and

10  (d)  identify all DOCUMENTS and other tangible things that support your response

11  and state the name, ADDRESS, and telephone number of the PERSON who

12  has each DOCUMENT or thing.

13  <u>Response to Form Interrogatory 17.1</u>: No.

14  (a)  Requests No. One and No. Two;

15  (b)  Plaintiffs purchased the CHILDREN'S MOTRIN from WAL-MART;

16  (c)  Plaintiffs;

17  (d)  Despite a diligent search and reasonable inquiry, plaintiffs are unable to identify

18  any DOCUMENTS in their possession which would be responsive to this request.

19

20  (a)  Requests No. Three and No. Four;

21  (b)(c)(d)Objection:  This interrogatory seeks plaintiffs' counsel's work product, legal

22  reasoning, theory, and/or statutory basis supporting a factual contention.

23

24  DATED:  February 9, 2007          GREENE BROILLET & WHEELER, LLP

25

26

27  MICHAEL J. AVENATTI
   Attorney for Plaintiff

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-3-

## VERIFICATION

)
)
STATE OF CALIFORNIA )
)
COUNTY OF SAN FRANCISCO )
)
)

I have read the foregoing <u>RESPONSES TO FORM INTERROGATORIES, SET ONE,</u>

<u>PROPOUNDED BY DEFENDANTS , JOHNSON & JOHNSON, et al.,</u> and know of its contents.


I am a party to this action. The matters stated in the foregoing document are true of my own

knowledge except as to those matters which are stated on information and belief, and as to those

matters I believe them to be true.


Executed on ___2|9_____, 2007, at Vale, North Carolina


I declare under penalty of perjury under the laws of the State of California that the foregoing

is true and correct.




Diana L. Gaines (Mother & GAL)             _Diana LGains_____
Type or Print Name                          Signature




Gary D. Gaines (Father & GAL)              _Gary D. Gaines_____
Type or Print Name                          Signature

**PROOF OF SERVICE**
(C.C.P. 1013A, 2015.5)

**STATE OF CALIFORNIA**

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 100 Wilshire Boulevard, 21st Floor, Santa Monica, California 90401.

On **February 9, 2007** I served the foregoing document, described as  **Plaintiffs' Response to Form Interrogatories, Set One**  on the interested parties in this action

___ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

__X__ by placing __X__ the original ___ a true copy enclosed in sealed envelopes addressed as follows:

**Charles F. Preuss, Esq.**
**DRINKER BIDDLE & REATH LLP**
**50 Fremont St., 20th Floor**
**San Francisco, CA 94105-2235**
**(415) 591-7500**

__X__ **BY MAIL.**

___ I deposited such envelope in the mail at Santa Monica, California. The envelope was mailed with postage thereon fully prepaid.

__X__ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **February 9, 2007** at Santa Monica, California.

___ **BY PERSONAL SERVICE.** I delivered such envelope by hand to the offices of the addressee.

___ **BY FACSIMILE.** I faxed a copy of the above-described document to the interested parties as set forth [above/on the attached mailing list].

Executed on **February 9, 2007** at Santa Monica, California.

__X__ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Linda Shaffer
**Name**                                                     **Signature**

**GREENE BROILLET & WHEELER, LLP**
LAWYERS
100 WILSHIRE BOULEVARD, SUITE 2100
P.O. BOX 2131
SANTA MONICA, CALIFORNIA 90407-2131
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

BROWNE GREENE, State Bar No. 38441
MICHAEL J. AVENATTI, State Bar No. 206929

Attorneys for _____Plaintiff_____

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

THOMAS B. GAINES, etc., et al,                          )   CASE NO.  CGC -06-457600
                                                        )
                                   Plaintiffs,          )   **PLAINTIFFS' RESPONSE TO**
                                                        )   **REQUESTS FOR PRODUCTION, SET**
                 vs.                                    )   **ONE**
                                                        )
JOHNSON & JOHNSON, et al.,                              )
                                                        )
                                   Defendants.          )
_____)

RESPONDING PARTY:          Plaintiffs THOMAS B. GAINES, et al.

PROPOUNDING PARTY:         Defendants JOHNSON & JOHNSON, et al.

SET NO:                    ONE (1)

TO DEFENDANTS JOHNSON & JOHNSON, et al., AND TO THEIR ATTORNEYS OF RECORD

HEREIN:

        Plaintiffs THOMAS B. GAINES, et al. hereby respond to defendant's REQUESTS

FOR PRODUCTION, SET ONE as follows:

179B.36  **EXHIBIT** 4       Plaintiffs' Response to Request for Production, Set One

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

A.    Plaintiffs object to all of the individual Requests to the extent they call for documents/information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.  To the extent that the Requests call for document/information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection, Plaintiffs hereby claim such privilege and invokes such protection.  The fact that Plaintiffs do not specifically object to an individual request on the ground that it seeks such privileged or protected documents/information shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection.

