**EXHIBIT B Continued - PART 4 END**

## VERIFICATION

)
)
STATE OF CALIFORNIA )
)
COUNTY OF SAN FRANCISCO )
)
)

I have read the foregoing RESPONSES TO REQUEST FOR ADMISSION, SET ONE, PROPOUNDED BY DEFENDANTS , JOHNSON & JOHNSON, et al., and know of its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on ___2/9_____, 2007, at Vale, North Carolina

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Diana L. Gaines (Mother & GAL)
Type or Print Name                      Signature

Gary D. Gaines (Father & GAL)
Type or Print Name                      Signature

1

**PROOF OF SERVICE**
(C.C.P. 1013A, 2015.5)

2

3    **STATE OF CALIFORNIA**

4    I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 100 Wilshire Boulevard, 21st Floor,

5    Santa Monica, California 90401.

6    On **February 9, 2007** I served the foregoing document, described as **Plaintiffs' Response to Requests for Admission, Set One** on the interested parties in this action

7

___ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached

8    mailing list.

9    _X_ by placing _X_ the original ___ a true copy enclosed in sealed envelopes addressed as follows:

10

Charles F. Preuss, Esq.
**DRINKER BIDDLE & REATH LLP**
50 Fremont St., 20th Floor
San Francisco, CA 94105-2235
(415) 591-7500

11

12

13    _X_ **BY MAIL.**

14    ___ I deposited such envelope in the mail at Santa Monica, California. The envelope was mailed with postage thereon fully prepaid.

15

16    _X_ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal

17    service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after

18    date of deposit for mailing in affidavit.

19    Executed on **February 9, 2007** at Santa Monica, California.

20    ___ **BY PERSONAL SERVICE.** I delivered such envelope by hand to the offices of the addressee.

21    ___ **BY FACSIMILE.** I faxed a copy of the above-described document to the interested parties as set forth [above/on the attached mailing list].

22

23    Executed on **February 9, 2007** at Santa Monica, California.

24    _X_ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25

26

27

**Linda Shaffer**
28    **Name**                                    **Signature**

PROOF OF SERVICE
(C.C.P. 1013A, 2015.5)

**STATE OF CALIFORNIA**

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 100 Wilshire Boulevard, 21st Floor, Santa Monica, California 90401.

On April 24, 2007, I served the foregoing document, described as

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY AND CROSS MOTION FOR RELIEF FROM ANY ALLEGED WAIVER OF OBJECTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL J. AVENATTI; DECLARATION OF LINDA SHAFFER; EXHIBITS**

on the interested parties in this action

___ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

__X__ by placing ___ the original __X__ a true copy enclosed in sealed envelopes addressed as follows:

___ **BY MAIL.**

___ I deposited such envelope in the mail at Santa Monica, California. The envelope was mailed with postage thereon fully prepaid.

___ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **April 24, 2007**, at Santa Monica, California.

___ **BY PERSONAL SERVICE.** I delivered such envelope by hand to the offices of the addressee.

___ **BY FACSIMILE.** I faxed a copy of the above-described document to the interested parties as set forth [above/on the attached mailing list].

Executed on **April 24, 2007** at Santa Monica, California.

__X__ **BY FEDERAL EXPRESS (PRIORITY OVERNIGHT).** I caused to be deposited such envelope in the Federal Express Depository at Santa Monica, California.

Executed on **April 24, 2007** at Santa Monica, California.

__X__ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Robert Gersten
Name                                                              Signature

1

SERVICE LIST
*GAINES v. JOHNSON & JOHNSON*
San Francisco Superior Case No. CGC 06 457600

2

3

**BY FEDERAL EXPRESS**

4

5    Charles E. Preuss, Esq.
Thomas W. Pulliam, Jr., Esq.
Cheryl A. Jorgensen, Esq.
6    Vernon Zvoleff, Esq.
**DRINKER BIDDLE & REATH, LLP**
7    50 Fremont St., 20th Fl.
San Francisco, CA 94105
8    (415) 591-7558
Fax: (415) 591-7510

9

Attorneys for Defendants McNEIL
CONSUMER HEALTHCARE, a division of
McNEIL-PPC, INC. (erroneously sued as Mc
NEIL CONSUMER AND SPECIALTY
PHARMACEUTICALS, a Division of
McNEIL-PPC, INC.) McKESSON
CORPORATION, and WAL-MART STORES,
INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COPY

**GREENE BROILLET & WHEELER, LLP**
LAWYERS
100 WILSHIRE BOULEVARD, SUITE 2100
P.O. BOX 2131
SANTA MONICA, CALIFORNIA 90407-2131
TEL. (310) 576-1200
FAX. (310) 576-1220
BROWNE GREENE, State Bar No. 38441
MICHAEL J. AVENATTI, State Bar No. 206929
ALAN VAN GELDER, State Bar No. 221820

Attorneys for _____ Plaintiff

[SPACE BELOW FOR FILING STAMP ONLY]

COPY TWO
PDF TEAM
CAH

**RECEIVED**

APR 25 2007

DRINKER BIDDLE
& REATH LLP

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| THOMAS B. GAINES, etc., et al, | CASE NO. CGC -06-457600 |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO DEFENDANT JOHNSON & JOHNSON'S SEPARATE STATEMENT OF ITEMS IN DISPUTE IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES** |
| vs. | |
| JOHNSON & JOHNSON, et al., | |
| Defendants. | |

[Filed Concurrently with Plaintiffs' Opposition to Defendant's Motion to Compel]

Date:       May 7, 2007
Time:       10:30 a.m.
Place:      Department 610
Judge:      Commissioner Bruce E. Chan

Complaint Filed: November 3, 2006

Pursuant to California Rules of Court, Rule 3.1020, Plaintiffs hereby submit this Response to Defendant JOHNSON & JOHNSON'S Separate Statement of Discovery Items in Dispute in Support of its Motion to Compel Further Responses.

///

///

///

///

179B.5C

**PLAINTIFF'S RESPONSE TO J&J'S SEPARATE STATEMENT OF ITEMS IN DISPUTE**

I.

## PLAINTIFFS' RESPONSES TO SPECIAL INTERROGATORIES, SET ONE

**DEFENDANT'S POSITION**: Plaintiffs did not serve signed and verified response to Defendant's First Set of Special Interrogatories as required by C.C.P. § 2030.250(a), (c). The Court should issue an order compelling Plaintiffs to do so.

**PLAINTIFFS' RESPONSE**: Plaintiffs timely served signed and verified responses to the requested discovery on February 9, 2007. Defendants have chosen to ignore the fact that they were mailed Exhibits 2-5, and instead focus on the fact that as a courtesy, Plaintiffs also e-mailed a copy of the discovery on February 12, 2007. E-mail service is not proper service under CCP § 1013, and e-mailing discovery responses on February 12, 2007 certainly does not invalidate responses that were sent out on February 9, 2007 via mail and according to code.

#### Special Interrogatory No. 12:

Set forth all facts upon which YOU rely for YOUR contention that MCKESSON is a proper party to this lawsuit.

(For purposes of this set of interrogatories, "MCKESSON" means McKesson Corporation and any subsidiary or division thereof.)

#### Plaintiffs' Response to Special Interrogatory No. 12:

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiffs state that MCKESSON was and is the distributor of CHILDREN'S MOTRIN to WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

#### Defendant's Reasons to Compel Further Response to Special Interrogatory No. 12:

Plaintiffs' objections to Special Interrogatory number 12 are waived because Plaintiffs did not serve timely discovery responses. (Declaration of Benjamin J. Holl ("*Holl Dec.*"), at 4-5 and Ex. K; C.C.P. § 2030.290(a)). Plaintiffs must disclose the purported work-product that relates to why they

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

## PLAINTIFF'S RESPONSE TO J&J'S SEPARATE STATEMENT OF ITEMS IN DISPUTE

179B.5C

1   believe McKesson is a proper party to this lawsuit. *Id.; Leach v. Superior Court* (1980) 111

2   Cal.App.3d 902, 905-906.

3          Substantively, Plaintiffs' response to this Interrogatory is conclusory, evasive, and

4   incomplete. Plaintiffs contend in their Complaint that McKesson is a proper party to this lawsuit based

5   on its alleged distribution and sale of Children's Motrin. (*See Holl Dec.*, Ex. A at ¶¶, 9). Defendant

6   is entitled to learn facts upon which Plaintiffs base the contentions in their Complaint. *See, e.g., Sheets*

7   *v. Superior Court of Los Angeles County* (1967) 257 Cal.App.2d 1, 8-9 ("there is no doubt that a

8   defendant is entitled to discover by appropriate interrogatories the facts, if any, presently known to the

9   plaintiff upon which he bases the allegations of his complaint and upon which he presently relies to

10  prove his case"); *Citizens for Parental Rights v. San Mateo County Bd. of Educ.* (1975) 51 Cal.App.3d

11  1, 37, citing *Singer v. Superior Court* (1960) 54 Cal.2d 318 ("it is perfectly proper for a party to

12  submit an interrogatory requiring his adversary to specify, under oath, the facts on which he relies in

13  support of a particular contention or allegation made in a pleading").

