# EXHIBIT C

1    CHARLES F. PREUSS (State Bar No. 45783)
     THOMAS W. PULLIAM, JR. (State Bar No. 46322)
2    CHERYL A. SABNIS (State Bar No. 224323)
     DRINKER BIDDLE & REATH LLP
3    50 Fremont Street, 20th Floor
     San Francisco, California 94105-2235
4    Telephone: (415) 591-7500
     Facsimile: (415) 591-7510
5
     Attorneys for Defendants
6    JOHNSON & JOHNSON; MCNEIL CONSUMER
     HEALTHCARE, a Division of MCNEIL-PPC, INC.
7    (erroneously sued as MCNEIL CONSUMER &
     SPECIALTY PHARMACEUTICALS,
8    a Division of MCNEIL-PPC, INC.), MCKESSON
     CORPORATION, and WAL-MART STORES, INC.
9

ENDORSED
F I L E D
San Francisco County Superior Court

DEC - 7 2006

GORDON PARK-LI, Clerk
BY: _____ELIAS BUTT_____
Deputy Clerk

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    FOR THE COUNTY OF SAN FRANCISCO

12

13   THOMAS B. GAINES, a deceased minor        Case No. CGC-06-457600
     child by and through his personal
14   representative(s) and/or successor(s) in
     interest; DIANA L. GAINES, individually,  ANSWER OF JOHNSON & JOHNSON,
15   as Executor of the Estate of Thomas B.    MCNEIL CONSUMER HEALTHCARE,
     Gaines, and as Thomas B. Gaines' personal A DIVISION OF MCNEIL-PPC, INC.,
16   representative and successor in interest;  MCKESSON CORPORATION, AND
     GARY D. GAINES, individually and as       WAL-MART STORES, INC., TO
17   Thomas B. Gaines' personal representative  PLAINTIFFS' COMPLAINT FOR
     and successor in interest; and THE        DAMAGES
18   ESTATE OF THOMAS B. GAINES,

19                   Plaintiffs,

20        v.

21   JOHNSON & JOHNSON, a New Jersey
     corporation; MCNEIL CONSUMER &
22   SPECIALTY PHARMACEUTICALS, a
     Division of MCNEIL-PPC, INC., a New
23   Jersey corporation; MCKESSON
     CORPORATION, a Delaware corporation;
24   WAL-MART STORES, INC., a Delaware
     corporation; and DOES 1 through 100,
25   inclusive,

26                   Defendants.

27

28
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\376976\1

1    Defendants JOHNSON & JOHNSON, MCNEIL CONSUMER HEALTHCARE, a

2  Division of MCNEIL-PPC, INC. (erroneously sued as MCNEIL CONSUMER &

3  SPECIALTY PHARMACEUTICALS, a Division of MCNEIL-PPC, INC.),

4  MCKESSON CORPORATION, and WAL-MART STORES, INC. (collectively

5  "Defendants") generally and specifically deny each and every allegation, cause of action

6  and prayer for damages in the unverified Complaint for Damages (referred to herein as

7  "the Complaint") of plaintiffs THOMAS B. GAINES, a deceased minor child by and

8  through his personal representative(s) and/or successor(s) in interest; DIANA L.

9  GAINES, individually, as Executor of the Estate of Thomas B. Gaines, and as Thomas B.

10  Gaines' personal representative and successor in interest; GARY D. GAINES,

11  individually and as Thomas B. Gaines' personal representative and successor in interest;

12  and THE ESTATE OF THOMAS B. GAINES (collectively "Plaintiffs"). Furthermore,

13  Defendants deny that Plaintiffs have been damaged in any sum, or at all, by reason of any

14  act or omission on the part of Defendants, their predecessors, agents, servants, or

15  employees. Defendants reserve their right to a trial by jury.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Forum Non Conveniens)

19    Plaintiffs' claims should be dismissed for forum non conveniens as the witnesses

20  and evidence are located outside of the state of California.

## SECOND AFFIRMATIVE DEFENSE

### (Failure To State A Cause of Action Upon Which Relief Can Be Granted)

23    The Complaint, and each cause of action thereof, fails to state a cause of action

24  upon which relief can be granted. Defendants reserve the right to move before or at the

25  time of trial to dismiss the Complaint.

26  ///

27  ////

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

SF1\376976\1

ANSWER OF J&J, MCNEIL, MCKESSON AND WAL-MART TO PLAINTIFFS' COMPLAINT
CASE NO. CGC-06-457600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\376976\1

## THIRD AFFIRMATIVE DEFENSE

### (Preemption)

The Complaint fails to state a cause of action upon which relief can be granted, because the federal government has preempted the field of law applicable to the product alleged to have caused Plaintiffs' injuries, including but not limited to preemption, in whole or in part, by the Federal Food, Drug and Cosmetic Act and the Medical Device Amendments thereto. The granting of the relief prayed for in the Complaint would impede, impair, frustrate or burden the effectiveness of such federal law and would violate the Supremacy Clause (Art. VI, Clause 2) of the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

Plaintiffs' causes of action are barred by the doctrine of primary jurisdiction.

