# EXHIBIT D

GREENE BROILLET & WHEELER, LLP
LAWYERS
100 WILSHIRE BOULEVARD, SUITE 2100
P.O. BOX 2131
SANTA MONICA, CALIFORNIA 90407-2131
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

BROWNE GREENE, State Bar No. 38441
MICHAEL J. AVENATTI, State Bar No. 206929

Attorneys for ___ Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| THOMAS B. GAINES, etc., et al, <br><br> Plaintiffs, <br><br> vs. <br><br> JOHNSON & JOHNSON, et al., <br><br> Defendants. | CASE NO. CGC -06-457600 <br><br> **PLAINTIFFS' RESPONSE TO SPECIAL INTERROGATORIES, SET ONE** |

RESPONDING PARTY:        Plaintiffs THOMAS B. GAINES, et al.

PROPOUNDING PARTY:    Defendants JOHNSON & JOHNSON, et al.

SET NO:                              ONE (1)

TO DEFENDANTS JOHNSON & JOHNSON, et al., AND TO THEIR ATTORNEYS OF RECORD HEREIN:

    COME NOW plaintiffs, pursuant to <u>California Code of Civil Procedure</u>, section 2030, and hereby provide the following responses, without prejudice to further discovery.

-1-
Plaintiffs Response to Special Interrogatories, Set One

179E.33

## GENERAL OBJECTIONS

A. Plaintiffs object to all of the individual Interrogatories to the extent they call for information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. To the extent that the Interrogatories call for information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection, Plaintiffs hereby claim such privilege and invokes such protection. The fact that Plaintiffs do not specifically object to an individual Interrogatory on the ground that it seeks such privileged or protected information shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection.

B. Plaintiffs object to all of the individual Interrogatories to the extent they purport to impose upon Plaintiffs the burden of furnishing information that is not available to it or that is equally or more readily available to the defendants.

C. Plaintiffs object to all of the individual Interrogatories to the extent they seek information that is not relevant to the subject matter involved in the pending action or reasonably calculated to lead to the discovery of admissible evidence.

D. Plaintiffs object to the Interrogatories, and to each Interrogatory set forth therein, to the extent that they seek the discovery of sensitive and confidential personal and financial information.

E. Plaintiffs object to each and every Interrogatory herein to the extent that it is overly broad, unduly burdensome, and oppressive.

F. Plaintiffs object to each and every Interrogatory herein to the extent that it is vague, ambiguous, or unintelligible.

G. Plaintiffs object to these Interrogatories on the grounds and to the extent that they contain multiple subparts in violation of the Code and California law.

H. The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference to the extent applicable to the specific responses set forth below as though fully set forth therein. The failure to mention any of the foregoing objections and

1  qualifications in the specific responses set forth below shall not be deemed a waiver of such objection
2  or qualification.

## SPECIAL INTERROGATORIES AND RESPONSES

**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY the PERSON(s) from whom the CHILDREN'S MOTRIN was purchased.

(For the purposes of this set of interrogatories, PERSON means a natural person or any business or governmental entity. For the purposes of this set of interrogatories," IDENTIFY" with respect to a PERSON means state the name, present or last known address and present or last telephone number of the PERSON. For the purposes of this set of interrogatories, "CHILDRENS' MOTRIN" means the Children's Motrin referred to in Paragraphs 11 and 15 of the COMPLAINT. For the purposes of this set of interrogatories, "COMPLAINT" means the Complaint for Damages filed by YOU on November 3, 2006 in San Francisco County Superior Court and assigned Case No. CGC-06-457600. For the purposes of this set of interrogatories, "YOU" and "YOUR" means the Plaintiffs and their attorneys, agents, representatives and any other person acting on Plaintiffs' behalf.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

It is plaintiffs' best knowledge that the CHILDREN'S MOTRIN was purchased from WAL-MART, 401 North General Blvd., Lincolnton, NC 28092-3559; (704) 732-3090.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 2:**

IDENTIFY the PERSON(s) who purchased the CHILDREN'S MOTRIN from the PERSON(s) identified in YOUR response to Special Interrogatory No. 1.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

It is plaintiffs' best knowledge that Diana Gaines is the PERSON who purchased the CHILDREN'S MOTRIN from Walmart.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 3:**

State the lot number of the CHILDREN'S MOTRIN.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Plaintiffs threw the CHILDREN'S MOTRIN bottle away and thus do not know the lot number. Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 4:**

State the batch number of the CHILDREN'S MOTRIN.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Plaintiffs threw the CHILDREN'S MOTRIN bottle away and thus do not know the batch number. Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 5:**

State the date the CHILDREN'S MOTRIN was sold to YOU.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Plaintiffs do not know the date the CHILDREN'S MOTRIN was sold to them, but their best estimate is that it was approximately 6 months before September 29, 2004.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY all DOCUMENTS that evidence the sale of CHILDREN'S MOTRIN to YOU.

(For the purposes of this set of interrogatories, IDENTIFY with respect to a DOCUMENT means state, to the extent known, the (a) type of DOCUMENT; (b) the subject matter to which it relates; (c) the date the DOCUMENT was created; (d) the author(s) of the DOCUMENT; and (e) the recipient(s) of the DOCUMENT.)

