# EXHIBIT F

1  CHARLES F. PREUSS (State Bar No. 45783)
   THOMAS W. PULLIAM, JR. (State Bar No. 46322)
2  BENJAMIN J. HOLL (State Bar No. 200630)
   DRINKER BIDDLE & REATH LLP
3  50 Fremont Street, 20th Floor
   San Francisco, California 94105-2235
4  Telephone: (415) 591-7500
   Facsimile: (415) 591-7510
5
   Attorneys for Defendants
6  JOHNSON & JOHNSON, MCNEIL CONSUMER
   HEALTHCARE, a Division of MCNEIL-PPC, INC.,
7  MCKESSON CORPORATION, and WAL-MART
   STORES, INC.
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                   FOR THE COUNTY OF SAN FRANCISCO
11

12 | THOMAS B. GAINES, a deceased minor | Case No. CGC-06-457600
   | child by and through his personal  |
13 | representative(s) and/or successor(s) in | 
   | interest; DIANA L. GAINES, individually, | **DEFENDANT MCKESSON**
14 | as Executor of the Estate of Thomas B. | **CORPORATION'S RESPONSE TO**
   | Gaines, and as Thomas B. Gaines' personal | **PLAINTIFFS' SPECIAL**
15 | representative and successor in interest; | **INTERROGATORIES, SET ONE**
   | GARY D. GAINES, individually and as |
16 | Thomas B. Gaines' personal representative |
   | and successor in interest; and THE |
17 | ESTATE OF THOMAS B. GAINES, |

18              Plaintiffs,

19     v.

20 JOHNSON & JOHNSON, a New Jersey
   corporation; MCNEIL CONSUMER &
21 SPECIALTY PHARMACEUTICALS, a
   Division of MCNEIL-PPC, INC., a New
22 Jersey corporation; MCKESSON
   CORPORATION, a Delaware corporation;
23 WAL-MART STORES, INC., a Delaware
   corporation; and DOES 1 through 100,
24 inclusive,

25              Defendants.

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\387538\2   DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE

PROPOUNDING PARTY: Plaintiff THOMAS B. GAINES, et al.

RESPONDING PARTY: Defendant MCKESSON CORPORATION

SET NUMBER: ONE (1)

### PREFATORY STATEMENT

Defendant MCKESSON CORPORATION ("McKesson" or "Defendant") has not completed its investigation, discovery or trial preparation. Should additional information or documents responsive to these interrogatories come to McKesson's attention in the future, McKesson will supplement these responses and reserves the right to use such information and documents during the course of this litigation and at trial.

### PRELIMINARY OBJECTIONS

1. McKesson objects to the interrogatories, individually and generally, on the grounds that they are overbroad, they seek information that (a) is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, or (b) bears only slight relevance to the subject matter of this action and the expenditure of resources necessary to produce such information would be grossly disproportionate to that relevance, if any. Responding would therefore be unduly burdensome and oppressive.

2. McKesson objects to the interrogatories, individually and generally, to the extent they seek information containing trade secrets or other proprietary or confidential research, development, commercial or personal information.

3. McKesson objects to the interrogatories, individually and generally, to the extent they seek information protected from disclosure by the attorney-client privilege or the attorney work product doctrine, the joint defense privilege, or any other constitutional, statutory or common law privilege or protection.

4. McKesson objects to the interrogatories, individually and generally, to the extent they seek information relating to products not at issue in this litigation on the ground that such information is not relevant to the subject matter of this action and such

interrogatories are overbroad, not reasonably calculated to lead to the discovery of admissible evidence and unduly burdensome.

5. McKesson objects to the interrogatories, individually and generally, to the extent they seek information relating to products other than McNeil's single-ingredient ibuprofen products, the product allegedly used by Thomas Gaines.

6. McKesson objects to the interrogatories, individually and generally, to the extent they are not limited in scope to an appropriate time period. Unless otherwise stated, McKesson objects to disclosing information other than for the period of January 1, 2004 through September 28, 2004.

