**EXHIBIT G**

CHARLES F. PREUSS (State Bar No. 45783)
THOMAS W. PULLIAM, JR. (State Bar No. 46322)
BENJAMIN J. HOLL (State Bar No. 200630)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendants
JOHNSON & JOHNSON, MCNEIL CONSUMER HEALTHCARE, a Division of MCNEIL-PPC, INC, a Division of MCNEIL-PPC, INC.), MCKESSON CORPORATION, and WAL-MART STORES, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| THOMAS B. GAINES, a deceased minor child by and through his personal representative(s) and/or successor(s) in interest; DIANA L. GAINES, individually, as Executor of the Estate of Thomas B. Gaines, and as Thomas B. Gaines' personal representative and successor in interest; GARY D. GAINES, individually and as Thomas B. Gaines' personal representative and successor in interest; and THE ESTATE OF THOMAS B. GAINES, <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON, a New Jersey corporation; MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of MCNEIL-PPC, INC., a New Jersey corporation; MCKESSON CORPORATION, a Delaware corporation; WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. CGC-06-457600 <br><br> **DEFENDANT WAL-MART STORES, INC.'S RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE** |

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\384371\2

PROPOUNDING PARTY: Plaintiff THOMAS B. GAINES, et al.

RESPONDING PARTY: Defendant WAL-MART STORES, INC.

SET NUMBER: ONE (1)

## PREFATORY STATEMENT

Defendant WAL-MART STORES, INC. ("Wal-Mart" or "Defendant") has not completed its investigation, discovery or trial preparation. Should additional information or documents responsive to these interrogatories come to Wal-Mart's attention in the future, Wal-Mart will supplement these responses and reserves the right to use such information and documents during the course of this litigation and at trial.

## PRELIMINARY OBJECTIONS

1. Wal-Mart objects to the interrogatories, individually and generally, on the grounds that they are overbroad, they seek information that (a) is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, or (b) bears only slight relevance to the subject matter of this action and the expenditure of resources necessary to produce such information would be grossly disproportionate to that relevance, if any. Responding would therefore be unduly burdensome and oppressive.

2. Wal-Mart objects to the interrogatories, individually and generally, to the extent they seek information containing trade secrets or other proprietary or confidential research, development, commercial or personal information.

3. Wal-Mart objects to the interrogatories, individually and generally, to the extent they seek information protected from disclosure by the attorney-client privilege or the attorney work product doctrine, the joint defense privilege, or any other constitutional, statutory or common law privilege or protection.

4. Wal-Mart objects to the interrogatories, individually and generally, to the extent they seek information relating to products not at issue in this litigation on the ground that such information is not relevant to the subject matter of this action and such

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\384371\2

1  interrogatories are overbroad, not reasonably calculated to lead to the discovery of
2  admissible evidence and unduly burdensome.
3    5. Wal-Mart objects to the interrogatories, individually and generally, to the
4  extent they seek information relating to products other than McNeil's single-ingredient
5  ibuprofen products, the product allegedly used by Thomas Gaines.
6    6. Wal-Mart objects to the interrogatories, individually and generally, to the
7  extent they are not limited in scope to an appropriate time period. Unless otherwise
8  stated, Wal-Mart objects to disclosing information other than for the period of January 1,
9  2004 to September 28, 2004.
10    7. Wal-Mart objects to the interrogatories, individually and generally, to the
11  extent they seek the disclosure of information concerning any Wal-Mart store other than
12  the Wal-Mart store at issue in this litigation, store number 1209 located at 401 North
13  General Blvd., Lincolnton, North Carolina, 28092-3559.
14    8. Wal-Mart objects to Plaintiffs' definition of the term "Children's Motrin"
15  as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the
16  discovery of admissible evidence.

> **NOTE:** Each discovery response of Wal-Mart is made subject to and without waiver of these general objections. In order to avoid unnecessary repetition, Wal-Mart specifically incorporates into its responses to these interrogatories each of these general objections. If that is not satisfactory, on request, Wal-Mart will amend these responses to include the full text of each objection.

