UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS B. GAINES, et al.,

    Plaintiffs,

    v.

JOHNSON & JOHNSON, et al.,

    Defendants.
_____/

No. C 07-5503 PJH

**ORDER GRANTING MOTION TO REMAND**

    Plaintiffs' motion for an order remanding the above-entitled action to the Superior Court of California, County of San Francisco, came on for hearing before this court on January 16, 2008. Plaintiffs Diana L. Gaines and Gary D. Gaines, individually and as the personal representatives of plaintiff Thomas B. Gaines, deceased, and the Estate of Thomas B. Gaines appeared by their counsel Daniel Balaban. Defendants Johnson & Johnson; McNeil Consumer Healthcare Division of McNeil-PPC, Inc.; McKesson Corporation; and Wal-Mart Stores, Inc. appeared by their counsel Kenneth P. Conour. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows for the reasons stated at the hearing.

    The complaint in this action was filed in San Francisco Superior Court on November 3, 2006. On October 29, 2007, defendants removed the case under 28 U.S.C. §§ 1441(a) and 1446, alleging diversity jurisdiction under 28 U.S.C. § 1332(a). Defendants claimed

that removability was established by an "other paper," which they "received" on October 9, 2007, more than 30 days, but less than one year, after the case was filed. See 28 U.S.C. § 1446(b). This "other paper" was a declaration signed by an employee of one of the defendants. Defendants asserted that it was only when they "received" this declaration that they became aware that the case was removable.

The court finds that a declaration by one of defendants' own employees does not qualify as an "other paper" by which defendants could have first been put on notice that the case was removable. This is particularly true under the facts of the present case – where, as of the time of removal, the case had been pending for almost a year, defendants had had ample time for investigation and discovery, and the facts stated in the declaration were plainly within the constructive knowledge of defendants well before the notice of removal was filed.

Accordingly, the court finds that the notice of removal was untimely, and the case must therefore be REMANDED to the San Francisco Superior Court.

**IT IS SO ORDERED.**

Dated: January 18, 2008

PHYLLIS J. HAMILTON
United States District Judge

2