B.    Plaintiffs object to all of the individual Requests to the extent they purport to impose upon Plaintiffs the burden of furnishing documents/information that is not available to it or that is equally or more readily available to the Defendants.  Plaintiffs further object to all of the Requests to the extent they purport to require Plaintiffs to re-produce documents/information that Plaintiffs have already produced in this litigation.

C.    Plaintiffs object to all of the individual Requests to the extent they seek documents/information that is not relevant to the subject matter involved in the pending action or reasonably calculated to lead to the discovery of admissible evidence.

D.    Plaintiffs object to the Requests, and to each Request set forth therein, to the extent that they seek the discovery of sensitive and confidential personal and financial documents/information.

E.    Plaintiffs object to each and every Request herein to the extent that it is overly broad, unduly burdensome, and oppressive.

F.    Plaintiffs object to each and every Request herein to the extent that it is vague, ambiguous, or unintelligible.

G.    Plaintiffs object to these Requests and each Request on the grounds that they are premature and are improper in that they seek to obtain "all documents" relating to

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179B.36

1  Plaintiffs' contentions. Discovery and investigation into the subject matter of this action have just

2  begun.

3      H.    Plaintiffs object to these Requests on the grounds and to the extent that they

4  are duplicative of each other and/or are duplicative of prior requests for production served by

5  Defendants.

6      I.    Plaintiffs object to all of the individual Requests to the extent they seek to

7  ascertain documents/information and other data which a consultant expert witness has provided

8  Plaintiffs in the preparation of this case pursuant to CCP §2034, and, as such, is therefore in

9  violation of the attorney work product privilege.

10     J.    Plaintiffs object to all of the individual Requests to the extent they seek to

11  ascertain the anticipated testimony of consultant/expert witnesses pursuant to CCP §2034, and, as

12  such, is therefore in violation of the attorney work product privilege and seeks a premature expert

13  opinion.

14     K.    Except for explicit facts stated herein, no incidental and/or implied

15  admissions by Plaintiffs are intended by or in any of these responses. The fact that Plaintiffs have

16  responded to a Request should not be taken as an admission that Plaintiffs accept or admit the

17  existence of any facts set forth or assumed by such Request. The fact that Plaintiffs have

18  responded in part to a Request contained herein is not intended and shall not be construed to be a

19  waiver by Plaintiffs of all or any part of any objection to any Request.

20     L.    Plaintiffs are still in the process of locating, collecting, reviewing and

21  analyzing items and information as referred to in Defendants' Requests and Plaintiffs are

22  determining whether or not any of said items fall within the scope of said Requests. Accordingly,

23  if in a response to any Request Plaintiffs indicate that they will produce and permit the inspection

24  and/or copying of any items, said response should not be deemed to be and is not an admission that

25  there are any such items in existence, but rather only an indication that if any such items exist,

26  Plaintiffs will produce them and permit them to be inspected and copied.

27     M.    Plaintiffs have not yet completed discovery and investigation for analysis of

28  matters relating to this case and have not yet completed discovery in preparation for trial.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179E.36

1    Consequently, such documents as will be produced in response to Defendants' Requests shall be

2    produced without prejudice to Plaintiffs' rights to produce any subsequently discovered

3    documents.

4            N.      As to any response with respect to which Plaintiffs initially assert an

5    objection, and then, without waiving said objection, provide documents/information, the providing

6    of said documents/information is solely for the purposes of aiding discovery and demonstrating

7    plaintiffs' good-faith efforts to supply information.

8            O.      The foregoing objections and qualifications apply to the responses contained

9    herein and are incorporated by reference to the extent applicable to the specific responses set forth

10   below as though fully set forth therein.  The failure to mention any of the foregoing objections and

11   qualifications in the specific responses set forth below shall not be deemed a waiver of such

12   objection or qualification.