14         Defendant needs the requested information to assess the claim that McKesson is a proper

15  party to this lawsuit, and whether this case is removable to federal court. The only basis for this case

16  being before this Court is McKesson's status as a defendant. Plaintiffs assert in the Complaint that

17  Children's Motrin is distributed "throughout the United States through various distributors, including

18  but not limited to McKesson . . . " (*see Holl Dec.* Ex. A. at ¶9), but refuse to disclose any facts or

19  evidence in support of their contention that McKesson distributed the Children's Motrin at issue in this

20  case, and thus why McKesson is a proper party to this lawsuit and this case should remain in this

21  Court. Plaintiffs instead simply reiterate their bare conclusion that "McKesson was and is the

22  distributor of Children's Motrin to Wal-Mart." (*See, e.g., Holl Dec.* Ex. G at response number 12.)

23         Plaintiffs must provide all facts upon which they "rely for [their] contention" that McKesson

24  is a proper party to this lawsuit. The bare assertion that McKesson "was and is" the distributor of

25  Children's Motrin is wholly insufficient. A "party may not provide deftly worded conclusionary

26  answers designed to evade a series of explicit questions."

27  *Deyo v. Kilbourne* (1978) 84 Cal. App. 3d 771, 783.

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-2-

**PLAINTIFF'S RESPONSE TO J&J'S SEPARATE STATEMENT OF ITEMS IN DISPUTE**

179B.5C

1      The Court should issue an order compelling Plaintiffs to furnish Defendant with a full,

2 complete and substantive response to this Interrogatory.

3 **Reason Why a Further Response Should Not Be Compelled:**

4      As discussed above, the responses were timely therefore Plaintiffs' objections have not been

5 waived.  The discovery response is proper.  Wal-Mart and McKesson are both Defendants in this

6 matter.  They both share the same counsel.  Plaintiffs' discovery response indicates that Plaintiff

7 believes that McKesson is a proper party to the lawsuit because it distributes Children's Motrin (the

8 drug that killed Plaintiff Thomas Gaines) to Wal-Mart, where it was purchased by Plaintiffs' parents.

9 The response puts counsel for both Wal-Mart and McKesson on notice that Plaintiff intends to argue

10 that McKesson is part of the distribution chain that lead the defective product from Defendants to

11 McNeil.  Furthermore, Plaintiff has also provided Defense counsel with articles indicating that

12 McKesson is the primary supplier of Wal-Mart's pharmaceuticals, (*See* Exhibit 1 to Plaintiffs'

13 Opposition).

14      The interrogatory is worded that it only seeks why Plaintiff named Mckesson as a party to

15 this lawsuit.  Plaintiff provided the answer, Defendant McKesson is part of the chain of distribution.

16 Plaintiff complied with the interrogatory and provided additional information.

17      Essentially all requests for discovery suffer from the same basic problem.  They do not ask

18 merely for documents or evidence, they ask for Plaintiffs' counsel to disclose:  (a) which documents

19 and evidence Plaintiffs' counsel believes support Plaintiffs' contentions or allegations, (b) Plaintiffs'

20 counsel's valuation of which evidence is important and which evidence is not important, and/or (c)

21 which pieces of evidence Plaintiffs plan to utilize at trial.  Asking for the information to be produced

22 in such a manner is designed to elicit the mental impressions and work product of Plaintiffs' counsel.

23 It is not enough that Defendants are seeking information, but they also want Plaintiffs' counsel to

24 provide Defendants with a break down whether such information are important to Plaintiff, whether

25 Plaintiffs' counsel plans to use such information to support their claims, and how Plaintiffs' counsel

26 plans to use such information.  Such interrogatories are not about obtaining information likely to lead

27 to admissible evidence, but rather represent an attempt by Defense counsel to get a look at Plaintiffs'

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-3-
**PLAINTIFF'S RESPONSE TO J&J'S SEPARATE STATEMENT OF ITEMS IN DISPUTE**

1  counsel's "play book." There is nothing relevant or likely to be relevant about what Plaintiffs' counsel

2  thinks of the information Defendants seek to obtain.

3      It is a violation of the public policy set forth in California *Code of Civil Procedure* section

4  2018.020 for Plaintiff to identify information Plaintiffs' counsel has gathered that relate to the issues

5  in the case. California *Code of Civil Procedure* section 2018.020 provides:

6      It is the policy of the state to do both of the following:

7  (a) Preserve the rights of attorneys to prepare cases for trial with that degree of
   privacy necessary to encourage them to prepare their cases thoroughly and to
8  investigate not only the favorable but the unfavorable aspects of those cases.
   (b) Prevent attorneys from taking undue advantage of their adversary's industry and
9  efforts.

10      Defendant's are seeking materials and information that plaintiffs' counsel have gathered

11  using their own industry and efforts to support their clients' claims.  Some of the requested

12  information is equally available to defendants, especially those requests that ask plaintiffs' counsel

13  to identify and produce documents in defendant's own files. ( for example, evidence of sales between

14  McKesson and Wal-Mart).  As will be demonstrated below, these interrogatories seek to obtain the

15  thoughts and impressions of plaintiffs' counsel and the fruit of plaintiffs' counsel's labor, all in

16  violation of the public policy set forth in California *Code of Civil Procedure* section 2018.020.

17  Therefore, plaintiffs cannot be forced to identify or provide the requested information and materials

18  that their attorneys have gathered.

19      Code of Civil Procedure, Section 2018.030, provides: "Any writing that reflects an attorney's

20  impressions, conclusions, opinions, or legal research or theories, shall not be discoverable under any

21  circumstances."  The issue before this Court is whether the requested documents and information

22  consist of attorney work product. "The statute, however, does not define 'work product'. Thus, the

23  determination of what work product is must be resolved by individual court determinations on a case

24  by case basis." (*City of Long Beach v. Superior Court* (1976) 64 Cal.App.3d 65, 71.)  What an

25  attorney has learned or thinks is important in preparing the case is totally outside of the scope and

26  objectives of legitimate discovery.  The Supreme Court in *Hickman v. Taylor* (1947) 329 U.S. 495,

27  511 recognized that a lawyer in preparing the client's case, assembles information, sifts through what

28  the lawyer considers to be relevant facts, prepares legal theories and plans strategy.  This work is

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179E.5C

-4-
**PLAINTIFF'S RESPONSE TO J&J'S SEPARATE STATEMENT OF ITEMS IN DISPUTE**

1    reflected in tangible and intangible ways and is called work product. (*Id.; see In re Jeanette H.* (1990)

2    225 Cal.App.3d 25, 32.) The Court explained the policy reasons for the attorney work product

3    privilege:

> Were such materials open to opposing counsel on mere demand, much of what is
> now put down in writing would remain unwritten. An attorney's thoughts,
> heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp
> practices would inevitable develop in the giving of legal advice and in the
> preparation of cases for trial. The effect on the legal profession would be
> demoralizing. And the interests of the clients and the cause of justice would be
> poorly served. . . . [T]he general policy against invading the privacy of an attorney's
> course of preparation is so well recognized and so essential to an orderly working
> of our system of legal procedure that **a burden rests on the one who would invade
> that privacy to establish adequate reasons to justify production.** (*Id.* at 511-512
> (emphasis added).)

10    Whether a request that a party identify and produce information and documents that counsel

11    believes are relevant to the issues in this case violates the work product rule was addressed in *Nacht*

12    *& Lewis Architects, Inc. v Superior Court* (1996) 47 Cal. App. 4th 214 and *City of Long Beach v.*

13    *Superior Court* (1976) 64 Cal.App.3d 65.

14    In *Nacht & Lewis Architects, Inc., supra,* 47 Cal.App.4th at 217 the trial court granted an

15    order requiring the defendant to identify all persons who had been interviewed by the defendant or

16    anyone acting on its behalf. The defendant objected to Form Interrogatory No. 12.2, stating that

17    interviews had been conducted but identification of the witnesses was protected by the attorney-client

18    privilege and work product doctrine. (*Id.*) The Court of Appeal held that requiring the defendant to

19    provide a list of witnesses interviewed would violate the *absolute* work product privilege of Section

20    2018(c), now Section 2018.030. (*Id.*) That court held as follows:

> Compelled production of a list of potential witnesses interviewed by
> opposing counsel would necessarily reflect counsel's evaluation of the case
> by revealing which witnesses or persons who claimed knowledge of the
> incident (already identified by defendants' response to interrogatory No. 12.1)
> counsel deemed important enough to interview. (*Id.*)

24    In *City of Long Beach v. Superior Court* (1976) 64 Cal.App.3d 65 the plaintiff served

25    interrogatories seeking the names and address of non-expert witnesses the defendant intended to call

26    at trial and sought the nature of the testimony of each witness. (*Id.* at 69.) The court specifically held

27    that requiring the defendant to disclose the identity of the witnesses it intended to call was qualified

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-5-

**PLAINTIFF'S RESPONSE TO J&J'S SEPARATE STATEMENT OF ITEMS IN DISPUTE**

179E.5C

1  work product. (*Id.* at 73.) The court further held that the anticipated testimony was absolutely

2  privileged as work product. (*Id.* at 80.)