## FIFTH AFFIRMATIVE DEFENSE

### (No Private Cause Of Action Upon Which Relief Can Be Granted)

The Complaint fails to state a cause of action upon which relief can be granted, because there is no private right of action under the Federal Food, Drug and Cosmetic Act or the Medical Device Amendments thereto.

## SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault Of Others)

The sole proximate and/or partial proximate cause of the injuries, losses, or damages claimed was the fault, negligence, and/or strict liability of other persons, firms and/or entities not specifically named in the Complaint and for which Defendants have no responsibility.

## SEVENTH AFFIRMATIVE DEFENSE

### (Misuse)

The products and substances identified in the Complaint were fit and safe for their normal and intended use, handling and storage; and any and all damages, injuries and

1   losses, if any, attributable to the use of the product at issue in this case, which allegations

2   are expressly denied, were solely caused by and attributable to the abnormal,

3   unforeseeable, unintended, unreasonable, and improper use which was made of said

4   product.

5   ## EIGHTH AFFIRMATIVE DEFENSE

6   ### (Intervening, Superseding Cause)

7   The damage and injuries allegedly sustained by Plaintiffs, if any, were not legally

8   caused by the product at issue, but instead were legally caused by intervening and

9   superseding causes or circumstances.

10   ## NINTH AFFIRMATIVE DEFENSE

11   ### (Proposition 51)

12   The liability of Defendants, if any, for Plaintiffs' non-economic loss must be

13   allocated in accordance with the provisions of California Civil Code section 1431.2

14   ("Proposition 51").

15   ## TENTH AFFIRMATIVE DEFENSE

16   ### (Offset)

17   Any recovery by Plaintiffs must be reduced or offset by amounts Plaintiffs has

18   received or will receive from others for the same injuries claimed in this lawsuit.

19   ## ELEVENTH AFFIRMATIVE DEFENSE

20   ### (No Notice Of Breach Of Warranty)

21   Plaintiffs failed to give notice of any alleged breach of warranty, whether express

22   or implied. Thus, Plaintiffs' claims for breach of warranty are barred.

23   ## TWELFTH AFFIRMATIVE DEFENSE

24   ### (Disclaimer Of Warranty)

25   Any and all warranties, express or implied, alleged to have been made by these

26   Defendants were adequately disclaimed.

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\376976\1

4

ANSWER OF J&J, MCNEIL, MCKESSON AND WAL-MART TO PLAINTIFFS' COMPLAINT
CASE NO. CGC-06-457600

1

2

3

4

5

6

7

8

.9

10

11

12

13

14

15

16

17

.18

19

:20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\376976\1

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Bar On Claims Of Misrepresentation To FDA)

To the extent Plaintiffs' causes of action are based on alleged misrepresentations or omissions made to the FDA, such claims are barred by *Buckman v. Plaintiffs' Legal Community*, 531 U.S. 341 (2001).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (State-Of-The-Art)

The injuries resulting, if any, from the use of the products, chemicals or compounds referred to in the Complaint, were not foreseeable to Defendants, given the state of scientific knowledge and state-of-the-art at the time of the alleged injuries. At all times relevant, any product distributed by Defendants was in accordance with applicable state-of-the-art and state-of-scientific knowledge and in accordance with and pursuant to all applicable statutes and regulations including those of the United States Food and Drug Administration.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Risks Not Discoverable)

If Plaintiffs sustained the damages alleged, which is denied, the risks complained of by Plaintiffs were not discoverable using prevailing research and scientific techniques under the then existing state of the art and were not discoverable using procedures required by federal or state regulatory authorities charged with supervision or licensing of the product as of the time Defendants sold or otherwise relinquished possession and control of the product in question.

## SIXTEENTH  AFFIRMATIVE DEFENSE

### (Assumption Of Risk)

Defendants state that Plaintiffs assumed the risk of the injuries and/or damages alleged by Plaintiffs. Plaintiffs are not, therefore, entitled to recover from Defendants in this action.

ANSWER OF J&J, MCNEIL, MCKESSON AND WAL-MART TO PLAINTIFFS' COMPLAINT
CASE NO. CGC-06-457600

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Adequate Warnings Provided)

At all relevant times, adequate warnings, information and instructions were provided for the product, pursuant to generally recognized prevailing standards in existence at the time. Any product distributed by Defendants and at issue in this litigation was not defective.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Defendants Complied With Applicable Law)

None of Defendants' practices, particularly those pertinent to allegations in Plaintiffs' Complaint, are or were unlawful in that Defendants complied with any and all applicable statutes, regulations and common law requirements.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Contribution/Equitable Indemnity)

In the event they are adjudged liable to Plaintiffs, which liability is expressly denied, and any others are also adjudged liable, Defendants are entitled to a percentage contribution of the total liability from these others in accordance with principles of equitable indemnity and comparative contribution.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Spoliation Of Evidence)

Plaintiffs' spoliation of the product at issue in this case bars Plaintiffs' claims in whole or in part.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Pre-existing Condition)