///

///

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Despite a diligent search and reasonable inquiry plaintiffs are unable to locate any DOCUMENTS responsive to this interrogatory. Discovery is ongoing, however, and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY the PERSON(s) who has possession of the packaging (including bottles, cartons, vials, boxes or other containers) which contained the CHILDREN'S MOTRIN.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Plaintiffs threw away the packaging which contained the CHILDREN'S MOTRIN. It is therefore their opinion that no PERSON has possession of it. Discovery is ongoing, however, and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY the PERSON(s) who has possession of the remainder of any CHILDREN'S MOTRIN contained in the packaging referred to in Special Interrogatory No. 7 above.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Plaintiffs threw away the bottle and contents of the CHILDREN'S MOTRIN. It is therefore their opinion that no PERSON has possession of any remaining pills. Discovery is ongoing, however, and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY the PERSON(s) who has possession of the labeling (including package inserts, brochures, pamphlets and other documents) that accompanied the CHILDREN'S MOTRIN.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Plaintiffs threw away the labeling that accompanied the CHILDREN'S MOTRIN. It is therefore their opinion that no PERSON has possession of it. Discovery is ongoing, however, and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 10:**

If YOU no longer have possession, custody or control of the CHILDREN'S MOTRIN (including its bottle, packaging, labeling, and any package insert), IDENTIFY the PERSON(s) who does have possession, custody or control of it.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Plaintiffs threw away the CHILDREN'S MOTRIN (including its bottle, packaging, labeling and any package insert). It is therefore their opinion that no PERSON has possession of it. Discovery is ongoing, however, and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY the PERSON who was the <u>DISTRIBUTOR</u> of the CHILDREN'S MOTRIN.

(The term "DISTRIBUTOR" is used in these interrogatories as it is used in paragraph 9 of the COMPLAINT.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

To plaintiffs' best knowledge, MCKESSON CORPORATION.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 12:**

Set forth all facts upon which YOU rely for YOUR contention that MCKESSON is a proper party to this lawsuit.

(For purposes of this set of interrogatories, "MCKESSON" means McKesson Corporation and any subsidiary or division thereof.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiffs state that MCKESSON was and is the distributer of CHILDREN'S MOTRIN to WAL-MART.

-6-
Plaintiffs Response to Special Interrogatories, Set One

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 13:**

Describe all EVIDENCE supporting YOUR contention that MCKESSON is a proper party to this lawsuit.

(For the purposes of this set of interrogatories, "EVIDENCE" means all DOCUMENTS, testimony, or statements made from personal knowledge of any potential witness. For the purposes of this set of interrogatories, "DOCUMENTS" means written, printed, typed, or visually or orally reproduced material of any kind, whether or not privileged, including but not limited to any and all letters, correspondence, contracts, agreements, bills, orders, receipts, invoices, statements, records [including but not limited to medical records], books, articles, computer tapes and reports, press releases, advertising and promotional literature, prints, drawings, plans, photographs, printed forms, manuals, brochures, lists, publications, videotapes, or other tape recordings, films, microfilm, and all other writings, including drafts, typings, printings, minutes or copies or reproductions thereof in the possession, custody, or control of YOU.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Objection: This interrogatory seeks plaintiff's counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiff states that MCKESSON was and is the distributer of CHILDREN'S MOTRIN to WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 14:**

Set forth all facts upon which YOU rely for YOUR contention that WAL-MART is a proper party to this lawsuit.

(For purposes of this set of interrogatories, "WAL-MART" means Wal-Mart Stores, Inc., and any subsidiary or division thereof.)

///

-7-
Plaintiffs Response to Special Interrogatories, Set One

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Objection: This interrogatory seeks plaintiff's counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection plaintiffs state that they purchased the CHILDREN'S MOTRIN from WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 15:**

Describe all EVIDENCE supporting YOUR contention that WAL-MART is a proper party to this lawsuit.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiffs state that they purchased the CHILDREN'S MOTRIN from WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response..

**SPECIAL INTERROGATORY NO. 16:**

Set forth all facts upon which YOU rely for YOUR contention that the CHILDREN'S MOTRIN was sold by WAL-MART.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Plaintiffs cite their personal knowledge that they purchased the CHILDREN'S MOTRIN from WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response..

**SPECIAL INTERROGATORY NO. 17:**

Describe all EVIDENCE supporting YOUR contention that the CHILDREN'S MOTRIN was sold by WAL-MART.

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

Plaintiffs cite as EVIDENCE their personal knowledge that they purchased the CHILDREN'S MOTRIN from WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response..

**SPECIAL INTERROGATORY NO. 18:**

Set forth the facts upon which YOU rely for YOUR contention that the CHILDREN'S MOTRIN was sold by MCKESSON.

**RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiffs state that MCKESSON was and is the distributer of CHILDREN'S MOTRIN to WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 19:**

Describe all EVIDENCE supporting YOUR contention that the CHILDREN'S MOTRIN was sold by MCKESSON.

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiffs state that MCKESSON was and is the distributer of CHILDREN'S MOTRIN to WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 20:**

Describe the efforts YOU have made to identify the distributor of the CHILDREN'S MOTRIN.

-9-
Plaintiffs Response to Special Interrogatories, Set One

**RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiffs state that MCKESSON was and is the distributer of CHILDREN'S MOTRIN to WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 21:**

IDENTIFY all PERSONS with knowledge of the efforts YOU have made to identify the distributor of the CHILDREN'S MOTRIN.

**RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiffs state that MCKESSON was and is the distributer of CHILDREN'S MOTRIN to WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 22:**

Describe all EVIDENCE concerning the efforts YOU have made to identify the distributor of the CHILDREN'S MOTRIN.

///
///
///
///
///
///
///
///

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

Objection: This interrogatory seeks plaintiffs' counsel's work product, legal reasoning, theory, and/or statutory basis supporting a factual contention.

Without waiving this objection, plaintiffs state that MCKESSON was and is the distributer of CHILDREN'S MOTRIN to WAL-MART.

Discovery is ongoing and plaintiffs reserve the right to supplement this response.

DATED: February 12, 2007                GREENE BROILLET & WHEELER, LLP


_____
MICHAEL J. AVENATTI
Attorney for Plaintiff

LLP
SANTA MONICA, CA 90407-2131
P.O. BOX 2131