7. McKesson objects to the interrogatories, individually and generally, to the extent they seek the disclosure of information concerning any Wal-Mart store other than the Wal-Mart store at issue in this litigation, store number 1209 located at 401 North General Blvd., Lincolnton, North Carolina, 28092-3559.

8. McKesson objects to Plaintiffs' definition of the term "Children's Motrin" as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

> **NOTE:** Each discovery response of McKesson is made subject to and without waiver of these general objections. In order to avoid unnecessary repetition, McKesson specifically incorporates into its responses to these interrogatories each of these general objections. If that is not satisfactory, on request, McKesson will amend these responses to include the full text of each objection.

## MCKESSON'S RESPONSES TO PLAINTIFFS' INTERROGATORIES

**Interrogatory No. 1:**

Between the years of January 1, 1995 to the present have YOU ever distributed CHILDREN'S MOTRIN to WAL-MART?

**Response to Interrogatory No. 1:**

McKesson objects to this interrogatory as overbroad, unduly burdensome, harassing, and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. McKesson

further objects to this interrogatory to the extent it is not limited to a reasonable time period. McKesson objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the term "distributed."

Subject to and without waiving its objections, McKesson responds: McKesson did not distribute Children's Motrin to Wal-Mart store number 1209 during the period of January 1, 2004 through September 28, 2004

**Interrogatory No. 2:**

If YOUR response to Special Interrogatory No. 1, above, is affirmative, please IDENTIFY the years during which YOU distributed CHILDREN'S MOTRIN to WAL-MART.

**Response to Interrogatory No. 2:**

McKesson objects to this interrogatory as overbroad, unduly burdensome, oppressive, harassing, and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to this interrogatory to the extent it is not limited to a reasonable time period. McKesson objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the term "distributed."

Subject to and without waiving its objections, McKesson refers plaintiffs to its response to Special Interrogatory number 1.

**Interrogatory No. 3:**

Do YOU contend that YOU never distributed CHILDREN'S MOTRIN to WAL-MART?

**Response to Interrogatory No. 3:**

McKesson objects to this interrogatory as overbroad and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the term "distributed." McKesson further objects to this interrogatory to the extent it is not limited to a

1  reasonable time period.

2  Subject to and without waiving its objections, McKesson refers plaintiffs to its
3  response to Special Interrogatory number 1.

4  **Interrogatory No. 4:**

5  If YOU contend that YOU have never distributed CHILDREN'S MOTRIN to
6  WAL-MART please IDENTIFY all facts which YOU claim support this contention.

7  **Response to Interrogatory No. 4:**

8  McKesson objects to this interrogatory as overbroad and seeking information
9  neither relevant to the subject matter of this action, nor reasonably calculated to lead to
10 the discovery of admissible evidence. McKesson also objects to this interrogatory on the
11 ground that it is vague and ambiguous, particularly with respect to the term "distributed."
12 McKesson further objects to this interrogatory to the extent it is not limited to a
13 reasonable time period.

14 Subject to and without waiving its objections, McKesson refers plaintiffs to its
15 response to Special Interrogatory number 1.

16 **Interrogatory No. 5:**

17 If YOU contend that YOU have never distributed CHILDREN'S MOTRIN to
18 WAL-MART please IDENTIFY all DOCUMENTS which YOU claim support this
19 contention.

20 **Response to Interrogatory No. 5:**

21 McKesson objects to this interrogatory as overbroad and seeking information
22 neither relevant to the subject matter of this action, nor reasonably calculated to lead to
23 the discovery of admissible evidence. McKesson also objects to this interrogatory on the
24 ground that it is vague and ambiguous, particularly with respect to the term "distributed."
25 McKesson further objects to this interrogatory to the extent it is not limited to a
26 reasonable time period.

27 Subject to and without waiving its objections, McKesson refers plaintiffs to its
28 response to Special Interrogatory number 1. It would be unduly burdensome and

oppressive for McKesson to identify all documents supporting McKesson's contention that it did not distribute Children's Motrin to Wal-Mart store number 1209 during the period of January 1, 2004 to September 28, 2004.

**Interrogatory No. 6:**

If YOU contend that YOU have never distributed CHILDREN'S MOTRIN to WAL-MART please IDENTIFY all PERSONS who have knowledge of facts which YOU claim support this contention.