21  **WAL-MART'S RESPONSES TO PLAINTIFFS' INTERROGATORIES**
22  **Interrogatory No. 1:**
23    Between the years of January 1, 1995 to the present have YOU ever sold
24  CHILDREN'S MOTRIN which you obtained from MCKESSON?
25  **Response to Interrogatory No. 1:**
26    Wal-Mart objects to this interrogatory as overbroad, unduly burdensome,
27  harassing, and seeking information neither relevant to the subject matter of this action,
28  nor reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart

further objects to this interrogatory to the extent it is not limited to a reasonable time period. Wal-Mart objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the term "obtained."

Subject to and without waiving its objections, Wal-Mart responds: Wal-Mart store number 1209 did not obtain Children's Motrin from McKesson during the period of January 1, 2004 to September 28, 2004.

**Interrogatory No. 2:**

If YOUR response to Special Interrogatory No. 1, above, is affirmative, please IDENTIFY the years during which YOU sold CHILDREN'S MOTRIN which you obtained from MCKESSON.

**Response to Interrogatory No. 2:**

Wal-Mart objects to this interrogatory as overbroad, unduly burdensome, oppressive, harassing, and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart further objects to this interrogatory to the extent it is not limited to a reasonable time period. Wal-Mart objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the term "obtained."

Subject to and without waiving its objections, Wal-Mart responds: Wal-Mart refers plaintiffs to its response to Special Interrogatory number 1.

**Interrogatory No. 3:**

Do YOU contend that YOU never obtained CHILDREN'S MOTRIN from MCKESSON?

**Response to Interrogatory No. 3:**

Wal-Mart objects to this interrogatory as overbroad and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the term "obtained." Wal-Mart further objects to this interrogatory to the extent it is not limited to a reasonable

1  time period.

2  Subject to and without waiving its objections, Wal-Mart refers plaintiffs to its
3  response to Special Interrogatory number 1.

4  **Interrogatory No. 4:**

5  If YOU contend that YOU have never purchased CHILDREN'S MOTRIN from
6  MCKESSON please IDENTIFY all facts which YOU claim support this contention.

7  **Response to Interrogatory No. 4:**

8  Wal-Mart objects to this interrogatory as overbroad and seeking information
9  neither relevant to the subject matter of this action, nor reasonably calculated to lead to
10  the discovery of admissible evidence. Wal-Mart objects to this interrogatory on the
11  ground that it is vague and ambiguous, particularly with respect to the term "obtained."
12  Wal-Mart further objects to this interrogatory to the extent it is not limited to a reasonable
13  time period.

14  Subject to and without waiving its objections, Wal-Mart refers plaintiffs to its
15  response to Special Interrogatory number 1.

16  **Interrogatory No. 5:**

17  If YOU contend that YOU have never purchased CHILDREN'S MOTRIN from
18  MCKESSON please IDENTIFY all DOCUMENTS which YOU claim support this
19  contention.

20  **Response to Interrogatory No. 5:**

21  Wal-Mart objects to this interrogatory as overbroad and seeking information
22  neither relevant to the subject matter of this action, nor reasonably calculated to lead to
23  the discovery of admissible evidence. Wal-Mart objects to this interrogatory on the
24  ground that it is vague and ambiguous, particularly with respect to the term "obtained."
25  Wal-Mart further objects to this interrogatory to the extent it is not limited to a reasonable
26  time period.

27  Subject to and without waiving its objections, Wal-Mart refers plaintiffs to its
28  response to Special Interrogatory number 1. It would be unduly burdensome and