13

14                    **REQUESTS FOR PRODUCTION AND RESPONSES**

15

16   **REQUEST FOR PRODUCTION NO. 1:**

17           All DOCUMENTS described or otherwise identified in YOUR responses to

18   Defendants' First Set of Special Interrogatories to Plaintiffs.

19           (For the purposes of this set of requests, "DOCUMENTS" means written, printed,

20   typed, or visually or orally reproduced material of any kind, whether or not privileged, including

21   but not limited to any and all letters, correspondence, contracts, agreements, bills, orders, receipts,

22   invoices, statements, records [including but not limited to medical records], books, articles,

23   computer tapes and reports, press releases, advertising and promotional literature, prints, drawings,

24   plans, photographs, printed forms, manuals, brochures, lists, publications, videotapes, or other tape

25   recordings, films, microfilm, and all other writings, including drafts, typings, printings, minutes or

26   copies or reproductions thereof in the possession, custody, or control of YOU. For the purposes of

27   this set of requests, "YOU" and "YOUR" means the Plaintiffs and their attorneys, agents,

28   representatives and any other person acting on Plaintiffs' behalf.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-4-

179E.36

1   **RESPONSE TO REQUEST NO. 1:**

2           Plaintiffs did not identify any DOCUMENTS in their responses to Defendant's

3   First Set of Special Interrogatories and, therefore, have nothing responsive to produce at this time.

4           Discovery is ongoing and plaintiffs reserve the right to supplement this response.

5

6   **REQUEST FOR PRODUCTION NO. 2:**

7           All DOCUMENTS that evidence the sale of the CHILDREN'S MOTRIN to YOU.

8           (For the purposes of this set of requests, "CHILDREN'S MOTRIN" means the

9   Children's Motrin referred to in Paragraphs 11 and 15 of the COMPLAINT. For the purposes of

10  this set of requests, "COMPLAINT" means the Complaint for Damages filed by YOU on

11  November 3, 2006 in San Francisco County Superior Court and assigned Case No. CGC-06-

12  457600.)

13  **RESPONSE TO REQUEST NO. 2:**

14          Despite a diligent search and reasonable inquiry, plaintiffs are unable to locate any

15  DOCUMENTS responsive to this request.

16          Discovery is ongoing and plaintiffs reserve the right to supplement this response.

17

18  **REQUEST FOR PRODUCTION NO. 3:**

19          All DOCUMENTS that evidence the distribution of the CHILDREN'S MOTRIN

20  by a DISTRIBUTOR.

21          (The term "DISTRIBUTOR" is used in these requests as it is used in Paragraph 9 of

22  the COMPLAINT.)

23  **RESPONSE TO REQUEST NO. 3:**

24          Objection:  This request seeks plaintiffs' counsel's work product, legal reasoning,

25  theory, and/or statutory basis supporting a factual contention. Further, all responsive

26  DOCUMENTS should be in the possession, custody or control of Defendants.

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179E.36

1  **REQUEST FOR PRODUCTION NO. 4:**

2         All packaging (including bottles, cartons, vials, boxes or other containers) which

3  contained the CHILDREN'S MOTRIN.

4  **RESPONSE TO REQUEST NO. 4:**

5         Despite a diligent search and reasonable inquiry, plaintiffs are unable to locate any

6  items responsive to this request.

7         Discovery is ongoing and plaintiffs reserve the right to supplement this response.

8

9  **REQUEST FOR PRODUCTION NO. 5:**

10        The remainder of any CHILDREN'S MOTRIN contained in the packaging referred

11  to in Request No. 4 above.

12  **RESPONSE TO REQUEST NO. 5:**

13        Despite a diligent search and reasonable inquiry, plaintiffs are unable to locate any

14  items responsive to this request.

15        Discovery is ongoing and plaintiffs reserve the right to supplement this response.

16

17  **REQUEST FOR PRODUCTION NO. 6:**

18        All labeling (including package inserts, brochures, pamphlets and other documents)

19  that accompanied the CHILDREN'S MOTRIN.

20  **RESPONSE TO REQUEST NO. 6:**

21        Despite a diligent search and reasonable inquiry, plaintiffs are unable to locate any

22  items responsive to this request.

23        Discovery is ongoing and plaintiffs reserve the right to supplement this response.

24

25  **REQUEST FOR PRODUCTION NO. 7:**

26        All DOCUMENTS that reflect the lot number of the CHILDREN'S MOTRIN.

27  ///

28  ///

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

Plaintiffs' Response to Request for Production, Set One

1798.36

1  **RESPONSE TO REQUEST NO. 7:**

2  Despite a diligent search and reasonable inquiry, plaintiffs are unable to locate any

3  DOCUMENTS responsive to this request.

4  Discovery is ongoing and plaintiffs reserve the right to supplement this response.

5

6  **REQUEST FOR PRODUCTION NO. 8:**

7  All DOCUMENTS that reflect the batch number of the CHILDREN'S MOTRIN.

8  **RESPONSE TO REQUEST NO. 8:**

9  Despite a diligent search and reasonable inquiry, plaintiffs are unable to locate any

10  DOCUMENTS responsive to this request.

11

12  **REQUEST FOR PRODUCTION NO. 9:**

13  All DOCUMENTS supporting YOUR contention that MCKESSON is a proper

14  party to this lawsuit.