3          Plaintiffs' counsel's selection and/or collection of information that counsel deems important

4  to the lawsuit or **"supports his clients' contentions"** is also protected work product. In cases

5  involving extensive document discovery, the **selection and compilation** of documents is often more

6  crucial than legal research. (*Shelton v. American Motors Corp.,* 805 F.2d 1323 (8th Cir. 1986)(citing

7  *James Julian, Inc. v. Raytheon Co.,* 93 F.R.D. 138, 144 (D.Del.1982).)) "Even if the individual

8  documents sought are not attorney work product, '**the selection process itself represents defense**

9  **counsel's mental impressions and legal opinions as to how the evidence in the documents relates**

10 **to the issues and defenses in the litigation.**'" (*Smith v. Florida Power & Light Co.,* 632 So. 2d 696,

11 698 (Fla. Dist. Ct. App. 1994)(citing *Sporck v. Peil,* 759 F.2d 312, 315 (3d Cir. 1985).)) **The selection**

12 **and compilation of documents by counsel falls within the highly-protected category of opinion**

13 **work product.** (*Sporck v. Peil,* 759 F.2d 312, 315 (3d Cir. 1985).) **Thus, regardless of the**

14 **jurisdiction, it is clear that in the practice of law, the selection and compilation of documents is**

15 **attorney work product that is not discoverable.**

16         In the instant case, the Defendants ask that Plaintiffs' counsel be required to review their files

17 and tell defendant which documents plaintiffs' counsel think support Plaintiffs' claim, think are

18 important, why Plaintiffs' counsel believes they are important, or that Plaintiffs' counsel might use

19 at trial. These interrogatories violate the absolute work product privilege in that they improperly seek

20 "an attorney's impressions, conclusions, opinions, or legal research or theories." (*C.C.P.* §2030.030.)

21 An answer to these interrogatories will not clarify Plaintiffs' contentions, provide Defendants with

22 facts, or narrow the issues. (*See, e.g. Sheets v. Superior Court* (1967) 257 Cal.App.2d 1, 13). Rather,

23 these interrogatories are asking Plaintiff to perform qualitative analysis and research for the

24 Defendants. (*See Id.*) However, Plaintiffs' counsel's selection, review, understanding, and

25 compilation of facts and documents is attorney work product. Any facts and documents that Plaintiffs'

26 counsel have gathered have been a result of a number of hours of work. Defendants should not benefit

27 from the research that plaintiffs' counsel have done.

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-6-

**PLAINTIFF'S RESPONSE TO J&J'S SEPARATE STATEMENT OF ITEMS IN DISPUTE**

179B.5C

1    In addition, a response to those interrogatories where the Defendants seek treatises,

2  periodicals, and publications that Plaintiffs' counsel may have gathered would also reveal Plaintiffs'

3  counsels' research. Therefore, pursuant to the attorney work product privilege, plaintiffs cannot and

4  should not be compelled to respond to defendant's requests.

5  **Special Interrogatory No. 13:**

6    Describe all EVIDENCE supporting YOUR contention that MCKESSON is a proper party

7  to this lawsuit.

8    (For the purposes of this set of interrogatories, "EVIDENCE" means all DOCUMENTS,

9  testimony, or statements made from personal knowledge of any potential witness. For the purposes

10  of this set of interrogatories, "DOCUMENTS" means written, printed, typed, or visually or orally

11  reproduced material of any kind, whether or not privileged, including but not limited to any and all

12  letters, correspondence, contracts, agreements, bills, orders, receipts, invoices, statements, records

13  [including but not limited to medical records], books, articles, computer tapes and reports, press

14  releases, advertising and promotional literature, prints; drawings, plans, photographs, printed forms,

15  manuals, brochures, lists, publications, videotapes, or other tape recordings, films, microfilm, and all

16  other writings, including drafts, typings, printings, minutes or copies or reproductions thereof in the

17  possession, custody, or control of YOU.)

18  **Plaintiffs' Response to Special Interrogatory No. 13:**

19    Objection: This interrogatory seeks plaintiffs counsel's work product, legal reasoning, theory,

20  and/or statutory basis supporting a factual contention.

21  Without waiving this objection, plaintiff states that MCKESSON was and is the distributor of

22  CHILDREN'S MOTRIN to WAL-MART.

23    Discovery is ongoing and plaintiffs reserve the right to supplement this response.

24  **Defendant's Reasons to Compel Further Response to Special Interrogatory No. 13:**

25    Please see the reasons set forth above with respect to Interrogatory No. 12.

26  **Reason Why a Further Response Should Not Be Compelled:**

27    Please see the reasons set forth above with respect to Interrogatory No. 12. It should also be

28  pointed out that Plaintiff also produced to Defendants Exhibit 1, which outlines the extensive

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-7-

**PLAINTIFF'S RESPONSE TO J&J'S SEPARATE STATEMENT OF ITEMS IN DISPUTE**

marketing agreement between McKesson and Walmart, making McKessont the primary supplier

pharmaceuticals to Wal-Mart. The fact that McKesson has an agreement to be the primary distributor

of pharmaceuticals to Wal-Mart is evidence of McKesson's involvement in shipping Children's

Motrin to Wal-Mart for consumption by the Plaintiff. Plaintiffs have satisfied this interrogatory.

**Special Interrogatory No. 18:**

Set forth the facts upon which YOU rely for YOUR contention that the

CHILDREN'S MOTRIN was sold by MCKESSON.

**Plaintiffs' Response to Special Interrogatory No. 18:**

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory,

and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiffs state that MCKESSON was and is the distributor

of CHILDREN'S MOTRIN to WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**Defendant's Reasons to Compel Further Response to Special Interrogatory No. 18:**

Please see the reasons set forth above with respect to Interrogatory No. 12.

**Reason Why a Further Response Should Not Be Compelled:**

Please see the reasons set forth above with respect to Interrogatory No. 12. It should also be

pointed out that Plaintiff also produced to Defendants Exhibit 1, which outlines the extensive

marketing agreement between McKesson and Walmart, making McKessont the primary supplier

pharmaceuticals to Wal-Mart. The fact that McKesson has an agreement to be the primary distributor

of pharmaceuticals to Wal-Mart is evidence of McKesson's involvement in shipping Children's

Motrin to Wal-Mart for consumption by the Plaintiff. Plaintiffs have satisfied this interrogatory.

**Special Interrogatory No. 19:**

Describe all EVIDENCE supporting YOUR contention that the CHILDREN'S MOTRIN was

sold by MCKESSON.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-8-
**PLAINTIFF'S RESPONSE TO J&J'S SEPARATE STATEMENT OF ITEMS IN DISPUTE**

179B.5C

1  <u>Plaintiffs' Response to Special Interrogatory No. 19:</u>

2      Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory,

3  and/or statutory basis supporting a factual contention.

4      Without waiving this objection, plaintiffs state that MCKESSON was and is the distributor

5  of CHILDREN'S MOTRIN to WAL-MART.

6      Discovery is ongoing and plaintiffs reserve the right to supplement this response.

7  <u>Defendant's Reasons to Compel Further Response to Special Interrogatory No. 19:</u>

8      Please see the reasons set forth above with respect to Interrogatory No. 12.

9  <u>Reason Why a Further Response Should Not Be Compelled:</u>

10     Please see the reasons set forth above with respect to Interrogatory No. 12. It should also be

11  pointed out that Plaintiff also produced to Defendants Exhibit 1, which outlines the extensive

12  marketing agreement between McKesson and Walmart, making McKessont the primary supplier

13  pharmaceuticals to Wal-Mart. The fact that McKesson has an agreement to be the primary distributor

14  of pharmaceuticals to Wal-Mart is evidence of McKesson's involvement in shipping Children's

15  Motrin to Wal-Mart for consumption by the Plaintiff. Plaintiffs have satisfied this interrogatory.

16

17                                  **II.**

18      **PLAINTIFFS' RESPONSES TO FIRST REQUEST FOR PRODUCTION**

19      **DEFENDANT'S POSITION**: Plaintiffs did not serve signed and verified response to

20  Defendant's First Request for Production as required by C.C.P. § 2031.250(a), (c). The Court should

21  issue an order compelling Plaintiffs to do so.

22      **PLAINTIFFS' RESPONSE**: Plaintiffs timely served signed and verified responses to the

23  requested discovery on February 9, 2007. Defendants have chosen to ignore the fact that they were

24  mailed Exhibits 2-5, and instead focus on the fact that as a courtesy Plaintiffs also e-mailed them a

25  copy of the discovery on February 12, 2007. E-mail service is not proper service under CCP § 1013,a

26  and e-mailing discovery responses on February 12, 2007 certainly does not invalidate responses that

27  were sent out on February 9, 2007 via mail and according to code.