Plaintiffs' causes of action are barred because if Plaintiffs sustained any injuries or damages, which is denied, those injuries or damages resulted from pre-existing or unrelated medical, genetic, or environmental conditions, diseases, or illnesses.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\376976\1

6
ANSWER OF J&J, MCNEIL, MCKESSON AND WAL-MART TO PLAINTIFFS' COMPLAINT
CASE NO. CGC-06-457600

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Lack Of Proximate Cause)

Plaintiffs' causes of action are barred because if Plaintiffs sustained any injuries or damages, which is denied, those injuries and damages were not proximately caused by any act or omission of Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Extremely Rare Reaction)

Plaintiffs' causes of action are barred because if Plaintiffs sustained any injuries or damages, which is denied, those injuries and damages were proximately caused by an extremely rare reaction and not by any act or omission of Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure To Exercise Ordinary Care)

Plaintiffs may have failed to exercise ordinary care, reasonable care and/or diligence to mitigate damages, if any.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure To Join Parties)

Plaintiffs have failed to join all proper parties and have mis-joined the parties to the action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Comment k Of Restatement (Second) Torts Section 402A)

Any strict liability cause of action for relief is subject to the limitations set forth in Restatement (Second) of Torts, Section 402A, comment k, and *Brown v. Superior Court,* 44 Cal.3d 1039 (1988).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Restatement (Third) of Products Liability, §§ 2, 6)

Plaintiffs' claims against Defendants are subject to the limitations and requirements of Sections 2 and/or 6 of the Restatement (Third) of Products Liability.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\376976\1

-7-
ANSWER OF J&J, MCNEIL, MCKESSON AND WAL-MART TO PLAINTIFFS' COMPLAINT
CASE NO. CGC-06-457600

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unavailable)

Neither the Complaint, nor any claim for relief, states facts sufficient to entitle Plaintiffs to an award of punitive damages against Defendants.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

The imposition of punitive or exemplary damages would violate Defendants' constitutional rights, including but not limited to those under the due process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, the excessive fines clause in the Eighth Amendment to the Constitution of the United States, the double jeopardy clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the California Constitution, common law, public policy, applicable statutes and court rules, to the extent that punitive damages are (1) imposed by a jury that is not provided standards sufficiently clear for determining the appropriateness of such a punitive damages award and its size; is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment; is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidious discriminatory characteristics, including the corporate status, wealth, or state of residence of Defendants; is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define sufficiently clearly the conduct or mental state which makes punitive damages permissible; and, is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards; (2) imposed where state law is impermissibly vague, imprecise, or inconsistent; (3) subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount; and/or, (4) imposed on the basis of anything other than Defendants' conduct in connection with

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\376976\1

8

ANSWER OF J&J, MCNEIL, MCKESSON AND WAL-MART TO PLAINTIFFS' COMPLAINT
CASE NO. CGC-06-457600

1  the sale of the product(s) alleged in this litigation, or in any other way subjecting

2  Defendants to impermissible multiple punishment for the same alleged wrong.

3  Defendants specifically incorporate by reference all standards and limitations regarding

4  the determination and enforceability of punitive damage awards that are set forth in *BMW*

5  *of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman*

6  *Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Ins. Co. v.*

7  *Campbell*, 538 U.S. 408 (2003), and their progeny.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Civ. Code § 3294 Invalid)

10  California Civil Code § 3294 is invalid on its face or as applied to Defendants

11  pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, Eighth

12  and Fourteenth Amendments to the Constitution of the United States; and Article I,

13  Sections 7, 9, 15 and 17, and Article IV, Section 16 of the California Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Other Defenses)

16  Defendants reserve the right to assert any additional defenses and matters in

17  avoidance, which may be disclosed during the course of additional investigation and

18  discovery.

19  ///

20  ///

21  ///

22  ///

23  ///

24  WHEREFORE, Defendants pray that:

25  1.    Plaintiffs take nothing by their Complaint;

26  2.    The Complaint against Defendants be dismissed in its entirety;

27  3.    Defendants recover their costs; and

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\376976\1

9

ANSWER OF J&J, MCNEIL, MCKESSON AND WAL-MART TO PLAINTIFFS' COMPLAINT
CASE NO. CGC-06-457600

1    4.    This Court award such other and further relief as this Court may deem just

2    and proper.

3    Dated: December 7, 2006

DRINKER BIDDLE & REATH LLP

4

5    *[signature]*
THOMAS W. PULLIAM, JR.

6    CHERYL A. SABNIS

7    Attorneys for Defendants
JOHNSON & JOHNSON, MCNEIL

8    CONSUMER HEALTHCARE, a Division
of MCNEIL-PPC, INC. (erroneously sued

9    as MCNEIL CONSUMER & SPECIALTY
PHARMACEUTICALS,

10    a Division of MCNEIL-PPC, INC.),
MCKESSON CORPORATION, and

11    WAL-MART STORES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\376976\1

10

ANSWER OF J&J, MCNEIL, MCKESSON AND WAL-MART TO PLAINTIFFS' COMPLAINT
CASE NO. CGC-06-457600