**Response to Interrogatory No. 6:**

McKesson objects to this interrogatory as overbroad and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the term "distributed." McKesson further objects to this interrogatory to the extent it is not limited to a reasonable time period.

Subject to and without waiving its objections, McKesson refers plaintiffs to its response to Special Interrogatory number 1. It would be unduly burdensome and oppressive for McKesson to identify all persons with knowledge of facts supporting McKesson's contention that it did not distribute Children's Motrin to Wal-Mart store number 1209 during the period of January 1, 2004 to September 28, 2004.

**Interrogatory No. 7:**

Between the years of January 1, 1995 to the present have YOU ever distributed branded (also known as "brand name") pharmaceuticals to WAL-MART?

**Response to Interrogatory No. 7:**

McKesson objects to this interrogatory as overbroad, unduly burdensome, harassing, and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to this interrogatory to the extent it is not limited to a reasonable time period. McKesson objects to this interrogatory on the ground that it is vague and

ambiguous, particularly with respect to the terms "distributed" and "branded (also known as 'brand name') pharmaceutical."

**Interrogatory No. 8:**

If YOUR response to Special Interrogatory No. 5 [sic], above, is affirmative, please IDENTIFY the years during which YOU distributed branded (also known as "brand name") pharmaceuticals to WAL-MART.

**Response to Interrogatory No. 8:**

McKesson objects to this interrogatory as overbroad, unduly burdensome, oppressive, harassing, and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to this interrogatory to the extent it is not limited to a reasonable time period. McKesson objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the terms "distributed" and "branded (also known as 'brand name') pharmaceutical." McKesson interprets this interrogatory as seeking information related to Special Interrogatory No. 7, not Special Interrogatory No. 5, as set forth in the interrogatory.

**Interrogatory No. 9:**

Do YOU contend that YOU never distributed branded (also known as "brand name") pharmaceuticals to WAL-MART?

**Response to Interrogatory No. 9:**

McKesson objects to this interrogatory as overbroad and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the terms "distributed" and "branded (also known as 'brand name') pharmaceutical." McKesson further objects to this interrogatory to the extent it is not limited to a reasonable time period.

**Interrogatory No. 10:**

If YOU contend that YOU have never distributed branded (also known as "brand name") pharmaceuticals to WAL-MART please IDENTIFY all facts which YOU claim support this contention.

**Response to Interrogatory No. 10:**

McKesson objects to this interrogatory as overbroad and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the terms "distributed" and "branded (also known as 'brand name') pharmaceutical." McKesson further objects to this interrogatory to the extent it is not limited to a reasonable time period.

**Interrogatory No. 11:**

If YOU contend that YOU have never distributed branded (also known as "brand name") pharmaceuticals to WAL-MART please IDENTIFY all DOCUMENTS which YOU claim support this contention.

**Response to Interrogatory No. 11:**

McKesson objects to this interrogatory as overbroad and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the terms "distributed" and "branded (also known as 'brand name') pharmaceutical." McKesson further objects to this interrogatory to the extent it is not limited to a reasonable time period.

**Interrogatory No. 12:**

If YOU contend that YOU have never distributed branded (also known as "brand name") pharmaceuticals to WAL-MART please IDENTIFY all PERSONS who have knowledge of the facts which YOU claim support this contention.

**Response to Interrogatory No. 12:**

McKesson objects to this interrogatory as overbroad and seeking information

neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. McKesson also objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the terms "distributed" and "branded (also known as 'brand name') pharmaceutical." McKesson further objects to this interrogatory to the extent it is not limited to a reasonable time period.

**Interrogatory No. 13:**

Please IDENTIFY any and all contracts between YOU and MCNEIL CONSUMER from January 1, 2001 to the present.

**Response to Interrogatory No. 13:**

McKesson objects to this interrogatory as overbroad, unduly burdensome, harassing, and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to this interrogatory to the extent it is not limited to a reasonable time period. McKesson additionally objects to this interrogatory to the extent it seeks the disclosure of information relative to products other than Children's Motrin as Children's Motrin is the only product at issue in this litigation. McKesson objects to this interrogatory to the extent it seeks the disclosure of information containing trade secret or other proprietary or confidential research, development, commercial, or personal information. To the extent such information can be disclosed, it will not be without entry of an appropriate protective order.