1  oppressive for Wal-Mart to identify all documents supporting Wal-Mart's contention that
2  store number 1209 did not obtain Children's Motrin from McKesson during the period of
3  January 1, 2004 to September 28, 2004.
4  **Interrogatory No. 6:**
5  If YOU contend that YOU have never purchased CHILDREN'S MOTRIN from
6  MCKESSON please IDENTIFY all PERSONS who have knowledge of facts which
7  YOU claim support this contention.
8  **Response to Interrogatory No. 6:**
9  Wal-Mart objects to this interrogatory as overbroad and seeking information
10 neither relevant to the subject matter of this action, nor reasonably calculated to lead to
11 the discovery of admissible evidence. Wal-Mart objects to this interrogatory on the
12 ground that it is vague and ambiguous, particularly with respect to the term "obtained."
13 Wal-Mart further objects to this interrogatory to the extent it is not limited to a reasonable
14 time period.
15 Subject to and without waiving its objections, Wal-Mart refers plaintiffs to its
16 response to Special Interrogatory number 1. It would be unduly burdensome and
17 oppressive for Wal-Mart to identify all persons with knowledge of facts supporting Wal-
18 Mart's contention that store number 1209 did not obtain Children's Motrin from
19 McKesson during the period of January 1, 2004 to September 28, 2004.
20 **Interrogatory No. 7:**
21 Between the years of January 1, 1995 to the present have YOU ever purchased
22 branded (also known as "brand name") pharmaceutical products from MCKESSON?
23 **Response to Interrogatory No. 7:**
24 Wal-Mart objects to this interrogatory as overbroad, unduly burdensome,
25 harassing, and seeking information neither relevant to the subject matter of this action,
26 nor reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart
27 further objects to this interrogatory to the extent it is not limited to a reasonable time
28 period. Wal-Mart objects to this interrogatory on the ground that it is vague and

ambiguous, particularly with respect to the term "branded (also known as 'brand name') pharmaceutical."

**Interrogatory No. 8:**

If YOUR response to Special Interrogatory No. 5 [sic] above, is affirmative, please IDENTIFY the years during which YOU purchased branded (also known as "brand name") pharmaceutical products from MCKESSON.

**Response to Interrogatory No. 8:**

Wal-Mart objects to this interrogatory as overbroad, unduly burdensome, oppressive, harassing, and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart further objects to this interrogatory to the extent it is not limited to a reasonable time period. Wal-Mart objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the term "branded (also known as 'brand name') pharmaceutical." Wal-Mart interprets this interrogatory as seeking information related to Special Interrogatory No. 7, not Special Interrogatory No. 5, as set forth in the interrogatory.

**Interrogatory No. 9:**

Do YOU contend that YOU never purchased branded (also known as "brand name") pharmaceutical products from MCKESSON?

**Response to Interrogatory No. 9:**

Wal-Mart objects to this interrogatory as overbroad and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the term "branded (also known as 'brand name') pharmaceutical." Wal-Mart further objects to this interrogatory to the extent it is not limited to a reasonable time period.

**Interrogatory No. 10:**

If YOU contend that YOU have never purchased branded (also known as "brand

DEFENDANT WAL-MART'S RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE

name") pharmaceutical products from MCKESSON please IDENTIFY all facts which YOU claim support this contention.

**Response to Interrogatory No. 10:**

Wal-Mart objects to this interrogatory as overbroad and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the term "branded (also known as 'brand name') pharmaceutical." Wal-Mart further objects to this interrogatory to the extent it is not limited to a reasonable time period.

**Interrogatory No. 11:**

If YOU contend that YOU have never purchased branded (also known as "brand name") pharmaceutical products from MCKESSON please IDENTIFY all DOCUMENTS which YOU claim support this contention.

**Response to Interrogatory No. 11:**

Wal-Mart objects to this interrogatory as overbroad and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to the term "branded (also known as 'brand name') pharmaceutical." Wal-Mart further objects to this interrogatory to the extent it is not limited to a reasonable time period.

**Interrogatory No. 12:**

If YOU contend that YOU have never purchased branded (also known as "brand name") pharmaceutical products from MCKESSON please IDENTIFY all PERSONS who have knowledge of facts which YOU claim support this contention.

**Response to Interrogatory No. 12:**

Wal-Mart objects to this interrogatory as overbroad and seeking information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart objects to this interrogatory on the

1 | ground that it is vague and ambiguous, particularly with respect to the term "branded
2 | (also known as 'brand name') pharmaceutical." Wal-Mart further objects to this
3 | interrogatory to the extent it is not limited to a reasonable time period.

Dated: August 6, 2007

DRINKER BIDDLE & REATH LLP

/s/ Benjamin J. Holl
BENJAMIN J. HOLL

Attorneys for Defendants
JOHNSON & JOHNSON, MCNEIL
CONSUMER HEALTHCARE, a Division
of MCNEIL-PPC, INC., a Division of
MCNEIL-PPC, INC.), MCKESSON
CORPORATION, and WAL-MART
STORES, INC.