15  (For the purposes of this set of requests, "MCKESSON" means McKesson

16  Corporation and any subsidiary or division thereof.)

17  **RESPONSE TO REQUEST NO. 9:**

18  Objection: This request seeks plaintiffs' counsel's work product, legal reasoning,

19  theory, and/or statutory basis supporting a factual contention. Further, all responsive

20  DOCUMENTS should be in the possession, custody or control of Defendants.

21

22  **REQUEST FOR PRODUCTION NO. 10:**

23  All DOCUMENTS supporting YOUR contention that WAL-MART is a proper

24  party to this lawsuit.

25  (For purposes of this set of requests, "WAL-MART" means Wal-Mart Stores, Inc.,

26  and any subsidiary or division thereof.)

27  ///

28  ///

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-7-

179E.36

1  **RESPONSE TO REQUEST NO. 10:**

2         Objection: This interrogatory seeks plaintiffs' counsel's work product, legal

3  reasoning, theory, and/or statutory basis supporting a factual contention. Further, all responsive

4  DOCUMENTS should be in the possession, custody or control of Defendants.

5

6  **REQUEST FOR PRODUCTION NO. 11:**

7         All DOCUMENTS supporting YOUR contention that the CHILDREN'S MOTRIN

8  was sold by WAL-MART.

9  **RESPONSE TO REQUEST NO. 11:**

10        Despite a diligent search and reasonable inquiry, plaintiffs are unable to locate any

11  DOCUMENTS responsive to this request.

12        Discovery is ongoing and plaintiffs reserve the right to supplement this response.

13

14  **REQUEST FOR PRODUCTION NO. 12:**

15        All DOCUMENTS supporting YOUR contention that the CHILDREN'S MOTRIN

16  was sold by MCKESSON.

17  **RESPONSE TO REQUEST NO. 12:**

18        Objection: This interrogatory seeks plaintiffs' counsel's work product, legal

19  reasoning, theory, and/or statutory basis supporting a factual contention. Further, all responsive

20  DOCUMENTS should be in the possession, custody or control of Defendants.

21

22  **REQUEST FOR PRODUCTION NO. 13:**

23        All DOCUMENTS reflecting the efforts YOU have made to identify the

24  DISTRIBUTOR of the CHILDREN'S MOTRIN.

25  ///

26  ///

27  ///

28  ///

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1798.36

**RESPONSE TO REQUEST NO. 13:**

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

DATED: February 9, 2007

GREENE BROILLET & WHEELER, LLP

MICHAEL J. AVENATTI
Attorney for Plaintiff

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-9-

## VERIFICATION

STATE OF CALIFORNIA ⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
COUNTY OF SAN FRANCISCO ⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

I have read the foregoing RESPONSES TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANTS , JOHNSON & JOHNSON, et al.. and know of its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on ⠀2/9⠀⠀⠀⠀⠀⠀, 2007, at Vale, North Carolina

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Diana L. Gaines (Mother & GAL)⠀⠀⠀⠀⠀⠀⠀⠀⠀
Type or Print Name⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Signature

Gary D. Gaines (Father & GAL)⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀
Type or Print Name⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Signature

<u>PROOF OF SERVICE</u>
(C.C.P. 1013A, 2015.5)

**STATE OF CALIFORNIA**

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 100 Wilshire Boulevard, 21st Floor, Santa Monica, California 90401.

On <u>February 9, 2007</u> I served the foregoing document, described as <u>**Plaintiffs' Response to Request for Production, Set One**</u> on the interested parties in this action

___ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

<u>X</u> by placing <u>X</u> the original ___ a true copy enclosed in sealed envelopes addressed as follows:

Charles F. Preuss, Esq.
**DRINKER BIDDLE & REATH LLP**
**50 Fremont St., 20th Floor**
**San Francisco, CA 94105-2235**
**(415) 591-7500**

<u>X</u>  **BY MAIL.**

___ I deposited such envelope in the mail at Santa Monica, California. The envelope was mailed with postage thereon fully prepaid.

<u>X</u> As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on <u>February 9, 2007</u> at Santa Monica, California.

___ **BY PERSONAL SERVICE.** I delivered such envelope by hand to the offices of the addressee.

___ **BY FACSIMILE.** I faxed a copy of the above-described document to the interested parties as set forth [above/on the attached mailing list].

Executed on <u>February 9, 2007</u> at Santa Monica, California.