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-9-

**PLAINTIFF'S RESPONSE TO J&J'S SEPARATE STATEMENT OF ITEMS IN DISPUTE**

179E.5C

1  **Request for Production No. 3:**

2      All DOCUMENTS that evidence the distribution of the CHILDREN'S MOTRIN

3  by a DISTRIBUTOR.

4      (The term "DISTRIBUTOR" is used in these requests as it is used in Paragraph 9 of the

5  COMPLAINT.)

6  **Plaintiffs' Response to Request for Production No. 3:**

7      Objection: This request seeks plaintiffs' counsel's work product, legal reasoning, theory,

8  and/or statutory basis supporting a factual contention. Further, all responsive DOCUMENTS should

9  be in the possession, custody or control of Defendants.

10  **Defendant's Reasons to Compel Further Response to Request for Prod. No. 3:**

11      Defendant preliminarily notes that, in a good faith effort to avoid this motion to - compel,

12  Defendant re-worded Request No. 3 in its meet and confer-letter to. Plaintiffs as follows:

13      *Request No. 3:* Please produce all DOCUMENTS in your possession that evidence the

14  distribution of the CHILDREN'S MOTRIN by a DISTRIBUTOR.

15      Plaintiffs, however, have not responded to Defendant's meet and confer letter or its modified

16  Request for Production number 3. (*Holl Dec.*, at ¶6). In any event, the requested documents are

17  discoverable, and Defendant is entitled to them.

18      As discussed, Plaintiffs' objections to Defendant's First Request for Production are waived

19  because Plaintiffs did not serve timely responses. (*Holl Dec.*, at ¶¶ 4-5 and Ex. K; C.C.P. §

20  2031.300(a)).

21      Moreover, document requests seeking facts or documents relied upon by parties in support

22  of their contentions are commonplace and appropriate. *See, e.g., Burke v. Superior Court* (1969) 71

23  Cal. 2d 276, 280-281; *Rifkind v. Superior Court* (1994) 22 Cal.App.4th 1255, 1260-1261; and cases

24  cited therein. A party is entitled to discovery of the opponent's contentions and their factual and

25  evidentiary bases, notwithstanding the underlying involvement of expert opinion or attorney analysis.

26  *Ibid.*

27      Plaintiffs' response to Request number 3 is insufficient and frustrates the purpose of

28  discovery. They contend in their Complaint that Children's Motrin was distributed

-10-

**PLAINTIFF'S RESPONSE TO J&J'S SEPARATE STATEMENT OF ITEMS IN DISPUTE**

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1792.5C

1    "throughout the United States through various distributors, including but not limited to McKesson .

2    . .." (*Holl Dec.*, Ex. A at ¶9). Yet, Plaintiffs refuse to produce any documents that evidence the

3    distribution of Children's Motrin by any distributor, let alone McKesson. Defendant is entitled to learn

4    what documents Plaintiffs possess, control or have in their custody that relates to this issue. It is

5    immaterial that the requested documents may, or may not, be available from other sources, including

6    Defendant itself. Plaintiffs must also specify with particularity what responsive documents Plaintiffs

7    refer to that in Plaintiffs opinion "should" be in the "possession, custody or control of Defendants."

8    **Reason Why a Further Response Should Not Be Compelled:**

9           The request is grossly overbroad.  It asks for Plaintiff to produce all evidence of all

10    distribution of all Children's Motrin across the United States. (The request is so broad, Plaintiff would

11    have to produce documents from three other Children's Motrin cases that do not involve Wal-Mart

12    just to comply with the requests.) Assuming the request is narrowed down to mean that Plaintiff must

13    produce all documents evidencing the chain of distribution between Johnson and Johnson, McKesson,

14    and Wal-Mart, Defendants are already in possession of such documents.  Plaintiff should not be

15    required to produce documents that the parties already have within their possession, custody, and/or

16    control.

17           Furthermore, Plaintiff has already produced evidence of a distribution agreement between

18    Wal-Mart and McKesson, making McKesson Wal-Mart's primary distributor of pharmaceutical

19    products. (*See* Exhibit 1 to Plaintiffs' Opposition).

20           The fact that Defendant offers to cure the defective responses in its meet and confer letter is

21    immaterial. Though, ordinarily, "it would constitute an abuse of discretion to deny *in toto* a motion

22    to compel further answers merely because some of the interrogatories were objectionable," this is not

23    the case when all of the interrogatories are objectionable. *Deaile v. General Telephone Co. of*

24    *California*, (1974) 40 Cal.App.3d 841, 851 (citing *Coy v. Sup. Ct.*, 58 Cal.2d 210, and *West Pico*

25    *Furniture Co. v. Sup. Ct.*, 56 Cal.2d 407).  In *Deaile*, the court held that because all of the

26    interrogatories propounded by Plaintiff were subject to Defendant's proper objection, and since the

27    Court is under no obligation to redraft interrogatories so that proper questions are presented, Plaintiffs'

28    motion to compel could be denied in its entirety. 40 Cal.App.3d at 851.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-11-
**PLAINTIFF'S RESPONSE TO J&J'S SEPARATE STATEMENT OF ITEMS IN DISPUTE**

1      Essentially all requests for discovery suffer from the same basic problem.  They do not ask

2   merely for documents or evidence, they ask for Plaintiffs' counsel to disclose: (a) which documents

3   and evidence Plaintiffs' counsel believes support Plaintiffs' contentions or allegations, (b) Plaintiffs'

4   counsel's valuation of which evidence is important and which evidence is not important, and/or (c)

5   which pieces of evidence Plaintiffs plan to utilize at trial.  Asking for the information to be produced

6   in such a manner is designed to elicit the mental impressions and work product of Plaintiffs' counsel.

7   It is not enough that Defendants are seeking information, but they also want Plaintiffs' counsel to

8   provide Defendants with a break down whether such information are important to Plaintiff, whether

9   Plaintiffs' counsel plans to use such information to support their claims, and how Plaintiffs' counsel

10   plans to use such information.  Such interrogatories are not about obtaining information likely to lead

11   to admissible evidence, but rather represent an attempt by Defense counsel to get a look at Plaintiffs'

12   counsel's "play book." There is nothing relevant or likely to be relevant about what Plaintiffs' counsel

13   thinks of the information Defendants seek to obtain.

14      It is a violation of the public policy set forth in California *Code of Civil Procedure* section

15   2018.020 for Plaintiff to identify information Plaintiffs' counsel has gathered that relate to the issues

16   in the case. California *Code of Civil Procedure* section 2018.020 provides:

17      It is the policy of the state to do both of the following:

18      (a) Preserve the rights of attorneys to prepare cases for trial with that degree of
    privacy necessary to encourage them to prepare their cases thoroughly and to
19      investigate not only the favorable but the unfavorable aspects of those cases.
    (b) Prevent attorneys from taking undue advantage of their adversary's industry and
20      efforts.

21      Defendant's are seeking materials and information that plaintiffs' counsel have gathered

22   using their own industry and efforts to support their clients' claims.   Some of the requested

23   information is equally available to defendants, especially those requests that ask plaintiffs' counsel

24   to identify and produce documents in defendant's own files. (for example, evidence of sales between

25   McKesson and Wal-Mart).  As will be demonstrated below, these interrogatories seek to obtain the

26   thoughts and impressions of plaintiffs' counsel and the fruit of plaintiffs' counsel's labor, all in

27   violation of the public policy set forth in California *Code of Civil Procedure* section 2018.020.

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-12-

179E.5C

1    Therefore, plaintiffs cannot be forced to identify or provide the requested information and materials

2    that their attorneys have gathered.

3           Code of Civil Procedure, Section 2018.030, provides: "Any writing that reflects an attorney's

4    impressions, conclusions, opinions, or legal research or theories, shall not be discoverable under any

5    circumstances." The issue before this Court is whether the requested documents and information

6    consist of attorney work product. "The statute, however, does not define 'work product'. Thus, the

7    determination of what work product is must be resolved by individual court determinations on a case

8    by case basis." (*City of Long Beach v. Superior Court* (1976) 64 Cal.App.3d 65, 71.) What an

9    attorney has learned or thinks is important in preparing the case is totally outside of the scope and

10    objectives of legitimate discovery. The Supreme Court in *Hickman v. Taylor* (1947) 329 U.S. 495,

11    511 recognized that a lawyer in preparing the client's case, assembles information, sifts through what

12    the lawyer considers to be relevant facts, prepares legal theories and plans strategy. This work is

13    reflected in tangible and intangible ways and is called work product. (*Id.; see In re Jeanette H.* (1990)

14    225 Cal.App.3d 25, 32.) The Court explained the policy reasons for the attorney work product

15    privilege:

16         Were such materials open to opposing counsel on mere demand, much of what is
     now put down in writing would remain unwritten. An attorney's thoughts,

17         heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp
     practices would inevitable develop in the giving of legal advice and in the

18         preparation of cases for trial. The effect on the legal profession would be
     demoralizing. And the interests of the clients and the cause of justice would be

19         poorly served. ... [T]he general policy against invading the privacy of an attorney's
     course of preparation is so well recognized and so essential to an orderly working

20         of our system of legal procedure that **a burden rests on the one who would invade**
     **that privacy to establish adequate reasons to justify production**. (*Id.* at 511-512

21         (emphasis added).)