Subject to and without waiving its objections, entry of an appropriate protective order, and with the appropriate redactions, if any, McKesson will produce non-privileged documents pertaining to Children's Motrin, if any, in effect for the period of January 1, 2004 through September 28, 2004.

**Interrogatory No. 14:**

Please IDENTIFY any and all contracts between YOU and MCNEIL-PPC from January 1, 2001 to the present.

**Response to Interrogatory No. 14:**

McKesson objects to this interrogatory as overbroad, unduly burdensome, harassing, and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to this interrogatory to the extent it is not limited to a reasonable time period. McKesson additionally objects to this interrogatory to the extent it seeks the disclosure of information relative to products other than Children's Motrin as Children's Motrin is the only product at issue in this litigation. McKesson objects to this interrogatory to the extent it seeks the disclosure of information containing trade secret or other proprietary or confidential research, development, commercial, or personal information.

Subject to and without waiving its objections, entry of an appropriate protective order, and with the appropriate redactions, if any, McKesson will produce non-privileged documents pertaining to Children's Motrin, if any, in effect for the period of January 1, 2004 through September 28, 2004.

**Interrogatory No. 15:**

Please IDENTIFY any and all contracts between YOU and J&J from January 1, 2001 to the present.

**Response to Interrogatory No. 15:**

McKesson objects to this interrogatory as overbroad, unduly burdensome, harassing, and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to this interrogatory to the extent it is not limited to a reasonable time period. McKesson additionally objects to this interrogatory to the extent it seeks the disclosure of information relative to products other than Children's Motrin as Children's Motrin is the only product at issue in this litigation. McKesson objects to this interrogatory to the extent it seeks the disclosure of information containing trade secret or other proprietary or confidential research, development, commercial, or personal

information.

Subject to and without waiving its objections, entry of an appropriate protective order, and with the appropriate redactions, if any, McKesson will produce non-privileged documents pertaining to Children's Motrin, if any, in effect for the period of January 1, 2004 through September 28, 2004.

**Interrogatory No. 16:**

Between January 1, 1995 to the present did YOU ever purchase CHILDREN'S MOTRIN from MCNEIL CONSUMER with the purpose of distribution to a retail businesses?

**Response to Interrogatory No. 16:**

McKesson objects to this interrogatory as overbroad, unduly burdensome, harassing, and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to this interrogatory to the extent it is not limited to a reasonable time period. McKesson objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the phrase "the purpose of distribution to a retail business."

Subject to and without waiving its objections, McKesson responds: No.

**Interrogatory No. 17:**

Between January 1, 1995 to the present did YOU ever purchase CHILDREN'S MOTRIN from MCNEIL-PPC with the purpose of distribution to a retail businesses?

**Response to Interrogatory No. 17:**

McKesson objects to this interrogatory as overbroad, unduly burdensome, harassing, and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to this interrogatory to the extent it is not limited to a reasonable time period. McKesson objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the phrase "the purpose of distribution to a retail

business."

Subject to and without waiving its objections, McKesson responds: No.

**Interrogatory No. 18:**

Between January 1, 1995 to the present did YOU ever purchase CHILDREN'S MOTRIN from J&J with the purpose of distribution to a retail businesses?

**Response to Interrogatory No. 18:**

McKesson objects to this interrogatory as overbroad, unduly burdensome, harassing, and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to this interrogatory to the extent it is not limited to a reasonable time period. McKesson objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the phrase "the purpose of distribution to a retail business."

Subject to and without waiving its objections, McKesson responds: No.

Dated: August 6, 2007

DRINKER BIDDLE & REATH LLP

_____
BENJAMIN J. HOLL

Attorneys for Defendants
JOHNSON & JOHNSON, MCNEIL CONSUMER HEALTHCARE, a Division of MCNEIL-PPC, INC., MCKESSON CORPORATION, and WAL-MART STORES, INC.