<u>X</u> **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

<u>Linda Shaffer</u>
**Name**

<u>Signature</u>

GREENE BROILLET & WHEELER, LLP
LAWYERS
100 WILSHIRE BOULEVARD, SUITE 2100
P.O. BOX 2131
SANTA MONICA, CALIFORNIA 90407-2131
TEL. (310) 576-1200
FAX. (310) 576-1220

BROWNE GREENE, State Bar No. 38441
MICHAEL J. AVENATTI, State Bar No. 206929

Attorneys for ___Plaintiff___

(SPACE BELOW FOR FILING STAMP ONLY)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| THOMAS B. GAINES, etc., et al, | CASE NO. CGC -06-457600 |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO REQUESTS FOR ADMISSION, SET ONE (1)** |
| vs. | |
| JOHNSON & JOHNSON, et al., | |
| Defendants. | |

RESPONDING PARTY:       Plaintiffs THOMAS B. GAINES, et al.

PROPOUNDING PARTY:     Defendants JOHNSON & JOHNSON, et al.

SET NO:                          ONE (1)

TO DEFENDANTS, JOHNSON & JOHNSON, et al. AND TO THEIR ATTORNEYS OF RECORD

HEREIN:

        COME NOW plaintiffs, pursuant to California Code of Civil Procedure, section 2033,

and hereby provide the following responses, without prejudice to further discovery.

-1-

**EXHIBIT**  δ

179E.35

## GENERAL OBJECTIONS

A.    Plaintiffs object to all of the individual Requests to the extent they call for information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. To the extent that the Requests call for information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection, Plaintiffs hereby claim such privilege and invokes such protection. The fact that Plaintiffs do not specifically object to an individual Request on the ground that it seeks such privileged or protected information shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection.

B.    Plaintiffs object to all of the individual Requests to the extent they purport to impose upon Plaintiffs the burden of furnishing information that is not available to it or that is equally or more readily available to the defendants.

C.    Plaintiffs object to all of the individual Requests to the extent they seek information that is not relevant to the subject matter involved in the pending action or reasonably calculated to lead to the discovery of admissible evidence.

D.    Plaintiffs object to the Requests, and to each Request set forth therein, to the extent that they seek the discovery of sensitive and confidential personal and financial information.

E.    Plaintiffs object to each and every Request herein to the extent that it is overly broad, unduly burdensome, and oppressive.

F.    Plaintiffs object to each and every Request herein to the extent that it is vague, ambiguous, or unintelligible.

G.    Plaintiffs object to these Requests on the grounds and to the extent that they contain multiple subparts in violation of the Code and California law.

H.    The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference to the extent applicable to the specific responses set forth below as though fully set forth therein. The failure to mention any of the foregoing objections and qualifications in the specific responses set forth below shall not be deemed a waiver of such objection or qualification.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1798.35

1

## REQUESTS FOR ADMISSION AND RESPONSES

2

3      **REQUEST NO. 1:**

4              Admit that the CHILDREN'S MOTRIN was not sold by WAL-MART.

5              (For purposes of this set of requests, "CHILDREN'S MOTRIN" means the Children's

6      Motrin referred to in Paragraphs 11 and 15 of the COMPLAINT. For the purposes of this set of

7      requests, "COMPLAINT" means the Complaint for Damages filed by YOU on November 3, 2006 in

8      San Francisco County Superior Court and assigned Case No. CGC-06-457600. For purposes of this

9      set of requests, "WAL-MART" means Wal-Mart Stores, Inc. and any subsidiary or division thereof.)

10     **RESPONSE TO REQUEST NO. 1:**

11             Denied.

12

13     **REQUEST NO. 2:**

14             Admit that you have no evidence that CHILDREN'S MOTRIN was sold by WAL-

15     MART.

16     **RESPONSE TO REQUEST NO. 2:**

17             Denied.

18

19     **REQUEST NO. 3:**

20             Admit that the CHILDREN'S MOTRIN was not sold by MCKESSON.

21             (For purposes of this set of requests, "MCKESSON" means McKesson Corporation

22     and any subsidiary or division thereof.)

23     **RESPONSE TO REQUEST NO. 3:**

24             Plaintiffs object to the term "sold" as being vague and ambiguous. Without waiving

25     this objection - denied.

26     **REQUEST NO. 4:**

27             Admit that you have no evidence that the CHILDREN'S MOTRIN was sold by

28     MCKESSON.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179B.35

1    **RESPONSE TO REQUEST NO. 4:**

2            Plaintiffs object to the term "sold" as being vague and ambiguous. Without waiving

3    this objection - denied.

4

5    DATED: February 9, 2007    GREENE BROILLET & WHEELER, LLP

6

7

                                              MICHAEL J. AVENATTI

8                                                  Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1798.35