22           Whether a request that a party identify and produce information and documents that counsel

23    believes are relevant to the issues in this case violates the work product rule was addressed in *Nacht*

24    *& Lewis Architects, Inc. v Superior Court* (1996) 47 Cal.App.4th 214 and *City of Long Beach v.*

25    *Superior Court* (1976) 64 Cal.App.3d 65.

26           In *Nacht & Lewis Architects, Inc., supra,* 47 Cal.App.4th at 217 the trial court granted an

27    order requiring the defendant to identify all persons who had been interviewed by the defendant or

28    anyone acting on its behalf. The defendant objected to Form Interrogatory No. 12.2, stating that

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-13-

1792.5C

1   interviews had been conducted but identification of the witnesses was protected by the attorney-client

2   privilege and work product doctrine. (*Id.*) The Court of Appeal held that requiring the defendant to

3   provide a list of witnesses interviewed would violate the *absolute* work product privilege of Section

4   2018(c), now Section 2018.030. (*Id.*) That court held as follows:

5          Compelled production of a list of potential witnesses interviewed by
       opposing counsel would necessarily reflect counsel's evaluation of the case
6       by revealing which witnesses or persons who claimed knowledge of the
       incident (already identified by defendants' response to interrogatory No. 12.1)
7       counsel deemed important enough to interview. (*Id.*)

8          In *City of Long Beach v. Superior Court* (1976) 64 Cal.App.3d 65 the plaintiff served

9   interrogatories seeking the names and address of non-expert witnesses the defendant intended to call

10  at trial and sought the nature of the testimony of each witness. (*Id.* at 69.) The court specifically held

11  that requiring the defendant to disclose the identity of the witnesses it intended to call was qualified

12  work product. (*Id.* at 73.) The court further held that the anticipated testimony was absolutely

13  privileged as work product. (*Id.* at 80.)

14         Plaintiffs' counsel's selection and/or collection of information that counsel deems important

15  to the lawsuit or **"supports his clients' contentions"** is also protected work product.  In cases

16  involving extensive document discovery, the **selection and compilation** of documents is often more

17  crucial than legal research. (*Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986)(citing

18  *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D.Del.1982).))  "Even if the individual

19  documents sought are not attorney work product, **'the selection process itself represents defense**

20  **counsel's mental impressions and legal opinions as to how the evidence in the documents relates**

21  **to the issues and defenses in the litigation.'"** (*Smith v. Florida Power & Light Co.*, 632 So.2d 696,

22  698 (Fla. Dist. Ct. App. 1994)(citing *Sporck v. Peil*, 759 F.2d 312, 315 (3d Cir. 1985).)) **The selection**

23  **and compilation of documents by counsel falls within the highly-protected category of opinion**

24  **work product.**  (*Sporck v. Peil*, 759 F.2d 312, 315 (3d Cir. 1985).)  **Thus, regardless of the**

25  **jurisdiction, it is clear that in the practice of law, the selection and compilation of documents is**

26  **attorney work product that is not discoverable.**

27         In the instant case, the Defendants ask that Plaintiffs' counsel be required to review their files

28  and tell defendant which documents plaintiffs' counsel think support Plaintiffs' claim, think are

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-14-

**PLAINTIFF'S RESPONSE TO J&J'S SEPARATE STATEMENT OF ITEMS IN DISPUTE**

1798.5C

1   important, why Plaintiffs' counsel believes they are important, or that Plaintiffs' counsel might use

2   at trial. These interrogatories violate the absolute work product privilege in that they improperly seek

3   "an attorney's impressions, conclusions, opinions, or legal research or theories." (*C.C.P.* §2030.030.)

4   An answer to these interogatories will not clarify Plaintiffs' contentions, provide Defendants with

5   facts, or narrow the issues. (*See, e.g., Sheets v. Superior Court* (1967) 257 Cal.App.2d 1, 13). Rather,

6   these interrogatories are asking Plaintiff to perform qualitative analysis and research for the

7   Defendants.  (*See id.*)   However, Plaintiffs' counsel's selection, review,  understanding, and

8   compilation of facts and documents is attorney work product. Any facts and documents that Plaintiffs'

9   counsel have gathered have been a result of a number of hours of work.  Defendants should not benefit

10  from the research that plaintiffs' counsel have done.

11

12  **Request for Production No. 9:**

13          All DOCUMENTS supporting YOUR contention that MCKESSON is a proper party to this

14  lawsuit.

15          (For the purposes of this set of requests, "MCKESSON" means McKesson Corporation and

16  any subsidiary or division thereof.)

17  **Plaintiffs' Response to Request for Production No. 9:**

18          Objection: This request seeks plaintiffs' counsel's work product, legal reasoning, theory,

19  and/or statutory basis supporting a factual contention. Further, all responsive DOCUMENTS should

20  be in the possession, custody or control of Defendants.

21  **Defendant's Reasons to Compel Further Response to Request for Prod. No. 9:**

22          Defendant preliminarily notes that, in a good faith effort to avoid this motion to compel,

23  Defendant re-worded Request No. 9 in the meet and confer letter Defendant sent to Plaintiffs as

24  follows:

25          *Request No. 9:* Please produce all DOCUMENTS relied on for YOUR contention that

26  MCKESSON is a proper party to this lawsuit.

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

179B.5C

-15-

1   Plaintiffs, however, have not responded to Defendant's meet and confer letter or its modified

2   Request for Production number 9. (*Holl Dec.*, at ¶6). The requested documents are discoverable, and

3   Defendant is entitled to them.

4   Please see the reasons set forth above with respect to Request No. 3, and with respect to

5   Interrogatory No. 12.

6   **Reason Why a Further Response Should Not Be Compelled:**

7   Please see the reasons set forth above with respect to Request No. 3, and with respect to

8   Interrogatory No. 12.

9

10  **Request for Production No. 12:**

11  All DOCUMENTS supporting YOUR contention that the CHILDREN'S MOTRIN was sold

12  by MCKESSON.

13  **Plaintiffs' Response to. Request for Production No. 12:**

14  Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning,

15  theory, and/or statutory basis supporting a factual contention. Further, all responsive DOCUMENTS

16  should be in the possession, custody or control of Defendants.

17  **Defendant's. Reasons to Compel Further Response to Request for Prod. No. 12:**

18  Defendant preliminarily notes that, in a good faith effort to avoid this motion to compel,

19  Defendant re-worded Request No. 12 in the meet and confer letter Defendant sent to Plaintiffs as

20  follows:

21  ***Request No. 12:*** Please produce all DOCUMENTS relied on for YOUR contention that the

22  Children's Motrin was sold by MCKESSON.

23  Plaintiffs, however, have not responded to Defendant's meet and confer letter or its modified Request

24  for Production number 12. (*Holl Dec.*, at ¶6). The requested documents are discoverable, and

25  Defendant is entitled to them.

26  Please see the reasons set forth above with respect to Request No. 3, and with respect to

27  Interrogatory No. 12.

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-16-

**PLAINTIFF'S RESPONSE TO J&J'S SEPARATE STATEMENT OF ITEMS IN DISPUTE**

179E.5C

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1    <u>Reason Why a Further Response Should Not Be Compelled</u>:

2          Please see the reasons set forth above with respect to Request No. 3, and with respect to

3    Interrogatory No. 12.

5                                        **III.**

6    **PLAINTIFFS' RESPONSES TO FORM INTERROGATORIES, SET ONE**

7          <u>DEFENDANT'S POSITION</u>:  Plaintiffs did not serve signed and verified response to

8    Defendant's First Set of Form Interrogatories as required by C.C.P. § 2030.260(a), (c). The Court

9    should issue an order compelling Plaintiffs to do so.

10          <u>PLAINTIFFS' RESPONSE</u>:  Plaintiffs timely served signed and verified responses to the

11    requested discovery on February 9, 2007.  Defendants have chosen to ignore the fact that they were

12    mailed Exhibits 2-5, and instead focus on the fact that as a courtesy Plaintiffs also e-mailed them a

13    copy of the discovery on February 12, 2007. E-mail service is not proper service under CCP § 1013, a

14    and e-mailing discovery responses on February 12, 2007 certainly does not invalidate responses that

15    were sent out on February 9, 2007 via mail and according to code.

16    <u>Form Interrogatory No. 17.1</u>:

17          Is your response to each request for admission served with these interrogatories an

18    unqualified admission? If not, for each response that is not an unqualified admission:

19          (a)    state the number of the request;

20          (b)    state all facts upon which you base your response;

21          (c)    state the names, ADDRESSES, and telephone numbers of all PERSONS who have

22    knowledge of those facts; and

23          (d)    identify all DOCUMENTS and other tangible things that support your response and

24    state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or

25    thing.

26    <u>Plaintiffs' Response to Form Interrogatory No. 17.1</u>:

27          No.

28          (a)    Requests No. One and No. Two;

-17-
**PLAINTIFF'S RESPONSE TO J&J'S SEPARATE STATEMENT OF ITEMS IN DISPUTE**

179B.5C

1    (b)    Plaintiffs purchased the CHILDREN'S MOTRIN from WAL-MART;

2    (c)    Plaintiffs;

3    (d)    Despite a diligent search and reasonable inquiry, plaintiffs are unable to identify any

4    DOCUMENTS in their possession which would be responsive to this request.

5        -

6    (a)    Requests No. Three and No. Four;

7    (b)(c)(d) Objection: This interrogatory seeks plaintiffs' counsel's work product, legal

8    reasoning, theory, and/or statutory basis supporting a factual contention.

9    <u>Defendant's Reasons to Compel Further Response to Form Interrogatory No. 17.1</u>:

10    In response to Requests for Admission numbers 3 and 4, Plaintiffs deny, respectively, that

11    the Children's Motrin at issue in this case was not sold by McKesson and that the Plaintiffs have no

12    evidence of any such sale. (*See Holl Dec.* Ex. I at response numbers 3 and 4). Plaintiffs object to

13    providing details concerning these denials in Form Interrogatory No. 17.1 on the basis that the

14    interrogatory seeks protected information.

15    Please see the reasons set forth above with respect to Interrogatory No. 12. Defendant is

16    entitled to learn the facts upon which Plaintiffs' denials were made, the identity of the people with

17    knowledge of the facts, and documents supporting the denial.

18    identity of the people with knowledge of the facts, and documents supporting the denial.

19    <u>Reason Why a Further Response Should Not Be Compelled</u>:

20    Please see the reasons set forth above with respect to Request No. 3, and with respect to

21    Interrogatory No. 12.

22        IV.

23    <u>PLAINTIFFS' RESPONSES TO REQUESTS FOR ADMISSION, SET ONE</u>

24    <u>DEFENDANT'S POSITION</u>:  Plaintiffs did not serve signed and verified response to

25    Defendant's First Set of Requests for Admission as required by C.C.P. § 2033.240(a), (c). The Court

26    should issue an order compelling Plaintiffs to do so.

27    <u>PLAINTIFFS' RESPONSE</u>:  Plaintiffs timely served signed and verified responses to the

28    requested discovery on February 9, 2007.  Defendants have chosen to ignore the fact that they were

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

-18-

**PLAINTIFF'S RESPONSE TO J&J'S SEPARATE STATEMENT OF ITEMS IN DISPUTE**

179E.5C

1  mailed Exhibits 2-5, and instead focus on the fact that as a courtesy Plaintiffs also e-mailed them a

2  copy of the discovery on February 12, 2007. E-mail service is not proper service under CCP § 1013, a

3  and e-mailing discovery responses on February 12, 2007 certainly does not invalidate responses that

4  were sent out on February 9, 2007 via mail and according to code.

6  DATED: April 24, 2007                    GREENE BROILLET & WHEELER, LLP

                                            Michael J. Avenatti, Esq.
                                            Alan Van Gelder, Esq.
                                            Attorneys for Plaintiff

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

**PLAINTIFF'S RESPONSE TO J&J'S SEPARATE STATEMENT OF ITEMS IN DISPUTE**

179E.5C

1

PROOF OF SERVICE
(C.C.P. 1013A, 2015.5)

2

**STATE OF CALIFORNIA**

3

4     I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 100 Wilshire Boulevard, 21st Floor, Santa Monica, California 90401.

5

6     On April 24, 2007, I served the foregoing document, described as

**PLAINTIFFS' RESPONSE TO DEFENDANT JOHNSON & JOHNSON'S SEPARATE**
7    **STATEMENT OF ITEMS IN DISPUTE IN SUPPORT OF MOTION TO COMPEL**
**FURTHER RESPONSES**

8

on the interested parties in this action

9

____ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the
10    attached mailing list.

11    __X__ by placing ___ the original __X__ a true copy enclosed in sealed envelopes addressed as follows:

12

____ **BY MAIL.**
13          ____ I deposited such envelope in the mail at Santa Monica, California. The envelope was mailed with postage thereon fully prepaid.

14
          ____ As follows: I am "readily familiar" with the firm's practice of collection and
15    processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Monica,
16    California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is
17    more than one day after date of deposit for mailing in affidavit.

18    Executed on **April 24, 2007**, at Santa Monica, California.

19    ___ **BY PERSONAL SERVICE.** I delivered such envelope by hand to the offices of the addressee.

20

___ **BY FACSIMILE.** I faxed a copy of the above-described document to the interested parties as
21    set forth [above/on the attached mailing list].

22    Executed on **April 24, 2007** at Santa Monica, California.

23    __X__ **BY FEDERAL EXPRESS (PRIORITY OVERNIGHT).** I caused to be deposited such envelope in the Federal Express Depository at Santa Monica, California.

24

Executed on **April 24, 2007** at Santa Monica, California.

25

26    __X__ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

27

28    **Robert Gersten**
**Name**                                                      **Signature**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SERVICE LIST
*GAINES v. JOHNSON & JOHNSON*
San Francisco Superior Case No. CGC 06 457600

**BY FEDERAL EXPRESS**

Charles E. Preuss, Esq.
Thomas W. Pulliam, Jr., Esq.
Cheryl A. Jorgensen, Esq.
Vernon Zvoleff, Esq.
**DRINKER BIDDLE & REATH, LLP**
50 Fremont St., 20th Fl.
San Francisco, CA 94105
(415) 591-7558
Fax: (415) 591-7510

Attorneys for Defendants McNEIL
CONSUMER HEALTHCARE, a division of
McNEIL-PPC, INC. (erroneously sued as Mc
NEIL CONSUMER AND SPECIALTY
PHARMACEUTICALS, a Division of
McNEIL-PPC, INC.) McKESSON
CORPORATION, and WAL-MART STORES,
INC.

1   CHARLES F. PREUSS (State Bar No. 45783)
2   THOMAS W. PULLIAM, JR. (State Bar No. 46322)
    BENJAMIN J. HOLL (State Bar No. 200630)
3   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
4   San Francisco, California 94105-2235
    Telephone: (415) 591-7500
5   Facsimile: (415) 591-7510

6   Attorneys for Defendants
    JOHNSON & JOHNSON, MCNEIL CONSUMER
7   HEALTHCARE, a Division of MCNEIL-PPC, INC.
    (erroneously sued as MCNEIL CONSUMER &
8   SPECIALTY PHARMACEUTICALS,
    a Division of MCNEIL-PPC, INC.), MCKESSON
9   CORPORATION, and WAL-MART STORES, INC.

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                 FOR THE COUNTY OF SAN FRANCISCO

12

13  THOMAS B. GAINES, a deceased minor         Case No.: CGC-06-457600
    child by and through his personal
14  representative(s) and/or successor(s) in
    interest; DIANA L. GAINES, individually,   DEFENDANT JOHNSON &
15  as Executor of the Estate of Thomas B.     JOHNSON'S REPLY TO PLAINTIFFS'
    Gaines, and as Thomas B. Gaines' personal  OPPOSITION TO DEFENDANT'S
16  representative and successor in interest;  MOTION TO COMPEL DISCOVERY
    GARY D. GAINES, individually and as
17  Thomas B. Gaines' personal representative  Date:    May 7, 2007
    and successor in interest; and THE         Time:    10:30 a.m.
18  ESTATE OF THOMAS B. GAINES,                Place:   Department 610
                                               Judge:   Commissioner Bruce E. Chan
19              Plaintiffs,

20        v.                                   Complaint Filed: November 3, 2006

21  JOHNSON & JOHNSON, a New Jersey
    corporation; MCNEIL CONSUMER &
22  SPECIALTY PHARMACEUTICALS, a
    Division of MCNEIL-PPC, INC., a New
23  Jersey corporation; MCKESSON
    CORPORATION, a Delaware corporation;
24  WAL-MART STORES, INC., a Delaware
    corporation; and DOES 1 through 100,
25  inclusive,

26              Defendants.

27  ///
    ///
28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

ENDORSED
F I L E D
San Francisco County Superior Court

APR 3 0 2007

GORDON PARK-LI, Clerk
BY: _____ MARY ANN MORAN
                    Deputy Clerk

BY FAX

# I.
# INTRODUCTION

Defendant Johnson & Johnson ("Defendant") respectfully submits the following reply to Plaintiffs' opposition to Defendant's Motion to Compel Further Responses to Defendant's First Set of Special Interrogatories, First Request for Production, First Set of Form Interrogatories, and First Set of Requests for Admissions.

# II.
# ARGUMENT

## A.   Defendant No Longer Claims That Plaintiffs' Responses Were Untimely

Subsequent to the filing of this Motion, Plaintiffs' counsel informed Defendant that Plaintiffs had timely mailed signed and verified discovery responses to Defendant on February 9, 2007. Plaintiffs thereafter provided Defendant with copies of the discovery responses which contained proofs of service that indicated that the responses were timely mailed on February 9, 2007. Defendant never received these mailed discovery responses. Nevertheless, Defendant withdraws its claim that Plaintiffs' discovery responses were untimely, and its request for an order compelling Plaintiffs to provide signatures and verifications for the discovery responses.

## B.   Plaintiffs' Work-Product Objections To Defendant's Interrogatories And Request For Production Are Without Merit

Defendant's Special Interrogatories numbers 12 and 13 asked Plaintiffs to "set forth all facts" and "describe all evidence," respectively, supporting their contention that McKesson is a proper party to this lawsuit. Special Interrogatories numbers 18 and 19 asked Plaintiffs to "set forth all facts" and "describe all evidence," respectively, supporting their contention that McKesson sold Children's Motrin. Defendant's Form Interrogatory number 17.1 asked Plaintiffs to "state all facts" upon which Plaintiffs based any denials to Defendant's Requests for Admission. Request for Production numbers 3, 9 and 12 sought documents supporting Plaintiffs' above-mentioned contentions.

These interrogatories and requests for production are clearly proper. In "California, discovery proceedings provide a most important method of obtaining

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1   knowledge of such facts as may exist and on which the protagonist relies." *Singer v.*
2   *Superior Court* (1960) 54 Cal. 2d 318, 324. "There is no doubt that a defendant is
3   entitled to discover by appropriate interrogatories the facts, if any, presently known to the
4   plaintiff upon which he bases the allegations of his complaint and upon which he
5   presently relies to prove his case." *Sheets v. Superior Court of Los Angeles County*
6   (1967) 257 Cal. App. 2d 1, 8-9; *see also Burke v. Superior Court* (1969) 71 Cal. 2d 276,
7   281-285 (standing for the proposition that a party is entitled to interrogatories disclosing
8   the facts, if any, known to his opponent and upon which the opponent presently relies to
9   prove his case). To be sure, "[t]he classic interrogatory is: 'Please state what fact or facts
10  form the basis for the allegations set forth in....'" *Conn v. National Can Corp.* (1981) 124
11  Cal. App. 3d 630, 639. Furthermore, document requests seeking facts or documents
12  relied upon by parties in support of their contentions are commonplace and appropriate.
13  *See, e.g., Burke v. Superior Court* (1969) 71 Cal. 2d 276, 280-281; *Rifkind v. Superior*
14  *Court* (1994) 22 Cal. App. 4th 1255, 1260-1261; and cases cited therein. A party is
15  unquestionably entitled to discovery of the opponent's contentions and their factual and
16  evidentiary bases, notwithstanding the underlying involvement of expert opinion or
17  attorney analysis. *Ibid.*

18      Form Interrogatory number 17.1 and Special Interrogatories numbers 12-13 and
19  18-19 do not seek Plaintiffs' or Plaintiffs' counsels' contentions, legal arguments,
20  conclusions, opinions, or legal research or theories. *See, e.g., Flora Crane Service, Inc.*
21  *v. Superior Court* (1965) 234 Cal. App. 2d 767, 781. Rather, these interrogatories call
22  upon Plaintiffs to state the "facts" and "evidence" underlying Plaintiffs' contentions as
23  set forth in their Complaint. It has been long settled that questions relating to the facts
24  underlying the contentions of the parties are proper and must be answered. *Singer, supra,*
25  54 Cal. 2d 318. Similarly, Defendant's Request for Production numbers 3, 9 and 12 are
26  limited to documents relied on by Plaintiffs for their contentions as set forth in their
27  Complaint. The requests do not seek Plaintiffs' or Plaintiffs' counsels' contentions, legal
28  arguments, conclusions, opinions, or legal research or theories.

1    Thus, Plaintiffs' work-product objections, on the ground that Defendant's

2    interrogatories and request for production seek counsel's impressions, conclusions,

3    opinions, or legal research or theories, are clearly meritless.

4    **C.   Plaintiffs' Substantive Responses To Defendant's Special Interrogatories Are**

5    **Wholly Insufficient**

6    Plaintiffs responses to Special Interrogatories numbers 12-13 and 18-19 are

7    substantively incomplete and insufficient. Plaintiffs responded to each of these

8    interrogatories with the same conclusionary assertion that "McKesson was and is the

9    distributor of Children's Motrin to Wal-Mart." This response is wholly inadequate. It

10   does not fully provide the "facts" and "evidence" underlying Plaintiffs' contentions that

11   McKesson sold Children's Motrin and that McKesson is a proper party to this lawsuit.

12   Defendant is entitled to complete and substantive responses to these interrogatories.

13   **D.   Plaintiffs Have Not Provided Supplemental Discovery Responses**

14   Plaintiffs have not provided Defendant with supplemental responses to

15   Defendant's discovery, despite Plaintiffs' claim to the contrary. While Plaintiffs claim

16   that they "provided supplemental responses in the form of news stories outlining the

17   substantial distribution relationship between Wal-Mart and McKesson," an email from

18   Plaintiffs' counsel to Defendant's counsel containing an attachment with news articles is

19   not a proper supplemental response. (Declaration of Thomas W. Pulliam, at ¶¶ 4, 7).

20   Defendant is entitled to a signed and verified response. *See* C.C.P. §§ 2030.250(a), (c)

21   (interrogatories), 2031.250(a), (c) (request for production), and 2033.240(a), (c) (requests

22   for admission). Additionally, if these news stories constitute the totality of Plaintiffs'

23   evidence of McKesson's liability, Defendant is entitled to a verified response saying

24   exactly that.

25

26                                    **III.**
                                  **CONCLUSION**

27

28   For the foregoing reasons, Defendant requests that its Motion to Compel be

///

1    granted.

2

3    Dated: April 30, 2007                DRINKER BIDDLE & REATH LLP

4

5                                      _____ For
                                       BENJAMIN J. HOLL

6                                 Attorneys for Defendants

7                                 JOHNSON & JOHNSON, MCNEIL
                                CONSUMER HEALTHCARE, a Division

8                                 of MCNEIL-PPC, INC. (erroneously sued
                                as MCNEIL CONSUMER & SPECIALTY
                                PHARMACEUTICALS, a Division of

9                                 MCNEIL-PPC, INC.), MCKESSON
                                CORPORATION, and WAL-MART

10                                 STORES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

5

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

**CERTIFICATE OF SERVICE**

I, GLORIA CADENA, declare that:

I am at least 18 years of age, and not a party to the above-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105, Telephone: (415) 591-7500.

On April 30, 2007, I caused to be served the following document(s):

**DEFENDANT JOHNSON & JOHNSON'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**

by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as follows:

☑ BY MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposed with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by a messenger service by hand to the address(es) listed below:

☐ BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a Federal Express envelope, addressed as follows:

☐ BY FACSIMILE: I caused such documents to be transmitted by facsimile transmission and mail as indicated above.

Michael J. Avenatti, Esq.
GREENE BROILLET & WHEELER
100 Wilshire Blvd., Suite 2100
Santa Monica, CA 90401
Telephone: (310) 576-1200
Facsmilie: (310) 576-1220
*Counsel for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 30, 2007 at San Francisco, California.

GLORIA CADENA

1  CHARLES F. PREUSS (State Bar No. 45783)
2  THOMAS W. PULLIAM, JR. (State Bar No. 46322)
   BENJAMIN J. HOLL (State Bar No. 200630)
3  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
   San Francisco, California 94105-2235
4  Telephone: (415) 591-7500
   Facsimile: (415) 591-7510
5
6  Attorneys for Defendants
   JOHNSON & JOHNSON, MCNEIL CONSUMER
7  HEALTHCARE, a Division of MCNEIL-PPC, INC.
   (erroneously sued as MCNEIL CONSUMER &
8  SPECIALTY PHARMACEUTICALS,
   a Division of MCNEIL-PPC, INC.), MCKESSON
9  CORPORATION, and WAL-MART STORES, INC.

ENDORSED
FILED
San Francisco County Superior Court

APR 3 0 2007

GORDON PARK-LI, Clerk
BY: _____
        MARY ANN MORAN
              Deputy Clerk

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                 FOR THE COUNTY OF SAN FRANCISCO

12

13  THOMAS B. GAINES, a deceased minor         Case No. CGC-06-457600
    child by and through his personal
14  representative(s) and/or successor(s) in
    interest; DIANA L. GAINES, individually,   DECLARATION OF THOMAS W.
15  as Executor of the Estate of Thomas B.     PULLIAM, JR. IN SUPPORT OF
    Gaines, and as Thomas B. Gaines' personal  DEFENDANT'S REPLY TO
16  representative and successor in interest;  PLAINTIFF'S OPPOSITION TO
    GARY D. GAINES, individually and as        DEFENDANT'S MOTION TO
17  Thomas B. Gaines' personal representative   COMPEL DISCOVERY
    and successor in interest; and THE
18  ESTATE OF THOMAS B. GAINES,

19                   Plaintiffs,               Date:   May 7, 2007
                                               Time:   10:30 a.m.
20      v.                                     Place:  Department 610
                                               Judge:  Commissioner Bruce E. Chan
21  JOHNSON & JOHNSON, a New Jersey
    corporation; MCNEIL CONSUMER &
22  SPECIALTY PHARMACEUTICALS, a               Complaint Filed: November 3, 2006
    Division of MCNEIL-PPC, INC., a New
23  Jersey corporation; MCKESSON
    CORPORATION, a Delaware corporation;
24  WAL-MART STORES, INC., a Delaware           BY FAX
    corporation; and DOES 1 through 100,
25  inclusive,

26                   Defendants.

27

28  ///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

DECLARATION OF THOMAS W. PULLIAM IN SUPPORT OF DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO

1    I, THOMAS W. PULLIAM, declare that:

2        1.    I am a partner in Drinker Biddle & Reath LLP, which represents the

3    Defendant in this action. The information in this declaration is based upon my personal

4    knowledge and best recollection.

5        2.    On or about April 24, Plaintiffs' counsel, Michael Avenatti, called me

6    requesting that Defendant's motion to compel be continued from May 7 to May 14

7    because a schedule conflict had arisen for him and because he thought we should be able

8    to "work out" the issues which were the subject of the motion.

9        3.    We discussed the motion and I told Mr. Avenatti that I had not drafted the

10   motion and had not paid much attention to it since before it was filed. I told Mr. Avenatti

11   that he should contact Ben Holl, the attorney who is handling the motion. I also told Mr.

12   Avenatti that Ben was on vacation the week of April 23, but that I would leave Ben a

13   message regarding this and get back to Mr. Avenatti.

14       4.    We continued to discuss the subject matter of the motion. I told Mr.

15   Avenatti that my recollection of the motion was that we wanted all of the evidence upon

16   which Plaintiffs based their allegations that McKesson was liable to Plaintiffs in this

17   action (i.e. that McKesson had sold the Children's Motrin at issue to Wal-Mart). Mr.

18   Avenatti reminded me that he had sent me an email on April 10 containing an attachment

19   of some printed information obtained from the internet (and perhaps from the media),

20   which described the relationship between McKesson and Wal-Mart. I told Mr. Avenatti

21   that I remembered the information, but that it made no reference to Children's Motrin. I

22   told him we simply wanted responses to our discovery and that if that printed information

23   was all of the evidence requested in the discovery, Plaintiffs should say so in responses.

24       5.    Mr. Avenatti proposed that if we would continue the motion from May 7 to

25   May 14, he would provide amended responses by April 27. I told him I would check

26   with Ben Holl and get back to him.

27       6.    I left a voicemail message for Ben Holl. We also contacted the court to

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\383397\1

2

1    find out whether the motion could be continued from May 7 to May 14. We were told

2    that the earliest date to which the motion could be continued was May 30. When I did

3    not hear from Ben Holl, I sent Mr. Avenatti an email around noon on April 24 telling him

4    (a) I had not heard from Ben, (b) we could not continue the motion to May 14 - the

5    earliest date would be May 30, (c) we did not want to wait that long, and (d) if he

6    provided us everything we asked for in the motion we would have no reason to keep it on

7    calendar.

8         7.    Mr. Avenatti responded to my email with an email a few minutes later

9    saying that plaintiffs would file an opposition to the motion to compel. As of the date of

10   this declaration, Plaintiffs have not provided Defendant with supplemental responses to

11   the discovery at issue in this motion.

12

13         I declare under penalty of perjury under the laws of the state of California the

14   forgoing is true and correct and is executed at San Francisco, California on April 30, 2007.

15

16

17   _____
     THOMAS W. PULLIAM, JR.
18   Declarant

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

3

## CERTIFICATE OF SERVICE

I, GLORIA CADENA, declare that:

I am at least 18 years of age, and not a party to the above-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105, Telephone: (415) 591-7500.

On April 30, 2007, I caused to be served the following document(s):

**DECLARATION OF THOMAS W. PULLIAM, JR. IN SUPPORT OF DEFENDANT JOHNSON & JOHNSON'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**

by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as follows:

☑  BY MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposed with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

☐  BY PERSONAL SERVICE: I caused such envelopes to be delivered by a messenger service by hand to the address(es) listed below:

☐  BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a Federal Express envelope, addressed as follows:

☐  BY FACSIMILE: I caused such documents to be transmitted by facsimile transmission and mail as indicated above.

Michael J. Avenatti, Esq.
GREENE BROILLET & WHEELER
100 Wilshire Blvd., Suite 2100
Santa Monica, CA 90401
Telephone: (310) 576-1200
Facsimile: (310) 576-1220
*Counsel for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 30, 2007 at San Francisco, California.

*[signature]*
GLORIA CADENA

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\380389\1

CERTIFICATE OF SERVICE

1    CHARLES F. PREUSS (State Bar No. 45783)
     THOMAS W. PULLIAM, JR. (State Bar No. 46322)
2    BENJAMIN J. HOLL (State Bar No. 200630)
     DRINKER BIDDLE & REATH LLP
3    50 Fremont Street, 20th Floor
     San Francisco, California  94105-2235
4    Telephone: (415) 591-7500
     Facsimile: (415) 591-7510
5
     Attorneys for Defendants
6    JOHNSON & JOHNSON, MCNEIL CONSUMER
     HEALTHCARE, a Division of MCNEIL-PPC, INC.
7    (erroneously sued as MCNEIL CONSUMER &
     SPECIALTY PHARMACEUTICALS,
8    a Division of MCNEIL-PPC, INC.), MCKESSON
     CORPORATION, and WAL-MART STORES, INC.
9

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                     FOR THE COUNTY OF SAN FRANCISCO

12

13   THOMAS B. GAINES, a deceased minor        | Case No. CGC-06-457600
     child by and through his personal
14   representative(s) and/or successor(s) in
     interest; DIANA L. GAINES, individually,  | DEFENDANT JOHNSON &
15   as Executor of the Estate of Thomas B.    | JOHNSON'S NOTICE OF TAKING
     Gaines, and as Thomas B. Gaines' personal | MOTION TO COMPEL DISCOVERY
16   representative and successor in interest;  | OFF CALENDAR
     GARY D. GAINES, individually and as
17   Thomas B. Gaines' personal representative | Date:    May 7, 2007
     and successor in interest; and THE        | Time:    10:30 a.m.
18   ESTATE OF THOMAS B. GAINES,               | Place:   Department 610
                                               | Judge:   Commissioner Bruce E. Chan
19                      Plaintiffs,

20         v.                                  | Complaint Filed:  November 3, 2006

21   JOHNSON & JOHNSON, a New Jersey
     corporation; MCNEIL CONSUMER &
22   SPECIALTY PHARMACEUTICALS, a
     Division of MCNEIL-PPC, INC., a New
23   Jersey corporation; MCKESSON
     CORPORATION, a Delaware corporation;
24   WAL-MART STORES, INC., a Delaware
     corporation; and DOES 1 through 100,
25   inclusive,

26                      Defendants.

27   ///

28   ///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

DEFENDANT'S NOTICE OF TAKING MOTION TO COMPEL DISCOVERY OFF CALENDAR

1  TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:
2  PLEASE TAKE NOTICE that pursuant to Civil Local Rule 8.2B, Defendant Johnson &
3  Johnson ("Defendant") is taking off calendar its Motion to Compel Further Responses to
4  Defendant's First Set of Special Interrogatories, First Request for Production, First Set of
5  Form Interrogatories, and First Set of Requests for Admissions.  The hearing on the
6  Motion was noticed for hearing on May 7, 2007 at 10:30 a.m. in department 610 of the
7  above captioned court.  Defendant's taking the Motion off calendar is without prejudice
8  to its re-noticing the Motion for hearing in compliance with CCP section 1005.
9
10  Dated: May 4, 2007

DRINKER BIDDLE & REATH LLP

BENJAMIN J. HOLL

Attorneys for Defendants
JOHNSON & JOHNSON, MCNEIL
CONSUMER HEALTHCARE, a Division
of MCNEIL-PPC, INC. (erroneously sued
as MCNEIL CONSUMER & SPECIALTY
PHARMACEUTICALS, a Division of
MCNEIL-PPC, INC.), MCKESSON
CORPORATION, and WAL-MART
STORES, INC.

## CERTIFICATE OF SERVICE

I, Michelle Sankey, declare that:

I am at least 18 years of age, and not a party to the above-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105, Telephone: (415) 591-7500.

On May 4, 2007, I caused to be served the following document(s):

**DEFENDANTS' JOHNSON & JOHNSON'S NOTICE OF TAKING MOTION TO COMPEL DISCOVERY OFF CALENDAR**

by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as follows:

☑ BY MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposed with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by a messenger service by hand to the address(es) listed below:

☐ BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a Federal Express envelope, addressed as follows:

☑ BY FACSIMILE: I caused such documents to be transmitted by facsimile transmission and mail as indicated above.

Michael J. Avenatti, Esq.
GREENE BROILLET & WHEELER
100 Wilshire Blvd., Suite 2100
Santa Monica, CA 90401
Telephone: (310) 576-1200
Facsimile: (310) 576-1220
*Counsel for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 4, 2007 at San Francisco, California.

MICHELLE SANKEY

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\382235\1